IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| **EUGENIO VARGAS**<br>**Plaintiff,**<br><br>V.<br><br>**ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK AND ERIK HARRIS**<br>**Defendant.** | Case No. 4:22-CV00430 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
MOTION TO VACATE ARBITRATION AWARD**

    **NOW COMES** Eugenio Vargas, Plaintiff, in the above-entitled and numbered cause, and files this Plaintiff's Original Complaint, and shows the Court:

**I.**

**INTRODUCTION**

    1.    This action seeks redress for unlawful union practices of the Labor Management Reporting and Disclosure Act, 29 U.S.C. 412, Section 102 (hereinafter "LMRDA"), and damages resulting thereto and moves the court to vacate the award of arbitration issued on February 18, 2022 based under the Federal Arbitration Act violations under § 10(a).

## II.

## PARTIES

2. Plaintiff, Eugenio Vargas ("Vargas") was employed with Association of Professional Flight Attendants in the state of Texas and a citizen of Texas during his employment. His current primary residence is in the State of California; however, all events pertinent to the claims contained herein occurred within the state of Texas. His primary residence is 4701 Hayloft Ct., El Dorado Hills, CA 95762.

3. Defendant, Association of Professional Flight Attendants ("APFA") was the Plaintiff's employer and his labor union, for which he is a member in good standing. That claim gave rise to this lawsuit and may be served by and through its current National President, Julie Hedrick at APFA headquarters at 1004 W. Euless Blvd, Euless, Texas 76040.

4. Defendant, Julie Hedrick, ("Hedrick") is the National President of APFA and can be served at his place of employment at APFA headquarters 1004 W. Euless Blvd, Euless, Texas 76040.

5. Defendant, Erik Harris ("Harris") is the National Treasurer of APFA and can be served at his place of employment at APFA headquarters 1004 W. Euless Blvd, Euless, Texas 76040.

## III.

## JURISDICTION AND VENUE

6. Plaintiff files with this Complaint in the Northern District Federal Court - Fort Worth Division based on Federal Question.

7. Plaintiff brings claims under jurisdiction of this action which is conferred on this court by virtue of the Labor Management Reporting and Disclosure Act, 29 U.S.C. 412, §102 and the Federal Arbitration Act 9 U.S.C. § 10(a).

8. The amount in controversy is more than $75,000, exclusive of interest and costs.

## IV.

## CONDITIONS PRECEDENT

9. All conditions precedent to Plaintiff's recovery against Defendants have been fully performed.

## V.

## FACTUAL BACKGROUND

10. Bob Ross was elected by the Membership in April of 2016 to serve as President of the Association of Professional Flight Attendants' Union.

11. Vargas was elected National Treasurer shortly after American Airlines and US Airways merged.

12. Vargas was elected to a four-year term, took office in April of 2016. He supported the National President—Bob Ross ("Ross")—as he was part of his administration.

13. On or about March of 2019, APFA members Melissa Chinery-Burns ("Chinery-Burns") and Sandra Lee ("Lee") launched an investigation into Ross and his administration, which included Vargas as the APFA National Treasurer. With the assistance of Harris, the APFA National Treasurer, Chinery-Burns and Lee began to scour all financial records from his presidency in search of any impropriety.

14. That the APFA National Officers granted Chinery-Burns and Lee access to Ross and Vargas's private personal financial documents, credit card documents and rental car invoices. Among

the disclosure of these documents made to the members included personal documents containing his social security number and bank account information as well as other personally identifiable information.

15. In September of 2019, charges against Vargas were filed, but found to be untimely. In November of 2020, Chinery-Burns and Lee filed the same charges previously found untimely, including additional charges, against Vargas. Attached hereto and incorporated herein for all purposes is a true and correct copy of the Arbitration Award marked as <u>Exhibit A</u>.

16. Under the terms of the APFA Policy and Constitution, Ross and those in his administration charged by Chinery-Burns and Lee, could either fight the charges in arbitration or retire their career from American Airlines as flight attendants.

17. The charges brought by Chinery-Burns and Lee against Vargas included charges for having paid Ross under a contract between Ross and APFA for his resignation as National President. Vargas was charged with "Allowing the payment to former National President Bob Ross thousands of dollars in Meal Expenses Allowance (MEA) and Special Assignment Fee ("SAF") when he was no longer working for APFA." (*See* Arbitration Award, Ex. A).

18. That as part of this investigation, APFA hired an independent accounting firm to look into the accounts and confirm how much was overpaid to Ross and the national officers under his administration, which found, as a result of their investigation, that Ross was paid correctly *(See* "Confidential Memorandum", Ex. B).

