**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **EUGENIO VARGAS,** § | |
| § | |
| Plaintiff/Counterclaim Defendant, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00430-Y |
| § | |
| **ASSOCIATION OF PROFESSIONAL** § | |
| **FLIGHT ATTENDANTS, JULIE** § | |
| **HEDRICK, AND ERIK HARRIS,** § | |
| § | |
| Defendants/Counterclaim Plaintiffs. § | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Pursuant to Judge Reed O'Connor's Order of June 13, 2022 (Dkt. No. 13), counsel for Plaintiff/Counterclaim Defendant Eugenio Vargas ("Plaintiff") and counsel for Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA"), and Defendants Julie Hedrick and Erik Harris (collectively, "Union Defendants"), conferred on June 27, 2022,[1] to consider the nature and basis for the claims and defenses in the case; the possibilities for a prompt resolution of the case; to arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1); and to begin preparing this Joint Report Regarding Contents of Scheduling Order, which they now submit:

---

[1] The conference was conducted by videoconference. Kerri Phillips and Heather Abreu participated in the conference as counsel for Plaintiff Eugenio Vargas ("Plaintiff"), and Sanford R. Denison, Margot A. Nikitas, and William W. Osborne participated in the conference on behalf of Union Defendants APFA, Julie Hedrick and Erik Harris.

1

**1.     A brief statement of claims and defenses.**

This case arises from internal union charges by APFA members filed against Plaintiff Eugenio Vargas, filed pursuant to the APFA Constitution, for alleged financial misconduct during his tenure as National Treasurer of APFA, resulting in a Decision and Order by Arbitrator Armendariz ("Decision and Order").

    A.    <u>Plaintiff's Claims</u>: Plaintiff Vargas alleges the following:

        1)    An Arbitration Award was procured in violation of Federal Arbitration Act section 10. Plaintiff moves the court to vacate it on the basis that the Defendants withheld pertinent evidence to the claims at issue in the arbitration, the award was procured by fraud, or undue means, there was arbitrator bias and misconduct, and the arbitrator exceeded his powers.

        2)    Plaintiff asserts that Defendants failed to provide a full and fair hearing to Plaintiff during Plaintiff's Arbitration which establishes a violation of the Labor Management Reporting Disclosure Act §101(a)(5) as the union and its officers failed to afford Plaintiff the opportunity to have a full and fair hearing.

        3)    Plaintiff asserts that the union officers breached their fiduciary duty to the Plaintiff in failing to disclose documents pertinent to Plaintiff's Arbitration in violation of federal Labor laws and Texas Common Law.

        4)    Plaintiff asserts Defendants breached the Union's Constitution provisions on protecting the privacy, maintaining due process and equal representation of its members.

Plaintiff/Counter-defendant Vargas's Defenses to the Counterclaim are that the Arbitrator's decision cannot be enforced, as it was procured by fraud, there was arbitrator bias and arbitrator misconduct, and the arbitrator exceeded his powers. Plaintiff/Counter-defendant maintain that they did not breach their fiduciary duties. Further, they maintain that the Defendant/Counter Plaintiff has exceeded the statute of limitation on their claims.

B. <u>Union Defendants' Defenses</u>[2]: As their affirmative defenses, the Union Defendants, in addition to denying most of Plaintiff's factual assertions, assert the following:

1) Plaintiff's suit to vacate the Decision and Order of Arbitrator Armendariz is specifically premised upon two assertions of subject matter jurisdiction -- the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-14, and Section 101(a)(5) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §411(a)(5) -- neither of which statutes provides

---

[2] Another lawsuit was filed earlier by Plaintiff's legal counsel in a case styled *Ross v. Association Of Professional Flight Attendants, et al*., Civil Action No. 4:22-cv-00343-Y (U.S. Dist. Ct. N. D. Tex., Fort Worth Div.) which is also pending in this Court. That lawsuit was brought by Bob Ross, a fellow former APFA officer of Plaintiff Vargas, and seeks to vacate another decision by Arbitrator Ruben Armendariz, the same arbitrator who issued the decision against Vargas at issue in this case. Plaintiffs Ross and Vargas assert that the merits of the arbitration decisions are at issue and the Ross arbitration involved much of the same conduct as the Vargas arbitration and also involved conduct by Vargas himself. It is Defendants' positions that the merits of the arbitration decisions are not before the Court and that both decisions are due summary affirmance. Plaintiff's counsel in both cases contends that the merits of the two cases *are* before the Courts. A notice of related case has not been file in either case pursuant to LR 3.3(a) and (b)(3).

                subject matter jurisdiction for judicial review of the Arbitrator's Decision and Order;

        2)      Plaintiff's challenge to the merits of the Arbitrator's Decision and Order violates the federal labor law axiom that, except in rare circumstances not alleged or present here, the courts defer to arbitration decisions;

        3)      The arbitration process in this case, as governed by the APFA Constitution, is likewise subject to, and protected by the federal principle of judicial noninterference in internal union governance;

        4)      Plaintiff's filing of this lawsuit violated the mandatory precondition in the APFA Constitution requiring exhaustion of internal union remedies before filing suit; and

        5)      Defendants Hedrick and Harris, as national officers of the Union, are not proper parties in this lawsuit.

