IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EUGENIO VARGAS, | § | |
| | § | |
|   Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00430-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK, AND ERIK HARRIS, | § § § | |
| | § | |
|   Defendants/Counterclaim Plaintiffs. | § | |

**UNION DEFENDANTS' REPLY TO PLAINTIFFS'S RESPONSE (DOC 28)
AND/OR AMENDED RESPONSE (DOC 31) TO
THE UNION DEFENDANTS' MOTION TO DISMISS (DOC. 24)**

**I.      INTRODUCTION**

A careful review of both Plaintiff's Response to Defendants' motion to dismiss (doc. 28) ("Pl. Resp.") and Plaintiff's subsequent and untimely and noncompliant Amended Response to the Motion (doc. 31) ("Pl. Am. Resp.")[1] -- filed in violation of the Local Rules and requirements of this Court[2] -- underscores that a single issue of law is adversely dispositive of the entirety of

---

[1] For purposes of judicial economy, we address Plaintiff's Amended Response (doc. 31) below rather than move to strike that untimely and non-compliant submission, which was filed in violation of the Local Rules of this Court (See LR 7.1) and this Court's specific case management requirements. We address Plaintiff's untimely submission below without waiving our objection thereto.

[2] Plaintiff's Amended Response (doc. 31) was untimely filed on August 10, 2022 six days after his response date of August 4, 2022, without leave of court, in violation of LR 7.1(e ). The timely filing of Plaintiff's original response (doc. 28) did not grant him license to freely amend his response thereafter. Furthermore, both his original and amended responses fail to conform to the requirements of LR 7.2 (d) and (e ). Moreover, Plaintiff's re-filed "appendix" to his response (doc. 32) continues to suffer from the same failures to comply with the Local Rules and this Court's requirements which were the stated reasons for un-filing (doc. 30) Plaintiff's original non noncompliant "appendix." (doc. 29) (See LR. 7.1(i) and 7.2(e ). Indeed, the docket in this

Plaintiff's claims in this case: whether judicial review of an arbitrator's decision issued pursuant to a union constitution -- a constitution that Plaintiff concedes is a Section 301(a) "contract," the same as any labor/management collective bargaining agreement[3] -- is subject to precisely the same "highly deferential" standard of judicial review that governs review of any other arbitration decision issued under a Section 301(a) "contract"[4] and which indeed governs judicial review of arbitration decisions generally; or whether, as Plaintiff argues, the arbitrator's decision in this case should instead be subject to judicial review pursuant to LMRDA Section 101(a)(5), which governs internal, *union-conducted*, *non-arbitral* disciplinary proceedings, even though neither the union nor its officers were even parties to the arbitration proceedings at issue in this case.[5]

## II.     ARGUMENT

Plaintiff has not cited a single precedent from any court or administrative body or any policy basis for holding that the same deferential standard should not govern judicial review of

---

case is replete with filings by Plaintiff violative of the Federal and Local Rules (See docs. 22, 26, and 27; FRCP 5(d)(1)(A) and LR 5.2(c) and (d)).

[3] Although Plaintiff does not dispute that the APFA Constitution is a Section 301(a) "contract," the same as any labor/management collective bargaining agreement, Plaintiff misunderstands the nature of that Section 301(a) "contract" which is *between* "labor organizations" under Section 301(a), here the parent APFA and its local union affiliates. (so-called "Bases."). Def. Mot. 10; Pl. Am. Resp. 14-15.

[4] *See* summary of precedent in *Ball Metal Container Corp. v. United Auto Workers Local 129*, 2022 U.S. App. LEXIS 33214, 2022 WL 340573 at *7-8 (5th Cir. 2022) (unpublished).

[5] Pl. Am. Resp. 9-10. Plaintiff repeatedly miscites LMRDA Section 102 as a purported basis for subject matter jurisdiction in this case. Pl. Am. Resp. 2, 9-13, 17. Section 102 provides general subject matter jurisdiction for enforcement of all of the provisions of LMRDA Title I, but the *only* substantive LMRDA provision cited by Plaintiff as specific grounds for subject matter jurisdiction in this case is Section 101(a)(5). Pl. Am. Resp. 9-12, 17-18. If Section 101(a)(5) is inapplicable here, in other words, there can be no other jurisdiction under Section 102.

arbitration decisions issued under any Section 301(a) "contract."[6] And this same deferential standard of judicial review likewise applies, without exception, to commercial, *non-labor* arbitrations beyond Section 301(a). E.g., *Lalo LLC v. Hawk Apparel, Inc.*, 2022 U.S. Dist. LEXIS 72218, 2022 WL 1173801 at *5-7 (N.D. Tex. 2022) (J. Lindsay).

