```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

EUGENIO VARGAS                   §
                                 §
VS.                              §   ACTION NO. 4:22-CV-430-Y
                                 §
ASSOCIATION OF PROFESSIONAL      §
FLIGHT ATTENDANTS, ET AL.        §
```

ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S CLAIMS

Pending before the Court is the Motion to Dismiss (doc. 24) filed by defendants Julie Hedrick, Eric Harris, and the Association of Professional Flight Attendants ("APFA"). After consideration of the motion, the related briefs, Plaintiff's original complaint, and the applicable law, the Court concludes that Plaintiff's claims should be, and they hereby are, DISMISSED for lack of jurisdiction.

For the reasons urged by Defendants, the Court concludes that Plaintiff has failed to demonstrate that the Court can exercise subject-matter jurisdiction over his claims. As the party seeking to invoke the Court's jurisdiction, Plaintiff "bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Plaintiff's complaint contends that this Court can exercise federal-question jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiff alleges that "jurisdiction is conferred on this court by virtue of the Labor Management Reporting and Disclosure Act, 29 U.S.C. 412, § 102 and the Federal Arbitration Act, 9 U.S.C. § 10(a)." (Pl.'s Compl. (doc. 1) 2-3, ¶¶ 6-7.) No other basis for jurisdiction is alleged in Plaintiff's complaint.

Contrary to Plaintiff's assertion, however, the Federal Arbitration Act does not confer on federal courts an independent basis for subject-matter jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32 (1983) (citing *Comm'l. Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268-69 (5th Cir. 1978)). And Plaintiff has wholly failed to allege any facts invoking the jurisdiction provided under section 102 of the Labor Management Reporting and Disclosure Act ("LMRDA"). That section provides federal courts with jurisdiction over claims that the union or its officers have improperly "fined, suspended, expelled, or otherwise disciplined" a union member. 29 U.S.C.A. § 411(a)(5), 412 (West 2018). The arbitration decision Plaintiff seeks to vacate was obtained by two union members, and not by the union or its officers. As a result, section 102 of the LMRDA does not provide the Court with jurisdiction over Plaintiff's claims. *See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 94 (1989) (concluding that dismissal for lack of jurisdiction was warranted where union member claimed that "he was the victim of the personal vendettas of two union officers. . . . [rather than] the union *as an entity*").

As a result, Plaintiff's claims are hereby DISMISSED for lack of subject-matter jurisdiction. This case shall proceed only as to the APFA's counterclaim (doc. 11).

SIGNED October 27, 2022.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE