# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FT. WORTH DIVISION

| | |
|---|---|
| EUGENIO VARGAS<br>Plaintiff/Counterclaim Defendant § § § § § § § § § § § § § § § § § §<br><br>ASSOCIATION OF<br>PROFESSIONAL FLIGHT<br>ATTENDANTS, JULIE HEDRICK,<br>ERIK HARRIS<br><br>Defendants/Counterclaim Plaintiff. | Case No. 4:22-CV-00430-Y |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Fed. R. Civ. P. 53(f)(2), Fed. R. Civ. P. 56(c) and Local Rules 7.1, 7.2, 56.4 and 56.5, Plaintiff, Eugenio Vargas ("Vargas"), respectfully submits his brief in support of Plaintiff's, Association of Professional Flight Attendant ("APFA"), Response to Defendant's Motion for Summary Judgment. Defendant filed its Motion for Summary Judgment [PageID 2420; Docket No. 43] on September 20, 2022. The Judge-Specific Requirements make entry of a scheduling order a precondition to filing a motion summary judgment. No scheduling order has been entered in the matter before the court. Defendant motion is untimely filed. For these reasons, Defendant's Motion for Summary Judgment should be denied. Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment if not based on time-specific requirements, then due to a contested issue of material fact. Plaintiff will show the court as follows.

1

## TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................5

II. STATEMENT OF THE CASE......................................................................................7

III. ARGUMENTS AND AUTHORITIES .......................................................................10

A. Standards For Summary Judgment................................................................10

B. The Threshold Issue:........................................................................................11

C. APFA's Arbitration is a Disciplinary Procedure—wherein fraudulent statements were made to procure the votes to discipline Plaintiff..........................................................................12
   (1)  Defendant's causes of action are not subject to enforcement due to coercion and fraud. 12

D. Disputed Facts: Arbitration in accordance with APFA Constitution. ..........................14
   1)  Disputed Fact: Charges were brought against Plaintiff in accordance with the APFA Constitution. .......................................................................................................15
   1)  Disputed Fact: The Arbitrator was impartial. .................................................16
   2)  Disputed Fact: The Arbitrator acted within his jurisdictional authority............................16
   3)  Disputed Fact: Internal union charges were filed against Vargas alleging serious acts of financial misconduct. ..............................................................................................17
   4)  Disputed Fact: APFA was not a party to the arbitration.....................................17

E. Defendant's Breach of Fiduciary Duty Claims ...............................................................18

IV. CONCLUSION AND PRAYER ................................................................................20

# TABLE OF AUTHORITES

## Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). ............................................................10

Burge v. Parisk of St. Tammany, 187 F.3d 452 (5th Cir. 1999). ................................................10

Int'l Bhd. of Teamsters Local 651 v. Philbeck, 423 F.Supp.3d 364 (E.D. Ky. 2019). .................19

Jones v. Blume, 196 S.W.3d 440 (Tex. App. -Dallas 2006, pet. denied). ...................................19

Linsdey v. Sears Roebuck & Co., 16 F.3d 616 (5th Cir. 1994)……….....………....…….. ….10

NLRB v Allis-Chalmers Mfg. Co., 388 U.S. 175 (1967). ...........................................................12

NLRB v. Boeing Co., 412 U.S. 67 (1973) . ................................................................................12

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). .................................11

Rizzo v. Children's World Learning Ctrs., Inc., 84 F.3d 758 (5th Cir; 1996).. ...........................10

Taita Chem. Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377 (5th Cir. 2001). ......................10

United Ass'n of Journeymen v. Local 334, 452 U.S. 615 (1981). .............................................. 7

Wooddell v. International Bhd. of Elec. Workers, 502 U.S. 93,116 L.Ed.2d 419 (1991)…..7

## Statutes & Regulations

9 U.S.C. § 6. ................................................................................................................................10

9 U.S.C. § 10. .............................................................................................................................. 14

29 U.S.C. § 158............................................................................................................................ 7, 8

29 U.S.C. § 185............................................................................................................................. 7

29 U.S.C. § 401............................................................................................................................. 7

29 U.S.C. § 411..............................................................................................................................7

29 U.S.C. §501............................................................................................................................. 18, 19

**Court Rules**

Fed. R. Civ. P. 53(f)(2)......................................................................................................... 1

Fed. R. Civ. P. 56(c)....................................................................................................... 1, 10

Local Rule 7.1..................................................................................................................... 1

Local Rule 7.2..................................................................................................................... 1

**Court Rules** *(continued)*

Local Rule 56.4................................................................................................................... 1

Local Rule 56.5................................................................................................................... 1

Local Rule 56.4................................................................................................................... 1

Local Rule 56.5................................................................................................................... 1

