IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EUGENIO VARGAS, | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00430-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, et al. | § | |
| Defendants/Counterclaim Plaintiff. | § | |

### REPLY BY APFA IN SUPPORT OF SUMMARY JUDGMENT

Defendant/Counterclaimant Association of Professional Flight Attendants ("APFA" or "the Union") respectfully submits this brief in reply to the response (Doc. 53)[1] filed by Plaintiff Eugenio Vargas ("Vargas) in the opposition to APFA's motion for summary judgment (Doc. 43, 44, 45) seeking enforcement of the arbitration decision adverse to Vargas.[2]

This litigation was initiated by Vargas in his attempt to vacate a "final and binding" arbitration decision adverse to him, a decision based on charges filed by Union members and the subject of several days of hearing. The arbitrator concluded that Vargas had committed a series

---

[1] Vargas's response brief is primarily a "cut and paste" version of the response brief submitted by Ross in the companion case of *Ross v. APFA et al.*, Case No. 4:22-CV-00343-Y. This reply is thus unavoidably and regrettably duplicative of the reply APFA has filed in that proceeding.

[2] Vargas's attempt to dispose of APFA's motion for summary judgment as untimely (Doc. 53-1, p. 1), after he had obtained an extension of time from the Court to respond (Doc. 51), is specious. *See* Rule 56(b). ("a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery"). And while this Court's requirements provide that "[t]he time for filing summary judgment motions is set by the Initial Scheduling Order", the Court's typical Scheduling Order provides only that "[t]he parties file all . . . dispositive motions . . . *no later than*" a set date. This Court has neither required nor ordered that the entry of a Scheduling Order is a precondition to filing a motion for summary judgment, thus altering Rule 56(b) which permits filing "at any time." [emphasis added].

1

of acts of financial misconduct while Treasurer of APFA. Brief in Support of Summary Judgment ("APFA SJ Brief")  (Doc. 44 at pp. 2-3 and Doc. 45, Ex. B, App. 20-58).  APFA has counterclaimed for enforcement of the arbitration decision (Doc. 11, pp. 20-30).[3]  The Court dismissed Vargas's attempt to vacate the arbitration decision on October 27, 2022 for lack of jurisdiction leaving APFA's counterclaim to enforce that decision to be resolved by the Court. ("Order") (Doc. 52).

As we show below, Vargas's response in opposition (Doc. 53) to APFA's motion for summary judgment (Doc. 43) completely ignores the bases for the Court's recent decision dismissing his attempt to vacate the arbitration decision, mischaracterizes the undisputed record supporting enforcement of that decision, and fails to address, let alone refute, the very well settled axiom of judicial deference to, and enforcement of arbitration decisions which contains only a very narrow exception that Vargas has not even attempted to claim to exist here.

## **THE COURT HAS REJECTED VARGAS'S PRIMARY ARGUMENTS**

In its Order of October 27, 2022 rejecting and dismissing Vargas's attempt to vacate the arbitration decision against him, the Court ruled that the charges against Vargas sustained by the

---

[3]  Jurisdiction for APFA's counterclaim is based on Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C.§185(a), which governs suits for enforcement of contracts "between … labor organizations," and which the Supreme Court has repeatedly ruled includes enforcement of union constitutions. *United Ass'n of Journeymen v. Local* 334, 452 U.S. 615, 622 (1981); *Wooddell v. Int'l Bhd. of Elec. Workers,* 502 U.S. 93, 99, 101 (1991); *Hampton v. Int'l Longshoreman's Ass'n*, 2017 U.S. Dist. LEXIS 218154 at *5-6 (S.D. Tex. 2007) (See APFA SJ Brief , Doc. 44 at p. 6). The Section 301(a) "contract" underlying enforcement of the arbitration decision against Vargas is the APFA Constitution which governs the relations between APFA, the parent labor organization, and APFA's local labor organizations known as "Bases" (Doc. 44, p 3; Doc. 45, App. 002-03, APFA Constitution, Exh. A at pp. 24-25).

arbitrator were brought by APFA members, not the Union. and did not constitute union discipline cognizable under Section 101(a)(5) of the LMRDA, 29 U.S.C. §411(a)(5).

