IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** | § | |
|    Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | **Civil Action No. 4:22-CV-00343-Y** |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS,** *et al.*, | § | |
|    Defendants/Counterclaim Plaintiffs. | § | |

| | | |
|---|---|---|
| **EUGENIO VARGAS,** | § | |
|    Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | **Civil Action No. 4:22-CV-00430-Y** |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS,** et al. | § | |
|    Defendants/Counterclaim Plaintiff. | § | |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS TO VACATE ORDERS AND FILE NEW COMPLAINTS AND BRIEF IN SUPPORT**

Defendants/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA") *et al*. respectfully submit this response and brief in opposition to the Motions by Plaintiffs Robert Ross ("Ross") and Eugenio Vargas ("Vargas") to vacate Orders and file Amended Complaints in their respective companion cases before the Court (Ross Doc. 55; Vargas Doc. 56).[1] We are filing this same brief in *both* cases because the Motions by Ross and Vargas, and the serial and preclusive legal defects to those Motions, are substantively identical.

    1. **Ross and Vargas Attempt to Relitigate the Facts**

Both Ross and Vargas present extended factual statements in support of their Motions in

---

[1] Citation to the docketed filings in *Ross v. APFA, et al*, No. 4:22-CV-00343-Y will be made by "Ross Doc. __" and to the docketed filings in *Vargas v. APFA, et al*., No. 4:22-CV-00430-Y by "Vargas Doc. __" where the number referenced will be to the ECF docket number of the document cited to in each case.

1

the hope of persuading the Court to address the facts of their cases. (Ross Doc. 56, Brief at 4-5, 6-8; Vargas Doc. 56, Brief at 5-6, 7-9). There are at least two legal barriers precluding their efforts. First, the merits of the cases against Ross and Vargas as well as the conduct of their hearings are matters withing the Arbitrator's exclusive jurisdiction.[2] Second, this "evidence" could have been presented to the Arbitrator during or after either the original and supplemental proceedings, or during the period after each when the Arbitrator extended jurisdiction, and Ross and Vargas waived any rights to present additional evidence to the Court by not doing so.[3]

### 2. Governing Precedents Bar the Amended Complaints

The purported jurisdictional predicate for both Motions is baseless under settled precedent holding that the LMRDA is inapplicable to these arbitration proceedings,[4] and to this Court's recent rulings in its Orders of October 27, 2022. *Ross v. APFA et al*. (Ross Doc. 51 at 2) (citing *Breininger*, 493 U.S. at 84); *Vargas v. APFA et al.* (Vargas Doc. 52 at p. 2) (same).[5]

And both the Ross and Vargas Motions simply ignore and do not attempt to refute or distinguish LMRA Section 301(a), 29 U.S.C. §185 (a), the governing jurisdictional basis for

---

[2] *John Wiley & Sons, Inc. v. Livingston*, 378 U.S. 543, 557 (1964); *Columbian Carbon Co. v. Operating Engineers*, 360 F. 2d 1018, 1020-21 (5th Cir. 1966).

[3] *Weinberger v. Silber*, 140 F. Supp. 2d 712, 721 (N.D. Tex. 2001) (citations omitted) ("If a party does not protest to the arbitrator, courts generally will not give him a second chance to do so in a motion to vacate."); *Penson Fin. Servs. v. Misr. Secs. Int'l*, 2008 U.S. Dist. LEXIS 139581 at *13-14 (N.D. Tex. 2008) (J. Boyle).

[4] *Breininger v. Sheet Metal Workers Local 6*, 493 U.S. 67, 92-94 (1989); *Guidry v. Operating Engineers Local 406*, 907 F.2d 1491, 1492 (5th Cir. 1990)**.**

[5] Ignoring the Court's rejections of this specific assertion, Ross and Vargas continue to mischaracterize the arbitration process as "union discipline." (Ross Doc. 56, Brief at 4, 7-8, 9, 14-15, 17-18; Vargas Doc. 56, Brief at 5, 8-9, 10, 15-16, 17-18).

judicial enforcement of arbitration decisions and for the courts' deference to those arbitration decisions.[6]

Indeed, the relief sought in *neither* of the Amended Complaints proffered by Ross and Vargas even seeks to vacate the arbitration decisions at issue as a remedy. (Ross Doc. 55.1, Motion, Exh. A at 21-22; Vargas Doc. 55.1, Motion, Exh. A at 11). If sustained, in other words, the Complaints proposed by Ross and Vargas would leave those arbitration decisions intact.[7]

### 3. Strike Three: Plaintiffs' Motions Can, and Should Be Denied as Futile

The re-drafted Amended Complaints submitted by Ross and Vargas would be subject to Motions to Dismiss on the same bases set forth above, including the Court's recent rulings,[8] and are therefore futile and should not interfere with the Court's consideration of the pending Motions for Summary Judgment by APFA.[9]

---

[6] *E.g.*, *Bldg. Materials Mfg. Co. v. Steelworkers,* 2020 U.S. Dist. LEXIS 37075, 2020 WL 1047895 at *7-8 (N.D. Tex. 2020) (J. Starr); *Allied Waste Systems Inc. v. Teamsters Local 767*, 2007 U.S. Dist. LEXIS 43035, 2007 WL 1703634 at *19-21 (N.D. Tex. 2007) (J. Means).

