**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION**

| | | |
|---|---|---|
| **EUGENIO VARGAS** | § | |
| **Plaintiff/Counterclaim Defendant** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **Case No. 4:22-cv-00430-Y** |
| | § | |
| | § | |
| **ASSOCIATION OF** | § | |
| **PROFESSIONAL FLIGHT** | § | |
| **ATTENDANTS, JULIE HEDRICK,** | § | |
| **ERIK HARRIS** | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |
| | § | |
| | § | |

---

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND
BRIEF IN SUPPORT**

---

COMES NOW Plaintiff, EUGENIO VARGAS, and files this, his Motion to Dismiss Defendant's, ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS (hereinafter "APFA") Counterclaims under 12(b)(1) and 12(b)(6), as grounds for support herein, and pursuant to L.R. 7.1, 7.2, 56.3, 56.5 and 56.6 would show this Honorable Court the following:

1

# Table of Contents

I.   INTRODUCTION                                             5

II.  STATEMENT OF THE CASE                       5

III.  ARGUMENTS AND AUTHORITIES              6

   A.   Standards For Dismissal                     6

   B.   Statute of Limitations bars APFA's recovery on all claims.:   8

      1)  *Breach of Fiduciary Duty under the LMRDA § 501 and Texas Common Law are untimely* .   8

      2)  *§ 301(a) of LMRA claim is untimely filed.*   9

   C.  APFA fails to state a claim under 28 U.S.C. § 501(a) Breach of Fiduciary Duty for failure to meet the § 501(b) "good cause "requirement.   11

   D.  APFA fails to state a claim for which it can recover under § 301(a) of LMRA because APFA lacks standing.   12

   E.  APFA's claim under § 301(a) LMRA does not confer federal jurisdiction because the Union Constitution is not an inter-union contract.   13

IV.  CONCLUSION AND PRAYER                 16

## <u>TABLE OF AUTHORITIES</u>
### Cases

Adkins v. Int'l Union of Elec., Radio & Machine Wkrs et al., 769 F.2d 330 (6th Cir. 1985).......10

Ashcroft v. Iqbal, 556 U.S. 662 (2009)..................................................................................7

Collins v. Morgan Stanley Dean Witter, 224 F.3d 496 (5th Cir. 2000).........................................7

Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141 (5th Cir. 2009) .....................................7

Hoffman v. Kramer, 362 F.3d 308 (5th Cir. 2004)..................................................................12

Int'l Ass'n of Heat Frost Insulators v. Doerman, Civil Action No. 1:03-cv-620
     (S.D. Ohio Apr. 18, 2005). .................................................................................12

Int'l Bhd of Teamsters Local 651 v. Philbeck, Civil Action No. 5:19-105-DCR
     (E.D. KY 2019) ................................................................................................12

Kokkenen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)...............................................6

Lee v Cytec Indus., Inc., 460 F.3d 673 (5th Cir. 2006) ............................................................10

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). ..............................................................7

Norris v. Hearst Trust, 500 F.3d454 (5th Cir. 2007). ..............................................................7

Plumbers & Pipefitters v. Plumbers & Pipefitters, 452 U.S. 615 (1981)....................................13

Plumbers & Steamfitters Union Local No. 10 v. Waters, 451 F.Supp.3d 543
 (E.D. Va. 2020)............................................................................................8, 10
kin
Quinn v. Press, 135 Tex. 60, 140 S.W.2d 437 (1940). ..............................................................8

Ramming v. U.S., 281 F.3d 158 (5th Cir. 2001) ...................................................................6, 7

Reed v. United Pramp. Union, 488 U.S. 319 (1989). ...........................................................8, 10

S.V. v. R.V., 933 A.W.2d 1 (Tex. 1996)..................................................................................8

Smith v. Evening Newa Ass'n, 371 U.S. 195(1962). ...........................................................10, 12

Spivey v. Robertson, 197 F.3d 772 (5th Cir. 1999)..................................................................7

Tex. Gen. Hosp., LP v. United Healthcare Servs., Inc., Civil Action No. 3:15-CV-02096-M

(N.D. Tex. Jun. 28, 2016). ...................................................................................7

