IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** § | | |
| Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00343-Y | |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al.***,** § | | |
| Defendants/Counterclaim Plaintiff. § | | |

| | | |
|---|---|---|
| **EUGENIO VARGAS,** § | | |
| Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00430-Y | |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al*. § | | |
| Defendants/Counterclaim Plaintiff. § | | |

### RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS TO DISMISS APFA'S COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA") respectfully submits this response and brief in opposition to the Motions by Plaintiffs Robert Ross ("Ross") and Eugenio Vargas ("Vargas") to dismiss the Counterclaims by APFA to enforce the arbitration decisions against Ross and Vargas (Ross Doc. 59; Vargas Doc. 58).[1] We are filing this same brief in both cases because the Motions by Ross and Vargas, and dispositive legal defects to those Motions, are substantively identical.[2]

---

[1] Citation to the docketed filings in *Ross v. APFA, et al*, No. 4:22-CV-00343-Y will be made by "Ross Doc. __" and to the docketed filings in *Vargas v. APFA, et al*., No. 4:22-CV-00430-Y by "Vargas Doc. __" where the number referenced will be to the ECF docket number of the document cited to in each case.

[2] APFA's Counterclaims are docketed at Ross Doc. 8, PageID 107-118 (pp. 32-43) and Vargas Doc. 11, PageID 1106-116 (pp. 21-30). Citation to APFA's Counterclaims will be made by "Ross Doc. 8 at pp. __" or "Vargas Doc. 11 at pp. __" where the cited pages of the respective Answer/Counterclaim are referenced.

1

The breach of fiduciary duty Counterclaims that Ross and Vargas have now moved to dismiss are not the subject of APFA's motions to enforce the arbitration decisions against Ross and Vargas that are fully briefed and pending before the Court, and may well be rendered moot by the Court's disposition of those pending motions.[3] Nevertheless, even if APFA's breach of fiduciary duty counterclaims are not mooted by the Court's grant of APFA's motions for summary judgment, Ross's and Vargas's motions to dismiss those claims[4] are baseless as a matter of law.[5]

Accordingly, we focus this brief on the attempts by Ross and Vargas to reargue the jurisdiction underlying APFA's the pending motions for summary judgment to enforce those arbitration decisions which attempts are baseless, untimely, and entirely improper.

---

[3] *See* footnote 2 to APFA's motions for summary judgment (Ross Doc. 42. at p.1; Vargas Doc. 43 at p.1) and last segment of footnote 9 to APFA's response to Ross's and Vargas's motions to vacate orders of dismissal and to file new amended complaints (Ross Doc. 58; Vargas Doc. 57).

[4] *See* Ross Doc. 59 at pp. 9-10 and Vargas Doc. 58 at pp. 8-9 (contending APFA's LMRDA §501 claims are time barred) and Ross Doc, 59 at pp. 11-12 and Vargas Doc 58 at pp. 11-12 (contending APFA's §501(a) claim required it to establish "good cause' under §501(b)).

[5] The LMRDA Section 501(a) arguments by Ross and Vargas are erroneous. Contrary to their contentions, labor organizations have standing to sue under Section 501(a), *Local 541, Transp. Workers Union of Am. v. Fudge*, 2015 U.S. Dist. LEXIS 134430, 2015 WL 5664429 at *16-17 (N.D. Tex. 2015) (J. Horan), *recommendation adopted*, 2015 U.S. Dist. LEXIS 135711 * (N.D. Tex., Sept. 25, 2015) (J. Lindsay); and the doctrine of laches governs Section 501(a) civil actions rather than any federal or state statute of limitations. *Local 92, Bridge Workers v. Norris*, 383 F. 2d 735, 741 (5th Cir. 1967); *Erkins v. Bryan*, 785 F. 2d 1538, 1543 (11th Cir. 1986). And, contrary to Ross and Vargas' arguments, APFA was not required to establish "good cause" before suing them under §501(a) for breach of the fiduciary duties they owed to APFA and its members, as APFA's § 501(a) action is not subject to § 501(b)'s requirements. *Local 541, supra.,* 2015 WL 5664429 at *16-17, following *Stewart v. Intl. Assn of Machinists & Aerospace Workers*, 16 F. Supp. 3d 783, 791-93 (S.D. Tex. 2014); *See also Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 279 (7th Cir. 2009); *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. Statham*, 97 F.3d 1416, 1421 (11th Cir. 1996).