19. That this independent accounting review was not produced as part of the arbitration, nor ever produced to the APFA Executive Committee and APFA Board of Directors, while the APFA National Officers under the Hedrick Administration cited this review as grounds to pursue charges

against Ross because the Accounting Firm found he was overpaid, despite its obvious relevance because it was not supportive of the APFA's position.

## Article VII Arbitration

20.     That under Article VII charge is filed by a member, at the first regularly scheduled meeting of the APFA Executive Committee ("APFA EC"), the EC reviews the charges for its timeliness, specificity, and validity.

21.     Charges brought within sixty (60) days from the date that the member knew or should have known those acts that gave rise to the violation are found timely filed.  The APFA EC evaluates timeliness based on *all* charges filed.  If any one of the charges are found to be filed within sixty (60) days from the date the member knew of the acts that gave rise to the violation, then *all* charges are found timely.  If the charges are found to be timely, valid, and specific, the charged party is then served notice and the matter proceeds to arbitration. Furthermore, the arbitration procedures state that the National Secretary shall set the time, place, and location for the hearing.

22.     Chinery-Burns and Lee filed charges against Vargas outside the timeframe to meet the timeliness standard. Initially, Chinery-Burns and Lee filed these charges against Vargas in September of 2019. These initial charges were filed for violations relating to over-payments to the officers, including Ross, for the guaranteed monthly compensation for MEA and SAF.  The APFA EC found these charges were untimely and did not proceed to Article VII Arbitration proceedings. Chinery-Burns and Lee filed a second set of charges in November of 2020 for these same charges encompassed in the first set of charges as well as additional charges.  These charges were found timely and proceeded to an Art. VII Arbitration.

23.     During the Art. VII Arbitration for Vargas, the National Treasurer, Erik Harris, failed to produce all pertinent documents to Vargas pertaining to his charges.  This includes Harris's failure

to produce the Confidential Memorandum which would have shown that Vargas's payments to Ross under his Transition Agreement were correct despite including the MEA and SAF.

24. Furthermore, Melissa Chinery and Sandra Lee failed to turn over all pertinent documentation to Vargas, and arbitrated charges against Vargas and Ross they had evidence were not valid.

25. The Arbitrator in Vargas's arbitration refused to hear evidence, which was pertinent and material to the controversy, and exhibited behavior which prejudiced the respondent.

26. The award was obtained by corruption, fraud, or undue means.

27. The arbitrator exceeded his powers or so imperfectly executed them that they did not make a mutual, final, and definite award on the subject matter submitted. (9 U.S.C. § 10(a).)

## VI.

## MOTION TO VACATE ARBITRATION AWARD

**Plaintiff moves to vacate the award for Arbitration issued on March 19, 2022 based on fraud, misconduct, evidence partiality and refusal by the Arbitrator to hear evidence material and pertinent to the controversy.**

28. Plaintiff incorporates all preceding paragraphs above.

29. Under the Federal Arbitration Act §10 (a) an award of arbitration may be set aside or vacated upon any one of the following grounds: (1) where the award was procured by corruption, fraud, or undue means, (2) where there was evidence partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or if any other misbehavior by which the rights to any party have

been prejudiced; or (4) where arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

30. The Vargas award was procured through means of fraud on behalf of APFA through Erik Harris's conduct in failing to provide all pertinent documentation.

31. These documents were not produced because of their exculpatory nature; thus, the award was procured with fraudulent misrepresentations due to the concealment of documents and lack of evidence.

32. The Arbitrator relied on fraudulent misrepresentations by APFA leadership and the charging parties to render the award.

33. The Arbitrator denied Vargas due process because he disallowed evidence that would have absolved Vargas of many of these charges.

34. The Arbitrator is guilty of misconduct in rendering the arbitration award because he excluded evidence that was pertinent and material to the charges asserted by Chinery-Burns and Lee. This evidence includes a notarized statement from LaDonna Casey, the office manager who maintained the inventory regarding the furniture owned by APFA.

35. Whereas the Arbitrator exceeded their powers or so imperfectly executed them that they did not make a mutual, final, and definite award on the subject matter submitted, Plaintiff hereby requests that this honorable court grant its motion to vacate the arbitration decision.

## VII.

**CLAIM: LABOR MANAGEMENT REPORTING DISCLOSURE ACT VIOLATIONS**

37. Plaintiff incorporates all preceding paragraphs above.

38. Under 29 U.S.C. 412, Section 102 states that "[a]ny person whose rights secured by the provisions of this title have been infringed by any violation of this title may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."  This act provides that no member of any labor organization may be fined in any way except for nonpayment of dues, unless notice, an opportunity to prepare a defense and a full and fair hearing is given to the person (29 U.S.C. 411, §101(a)(5)).