C.      <u>Union Defendants' Counterclaims</u>: As Counterclaims to Plaintiff's suit, Defendant APFA has asserted the following:

        1)      For the Court's enforcement of the Decision and Order of Arbitrator Armendariz pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §301(a);

        2)      For breach of fiduciary duty by Plaintiff Vargas under Section 501(a) of the LMRDA, 29 U.S.C. §501(a), for his financial misconduct as National Treasurer of the APFA, as determined by the Arbitrator's Decision and Order; and

4

  3)  For breach of fiduciary duty by Plaintiff Vargas under Texas common law for his financial misconduct as National Treasurer of the APFA, as determined by the Arbitrator's Decision and Order.

**2. A proposed time limit to file motions for leave to join other parties.**

The parties propose that motions for leave to join other parties be filed on or before September 26, 2022.

**3. A proposed time limit to amend the pleadings.**

The parties propose that any amendments to the pleadings as of right or motions for leave to amend the pleadings be filed on or before November 18, 2022.

**4. Proposed time limits to file various types of motions, including dispositive motions.**

With regard to motions other than motions to join parties (See ¶ 2.) and to amend pleadings (See ¶ 3), the parties differ regarding the time limits for filing all other motions, including dispositive motions (such as Rule 12 motions to dismiss or Rule 56 motions for summary judgment).

Plaintiff Vargas proposes that all other motions, including dispositive motions, be filed on or before February 14, 2023, which is 90 days before the date proposed for trial in ¶ 12 below.

The Union Defendants propose that all other motions, including dispositive motions, be filed on or before January 16, 2023, which is 120 days before the date proposed for trial in ¶ 12 below.

**5.      A proposed time limit for initial designation of experts.**

The parties propose to make initial designations of experts on or before September 23, 2022.

**6.      A proposed time limit for responsive designation of experts.**

The parties propose to designate responsive experts on or before October 21, 2022.

**7.      A proposed time limit for objections to experts.**

The parties propose that any objections to experts be filed on or before November 11, 2022.

**8.      A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

Plaintiff Vargas proposes that discovery be  allowed as discovery was not conducted fairly and adequately during the arbitration period and documents were concealed or not produced by the defendant, and therefore need to be produced during discovery . Plaintiff needs the opportunity to depose witnesses, and to examine the process that took place during the arbitration, which are essential to proving Plaintiff's claims. Any limitation on discovery would hamper Plaintiff in their efforts to prove their claims and defenses and would be unduly prejudicial.  Plaintiff requests discovery through January 15, 2023 to allow time for depositions.

The Union Defendants propose that discovery close on December 15, 2022.  With regard to the plan and schedule for discovery it is the Union Defendants' position, pursuant to well settled precedents requiring, as a matter of law, judicial deference to and enforcement of the Arbitrator's Decision and Order, that no discovery regarding the merits of the charges against

Plaintiff Vargas is necessary or appropriate. Therefore, the Union Defendants will oppose any attempt to reopen the merits of the charges against Vargas including through discovery.

The Union Defendants' position is that to the extent discovery in this case is needed, that discovery should be limited and focused on those subjects relevant to enforcement of the Arbitrator's Decision and Order. As part of the remedy ordered by the Arbitrator, he directed APFA to obtain an audit of Vargas's alleged improper use of the Union credit card during his term of office as APFA National Treasurer, ordered Vargas to return any missing files to the Union, and ordered Vargas to repay the amount of any misuse of the credit card to the APFA. (Decision and Order at 38-39.) The APFA has since repeatedly requested that Vargas produce and return any and all missing files but he has only returned one document to date. Accordingly, as relevant to enforcement of the Arbitrator's Decision and Order, limited discovery regarding the missing APFA files in Vargas's possession may therefore be required as necessary both to complete the audit ordered by the Arbitrator in order to determine the amount of any improper use by Vargas of the APFA credit card and to identity the APFA documents which Vargas should be ordered to return to APFA. The Union Defendants believe that this limited discovery can be completed on an expedited basis, but to allow sufficient time to complete the audit and .any follow-up discovery the audit may reveal necessary, the Union Defendants request discovery extend through December 15, 2022.