If, as Defendants submit, the legal standard for judicial review of any and all labor/management arbitration decisions issued pursuant to a Section 301(a) "contract" governs judicial review of this arbitration decision likewise issued under a Section 301(a) "contract," Plaintiff's case should be dismissed in its entirety. This is so because, as Plaintiff now concedes, Section101(a)(5) is the *only* subject matter jurisdiction asserted by Plaintiff as a basis for challenging the arbitrator's decision in this case (Complaint, pages 8-9, paragraphs 37-44; Pl. Am. Resp. 9-11, 17), so that Rule 12(b)(1) requires dismissal of Plaintiff's claims for failure to satisfy *his* burden of proving a valid subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*).

Dismissal of Plaintiff's attempts to vacate the arbitration decision is also warranted under Rule 12(b)(6) because Plaintiff has never even claimed -- to the arbitrator, to this Court in his Complaint or in his opposition to Defendants' motion (Def. Motion 8; Pl. Am. Resp.10) -- that the arbitrator "exceeded his jurisdiction"[7] or violated the terms of the APFA Constitution as the governing Section 301(a) "contract" in this case. As this Court has explained:

---

[6] Plaintiff offers the baseless accusation, without an ounce of supporting record reference, that Defendants "have provided misleading interpretations of the law" and "inconsistent interpretations of Plaintiff's claims" (Pl. Am. Resp. 3), while ironically mischaracterizing Defendants' position to be that the LMRDA "provisions no longer govern any internal union matters." Pl. Am. Resp. 3, 8. Of course, the LMRDA governs internal union governance but *not* external arbitration decisions.

[7] While stating that arbitrators may not "exceed[] their authority," Plaintiff never claims or attempts to explain how or in what manner the Arbitrator allegedly exceeded his authority or jurisdiction in this case. Pl. Am. Resp. 11.

> Judicial review of an arbitration decision arising from the terms of a CBA is narrowly limited, and the Court is required to afford great deference to the arbitral award. *See Beaird Industries, Inc. v. Local 2297,* 404 F.3d 942, 944 (5th Cir. 2005). **[*12]** The Supreme Court has emphasized that
>
>> the question of interpretation of the [contract at issue] is a question for the arbitrator. …(S)o far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different than his.
>
> *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598-99, (1960). Of course, the arbitrator is not free to disregard the terms of the CBA and impose" his own brand of industrial justice." *Beaird,* 404 F.3d at 944. Accordingly, the Court will affirm an arbitral award "'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority. . . ." *Id.* (quoting *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38 (1987)). If the arbitrator's decision "draw[s] its essence from the [contract] . . . the fact a court is convinced he committed serious error does not suffice to overturn his decision." (2000) **[*13]** (internal quotations and citations omitted).

*Allied Waste Systems Inc. v. Teamsters Local 767*, 2007 U.S. Dist. LEXIS 43035, 2007 WL 1703634 at *11-13, 19-21 (N.D. Tex. 2007) (J. Means) (awarding attorney fees for baseless challenge to an arbitrator's decision). [8]

Plaintiff's attempts to circumvent the axiomatic deference due to arbitration decisions are baseless. Pl. Am. Resp. 15-17.  Obviously, American Airlines was not a party to the arbitration but neither was the Union. Pl. Am. Resp. 14.  And while the union constitution is not a collective bargaining agreement, both are LMRA Section 301(a) "contracts" as Plaintiff concedes.  Pl. Am. Resp. 14-15.  Nor does the deferential standard of review due arbitration decisions "frustrate" the

---

[8] While conceding that his initial assertion of subject matter jurisdiction based on the Federal Arbitration Act ("FAA") was mistaken (Pl. Am. Resp. 9), Plaintiff nevertheless proceeds to cite the FAA as the applicable standard of review.  Pl. Am. Resp. 9-10.  This is circuitous and erroneous, and futile as well.  The FAA, even if applicable, would impose the same highly deferential standard of judicial review of the arbitration decision at issue as is applicable under Section 301(a).  *Lalo LLC v. Hawk Apparel, Inc*., 2022 U.S. Dist. LEXIS 72218, 2022 WL 1173801 at *5-7 (N.D. Tex. 2022) (J. Lindsay).

policies underlying the LMRDA Section 101(a)(5); those policies are inapplicable here and apply to *internal* union governance not to *external* and independent arbitration decisions. And, contrary to Plaintiff's mischaracterization of his own Complaint, there is *no* substantive allegation in that Complaint that *the arbitrator* here has ever engaged in any "dishonesty" of the kind referenced in the Supreme Court decision cited by Plaintiff as a basis for avoiding judicial deference to the arbitrator's decision. Pl. Am. Resp. 16-17; Complaint, paras. 30-35. *Major League Baseball Players Ass'n v. Garvey* 532 U.S. 504, 509 (2001).