# I. INTRODUCTION

Vargas is a member in good standing of the APFA union and the Former National Treasurer. Plaintiff was charged with violations of the APFA policy based primarily on alleged overpayments he made to Robert "Bob" Ross, Former National President ("Ross"). The National Officers and counsel for the union cited an accounting firm's review of the payments Vargas made to Ross under his Transition Agreement, and that the accounting firm discovered Ross was overpaid.[1] Thereafter, two union members, Melissa Chinery-Burns and Sandra Lee, filed charges against both Ross and Vargas.[2] Plaintiff prepared and defended himself in the union's internal dispute procedure ("arbitration") wherein Plaintiff issued subpoenas for documentation and witness testimony from the union.[3] The internal dispute procedures resulted in Plaintiff being disciplined. In the union's disciplinary hearing, Plaintiff was found to have violated his fiduciary duty, subsequently banned for life from holding any union-elected position and disciplined in the amount of $30,963.03 to be paid to the union.[4]

After issuance of the Arbitrator's award against Vargas, McGaughey, Reber and Associates, Inc. dba Diversified Credit Systems ("Diversified") sued Ross to collect the alleged overpayments made by Vargas. In its Original Complaint, Diversified attached a never-before-seen letter ("Confidential Memo") from the accounting review the union had cited as the

---

[1] Docket No. 1, Pl. Original Compl. Arbitration Award, PAGEID 15; Martin Aff. [Appendix p. 16-20]; Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15].

[2] It should be noted that Chinery-Burns and Lee also filed charges against Nena Martin, the Vice-President during the Ross Administration, however as of October 14, 2022, the Arbitrator summarily dismissed all charges against Ms. Martin after finding that Chinery-Burns and Lee submitted false evidence to the APFA Executive Committee to procure a finding of validity, specificity, and timeliness.

[3] The amount of the award was substantially increased in violation of the APFA Const. against Ex Parte Communications, as Plaintiff was never given any copies of the audit performed, and an opportunity to object or respond prior to the arbitrator amending his award. The court should note, this is despite requests from Defendant's Counsel and the parties to the Arbitration for copies of the audit review.

[4] Docket No. 1, Pl. Original Compl. Arbitration Award, PAGEID 15; Martin Aff. [Appendix p. 16-20]; See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15].

foundation for the disciplinary charges against Plaintiff and Ross. The Confidential Memo states "Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement."[5]

Neither APFA's National President, Julie Hedrick, nor APFA's National Treasurer, Erik Harris, turned over a copy of the Confidential Memo to the Board of Directors, the Executive Committee, the Plaintiff during his internal arbitration, nor Ross during his internal arbitration. The National Officers received this Confidential Memo in conjunction with the calculations of Ross's alleged overpayments on October 22, 2020. The National Officers intentionally deceived and withheld this document and other pertinent facts to acquire a favorable arbitration award against Plaintiff and Ross, to mar their reputations, and to bar from ever holding an elected position within APFA. Plaintiff believes this is a result of his support of Ross, and his public stance against an upcoming proposed merger between APFA and another Flight Attendants Union—the Association of Flight Attendants ("AFA"). Vargas contends that withholding the Confidential Memo from the APFA Board of Directors, Executive Committee, and during his arbitration was a violation of, among other things, his right to a fair hearing under the Labor Management Reporting and Disclosure Act § 101(a)(5).

On July 14, 2022, Defendant, APFA, filed a Motion to Dismiss Plaintiff's Claims for Relief and Brief in Support Docket No. 24 (hereinafter "Motion to Dismiss"). Plaintiff filed a Second Amended Response to the Motion to Dismiss on September 15, 2022, Docket No. 41. On

---

[5] Docket No. 1, Pl. Original Compl. Confidential Memorandum, ¶ 17, 18, 19 PAGEID 4-5, 52; Confidential Memorandum, [*Appendix* p. 1-3].

September 20, 2022, Defendant, AFPA, filed a Motion for Summary Judgment and Brief in Support, Docket No. 43, arguing that it's entitled to Summary Judgment to enforce its Arbitration Award. APFA argues that it's entitled to Summary Judgment based on judicial deference to arbitrations conducted by employers under a Collective Bargaining Agreement.[6] Defendant fails to outline the elements or even establish a viable legal basis for granting a summary judgment in its favor to enforce the Arbitration Award, particularly considering Defendant's failure to address the union's fraud and harassment. It asserts legal arguments that have no foundation in the annals of labor law and continues to ignore all facts related to its fraudulent conduct prior to, during, and after the union's disciplinary arbitration procedure.