Nevertheless, in his response in opposition to APFA's motion for summary judgment filed on November 1, Vargas has continued to mischaracterize the arbitration decision as "discipline" imposed by the Union ignoring the Court's recent ruling to the contrary (Doc. 52). (See Plaintiff's Mem. in Resp. to Motion for Summary Judgment ("Pl. Resp. Mem.") (Doc. 53-1 at pp. 5, 6, 7. 9, 12, 14, 15).

## **THE UNDISPUTED MATERIAL FACTS**

The facts that are material and determinative of APFA's motion for enforcement of the arbitration decision are simply whether the arbitrator's decision "draws its essence" from the governing contract, here the APFA Constitution. (APFA SJ Brief, Doc. 44 at 6-7).  In his response Vargas parroted Plaintiff Ross's claim in the companion case that there are five material disputes of fact that preclude summary judgment.   Pl. Resp. Mem.. (Doc. 53-1 at p. 14. These assertions are in error and readily disposed of:

- As noted, Vargas expressly conceded in his post-hearing brief to the arbitrator that the charges were properly brought before the arbitrator.  (Doc. 45, Exh. E, App. p. 65) thereby self-refuting the first of his purported "disputed" facts. Pl. Resp. Mem. at 15. (Doc. 53-1).
- Vargas's second claim (misnumbered), that the arbitrator was somehow not "impartial" because of his rulings that Vargas disagreed with, is not only devoid of any record evidence but is likewise legally inapposite. Pl. Resp. Mem. at 16 (Doc. 53-1). Arbitration decisions are subject to judicial review for partiality

3

where the arbitrator can be shown to have a specific interest in the outcome of the case. This Court has emphatically rejected claims of "partiality" like Vargas's:

> To establish partiality based on bias, "the party urging vacatur must produce specific facts from which a reasonable person would have to conclude that the arbitrator was partial to one party." *Householder Group v. Caughran*, 354 Fed. App'x 848, 852 (5th Cir. 2009) (quoting *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 550 (N.D. Tex. 2006)). The plaintiff may meet this "onerous burden" by demonstrating that the alleged partiality is "direct, definite, and capable of demonstration rather than remote, uncertain or speculative." *Id.* (internal quotations omitted). Furthermore, the party seeking vacatur must demonstrate more than the "mere appearance of bias." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F. 3d 278, 283 (5th Cir. 2007) (internal quotations omitted). These "'standards for judicial intervention [have been] narrowly drawn to assure the basic integrity of the arbitration process…'" *Kimco Birmingham LP v. Third Creek LLC*, No. 3:07-CV-1642-O, 2010 U.S. Dist. LEXIS 2827, 2010 WL 147942 at *4 (N.D. Tex. Jan. 14, 2010) (quoting *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 681 (7th Cir. 1983)). The unfavorable rulings that Adams alleges from the 2006 arbitration are insufficient to elevate claims of partiality during the second arbitration beyond a speculative level.

*Adams v. Barnes*, 2010 U.S. Dist. LEXIS 61358, 2010 WL 248252 at *8-9 (N.D. Tex. 2010) (J. Boyle). *See also Vantage Deepwater Co. v Petrobras Am. Inc.*, 966 F.3d 361, 372-75 (5th Cir. 2020); Elkouri and Elkouri, *How Arbitration Works* (7th Ed.), at pp. 2-32 through 2-39 and cases cited therein.

- Vargas's third asserted factual dispute -- that the arbitrator did not act "within his jurisdictional authority" (Pl. Mem. at17) – is not only refuted by review of the decision itself but also by Vargas himself who took the precisely the opposite position during the arbitration process (Doc. 45, Exh. E, App. p. 65).

- The fourth asserted factual dispute over the nature of the charges against him (Pl. Resp. Mem. at 17 (Doc. 53-1), is resolved in and by the arbitration decision itself . (Doc. 45, Exhs. B, C, D).