[7] Any and all additional claims in the proposed new Complaints are all "inextricably intertwined" with Plaintiffs' challenges to the merits of the Arbitrator's decision and are therefore preempted. *Woodcock v. Marathon Petroleum*, 2019 U.S. Dist. LEXIS 66447, 2019 WL167618187 at *5-6 (S.D. Tex. 2019) ("Preemption occurs when a decision on the [nonlabor] claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement." *Thomas v. LTV Corp.,* 39 F. 3d 611, 615-16 (5th Cir. 1994). *See also Blanks v UAW,* 837 F. Supp. 2d 609, 616 (N.D, Tex. 2011), (J. Means), *aff'd* 464 Fed. Appx. 284 (5th Cir. 2012).

[8] Ross's and Vargas's argument that they should be allowed "at least one chance to amend" their complaints prior to dismissal (Ross Doc. 56, at p. 18; Vargas Doc. 56, at p. 19) is also to no avail since "it is clear that the defects are incurable" and their proposed amended complaints would be subject to dismissal on the same grounds as the Court's Orders of October 27, 2022. *Stanissis v. Dyncorp Int'l LLC*, 2014 WL 7183942, at 1 (N.D. Tex. Dec. 17, 2014) (J. Fitzwater),

[9] *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (The "futility standard" is "the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *McGee v. Citi Mortg., Inc., 680 F. App'x* 287, 291 (5th Cir. 2017) *(per curiam) (quoting Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 873 (5th Cir. 2000)) (a proposed amendment is futile if "the amended complaint would fail state a claim upon which relief could be granted."); *Robinson v Wells Fargo Bank*, 3-20-0601-B, ECF Doc. No 24 (N.D. Tex. June 4, 2021) (J. Boyle) (unpublished, attached as Ex. 1) (denying motion to amend as "futile, and [when]

**CONCLUSION**

After the parties thoroughly briefed and argued the attempts by Ross and Vargas to persuade the Court to relitigate the merits of, and then vacate the recent arbitration decisions against them, and after the Court considered and rejected their arguments, Ross and Vargas hope to simply re-start this litigation all over again. It is respectfully submitted that such a proposed "do over" is unsupported by the record and contrary to settled precedent, disrespectful of the Court's recent rulings, and wasteful of the resources of the parties and the Court. Plaintiffs' motion should therefore be rejected.

---

granting leave to amend would cause undue delay in this case."); *Mornes v. Valdez*, 414 F.Supp.3d 888, 889-92 (N.D. Tex. 2019) (J. Tolivar).

Pendency of the motions to amend should not delay this Court's consideration of APFA's Motions for Summary Judgment as "[s]ummary judgment may be granted when a motion for leave to amend is pending." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 2004 WL 983615, *6 (N.D. Tex. Apr.29, 2004) (Ramirez, J.). *Robinson v Wells Fargo Bank, supra.; See Emcode Reimb. Solutions v Nutmeg Ins. Co.*, 512 F. Supp. 2d 603, 612 (N.D. Tex. 2007 (J. Fitzwater) (denying a motion to amend where the Court "has already addressed the merits of [the] proposed [amended] claim in the context of [a] motion for summary judgment" and "[w]ere the court to grant leave to amend to assert [the proposed] amended claim . . . it would ultimately grant summary judgment dismissing the claim.") .

Moreover, the grant of APFA's pending motions for summary judgment would moot the motions to vacate and amend as no "live" issue would remain. "[A] controversy can become moot 'when the issues presented are no longer 'live.'" *Chevron USA Inc. v Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993) citing *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951 (1969); *Kovac v Wray*, 449 F.Supp.3d 649, 653 (N.D. Tex. 2020) ( J. Starr).

Furthermore, as stated in footnote 2 to APFA's motions for summary judgment (Ross. Doc. 42 at p. 1; Vargas Doc. 43 at p. 1) the Court's grant of summary judgment enforcing the arbitrator's decisions will also effectively resolve and dispose of the remaining claims in APFA's counterclaims for breach of fiduciary duty for engaging in the same misconduct addressed by the Arbitrator in his decisions. (Ross. Doc. 8 at PageID 115-116; Vargas Doc. 11 at PageID 115-116). Final Judgment could then be entered in favor of APFA and individual defendants Hedrick and Harris on all claims and defenses as between them and both Ross and Vargas in the companion cases of *Ross v. APFA, et al*, No. 4:22-CV-00343-Y and *Vargas v. APFA, et al.*, No. 4:22-CV-00430-Y.

Date: November 18, 2022					Respectfully Submitted,

                                                    */s/ Sanford R. Denison*
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

       I certify that on this 18th day of November 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

                                              */s/ Sanford R. Denison*
                                              SANFORD R. DENISON