Trinity River Auth. v. URS Consultants, Inc.-Texas, 889 S.W.2d 259 (Tex. 1994)....................8

Uspps v. Avery Dennison Corp., 326 F. App'x 842 (5th Cir. 2009)................................8

Wooddell v. Int'l Bhd of Elec. Wkrs, Local 71, 502 U.S. 93 (1991). ...........................10, 12, 13

## Statutes & Regulations

CFR § 402.3 ................................................................................................ 14

CFR § 402.4................................................................................................. 14

29 U.S. § 201(a) et seq,. ............................................................................... 14

9 U.S.C. § 185(a). ........................................................................................ 5

29 U.S.C. § 301(a) ....................................................................5, 6, 9, 11, 12. 13, 15. 16

29 U.S.C. §431............................................................................................. 14

29 U.S.C. § 438............................................................................................14

29 U.S.C. § 501 et seq..................................................................5, 8, 9, 11, 12, 16

29 U.S.C. § 501(a) ................................................................................ 8. 9, 11, 12, 16

29 U.S.C. § 501(b) .................................................................................11, 16

Tex. Civ. Prac. Rem. Code Ann. § 16.004(a)........................................................8, 10

## Court Rules

Fed. R. Civ. P. 12(b)(1)................................................................................ 1, 5, 6

Fed. R. Civ. P. 12(b)(6)................................................................................ 1, 5, 7, 11

Fed. R. Civ. P. 12(h)(3)................................................................................ 6

Local Rule 7.1 ............................................................................................. 1

Local Rule 7.2 ............................................................................................. 1

Local Rule 56.3............................................................................................ 1

Local Rule 56.5....................................................................................................................... 1

Local Rule 56.6....................................................................................................................... 1

## INTRODUCTION

COMES NOW Plaintiff/Counterclaim Defendant, EUGENIO VARGAS ("Vargas" or "Plaintiff"), and files his Motion to Dismiss Defendant's, ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS (hereinafter "APFA" or "Defendant") Counterclaims for relief against Vargas for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, as a matter of law, under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").[1] As grounds for support of its Motion, Plaintiff respectfully requests dismissal of all counterclaims.

## STATEMENT OF THE CASE

Defendant, APFA, is a labor organization representing American Airlines Flight Attendants. APFA seeks damages alleging violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501, et seq. ("LMRDA"), breach of fiduciary duty, common law breach of fiduciary duty, and seeking enforcement of the APFA Constitution under 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) by enforcing the Disciplinary Award. Vargas is a member and former National President of APFA from April 1, 2016 to July 1, 2018.

Charges were filed against Plaintiff on November 19, 2020, and a disciplinary hearing was held on November 17 and 18, 2021. The charges were pursued on behalf of the union scrutinizing

---

[1] Plaintiff requests dismissal of all counterclaims asserted by his union, APFA, in its Answer and Counterclaims (Docket 11, PAGEID 106-118).

credit card charges for business meals, furniture purchases, rental car charges, and apartment costs incurred while Plaintiff commuted between California and Texas. A disciplinary hearing was held Plaintiff and conducted in such a way as Plaintiff contends violated his due process rights under LMRDA.  This disciplinary hearing resulted in an award finding Plaintiff engaged in malfeasance, fraud, and misappropriation of funds during his term in office.  Fines from damages original alleged to be $8,733.38 have now grown to a disciplinary fine of $30,963.03.

The arbitration hearing was held—much of it conducted in a way that denied Vargas a fair opportunity to be heard—and an arbitration award was issued.  Plaintiff filed suit under the LMRDA for violations of his Member's Bill of Rights alleging due process violations for lack of a fair hearing.  Defendant filed its answer and counterclaims for breach of fiduciary duty and enforcement of the union disciplinary fines under 301(a) LMRA breach of an inter-union contract or collective bargaining agreement for actions taken while Plaintiff held union office.