**PLAINTIFFS' BASELESS AND UNTIMELY ATTEMPTS TO OPPOSE ENFORCEMENT OF THE ARBITRATION DECISIONS AGAINST THEM**

By way of background, in its initial pleadings APFA cited LMRA Section 301(a), 29 U.S.C. §185(a), and the APFA Constitution as the jurisdictional basis for its Counterclaims seeking enforcement of the arbitration decisions against Ross and Vargas. (Ross Doc. 8 at p. 34; Vargas Doc. 11 at p. 28). The APFA Counterclaims sought injunctive relief "(g)ranting APFA injunctive relief ordering Ross and Vargas to abide by, and to comply with the Arbitrator's Decision and Order in all respects …" (Ross Doc. 8 at p.13; Vargas Doc. 11 at p. 30). Then, in its Statements of Undisputed Facts supporting the pending Motions for Summary Judgment for enforcement of the arbitration decisions against Ross and Vargas, APFA restated the following assertions of undisputed fact and law:

> APFA is an independent labor union representing flight attendants employed By American Airlines and structurally organized into local affiliate labor organizations known as Base Councils. (App. 002-03, APFA Constitution, Exh. A at 24-25).

(Ross Doc. 43 at p. 3; Vargas Doc. 44 at p. 3). And, once again, APFA cited the Union Constitution and LMRA Section 301(a) as the jurisdictional predicates for the Court's enforcement of those arbitration decisions. (Ross Doc. 43 at pp. 6-7; Vargas Doc. 44 at pp. 6-7).

In their original oppositions to APFA's pending Motions for Summary Judgment, Ross and Vargas both specifically enumerated what they claimed to be the "disputed facts" and *did not* dispute the foregoing facts cited by APFA regarding the organizational structure of APFA and *did not* take issue with APFA's legal argument regarding the Section 301(a) contractual jurisdiction to enforce the arbitration decisions at issue. (Ross Doc. 52-1 at pp. 12-17; Vargas Doc. 53-1 at pp. 12-18). In its Reply briefs, APFA then restated the foregoing undisputed facts and applicable law. (Ross Doc. 53 at pp. 1-2; Vargas Doc. 54 at pp. 3-6). The Union's motions for summary judgment have been fully briefed and pending before the Court for resolution since November 9. (Ross Doc. 53; Vargas Doc. 54).

Three weeks later, Ross and Vargas filed these motions to dismiss APFA's Counterclaims (Ross Doc. 59; Vargas Doc. 58) in which they assert, for the first time, entirely new arguments -- that LMRA Section 301(a) does not provide subject matter jurisdiction for judicial enforcement of the arbitration decisions at issue because APFA "has no affiliation with any other union" (Ross Doc. 59 at pp. 12-15; Vargas Doc. 58 at pp. 12-16), and that APFA's counterclaims are supposedly barred by a statute of limitations despite both being brought well within the limitations period cited by Ross and Vargas. (Ross Doc. 59 at pp. 10-11; Vargas Doc. 58 at pp. 9-11). These specious *post hoc* contentions fail for several independently dispositive reasons:

1. The uncontroverted record cited in support of APFA's pending motions to enforce the arbitration decisions, Article III, Section 7 of the APFA Constitution (Ross Doc. 44, APFA App 2-4; Vargas Doc 45, APFA App. 2-4), plainly establishes the existence of the local union Base Councils whose officers are elected by the local union memberships and who have the responsibility, among others, to represent the APFA membership and to pursue grievances against American Airlines.[6] *See NLRB v. Cabot Carbon*, 360 U.S. 203, 211-12 (1959) (definition of "labor organization"). (Ironically, Ross was a Base Council President until he was recently disbarred by the Arbitrator and is therefore very well aware of the status and functions of Base Councils and their affiliation with their APFA parent organization.) (Ross Doc. 52-1 at pp. 6-7.)