38. The APFA arbitration award found Vargas, breached his fiduciary duty by failing to maintain inventory lists for APFA furniture that he, in fact, did maintain, and for calculating and making over-payments under Ross's Transition Agreement with APFA.

39. The APFA Arbitrator disallowed evidence of Vargas's procedures to maintain inventory, then found him guilty of a breach of fiduciary duty for failing to maintain inventory.

40. That insufficient evidence was presented regarding Vargas's alleged violations

41. That APFA's arbitration proceedings violate the Labor Management Reporting Disclosure Act §101(a)(5) ("LMRDA"), as Plaintiff never a full and fair hearing before being assessed with a fine or fee.

42. There is no requirement and no means to sanction anyone for failure to comply with a subpoena as long as he or she live outside of 150 miles of the arbitration site. The witnesses in this case are mostly flight attendants—many live outside the Dallas-Fort Worth area, and even outside the state of Texas. Furthermore, the charged party has no means to compel or demand sanctions against a witness or a party that fails to produce documents from a subpoena.

43. It is a violation of LMRDA §101(a)(5) to not offer a full and fair hearing on the matter, and yet a charged party is not entitled to compel the evidence needed to absolve oneself.

44. Further, it is a violation of LMRDA to conceal the financial documents by the charging party or by the union—a party that should be neutral through this process.

## VIII.

## CLAIM: BREACH OF UNION CONSITUTION

45. Plaintiff incorporates all preceding paragraphs above.

46. The APFA Constitution provides in Art. II §3 (C)-(D) provides that all members shall have the right to individual privacy, due process, and equal representation.

47. Defendants violated Plaintiff's due process rights intentionally when it withheld evidence from the accounting firm that its opinion was that he did not owe the debt under his Transition Agreement.

48. APFA further violated due process by misrepresenting the facts to Plaintiff and the union BOD and EC to charge and collect monies and disparage Plaintiff.

49. Defendant, APFA, violated Plaintiff's due process rights in denying him access to documentation Plaintiff subpoenaed and had a duty to disclose as a neutral party required to ensure the fairness of the arbitration proceedings, as it never gave him a copy of the Confidential Memorandum.

50. Defendants, Hedrick and Harris, violated Plaintiff's due process by concealing documents that would have exonerated Vargas from the charges in the proceedings.

51. Defendants, APFA, disclosed his personally identifiable information including his social security number.

## IX.

## CLAIM: BREACH OF FIDUCIARY DUTY

52. Plaintiff incorporates all preceding paragraphs above.

53. Defendant, APFA officers, in-house and outside counsel for APFA all violated their fiduciary duty because they made false statements to a third-party regarding debt that Plaintiff paid to Ross that he was owed under the Transition Agreement.

54. The APFA officers, in-house and outside counsel all failed to disclose the Confidential Memorandum to the APFA BOD, and APFA EC. The APFA officers statements made to the APFA BOD were defamatory and false. Based on the elected positions of APFA National President and APFA National Treasurer, both Julie Hedrick and Erik Harris had a duty to disclose this document and explain the results of the review, but issued and informed people that the accounting firm stated the opposite.

55. Defendant, APFA, acted with the intent to injure Plaintiff's reputation.

56. In so acting, the APFA officers have breached their fiduciary duty to the APFA Board of Directors, the Executive Committee, and the APFA membership—but most importantly to Vargas, a member of APFA in good standing.

57. Defendant, APFA, did, in fact, intentionally interfere with a contract and breach of Plaintiff's fiduciary duty to Ross as a member in good standing by causing damages, injuring his reputation, causing him to terminate his position from APFA leadership and causing great emotional distress to Plaintiff as a result.

## **CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant hereby prays as follows:

 i. For injunctive relief for unlawful collection activity, labor practices and defamation, and violations of the non-disparagement clause in Plaintiff's Transition Agreement.

 ii. For a judgment of vacatur of the Arbitration Award of the basis of fraud, lack of authority to issue this award and misconduct,

 iii. That Defendant recover a judgment against Defendants, jointly and severally, for monetary damages and violations which resulted in damages of $50,000, all additional court costs and all attorney's fees incurred in this cause or upon appeal;

 iv. That Plaintiff recover a judgment against Defendants jointly and severally for punitive damages; and

    v.  Such other and further relief, at law or in equity, to which Defendant may be justly entitled to receive.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Heather Abreu*
Texas Bar No. 24122577
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com
**ATTORNEY FOR PLAINTIFF**

*Application of Admission *Pro Hac Vice* Forthcoming