**9.     What changes should be made to the limits on discovery imposed under these rules or by local rule and what other limitations should be imposed.**

The Union Defendants submit, for the reasons explained in paragraph 8 above, that discovery should be limited to those subjects relevant to enforcement of the Arbitrator's Decision and Order. As such, it is the position of the Union Defendants that any attempt to open

discovery regarding the merits of the charges against Plaintiff Vargas and the Arbitrator's Decision and Order is neither necessary nor appropriate and the Union Defendants will oppose any such attempted discovery.

**10. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The parties do not anticipate that this case will involve significant ESI. If that prediction proves inaccurate, then the parties will confer in good faith and attempt to reach agreement regarding an appropriate protocol for the production of ESI.

**11. Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order.**

The parties agree that, if the need for a protective order arises, they will confer in good faith on the matter before coming to the Court with a proposed order.

**12. A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

The parties propose a trial date of May 15, 2023. That date is 12 months after the filing of the Complaint to permit the filing of any additional dispositive motions in mid-January, roughly four months before the trial, but after the holidays. The parties presently estimate that the trial will take approximately 2 days or less. No jury has been demanded.

**13. A proposed date for further settlement negotiations and status report on settlement negotiations.**

Plaintiff Vargas submits that they are open to mediation after adequate time for discovery has passed. They are open to settlement discussions at any time.

The Union Defendants submit that no meaningful progress has been made toward settlement. The Union Defendants were not parties to the arbitration proceeding at issue and have no power or authority to agree to alter or amend the terms of the Arbitrator's Decision and Order. Therefore, the terms of any possible settlement of this case to which the Union Defendants could agree are constrained by and must be consistent with the terms of the Arbitrator's Decision and Order. Vargas has failed and refused to comply with the Arbitrator's Decision and Order that he repay to APFA one-half of the Arbitrator's fee to APFA. As long as Vargas continues to so fail and refuse to comply with the Arbitrator's Decision and Order, a settlement of this case to which the Union Defendants could agree is unlikely, if not impossible. That said, the Union Defendants have been and remain open to discussing with Plaintiff Vargas an agreed resolution of this case which is consistent with the Arbitrator's Decision and Order, fulfills all of APFA's obligations as ordered by the Arbitrator in his Decision and Order, and which achieves Plaintiff's full compliance with the terms of the Arbitrator's Decision and Order. While the Union Defendants stand ready to enter into such further discussions with Vargas immediately, if a specific date is required for such further settlement discussions, the Union Defendants propose they take place beginning on the first date all parties are available after the Court issues a scheduling order in this case.

**14.     Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosure under Rule 26(a)(1) were made or will be made.**

The parties will make the disclosures required under Rule 26(a) by July 11, 2022.

**15. Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.**

The parties do not consent to try this case before a U.S. Magistrate Judge.

**16. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.) and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

Plaintiff Vargas submits that mediation is appropriate in this matter after the close of discovery.

The Union Defendants submit that because this case has already been subject to arbitration and deals with whether the Arbitrator's Decision and Order should be enforced, neither re-arbitration, nor mediation, of this case would be effective to achieve resolution of this case.

**17. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

The parties have no further proposals at this time.

**18. Whether a conference with the Court is desired.**

No conference is desired by the parties.

**19. Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None.

Date: July 11, 2022                                         Respectfully Submitted

   */s/ Kerri Phillips*
KERRI PHILLIPS
Texas Bar No. 24065906
HEATHER ABREU*
Texas Bar No. 24122577
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

*Counsel for Plaintiff Eugenio Vargas*

   */s/ Sanford R. Denison*
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

MARGOT A. NIKITAS*
Illinois Bar No. 6309782
General Counsel
Association of Professional
 Flight Attendants
1004 W. Euless Boulevard
Euless, TX 76040
Tel. (817) 540-0108 ext. 8108
Fax. (817) 355-1919
Email: MNikitas@apfa.org

WILLIAM W. OSBORNE*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015

11

>Tel.: (202) 243-3200
>Fax: (202) 686-2977
>Email: b.osborne@osbornelaw.com
>
>*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*
>
>*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on July 11, 2022, a true and correct copy of the foregoing document was served on counsel of record for all parties via the Court's ECF system.

DATED: July 11, 2022              */s/ Sanford R. Denison*
                                                                        Sanford R. Denison