In other words, in the absence of subject matter jurisdiction under LMRDA Section 101(a)(5), any dispute between the parties over the arbitrability of the underlying dispute -- or even a contention by Plaintiff that the arbitrator exceeded his jurisdiction or violated the terms of the APFA Constitution under the highly deferential Section 301(a) standard of judicial review -- any claim by Plaintiff that the arbitration decision should be vacated must be dismissed under both Rule 12(b)(1) *and* Rule 12(b)(6).[9]

---

[9] As noted, Plaintiff's ancillary and state law claims should be dismissed under Federal Rule 12(b)(1) given the lack any supporting federal subject matter jurisdiction. Complaint, pages 9-11 at paragraphs. 45-57.  Those claims are all factual and procedural claims closely related to the arbitration process and remedy at issue must be dismissed under Rule 12(b)(6) on Section 301(a) preemption grounds as well.  Def. Motion 8-10.

Further, Plaintiff *does not* dispute Defendants' showing that this suit as against the individual Defendant APFA officers Hedrick and Harris is barred by LMRA Section 301(b). Def. Mot. 9, fn. 9. Nor does Plaintiff dispute Defendants' showing that to the extent he intended to make a claim under Section 501 of the LMRDA for breach of fiduciary duty that he failed to satisfy the requirement of Section 501(a) that he first make a demand for remedial action by APFA before filing suit under Section 501(b). Indeed, admitting that he did not do so because it was "moot" -- apparently abandoning any Section 501 claim -- he stated that "no claim under LMRDA § 501(a) have [sic] been made." Def. Motion pp. 3, 9; Pl. Am. Resp. 18. And, if Plaintiff only intended to assert a state law breach of fiduciary claim against the individual APFA officers or the APFA, such claim must be dismissed, *inter alia*., given the lack any supporting federal subject matter jurisdiction. Accordingly, for these reasons alone, individual APFA officers Hedrick and Harris must be dismissed as parties to this action.

Finally, Plaintiff's untimely "amended" response[10] to Defendants' Motion, while suggesting Plaintiff's recognition that his original Response to Defendants' Motion might be in need of repair, does not offer any substantive improvement to Plaintiff's position. It is apparently Plaintiff's hopeful contention that the Fifth Circuit's decision in *Guidry v. International Union of Operating Engineers, Local 406*, 907 F.2d 1491(5th Cir. 1990), should be read as holding that LMRDA Section 101(a)(5) both provides subject matter jurisdiction for judicial review of Section 301(a) arbitration decisions and to overrule the well settled rule of law that such arbitration decisions are not entitled to the "highly deferential" judicial review applicable to all other arbitration decisions. Pl. Am. Resp. 17. Not quite. *Guidry did not* involve review of any arbitration decision and merely addressed whether a union's breach of its duty of fair representation could be cognizable under the LMRDA, remanding that issue to the District Court. *Guidry*, 907 F. 2d at 1492-93.

It is worth reiterating here that, in contrast to *internal* union disciplinary proceedings governed by Section 101(a)(5), APFA *did not* have *any* authority to initiate, was *not* a party to, and did not take *any* position with respect to either the merits or remedy in the arbitration process at issue in this case. Def. Motion pp. 1-3. Thus, the decision by the arbitrator in this case cannot be said to "be (d)iscipline … done in the name of or on behalf of the union as an organizational entity." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 97 (1987).

---

And Plaintiff has admittedly never even attempted to exhaust his mandatory internal union remedies with respect to the allegations in this case. Def. Mot. 9; Pl. Am. Resp. 18.

These additional grounds for dismissal should also be sustained.

[10] See fn. 2, *supra*.

As the courts have consistently ruled, even where -- as is *not* the case here -- *the union filed and processed a grievance in its own stead*, "(a) local union's action or inaction in the processing of a grievance is not 'discipline' or punishment within the meaning of the LMRDA." *Hebert v. Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local 270*, 2004 U.S. Dist. LEXIS 13406 at *12-17 (E.D. La. 2004); *Camporeale v. Airborne Freight Corp.,* 732 F. Supp. 358, 366 (E.D.N.Y.), *aff'd without op.*, 923 F.2d 842 (2nd Cir. 1990). Thus, Section 101(a)(5) cannot apply here, either as a basis of subject matter jurisdiction or as a standard of judicial review.

III. **CONCLUSION**

For all of the reasons stated above, and in Defendants' Motion to Dismiss, Plaintiff's claims should be dismissed in their entirety pursuant to both Federal Rules 12(b)(1) and 12(b)(6) leaving Defendant APFA's counterclaims, including for enforcement of the arbitration decision pursuant to the governing deferential Section 301(a) standard of judicial review, to be resolved by the Court.

Date: August 18, 2022                    Respectfully Submitted,

                                               */s/ Sanford R. Denison*
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX 75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of August 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Vargas by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

                                               */s/ Sanford R. Denison*
SANFORD R. DENISON

8