## II.   STATEMENT OF THE CASE

The APFA Constitution provides no means for the union to bring disciplinary charges against a member other than by another member, so an action brought on behalf of the union must be brought by an individual member. Plaintiff, Eugenio Vargas ("Plaintiff") seeks damages alleging unlawful violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411, *et seq.* ("LMRDA"), from the Association of Professional Flight Attendants Union Constitution, and Breach of Fiduciary Duty as provided for under Texas Common Law by Defendants APFA, Julie Hedrick, and Erik Harris ("hereinafter Defendants"). APFA is a labor organization covered under the LMRDA, 29 U.S.C. §401 et seq, and 29 U.S.C. § 158, *et seq.* Plaintiff is a member in good standing of APFA as defined under the LMRDA and 29 U.S.C. §

---

[6] Def. Brief on Mtn. for Summ. J., Section entitled "Summary," PAGEID 2425 (Defendant asserts that the Union Constitution is a labor agreement under 301 LMRA § 185). *Wooddell v. International Bhd. of Elec. Workers,* 112 S.Ct. 494, 499, 116 L.Ed.2d 419 (1991); *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 619-27, 101 S.Ct. 2546, 2549-53, 69 L.Ed.2d 280 (1981) (holds a labor agreement can only be a contract between an employer and the union to benefit the employees, or a contract between two unions—the analysis thereof dependent on whether there is contractual language in the Union Constitution creating a relationship between two unions. If, however, the language in the contract creates a relationship between the union and its member, the suit for breach of the union constitution is a breach of contract claim falling under state rather than federal jurisdiction.)

158. On or about January of 2016, the Plaintiff ran for office within the APFA local union elections. For clarification, Robert "Bob" Ross ran for National President, Nena Martin ran for National Vice-President, and Eugenio Vargas ran for National Treasurer.

Plaintiff was elected National Treasurer, Nena Martin elected Vice-President, and Robert "Bob" Ross President ("Ross Administration"). The Ross Administration opposed a merger between APFA and AFA—another multi-airline flight attendants' union. This created two political factions within APFA competing for power: Pro-APFA/AFA and Anti-APFA/AFA. Ross voluntarily stepped down from his position as National President on March 9, 2018 after negotiating and signing a transition agreement with the APFA Board of Directors ("Transition Agreement"). In 2020, the Hedrick Administration (a Pro-APFA/AFA Administration) was elected to National Office.

Plaintiff was fined by the union in a deliberate attempt to discourage his association with Ross, to mar the Ross Administration's reputation, and to suppress his dissent of the Hedrick Administration and any proposed merger.[7] The Original Petition filed by Diversified Credit, the debt collector that sued Ross in Tarrant County Justice Court, Precinct Three on the debt owed under his Transition Agreement, contained a copy of a Confidential Memorandum ("Confidential Memo") from the accounting firm that conducted the review of Ross's and Vargas's alleged overpayments.[8] The Affidavit of Nena Martin, a former Board member, shows that this information was concealed by the officers as she attests to the statements made to the Board of Directors and the Executive Committee.[9]

---

[7] Docket No. 1, Pl. Original Compl. ¶19, 50-51, PAGEID 4, 12; Martin Aff. [Appendix p. 16-21]; See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15].
[8] Docket No. 1, Pl. Original Compl. Confidential Memorandum, ¶ 17, 18, 19 PAGEID 4-5, 52; Confidential Memorandum, [*Appendix* p. 1-3].
[9] Docket No. 1, Pl. Original Compl. Arbitration Award, PAGEID 15; Martin Aff. [Appendix p. 16-21].

A quick comparison of the Confidential Memo and the letter from Erik Harris (current APFA National Treasurer) illustrates APFA's misrepresentations.[10] The Martin Affidavit and letter from Erik Harris states:

> ". . . we discussed the finding of the APFA Board of Directors that you were overpaid in the amount of $5,436.47 in 2018. The Board's finding was based on the results of a review from an independent accounting firm which determined that the formula used to determine the daily rate for your sick and vacation payout was incorrect."[11]

Whereas the Confidential Memo clearly states that the payments made to Ross "appear appropriate and in compliance with the transition agreement."[12] In light of these two documents, it is clear that the National Treasurer deliberately concealed the Confidential Memo so that Ross and Vargas could be charged and the Exeuctive Committee vote to pursue disciplinary measures by portraying them as having breached their fiduciary duties. The letter from Erik Harris asserts fraudulent statements relied on by the APFA Board of Directors, the APFA Executive Committee, as well as the arbitrator to issue the award against Ross and Vargas.[13]

APFA's arbitration hearing denied Vargas a fair opportunity to review and contest the evidence, to question accusers and witnesses, to object to unreliable and inadmissible evidence, and to a fair opportunity to present his case. Consequently, the arbitration resulted in the union's favorable disciplinary award.