- Vargas's final attempt to manufacture a dispute of material fact -- over whether APFA was a party to the arbitration process (Doc. 53-1 at 17-18) -- is once again a fiction.  The nature of the arbitration process is defined by the APFA Constitution and Policy Manal (Doc. 45, Exh A, App. 5-10, 13-18) and is described in the arbitrator's decision (Doc. 45, Exh. B at pp. 4-7, App. 23-26).  And, as the Court has recently ruled, "The arbitration decision Plaintiff seeks to vacate was obtained by two union members, however, and not by the union or its officers." Order at p. 2 (Doc. 52).[4]

---

[4] In addition to the asserted "disputed" facts discussed above, Vargas has attempted to introduce new evidence relating to the arbitration decision into the record in this case in the form of a memo from APFA's CPA, headed "Confidential Memorandum", which memo delt with certain unrelated payments to Robert Ross under his exit "Transaction Agreement" upon his resignation as APFA National President. (See Pl. Resp. Mem. (Doc. 53-1, at pp. 5-6, 8-9, 1, 13). This new "evidence" should have been directed to the arbitrator during or after the hearing as he retained jurisdiction after both his original and supplemental decisions.  (See Doc. 45, Ex. B at p. 39, App. 58, and Doc. 45, Ex. D. at p. 2, App. 62).

   As the courts have held, the parties waive their objections by not raising them during the arbitration proceedings. *Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1483 (9th Cir. 1993) ("[P]arties must be encouraged, nay required, to raise their complaints about the arbitration during the arbitration process itself, when that is possible."); *Weinberger v. Silber*, 140 F. Supp. 2d 712, 721 (N.D. Tex. 2001) (citations omitted) ("If a party does not protest to the arbitrator, courts generally will not give him a second chance to do so in a motion to vacate.") *Penson Fin. Servs. v. Misr. Secs. Int'l*, 2008 U.S. Dist. LEXIS 139581 at *13-14 (N.D. Tex.  2008) (J. Boyle).

   Moreover, this new "evidence" is a "red herring" that bears no relation to the charges against Vargas sustained in the arbitration, as is evident from a review of the charges and the arbitration decisions themselves. (See Doc. 45, Ex. B, February, 18, 2022 Arbitration Decision, "Issues" at p. 2-3, App. 21-22, "Discussion and Opinion" at pp. 30-38, App. 49-57, "Conclusion" and "Remedy" at pp, 38-39, App. 57-58; Doc. 45, Ex, C, March 10, 2022 Supplemental Decision at pp. 1-2, App. 59-060; and  Doc. 45, Ex. D, August 24, 2022 Supplemental Decision and Remedy Modification at pp. 2-3, App. 62-63).

## **THE GOVERNING LEGAL PRINCIPLES**

As Defendants have repeatedly reminded Vargas, to no apparent avail, the principle of "exceedingly deferential" judicial review of arbitration standards is very well settled:

> As long as the arbitrator's award draws its essence from the parties' agreement." An arbitrator exceeds his [or her] authority when he [or she] acts 'contrary to express contractual provisions.'" *Kemper Corp. Servs., Inc. v. Computer Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 946 (5th Cir. 2005)) and is not merely "his [or her] own brand of industrial justice," the award is legitimate. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers*, 363 U.S. at 596). "An arbitrator exceeds his [or her] authority when he [or she] acts 'contrary to express contractual provisions.'" *Kemper Corp. Servs., Inc. v. Computer Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 946 (5th Cir. 2005)).

*Lalo, LCC v. Hawk Apparel, Inc.*, 2022 U.S. Dist. LEXIS 722218, 2022 WL 1173801 at *6-7 (N.D. Tex. 2022) (J. Lindsey). Notably, there are numerous additional court decisions referenced in the *Lalo* decision -- both federal *and* state court arbitration decisions, and both traditional labor management *and* non-labor arbitration decisions such as the decision in *Lalo* itself – illustrating the universality of this legal principle.

In his response in opposition (Doc. 53) to APFA's motion for summary judgment (Doc. 43, 44, 45) to confirm and enforce the arbitrator's decisions, Vargas has neither attempted to contest this settled legal principle nor even acknowledged it, which is not surprising as it is one that sets a legal standard that is impossible for Vargas to meet. Not only does the arbitration decision itself demonstrate that the relevant provisions of the APFA Constitution were complied with, but Vargas *explicitly conceded* that the dispute was properly within the Arbitrator's jurisdiction for resolution under the APFA Constitution(Doc. 45, Exh. E, App. 65).

## **CONCLUSION**

For the reasons stated above and in the Union's motion for summary judgment, the decision of the arbitrator should be enforced and APFA should be allowed to proceed with an application for attorneys fees and/or sanctions.

Date: November 9, 2022  Respectfully Submitted,

 /s/ Sanford R. Denison
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

      I certify that on this 9th day of November 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Vargas by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

                                        */s/ Sanford R. Denison*
                                        SANFORD R. DENISON