## ARGUMENTS AND AUTHORITIES

### Standards For Dismissal

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction."[2] On a motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), the rule requires dismissal of any claim for which federal courts lack subject matter jurisdiction. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action in accordance with FRCP 12(h)(3). The party asserting claims under federal law bear the burden of establishing by a preponderance of the evidence that subject matter jurisdiction

---

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377  (1994).

exists.[3] Courts determine subject matter jurisdiction under FRCP 12(b)(1) based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[4] "When a Rule 12 (b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12 (b)(1) jurisdictional attack before addressing any attack on the merits."[5]

To survive a motion to dismiss under FRCP 12(b)(6), the *Twombly* rule requires that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The Plaintiff must assert more than mere legal conclusion, as "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."[7] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[8]

This Court phrased the standard of review for a Rule 12(b)(6) motion as one in which:

> "the Court generally cannot look beyond the pleadings. The pleadings include the complaint and any documents attached to it. . . . In deciding a motion to dismiss, the Court may also consider matters of public record without converting the motion into one for summary judgment.[9]

This strict standard of review considers "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief."[10]

APFA asserts federal jurisdiction over its counterclaims through 28 U.S.C. §1337 (acts

---

[3] *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992); *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).
[4] *Ramming,* 281 F.3d at 161.
[5] *Id.* at 161.
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[7] *Id.* at 663.
[8] *Id.* at 679.
[9] *Tex. Gen. Hosp., LP v. United Healthcare Servs., Inc.*, Civil Action No. 3:15-CV-02096-M (N.D. Tex. Jun. 28, 2016) (citing *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007)).
[10] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141 (5th Cir. 2009).

regulating interstate commerce), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory judgments). APFA also asserts federal jurisdiction under 29 U.S.C. § 185 (breach of an interunion contract or collective bargaining agreement), and 29 U.S.C. §501 (member's claim for breach of fiduciary duty under LMRDA). APFA improperly asserts subject matter jurisdiction based on 28 U.S.C. § 1337, 28 U.S.C. § 2201, 28 U.S.C. § 1331 as all are procedural statutes which fail to confer subject matter jurisdiction to the Defendant's counterclaims as each fail to offer an independent basis for federal question. The two remaining grounds for subject matter jurisdiction 29 U.S.C. § 185 (breach of an interunion contract or collective bargaining agreement), and 29 U.S.C. §501 (member's claim for breach of fiduciary duty under LMRDA) are addressed below.

**Statute of Limitations bars APFA's recovery on all claims.:**

1) *Breach of Fiduciary Duty under the LMRDA § 501 and Texas Common Law are untimely .*

The LMRDA is silent on the limitations period for a breach of fiduciary duty under § 501.[11] "It is well established. . . that when Congress does not provide a statute of limitations, courts should look to the analogous state law statute of limitations."[12] The Texas Civil Practices and Remedies Code § 16.004(a) limits a claim for breach of fiduciary duty to those asserted "no later than four years after the day the cause of action accrues."[13] Texas Supreme Court finds that "a cause of action accrues when a wrongful act causes some legal injury."[14] According to the 5th Circuit Court of Appeals "[t]his is the case 'even if the fact of injury is not discovered until later' and 'even if

---

[11] LMRDA section 501(a).
[12] *Reed v. United Tramp. Union,* 488 U.S. 319, 323 (1989) (citing *DelCostello v. Teamsters,* 462 U.S. 151, 158 (1983)); See also *Plumbers & Steamfitters Union Local No. 10 v. Waters*, 451 F.Supp.3d 543 (E.D. Va. 2020).
[13] Tex. Civ. Practices and Remedies Code § 16.004(a).
[14] *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *see also Trinity River Auth. v. URS Consultants, Inc.-Texas*, 889 S.W.2d 259, 262 (Tex. 1994); *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438, 440 (1940).

all resulting damages have not yet occurred.'"[15]

APFA argues that Plaintiff breached his fiduciary duty under both LMRDA and Texas Common Law for conduct taken while Plaintiff held office as National Treasurer of APFA.[16] Plaintiff's left office on July 1, 2018.[17]  APFA filed its counterclaims on July 1, 2022.[18]  APFA's breach of fiduciary duty claims fail under both the LMRDA § 501 as well as Texas Common Law because all allegedly wrongful acts that form the basis of Defendant's counterclaims accrued as of the end of his term in office.  Plaintiff has been out of office for over four years, thus any conduct causing legal injury occurred over four years before the filing of Defendant's counterclaims. [19]

   *2)  § 301(a) of LMRA claim is untimely filed.*

APFA asserts a counterclaim for breach of a contract by the Plaintiff arguing under 301(a) LMRA provides for its cause of action.[20]  The courts extend federal jurisdiction under §301a to claims in three circumstances:

(1) Suits by employees against an employer for breach of a collective bargaining agreement (known a "straightforward §301" action).