2. As noted, the status and affiliations between local Base Councils and their parent APFA as the basis for Section 301(a) jurisdiction were specifically cited as undisputed fact and

---

[6] Under the APFA Constitution, Base Council officers are elected by the local union membership of their respective Base, and their duties include taking action to process grievances and "to represent the members at the base and to supervise the activities of the APFA at the base." APFA Constitution, Article III, Sections 7C, 7H. (Ross Doc. 43 at p. 3 and Exh. A, Ross Doc. 44, APFA App. 3; Vargas Doc. 44 at p. 3 and Exh. A, Vargas Doc. 45, APFA App. 3).

law in support of APFA's pending motions to enforce the arbitration decisions against Ross and Vargas (Ross Doc. 43 at p. 3 and Exh. A, Ross Doc. 44, APFA App. 3; Vargas Doc. 44 at p. 3 and Exh. A, Vargas Doc. 45, APFA App. 3), *were not disputed by Ross or Vargas*, and are therefore conclusively established for purposes of this case. *McNeely v. State Farm Lloyds*, 2022 U.S. Dist LEXIS 193894, 2022 WL 14915590 at *3 (N.D. Tex. 2022) (J. O'Connor). Plaintiffs' misreading of Department of Labor ("DOL") Rules regarding LM-2 forms (Ross Doc. 59 at pp. 13-16; Vargas Doc. 58 at pp. 13-16) is no answer to the undisputed organization and structure of APFA and its local union Base Councils.[7]

3. APFA's counterclaims were *not* untimely filed. (Ross Doc. 59 at pp. 9-10; Vargas Doc. 58 at pp. 9-10). APFA's counterclaims seek to remedy the refusal by Ross and Vargas to comply with the arbitrator's decisions issued against Ross on March 19, 2022 and against Vargas on February 18, 2022. APFA's counterclaims were filed on May, 16, 2022, less than two months after the arbitrator's decision in the Ross case, and on June, 13, 2022, less than four months after the arbitrator's decision in the Vargas case. The cause of action to enforce the arbitrator's decisions, at the earliest, accrued on the date of issuance

---

[7] The Department of Labor publishes instructions for filling out LM-2 forms which address the issue of "affiliation" which refute Plaintiffs' fictional assertions that APFA is somehow not affiliated with its local union Base Councils:

> 4. AFFILIATION OR ORGANIZATION NAME — The software accesses this information from the OLMS database and will enter the name of the national or international labor organization that granted the labor organization a charter. "Affiliates," within the meaning of these instructions, are labor organizations chartered by the same parent body, governed by the same constitution and bylaws, or having the relationship of parent and subordinate. For example, *a parent body is an affiliate of all of its subordinate bodies, and all subordinate bodies of the same parent body are affiliates of each other.* (Emphasis added). *See* https://www.dol.gov/sites/dolgov/files/olms/regs/compliance/GPEA_Forms/2020/efile/LM-2_instructionsRevised2020.pdf at p.5.

of the decisions, and well within the six-month limitation period cited by Ross and Vargas for LMRA § 301 lawsuits.

4. Plaintiffs' contention (Ross Doc. 59 at pp. 12-13; Vargas Doc. 58 at pp. 12-13) that the Union lacks standing under LMRA Section 301(a) to obtain APFA's proposed Court order "(g)ranting APFA injunctive relief ordering Ross to abide by, and to comply with the Arbitrator's Decision and Order in all respects …" is legally baseless. *SEIU v. Nat'l Union of Healthcare Workers,* 598 F. 3d 1061, 1070 (9th Cir. 2010); *Int'l Union of Elec. Workers v. Statham*, 975 F. 2d 1416, 1423 (11th Cir. 1996); *Shea v. McCarthy*, 953 F. 2d 29, 32 (2d Cir. 1992).