Plaintiff was not provided the safeguards against improper disciplinary action guaranteed under the LMRDA. Withholding documentation and misrepresenting the facts is an unconscionable

---

[10] Docket No. 1, Pl. Original Compl. Confidential Memorandum, ¶ 17, 18, 19 PAGEID 4-5, 52; Martin Aff. [Appendix p. 16-20]; Confidential Memorandum, [*Appendix* p. 34, 3]; Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15].
[11] Docket No. 1, Pl. Original Compl. Arbitration Award, PAGEID 15; Martin Aff. [Appendix p. 16-21].
[12] Docket No. 1, Pl. Original Compl. Confidential Memorandum, ¶ 17, 18, 19 PAGEID 4-5, 52; ; Martin Aff. [Appendix p. 16-20]; Confidential Memorandum, [*Appendix* p. 34, 3]; Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15].
[13] Docket No. 1, Pl. Original Compl. Arbitration Award, PAGEID 15; Martin Aff. [Appendix p. 16-21].

violation to Plaintiff's right to a fair hearing and goes beyond any rational explanation that could meet a reasonableness standard. The result of this conduct is that Plaintiff has been fined, suffered reputational damage, and suspended from holding any official APFA position for the remainder of his life. Plaintiff seeks to have the disciplinary award vacated, and damages recovered.

### III. ARGUMENTS AND AUTHORITIES

**A. Standards For Summary Judgment**

Federal Rule of Civil Procedure § 56 requires summary judgment be granted only upon demonstration by the movant that no dispute exists as to any genuine issue of material fact. Movant is entitled to judgment as a matter of law when no clear dispute exists.[14] Movant must use the documents on record with the court to demonstrate the lack of any genuine issue of material fact.[15] When the moving parties argues for summary judgment on an issue for which it carries the burden of proof at trial, no material fact dispute as to that issue can exist for the moving party to triumph.[16] If not, the motion for summary judgment must be denied.[17] In this case at issue, the Defendant, APFA, must establish that a valid arbitration agreement existed between the parties to the contract waiving their right to litigate claims.[18]

The Court must evaluate a motion for summary judgment through the lens of the non-moving party by accepting all evidence and assuming all conclusions in the non-moving party's

---

[14] *Hunt v. Cromartie,* 526 U.S. 541, 552 (1999); Fed. R. Civ. P. 56(c).
[15] *Celotex Corp.*, 477 U.S. at 323; Fed. R. Civ. P. 56(c).
[16] *Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.3d 758, 762 (5th Cir. 1996); Lindsey v. Sears Roebuck & Co., 16 F.3d 616, 618 (5th Cir. 1994).
[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Burge v. Parish of St. Tammany, 187 F.3d 452, 465 (5th Cir. 1999).
[18] 9 U.S.C. § 6.

favor.[19] In other words, the Court must give credence to evidence favoring the non-moving party and require the moving party's offer unquestionably reliable evidence.

B.  **The Threshold Issue:**

| Timeline of Important Events ||
| Date | Union Conduct |
|---|---|
| 9/24/2019 | - 1st Charges against Eugenio Vargas[20] |
| 10/22/2020 | **Email from APFA Accountant Hal O'Neil to APFA National Treasurer Erik Harris with Confidential Memo**: Erik Harris receives email and Confidential Memo that absolves Ross from any over-payment of wages under the Transition Agreement.[21] |
| 11/24/2021 | - 2nd Charges against Eugenio Vargas[22] |
| 12/1/2021 | - Harris *conceals* Confidential Memo but presents APFA accountant's spreadsheets of Ross Administration's overpayments to the Executive Committee.[23]<br>- Executive Committee reviews and votes in favor of charges against Ross and Vargas, without ever seeing *concealed* Confidential Memo[24]. |
| 03/24/2022 | - APFA releases email Hotline to the entire APFA membership announcing Ross and Vargas's awards for the first time in union history, congratulating Chinery and Lee for their pursuits.[25] |
| 04/20/2022 | - Robert "Bob" Ross files lawsuit against Julie Hedrick, Erik Harris, and APFA.[26]<br>- Harris Forwards Hal O'Neil's email containing concealed Confidential Memo to the National Officers and Margot Nikitas (APFA in-house counsel).[27] |

The threshold issue related to those claims asserted by either Plaintiff or Defendant rest on one question: Does the National Treasurer's concealment of the Confidential Memo from either the Executive Committee reviewing Plaintiff's charges, or the Arbitrator in Plaintiff's Disciplinary

---

[19] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87 (1986); *Taita Chem. Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).
[20] First Set of Charges, [Appendix pp. 54-57].
[21] Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15].
[22] 2nd set of Charges [Appendix p. 58-65]
[23] Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15]; as compared to -- Martin's Affidavit, Email from Erik Harris to Board of Directors and Executive Committee [Appendix pp. 16-24].
[24] Second Set of Charges, APFA Receives Article VII Arbitration Award [Appendix pp. 63-65].
[25] APFA Nat'L Pres Hotline, 3/24//2022 [Appendix pp. 68-74].
[26] Docket No. 1, Pl. Original Pet., on Case No. 4:22-cv-00343-Y filed on April 20, 2022.
[27] Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1].