(2) Suits by employees/union-members against an employer for breach of a collective bargaining agreement, and a suit against the union for breach of duty of fair representation (known as a "Hybrid §301" action); and

(3) Suits by union-members against a national or international union for breach of a union constitution *only* when the union constitution is between the national union and a local union, as opposed to one between the union and its members (known as a "Breach of Inter-union Contract" action).

---

[15] *Uspps v. Avery Dennison Corp.*, 326 F. App'x 842, 846-47 (5th Cir. 2009) (citing *S.V.*, 933 S.W.2d at 4).
[16] Docket No. 11, Def. Answer and Counterclaims, PAGEID 106-118.
[17] Docket No. 11, Def. Answer and Counterclaims, PAGEID 132 (Arbitration Award states Erik Harris testified that Plaintiff's last day in office was July 1, 2018).
[18] *See* Docket No. 11, Def. Answer and Counterclaims, PAGEID 106-118.
[19] Docket No. 11, Def. Answer and Counterclaims, PAGEID 132 (Arbitration Award states Erik Harris testified that Plaintiff's last day in office was July 1, 2018).
[20] Docket No. 11, Def. Answer and Counterclaims, PAGEID 132 (Arbitration Award states Erik Harris testified that Plaintiff's last day in office was July 1, 2018).

The Supreme Court stated "§ 301 is not limited to suits brought by a party to an interunion contract but extends to individual union members when they are the beneficiaries of such contracts."[21] The general rule governs the limitations period here—as LMRDA is silent on this issue.  Therefore, state law limitations apply to those claims most analogous to the federal claim-at-issue.[22] Breach of fiduciary duty and breach of contract claims are governed by the same statute under Texas law— claims must be filed within four years from the date of occurrence for the action that gave rise to the claim.[23]  This means any conduct that occurred while Plaintiff served as a national officer is outside the limitations period—same as APFA's claims for breach of fiduciary duty.

Alternatively, the U.S. Supreme Court imposes an exception to the general rule on application of state statute of limitations where federal law is silent.  A six-month limitations period has been applied *only* to Hybrid §301 LMRA claims—those involving a breach of a union's duty of fair representation.[24]  The 5th Circuit determined a six-month limitation period serves policy interests as "federal law favors early resolution of labor disputes. . . ."[25]  According to the 5th Circuit Court of Appeals, "[p]laintiffs cannot wait until the statute of limitations for a federal lawsuit has passed and then file a grievance to circumvent the applicable six-month statute. This is especially so given that the six-month limitations period under federal law is an extension of the time period provided by many state statutes."[26]  In the case-at-issue, APFA cannot and has not

---

[21] *Ackley v. Western Conference of Teamsters*, 958 F. 2d 1463(9th Cir. 1992); *Woodell v. International Brotherhood of Electrical Workers, Local 71,* 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991) (citing *Smith v. Evening News Assn.,* 371 U.S. 195, 200-201, 83 S.Ct. 267, 270-271, 9 L.Ed.2d 246.)

[22]  *Reed v. United Tramp. Union,* 488 U.S. 319, 323 (1989) (citing *DelCostello v. Teamsters,* 462 U.S. 151, 158 (1983)); *See* also *Plumbers & Steamfitters Union Local No. 10 v. Waters*, 451 F.Supp.3d 543 (E.D. Va. 2020).

[23] "A four-year statute of limitations applies to fraud, breach of contract, and breach of fiduciary duty claims. TEX. CIV. PRAC. REM. CODE ANN. § 16.004(4), (5) (Vernon 2002); *Pollard v. Hanschen*, 315 S.W.3d 636, 641 (Tex. App. 2010).

[24] *DelCostello v. Teamsters,* 462 U.S. 151, 158 (1983))

[25] Lee v. Cytec Industries, Inc., 460 F.3d 673, 676 (5th Cir. 2006) (citing *Adkins*, 769 F.2d 330 at 335, and *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 168, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)).