5. The Motions to Dismiss by Ross and Vargas should also be rejected as poorly disguised surreply briefs attempting to re-argue APFA's already pending summary judgment motions to enforce the arbitration decisions against Ross and Vargas, in violation to the Court's rules.[8]

---

[8] *See, e.g., Budri v. FirstFleet, Inc.*, 2021 U.S. Dist. LEXIS 230916, 2021 WL 6496789 at *7 (N.D. Tex. 2021) (J. Rutherford) ("Neither the Local Rules nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right. N.D. Tex. Loc. Civ. R. 7.1(e)-(f); *Gezu v. Charter Commc'ns*, 2021 U.S. Dist. LEXIS 23692, 2021 WL 419741, at *2 (N.D. Tex. Jan. 7, 2021), *rec. adopted*, 2021 WL 410000 (N.D. Tex. Feb. 5, 2021). Indeed, surreplies are "highly disfavored" and permitted only in "extraordinary circumstances," such as when necessary to respond to new issues, theories, or arguments raised for the first time in a reply brief. *Id.* (citing *Luna v. Valdez*, 2017 U.S. Dist. LEXIS 154718, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017)); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 U.S. Dist LEXIS 1569, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage."). Budri has not shown the existence of any extraordinary circumstances that necessitate the filing of a surreply. Therefore, the Court directs the Clerk of Court to STRIKE Budri's surreply to FirstFleet's Motion to Dismiss (ECF No. 42).")

## CONCLUSION

The Court has now considered and rejected the arguments by Ross and Vargas to vacate the arbitration decisions against them, and APFA's counterclaims and motions to enforce those decisions are already before the Court for resolution. Ross and Vargas now attempt, at the eleventh hour, to revisit that argument, re-argue the undisputed facts, and invent new legal theories for opposing the pending motions. It is respectfully submitted that, as shown above and previously, their attempts are contrary to the undisputed facts, refuted by well settled precedent, and violative of the Court's prohibition against surreply submissions. Ross and Vargas are hoping to further delay compliance with the "final and binding" arbitration decisions against them to remedy their financial misconduct. Their motions to dismiss should be denied and APFA's motions for summary judgment should be granted enforcing the arbitration decisions. *Allied Waste Systems Inc. v. Teamsters Local 767*, 2007 U.S. Dist. LEXIS 43035, 2007 WL 1703634 at *11-13, 19-21 (N.D. Tex. 2007) (J. Means).

Date: November 29, 2022                    Respectfully Submitted,

                                                 */s/ Sanford R. Denison*
                                            SANFORD R. DENISON
                                            Tex. Bar No. 05655560
                                            Baab & Denison, LLP
                                            6301 Gaston Ave., Suite 550
                                            Dallas, TX 75214
                                            Tel.: (214) 637-0750; Fax.: (214) 637-0730
                                            Email: denison@baabdenison.com

                                            WILLIAM W. OSBORNE JR.*
                                            D.C. Bar No. 912089
                                            Osborne Law Offices P.C.
                                            5335 Wisconsin Avenue N.W., Suite 440
                                            Washington, D.C. 20015
                                            Tel.: (202) 243-3200; Fax: (202) 686-2977
                                            Email: b.osborne@osbornelaw.com

*Admitted *Pro Hac Vice*               *Counsel for Defendant Counterclaim Plaintiff*
                                               *Association of Professional Flight Attendants, and*
                                               *Defendants Julie Hedrick and Erik Harris*

## **CERTIFICATE OF SERVICE**

  I certify that on this 29th day of November 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

  KERRI PHILLIPS
  HEATHER ABREU
  K.D. Phillips Law Firm, PLLC
  5700 Tennyson Parkway, Suite 300
  Plano, Texas 75024
  Phone: (972) 327-5800
  Fax: (940) 400-0089
  Email: kerri@KDphillipslaw.com
  Email: Heather@KDphillipslaw.com

  MICHAEL R RAKE
  Michael R. Rake, Attorney at Law
  PO Box 1556
  Lake Dallas, TX 75065
  Tel.: (940) 498-2103
  Fax: (940) 498-2103
  Email: mrake1@mrakeattorney.com

            */s/ Sanford R. Denison*
            SANFORD R. DENISON