Hearing violate Plaintiff's due process rights? Plaintiff is guaranteed the right to due process under the APFA Const. Art. II, Sec. 3D, like federal law.[28] Plaintiff contends that his due process rights have been violated based on misrepresentations by Erik Harris, APFA National Treasurer.[29] This denial of due process is a breach of the union constitution.[30] Consequently, enforcement of an ill-gotten disciplinary award is not appropriate.

**C. APFA's Arbitration is a Disciplinary Procedure—wherein fraudulent statements were made to procure the votes to discipline Plaintiff.**

(1) <u>Defendant's causes of action are not subject to enforcement due to coercion and fraud.</u>

The Supreme Court has traditionally held that where members conduct gives rise to fines or discipline, the courts will not enforce the fines if the members felt coerced or restrained in their conduct.[31]

Here, Plaintiff was *coerced* in light of the misrepresentations portrayed to the Plaintiff and the union.[32] Plaintiff was never entitled to review the entire Transition Agreement and was instructed on how to make these payments by the attorney that negotiated the Transition Agreement. Now he is being persecuted for payments made thereunder when he was never entitled

---

[28] APFA Const. Art. II, Sec. 3D. [Appendix p. 37].
[29] See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15]; Email from Erik Harris to Board of Directors and Executive Committee [Appendix pp. 16-24]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757 [Appendix pp. 25-29]; Affidavit of Ladonna Casey [Appendix pp. 50-52]; Martin's Affidavit [Appendix pp. 16-24].
[30] APFA Const. Art. II-III, [Appendix pp. 37-39].
[31] The Supreme Court held that the use of NLRA § 8(b)(1)(A) to impose union fines may not "restrain or coerce" the fined worker in regard to the meaning within the Act. *NLRB v. Allis-Chalmers Mfg. Co.*, 388 US 175 (1967). Thereafter, the Supreme Court explained that ". . . . the basis of its holding in *Allis-Chalmers* was that Section 8(b)(1)(A) was 'not intended by Congress to apply to the imposition by the union of fines not affecting the employer-employee relationship and not otherwise prohibited by the Act." *National Labor Relations Board v. Boeing Co.*, 412 U.S. 67, 73, 93 S.Ct. 1952, 1956, 36 L.Ed.2d 752 (1973). Where, as here, Congress granted express protection to the employer-representative relationship it cannot be said that Congress intended to leave the union as free to discipline its members as it did in enacting Section 8(b)(1)(A).
[32] Plaintiff was told the same as the APFA Board of Directors and Executive Committee, See email from Erik Harris to Board of Directors and Executive Committee [Appendix p. 16-24]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757 [Appendix pp. 25-29]; Affidavit of Ladonna Casey [Appendix pp. 37-38; Martin's Affidavit [Appendix pp. 16-24].

to review the entire agreement and was following counsel. The email from Hal O'Neil (APFA Accountant) to Erik Harris (APFA National Treasurer) shows imputed notice to the union through delivery of documents to a union national officer. The Confidential Memo from Hal O'Neil was delivered to Erik Harris on October 22, 2020.[33] Thereafter, APFA continued to assert that Ross was overpaid under the Transition Agreement but simply *refused* to pay it back.[34] Harris was present at the Executive Committee meeting on December 1, 2020 where the Ross and Vargas charges were reviewed by the Executive Committee in compliance to the APFA Const. Art. VII Sec. 2D.[35] The Martin Affidavit shows that the National Treasurer never disclosed the Confidential Memo at either Ross's or Vargas's review of charges and the Executive Committee resolutions show that Harris was present, seconded the resolution, and voted in favor of pursing disciplinary proceedings.[36]

Plaintiff's motion to vacate the arbitration award was in compliance with the union disciplinary procedures outlined in the APFA Const. Art. VII. The American Arbitration Association's guidance on challenging an arbitration award states "If a party to an arbitration wishes to challenge an award for any reason, they need to make an application [or motion] to a court. . ."[37] As previously recognized by Defendants, APFA Arbitration procedures in the APFA Const. Art. VII complies with the AAA's arbitration standards; therefore Plaintiff followed the guidance of the AAA and filed a motion to vacate the arbitration award due to the due process

---

[33] See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-2].
[34] Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [Appendix p. 14], Affidavit of Ladonna Casey [Appendix p. 37-38]; Martin's Affidavit [Appendix p. 16-24].
[35] APFA Const. [Appendix p. 45-46]; APFA Executive Committee Resolutions December 1-2, 2020, [Appendix p. 16-24].
[36] See APFA Executive Committee Resolutions December 1-2, 2020, [Appendix p. 63-65].
[37] American Arbitration Association; Challenges to an Arbitration Award; [Appendix p. 49].