[26] Lee, 460 F.3d at 676.

asserted a Hybrid §301 claim to fall within this exception.  Furthermore, Plaintiff's conduct that gave rise to the claim was not only six months prior to the filing of counterclaims, but six-months prior to the disciplinary hearing or even the charges asserted against Plaintiff.  Yearly accounting audits are conducted on the union's financials, Defendant knew or should have known of Plaintiff's conduct upon his departure from office.

It is an undisputed fact that Plaintiff left his position on July 1, 2018.[27] Defendant filed its counterclaims complaining of Plaintiff's conduct while holding national office on July 1, 2022.[28] APFA fails to state a claim for recovery under 28 U.S.C. § 501(a) Breach of Fiduciary Duty for all conduct complained of occurred four years prior to the statutory limitations period. Whether the general rule, or the exception for §301(a) of LMRA Hybrid Claims is applied—Defendant's counterclaims are beyond the statute of limitations and are barred.

**APFA fails to state a claim under 28 U.S.C. § 501(a) Breach of Fiduciary Duty for failure to meet the § 501(b) "good cause "requirement.**

Even if the limitations period had not expired, APFA failed to state a claim for recovery under LMRDA's for Breach of Fiduciary Duty as LMRDA § 501(b) requires claims brought under LMRDA § 501(a) establish "good cause" exists to bring the claim.[29]  The 5th Circuit Court of Appeals recently reviewed a claim under LMRDA § 501(a) and held the following:

> . . . the substance of the "good cause" requirement of § 501(b) requires a few essential steps for district courts to take beyond Rule 12(b)(6) in evaluating applications for leave to sue union officials. [1] First, the court must determine that the alleged misconduct directly relates to the duties enumerated in § 501(a). [2] Second, because of the derivative nature of an applicant's suit, the court must satisfy itself that the applicant seeks remedies that would realistically benefit the union as the collective bargaining representative of its members and/or the membership of the union. [3] Third, the application must allege facts that will support a conclusion that the alleged breaches of § 501 were presented to the union.

---

[27] Docket No. 11, Def. Answer and Counterclaims, PAGEID 132.
[28] Docket No. 11, Def. Answer and Counterclaims, PAGEID 106-118.
[29] 29 U.S.C. §501(b).

[4] Fourth, the applicant must make a showing that the union's refusal to act on the breaches presented to it was objectively unreasonable in the ways we have earlier discussed. [5] Finally, after the court is satisfied that these conditions are met, the plaintiff must convince the court by the allegations of the verified application, or affidavit or otherwise, that some evidence exists, disputed or not, that will support the claims of a breach of fiduciary duty under § 501(a).[30]

In the case at issue, APFA failed to meet all five elements required to meet the "good cause" requirement as defined by the 5th Circuit Court.  APFA failed to state a claim upon which it is entitled to recovery, and therefore its Breach of Fiduciary Duty claim under LMRDA § 501(a) must be dismissed.

### APFA fails to state a claim for which it can recover under § 301(a) of LMRA because APFA lacks standing.

APFA asserts a counterclaim for breach of an inter-union contract by the Plaintiff under 301(a) LMRA.[31]  The Supreme Court held that "§ 301 is not limited to suits brought by a party to an interunion contract but extends to individual union members when they are the beneficiaries of such contracts."[32]  The courts rarely face a union asserting a § 301(a) LMRA claim to enforce fines against its own members, however courts typically decline to enforce these fines. As the Ohio District Court framed it ". . . the statute does not provide jurisdiction over claims brought by labor organizations against its individual members.  Thus, the plain terms of the statute do not support jurisdiction over a labor organization seeking to recoup a fine levied against one of its members as in this case."[33]

---

[30] *Hoffman v. Kramer*, 362 F.3d 308, 319 (5th Cir. 2004).

[31] Docket No.11, Def. Answer and Counterclaims, PAGEID 106-118.

[32] *Wooddell v. International Brotherhood of Electrical Workers, Local 71*, 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991) (citing Smith v. Evening News Assn., 371 U.S. 195, 200-201, 83 S.Ct. 267, 270-271, 9 L.Ed.2d 246).