violations outlined in the Federal Arbitration Act, 9 U.S.C. § 10.[38]

Plaintiff's attempt to enforce the union's fine directly conflicts AAA guidance and violates the APFA Const. for due process as the National Treasurer misrepresented the facts to the APFA Board of Director's and the APFA Executive Committee which caused many to vote for that these charges were valid, timely, and specific.[39] In reality, Plaintiff contests that his due process rights were violated under the APFA Const. II, Sec. 3D, and that the votes by the Executive Committee were illegally procured.[40]

**D. Disputed Facts: Arbitration in accordance with APFA Constitution.**

Despite this obvious problem of side-stepping the lack of due process afforded to the Plaintiff, the union characterized many factual contentions as "undisputed," that were, and continue to be, contested by the Plaintiff. Plaintiff contests Defendant's assertion of the following material facts.

(1) Charges were brought against Plaintiff in accordance with the APFA Constitution;[41]

(2) The Arbitrator was impartial;[42]

(3) The Arbitrator acted within his jurisdictional authority;[43]

(4) Internal union charges were filed against Vargas alleging serious acts of financial misconduct;[44]

---

[38] Def. Answer and Counterclaims filed as Docket No. 8, ¶20, PAGEID 113, on Case No. 4:22-cv-00343-Y case, and AAA, Challenges to an Arbitration Award; [Appendix p. 49].
[39] 45 USC Ch. 8, Sec. 157.
[40] APFA Const. Art. VII, [Appendix p. 32-35]; See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15], Email from Erik Harris to Board of Directors and Executive Committee [Appendix p. 16-24]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [Appendix p. 25-29], Affidavit of Ladonna Casey [Appendix p. 50-51].
[41] Docket No. 44, Def. Br. in Support of Mot. for Summ. J., PAGEID 2426.
[42] Docket No. 44, Def. Br. in Support of Mot. for Summ. J., PAGEID 2426.
[43] Docket No. 44, Def. Br. in Support of Mot. for Summ. J., PAGEID 2426.
[44] Docket No. 44, Def. Br. in Support of Mot. for Summ. J., PAGEID 2426.

(5) APFA was not a party to the arbitration.[45]

Defendant fails to address Plaintiff's primary allegation—Defendants fraudulent misrepresented evidence to the APFA Board of Directors, APFA Executive Committee, and interfered throughout the union disciplinary hearings which violated Plaintiff's due process rights.[46] Defendant fails to address Harris's actions, witness intimidation, and defiance of legally issued subpoenas.[47] Fraud is not tolerated in union disciplinary actions—so without addressing the Plaintiff's claims of fraud, Defendant's summary judgment arguments are moot.

1) <u>Disputed Fact: Charges were brought against Plaintiff in accordance with the APFA Constitution.</u>

Defendant asserts that the charges for financial misconduct were bought against Plaintiff in accordance with APFA Constitution. However, the charges brought against the Plaintiff were well outside the 60-day window as required by the APFA Const. Art. VII Sect. 2(D)(1) and violated the union constitution's guarantee of due process rights.[48] The evidence illustrates that the first set of charges filed against Plaintiff were dismissed for lack of timeliness.[49] Furthermore, the second set of similar charges were brought in violation of the APFA Const. Art. VII, Section 3(B) and should have been dismissed without appeal.[50]

The timing is quite revealing: two differences exist between the Executive Committee's

---

[45] Docket No. 44, Def. Br. in Support of Mot. for Summ. J., PAGEID 2426.
[46] Docket No. 1, Pl. Original Compl, ¶ 37-44 PAGEID 9-10,; Docket No. 41; Pl. 2cd Am. Resp. to Def. Mtn to Dismiss, PAGEID 2551; Affidavit of Nena Martin, Email from Erik Harris to Board of Directors and Executive Committee [Appendix p. 19-24]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [Appendix p. 34], Affidavit of Ladonna Casey [Appendix p. 50-51].
[47] Docket No. 1, Pl. Original Compl, ¶ 37-44 PAGEID 9-10,; Docket No. 41; Pl. 2cd Am. Resp. to Def. Mtn to Dismiss, PAGEID 2551; Affidavit of Nena Martin, [Appendix p. 16-24]; Email from Erik Harris to Board of Directors and Executive Committee [Appendix p. 19-24]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [Appendix p. 34], Affidavit of Ladonna Casey [Appendix p. 50-51].
[48] Docket No. 1, Pl. Original Compl, ¶ 37-44 PAGEID 6-7. PAGEID 6-7, First and Second set of Charges against Vargas [Appendix p. 53-65].
[49] First and Second set of Charges against Vargas [Appendix p. 53-65]; Chinery Social Media Post [Appendix p. 66-66-67].
[50] APFA Const. Art. 7, Sec. 3(B); [Appendix p. 47];, Docket No. 1, Pl. Original Compl, ¶ 37-44 PAGEID 13-14.

review of the first set of charges and the second charges against Plaintiff. First, a new leadership was voted into office as of April, 2020. Second, Hal O'Neil emailed the spreadsheets and the Confidential Memo to Erik Harris on October 22, 2020 spreadsheets were procured by Erik Harris, and he used these to convince the Executive Committee to vote for the charges.