[33] *International Ass'n of Heat Frost Insulators v. Doerman*, Civil Action No. 1:03-cv-620 (S.D. Ohio Apr. 18, 2005) (declining to extend 301 claims to claims by unions against a member, observing that the cases that have allowed 301 claims by a union against a member are only those seeking injunctive relief, not those seeking to impose damages) [APPENDIX P. 55-59]. See also *International Brotherhood of*

12

Defendant's counterclaim under section 301(a) LMRA is uncommon and scarce.  Courts do not extend § 301(a) of LMRA jurisdiction to claims brought by unions unless it's against another union or the employer.  The rare circumstances in which these claims are found, it is for only equitable relief, never for monetary damages or imposition of fines.  Should Defendant be entitled to recover under this claim—it would be an unprecedented break from the vast history of §301(a) of LMRA case law.

**APFA's claim under § 301(a) LMRA does not confer federal jurisdiction because the Union Constitution is not an inter-union contract.**

According to the Supreme Court, ". . . union constitutions are an important form of contract between labor organizations."[34]  "Members of a collective-bargaining unit are often the beneficiaries of such interunion contracts, and when they are, they likewise may bring suit on these contracts under § 301."[35] "Section 301 (a) establishes federal district court jurisdiction for '[s]uits for violation of contracts . . . between any . . . labor organizations [representing employees in an industry affecting commerce as defined in this chapter].'"[36]

Defendant asserts that APFA is a "parent" union and the individual flight bases are each "subordinate" unions in which the APFA Constitution governs the relationship between these "base" Unions and the National APFA "parent" union.  If the structure of APFA is one described as a parent/subordinate-union relationship, then under *Wooddell*, an employee can sue the union

---

*Teamsters Local 651 v. Philbeck,* Civil Action No. 5:19-105-DCR, (ED KY 2019) (court recognizing the union is likely to establish a breach of union constitution for summary judgment review but fails to determine any issues relating to standing of a union to file a claim under 301 of LMRA against a member. The claim in this case only seeks enforcement of an injunction against facebook posts by the member).
[34] Wooddell v. International Brotherhood of Electrical Workers, Local 71, 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991).
[35] *Id*. at 112.
[36] Plumbers & Pipefitters v. Plumbers & Pipefitters, 452 US 615, 619-20 (1981) (citing language of 29 U. S. C. § 185 (a)).

for breach of this inter-union contract in federal court. If, however, APFA has no affiliation with any other union, then the APFA Constitution is a contract that governs the relationship between the union and its members—and federal courts lack subject matter jurisdiction, APFA's claim fails and must be dismissed.

The LMRDA empowers the Secretary of Labor to issue, amend, create rules and regulations to effectuate the statutory purpose.[37] The Secretary of Labor requires every labor organization subject to LMRDA ("Labor Organization") to file an initial information report and a copy of the union's constitution with the Office of Labor-Management Standards ("OLMS") ("LM-1") and an annual financial report ("LM-2").[38] If a Labor Organization later affiliates, or subordinates itself to another union; the Labor Organization must submit an amended LM-1 disclosing this relationship with the contract governing this relationship.[39] Regardless of whether a Labor Organization is a "parent" or "subordinate" Labor Organization—both must file annual financial reports disclosing information like the number of members, election dates, assets, liabilities, and disbursements made by the union.[40]

APFA's original LM-1 and most current LM-2 prove that APFA is an independent national labor organization that holds no affiliation with any other union. The original LM-1 filed in 1977 by the founding APFA officers list the labor organization's structure as a National union, rather than an intermediate or a local union.[41] It lists the national officers of the union and explains that the officers are chosen from each individual flight bases under Section 15 Additional Information.[42] APFA is a national union, and each flight base elects its own delegate who acts as

---

[37] 29 U.S.C. § 438.
[38] CFR § 402.3; 29 U.S. § 201(a)
[39] CFR § 402.4; 29 U.S. § 201(a), *et seq.*
[40] 29 U.S.C. § 431, *et seq.*
[41] APFA LM-1 signed February 28, 1977, [APPENDIX P. 1-2].
[42] APFA LM-1 signed February 28, 1977, [APPENDIX P. 1-2].

an officer on the Board of Directions to the national union.[43]  Nowhere does the LM-1 indicate there exists any affiliation with another union.