1) <u>Disputed Fact: The Arbitrator was impartial.</u>

Defendant further contends that the arbitration was impartial. Plaintiff argues that the arbitration was conducted with partiality that favored the Defendants.[51] The Arbitrator struck an affidavit from the record for one of Plaintiff's witnesses wherein the witness testified that she was afraid of retaliation by the union. This conduct by the union could be construed as witness intimidation—another violation of due process.[52] The Arbitrator justified this action by demanding witnesses testify in person—a move particularly concerning during the rise of the COVID-19 Delta Variant. Most concerning, however, is that the Arbitrator took no action to ensure the Plaintiff's right to a fair trial.[53] The Arbitrator ignored all indications that the union's conduct frustrated Plaintiff's rights despite receiving evidence to the contrary. Since the filing of this lawsuit, the union continues to intimidate witnesses as Chinery-Burns and Lee have requested confidential financial documents for the representatives and witnesses of the Ross Administration's arbitrations.

2) <u>Disputed Fact: The Arbitrator acted within his jurisdictional authority.</u>

Defendant contends that Plaintiff does not dispute the Arbitrator acted within his authority—this is not accurate. The procedures outlined and guaranteed by the APFA Const. Art.

---

[51] Docket No. 1, Pl. Original Compl, ¶ 28-35 PAGEID 6-7.
[52] Affidavit of Ladonna Casey [Appendix p. 50-51].
[53] Affidavit of Ladonna Casey [Appendix p. 50-51].

VII to refer disciplinary charges to a disciplinary hearing were breached.[54] Furthermore, Plaintiff contended to the Arbitrator that these charges were brought outside of the 60-day limitations period, however his objections were ignored.[55]

The Arbitrator acts outside his authority when he fails to properly follow procedure according to the APFA Const. for failure to dismiss the charges as untimely.[56] This ruling directly contradicts the evidence misrepresented and withheld from Vargas's hearing.

3) <u>Disputed Fact: Internal union charges were filed against Vargas alleging serious acts of financial misconduct.</u>

Defendant states that there is no contested issue regarding the union charges against Plaintiff for serious acts of financial misconduct. This, again, improperly frames the charges asserted in the arbitration. The arbitration charges only assert that Plaintiff willfully violated the Union Constitution and Policy.[57] Therefore, any claim that Plaintiff violated his breach of fiduciary duty, misappropriated funds, stole, or committed acts of financial misconduct are well outside the scope of the charges asserted as these are civil and criminal sanctions that should be established by a court of law.[58]

4) <u>Disputed Fact: APFA was not a party to the arbitration.</u>

Finally, Defendant states that the Union was not a party to the arbitration hearing. In fact,

---

[54] APFA Const. Art. VII, Section 2(D)(2) [Appendix p. 46]; Docket No. 1, Pl. Original Compl, ¶ 45-51 PAGEID 9-10.
[55] APFA Const. Art. VII, Section 2(D)(2) [Appendix p. 46]; Docket No. 1, Pl. Original Compl, ¶ 45-51 PAGEID 9-10.
[56] APFA Const. Art. VII, Section 2(D)(2) [Appendix p. 46]; Docket No. 1, Pl. Original Compl, ¶ 45-51 PAGEID 9-10.
[57] First and Second set of Charges against Vargas [Appendix p. 39-51].
[58] The court should note that prior to the arbitration, Eugenio Vargas had repaid the amounts claimed he owed due to overpayments made upon departure in an effort to resolve these matters. The arbitration pursued him for mistakenly changing the calculation and paying Ross his payments under the Transition Agreement, despite that Vargas was never able to fully view the Transition Agreement to understand how payments should be calculated. Either way, the payments

Plaintiff asserted in its original complaint that Melissa Chinery and Sandra Lee acted on behalf of the union, as a whole and in a representative capacity.[59] Furthermore, Plaintiff previously argued that APFA leadership conducted the arbitration, as is the responsibility of the National Secretary and the National Treasurer.[60]

Finally this is not conduct isolated to only Chinery and Lee, as evidenced by the email received by Erik Harris. It is undeniable that he received this email on October 22, 2020, and clearly failed to forward this email until two years later to the rest of the union.[61] This indicates a national officer concealed these documents in an effort to achieve the votes on the Executive Committee necessary to discipline the Plaintiff.[62]

### E. Defendant's Breach of Fiduciary Duty Claims

Defendant asserts claims for breach of fiduciary duty under both LMRDA § 501 as well as under Texas Common Law. Though Defendant did not file its motion for summary judgment as a partial summary judgment, it also failed to adequately list the elements of these claims within the Brief filed in support of the summary judgment. Plaintiff will address both claims as a result.