Most importantly, there are *no* LM-1 or LM-2 filings on record with the U.S. Department of Labor that list any association with APFA.[44]  The APFA LM-2 filed on September 2, 2022 lists all 23,440 flight attendants of American Airlines as members to the national union.[45]  The LM-2 lists the salaries that APFA paid to each individual Base Presidents, Base Vice-Presidents, and Base Reps in Schedule 11.[46]  Finally, APFA's reports all receipts to which it is entitled based on the entire American Airline Flight Attendant membership dues.[47]

If a parent union reports on its LM-2 all members, all receipts, and all payments to elected officials for all flight bases, and the local "Base" unions have failed to ever file reports with the OLMS, then it seems clear—there are no subordinate "Base" unions on public record.  APFA cannot substantiate a counterclaim under 301(a) LMRA, and thus this court lacks subject matter jurisdiction on all of Defendant's counterclaims.

If the APFA is a "parent" union and its Constitution an inter-union contract falling under *Woodall*, then APFA has misrepresented the facts to the Department of Labor.[48]  APFA and its national officers are liable for criminally misrepresenting the financial information contained in its LM-2.[49]  Otherwise, APFA is not a "parent" union, and instead it has misrepresented the facts

---

[43] APFA LM-1 signed February 28, 1977, [APPENDIX P. 1-2].
[44] Review and search was conducted of the public recorded filings with the Department of Labor at https://olmsapps.dol.gov/olpdr/?_ga=2.132874825.638940536.1669079421-696218131.1664500829 and phone calls from Plaintiff's Counsel's office to the Department of Labor to confirm whether any other filings by Local Unions associated with APFA have been submitted—none were found on record.
[45] APFA LM-2, Filed 9-2-2022, [APPENDIX P. 4]. The Court should note the Securities Exchange Commission Filing of the 10K for American Airlines Group, Inc. publicly reported that it employs approximately 22,000 flight attendants as of the December 31, 2021.
[46] APFA LM-2, Filed 9-2-2022, [APPENDIX P. 17-33].
[47] APFA LM-2, Filed 9-2-2022, [APPENDIX P. 6], (based on the membership x $41 monthly dues) should be approximately $11,532,480[47]—only $69,939 under the reported receipts to the Department of Labor.
[48] APFA LM-2, Filed 9-2-2022, [APPENDIX P. 3-54].
[49] APFA LM-2, Filed 9-2-2022, [APPENDIX P. 3-54].

to *this* court for purposes of arguing statute of limitations have not, in fact, expired.[50]  As a matter of law, APFA lacks subject matter jurisdiction for this, and all other counterclaims.

## CONCLUSION AND PRAYER

In conclusion, Defendant's counterclaims have expired under statute of limitations period. Furthermore, Defendant's failed to meet the "Good Faith" requirements under §501(b) to bring a LMRDA § 501(a) claim.  Defendant also lacks standing to bring a §301(a) LMRA claim against its own members—as there is no statutory or case law on record that supports such standing exists. Finally, a review of public record filings with the Department of Labor support that there is no National/Local Inter-union structure between APFA and its Bases—as Plaintiff contends.  For the reasons state herein, Plaintiff requests that the Court grant Plaintiff's Motion to Dismiss Defendant's Counterclaims for Relief.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
    Kerri Phillips
    Texas Bar No. 24065906
    Phone: (972) 327-5800
    Email: kerri@KDphillipslaw.com
By: /s/ Heather Abreu
    Heather Abreu
    Texas Bar No. 24122577
    Phone: (972) 327-5800
    Email: heather@KDphillipslaw.com

    5700 Tennyson Parkway, Suite 300
    Plano, Texas 75024
    Fax: (940) 400-0089
    For Service of Filings:
    notice@KDphillipslaw.com
    **ATTORNEYS FOR PLAINTIFF**

---

[50] Docket No. 11, Def. Answer and Counterclaims, PAGEID 106-118.

## <u>CERTIFICATE OF SERVICE</u>

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing **on this the <u>22nd</u> day of  November 2022.**

William Osborne
Sanford Denison

<u>/s/ *Kerri Phillips*</u>
Kerri Phillips, Esq

17