The claim for a breach of fiduciary duty under LMRDA § 501 provides only a claim on behalf of the members and not the union, nor can Defendant recover on both claims, as they are duplicative in nature—recovery can only be obtained under the Texas common law claim for

---

[59] Docket No. 1, Pl. Original Compl, ¶ 45-51 PAGEID 9-10.
[60] Docket No. 41; Pl. 2cd Am. Resp. to Def. Mtn to Dismiss, PAGEID 2551.
[61] See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix pp. 1-15]
[62] See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15], Email from Erik Harris to Board of Directors and Executive Committee [Appendix p. 16-24]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [Appendix p. 25-29], Affidavit of Ladonna Casey [Appendix p. 50-51].

breach of fiduciary duty.[63] Therefore, Plaintiff will isolate its arguments to only Defendant's common law cause of action for breach of fiduciary duty.

Under Texas law, the elements of a claim for breach of fiduciary duty are: 1) there is fiduciary relationship between the plaintiff and defendant; 2) the defendant breached his fiduciary duty to the plaintiff; and 3) the defendant's breach proximately caused injury to the plaintiff or benefit to the defendant.[64]

Plaintiff was charged and disciplinary hearings were conducted in which the evidence admitted was falsified or inaccurate documentation.[65] Furthermore, there was evidence of witness intimidation as a means to discourage Plaintiff's witnesses.[66] Hearsay evidence was admitted and used to substantiate several financial charges in which the Arbitrator relied on to find Plaintiff violated APFA policy and guilty of his fiduciary duty. The falsified documents from the accounting firm, the hearsay documents were all inadmissible evidence used to support a finding that Plaintiff breached his fiduciary duty. The Arbitrator reviewed and disallowed an affidavit testifying as to witness intimidation by the union, and yet still the arbitration hearing continued. All of the national officers were subpoenaed to appear and testify, yet only Erik Harris, the National Treasurer, appeared and testified. Consequently, denial of the motion for summary judgment should be granted based upon the fact that no reliable and admissible evidence were

---

[63] I*nt'l Bhd. of Teamsters Local 651 v. Philbeck,* 423 F.Supp.3d 364 (E.D. Ky. 2019) ("There is a circuit split regarding whether § 501 of the LMRDA provides *a union* with a federal cause of action against a union official for breach of a fiduciary duty). (Compare *Building Material and Dump Truck Drivers, Local 420 v. Traweek*, 867 F.2d 500 (9th Cir. 1989) (finding no implied cause of action), with *International Union Pacific Operating Eng. v. Ward*, 563 F.3d 276 (7th Cir. 2009); *International Union of Electronic, Electrical, Salaried, Machine & Furniture Workers, AFL-CIO v. Statham* , 97 F.3d 1416 (11th Cir. 1996) (finding an implied cause of action); *Int'l Union, Sec. Police & Fire Professionals of Am. v. Faye* , 828 F.3d 969, 975 (D.C. Cir. 2016). (concluding that the union is a proper plaintiff under § 501 ). (The Supreme Court has acknowledged the split of authority but declined to resolve the issue. . . . The Ninth Circuit interpreted § 501 to mean that suits are available to individual members of the union, not the union itself. *Traweek* , 867 F.2d at 506-07. The court explained that federal jurisdictional statutes should be construed narrowly and there is a "federal policy of noninterference in the internal affairs of unions and labor matters.").
[64] J*ones v. Blume,* 196 S.W.3d 440, 447 (Tex. App.- Dallas 2006, pet. denied).
[65] Affidavit of Ladonna Casey [Appendix p. 37-38].
[66] Affidavit of Ladonna Casey [Appendix p. 37-38].

admitted supporting the charges.

## IV. CONCLUSION AND PRAYER

For the reasons state herein, Plaintiff requests that the Court deny Defendant's Motion for Summary Judgment and set this matter for trial.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC


By: /s/ Kerri Phillips
    Kerri Phillips
    Texas Bar No. 24065906
    Phone: (972) 327-5800
    Email: kerri@KDphillipslaw.com

By: /s/ Heather Abreu
    Heather Abreu
    Texas Bar No. 24122577
    Phone: (972) 327-5800
    Email: heather@KDphillipslaw.com

    5700 Tennyson Parkway, Suite 300
    Plano, Texas 75024
    Fax: (940) 400-0089
    For Service of Filings:
    notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 1st day of November 2022.

William Osborne, Sanford Denison

    /s/Kerri Phillips
    Kerri Phillips