IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION

| | |
|---|---|
| EUGENIO VARGAS<br>**Plaintiff/Counterclaim Defendant**<br><br><br>ASSOCIATION OF<br>PROFESSIONAL FLIGHT<br>ATTENDANTS, JULIE HEDRICK,<br>ERIK HARRIS<br><br>**Defendants/Counterclaim Plaintiff.** | Case No. 4:22-CV-00430-Y |

**REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO VACATE ORDER AND LEAVE TO AMEND COMPLAINT**

Plaintiff/Counterclaim Defendant, Eugenio Vargas ("Vargas" or Plaintiff) respectfully submits this brief in reply to the response (Doc. 57) filed by Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA" or "the Union") in opposition to Plaintiff's motion to vacate and leave to amend its original complaint (Doc. 55).

This case was initiated by Plaintiff, to recover lost damages suffered from a union disciplinary award issued in an arbitration decision adverse to Plaintiff—a disciplinary hearing in which APFA National Officers withheld documents and misrepresented pertinent and exculpatory information to the union governing bodies to achieve the votes needed to proceed with a disciplinary arbitration and an award against Plaintiff issued. Plaintiff filed this claim for an infringement of his right to a fair hearing under LMRDA among other claims (Docket 01). The Union filed counterclaims asserting breach of fiduciary duty under common law and LMRDA, as

well as a claim under §301a of the LMRA for enforcement of the disciplinary award (Docket 11).

Plaintiff will show that the Union's arguments are without merit. It ignores the precedent on these matters and cites a court decision with little to no factual or legal comparison to the case-at-issue. It fails to show why this court should deny Plaintiff a chance to amend its original complaint, and why this court should rule directly opposed to standing 5th Circuit precedent.

## I.     Arguments

Defendant asserts the following arguments in its response:

- Ross and Vargas attempt to relitigate the facts;
- Precedents support denial of Plaintiff seeking an amended complaint; and
- Plaintiff's motions should be denied as futile.

All three arguments are neither factually, nor legally, sound. Plaintiff asserts the following arguments in support of its motions:

1. Governing precedent recognizes Plaintiff's LMRDA claims as valid; and
2. Governing precedent further entitles Plaintiff a chance to amend its original complaint.

**<u>Governing Precedent over Plaintiff's LMRDA Claims:</u>**

There are two common fact patterns regarding lawsuits against unions: (1) member sues its union for breach of duty of fair representation in a labor arbitration against an employer as provided for under the collective bargaining agreement (301(a) LMRA Hybrid Claim); or (2) member sues union for leadership abuses and violations of rights (LMRDA Claim). Defendants continue to cite the first fact pattern as applicable to the case-at-issue—which is an inaccurate application of the law. Breach of duty of fair representation claims fall under 301(a) of LMRA for unfair labor practices—the courts recognize that it is the union that owes a duty to the member, rather than the member that owes the union a duty—the grounds for Defendant's enforcement of

the disciplinary arbitration award. The union lacks standing to bring a breach of duty of fair representation as it is the union that owes the duty—not the member. However, despite Defendant's lack of standing, the 5th Circuit Court established that the federal courts lack jurisdiction to enforce an arbitration award based solely on the union's constitution and bylaws.[1]

The fact pattern and parties involved in the case-at-issue mirrors those from a series of 5th Circuit Court decisions entitled *Adams-Lundy v. APFA*.[2] The facts in the *Adams-Lundy* cases include:

- APFA members sue for violations of LMRDA rights against APFA leadership;

- Two political factions within APFA are at odds: Pro-AFA/APFA vs. Anti-AFA/APFA;

- The minority faction held the national officer's positions;

- The minority faction proposed a series of resolutions to the APFA Board of Directors, the majority faction opposed the resolutions;

- Individual members of the minority faction filed union disciplinary charges against the majority-faction leaders and moved to have the majority-faction leaders removed from their respective positions; and

- The majority-faction leaders filed suit in federal court for violations of LMRDA § 101(a)(1), (2), and (5).[3]

Three cases have resulted in 5th Circuit Court of Appeals decisions relating to the *Adams-Lundy v. APFA* cases:

1. <u>*Adams-Lundy I*</u>: Officers sued for claims under § 101(a)(5) of the LMRDA for removal from their leadership positions. Court held that the officers may first exhaust their remedies in a union arbitration prior to bringing the claims in court. The court further held that officers may assert a claim for removal from office if "there is 'a purposeful and deliberate attempt to suppress dissent within the union'. . . in which event, the firing of even an appointed official would presumably violate

---

[1] *Adams-Lundy v. Association of Professional Flight Attendants*, 792 F. 2d 1368, 1370 (5th Cir. 1986) ("*Adam Lundy II*").
[2] *See Adams-Lundy v. Association of Professional Flight Attendants*, 731 F.2d 1154 (5th Cir. 1984) ("Adams-Lundy I"); *Adams-Lundy v. Association of Professional Flight Attendants*, 792 F.2d 1368 (5th Cir. 1986) ("Adams-Lundy II"); *Adams-Lundy v. Association of Professional Flight Attendants*, 844 F.2d 245 (5th Cir. 1988) ("Adams-Lundy III").
[3] *Adams-Lundy I,* 731 F.2d at 1155-57; *Adams-Lundy II*, 792 F.2d at 1370-71; *Adams-Lundy III,* 844 F.2d at 246-48.

**REPLY ON MOTION TO VACATE AND FOR LEAVE TO AMEND** - **PAGE 3**

the Act."[4];

2. *Adams-Lundy II*: a district court does not have jurisdiction to enforce a union-disciplinary Arbitration Award based solely on the union constitution;[5] and

3. *Adams-Lundy III*:  a district court has jurisdiction over LMRDA claims where Plaintiffs were entitled to recover for breach of fiduciary duty under § 501(a) after complying with § 501(b).[6] The Court reversed a (b)(6) dismissal of Plaintiffs LMRDA claims.[7]

The precedent set by the *Adams-Lundy* cases establishes that the court has found subject matter jurisdiction even in circumstances where an individual member brings disciplinary charges. The *Adams-Lundy* cases demonstrate that under the facts before this Court, the 5th Circuit found LMRDA violations and reversed an order dismissing these claims.  The 5th Circuit summarized the Supreme Court's definitions of "otherwise discipline" and "ad hoc retaliation"

> In *Breininger*, the Supreme Court held that the phrase 'otherwise discipline' under sections 101(a)(5) and 609 of the Labor Management Reporting and Disclosures Act of 1959 (LMRDA) denotes only that punishment 'authorized by the union as a collective entity to enforce its rules.'. . . The union need not, however, invoke formal proceedings, and discipline can entail informal or summary penalties as long as adverse action against a union member is not purely 'ad hoc retaliation by individual union officers.' **'Discipline 'must be done in the name of or on behalf of the union as an organizational entity.'**  The petitioner in *Breininger* 'alleged only that [certain union officers] failed to refer him to employment because he supported one of their political rivals.'"[8]

This Court should grant Plaintiff's motions and protect APFA union members from union leadership abuses by because it errored in ruling that the formal arbitration and issuance of an arbitration award *was,* in fact, a "discipline" under LMRDA.

Defendant argues that enforcement of the arbitration award against Plaintiff—ignoring previous 5th Circuit case law against *this* union.[9]  The 5th Circuit answered these questions relating

---

[4] *Adams-Lundy I,* 731 F.2d at 1159 (Citing *Finnegan v. Leu,* 102 S. Ct. 1867, 1873 (1982)  and *Miller v. Holden*, 535 F.2d 912 (5th Cir. 1976)).
[5] *Adams-Lundy II,* 792 F.2d at 1370.
[6] *Adams-Lundy III*, 844 F.2d at 249-50.
[7] *Id.*
[8] *Guidry v. International Union of Operating Engineers, Local 406*, 907 F.2d 1491, 1492-93 (5th Cir. 1990) (citing *Breininger v. Sheet Metal Workers International Association Local Union No. 6*,  110 S.Ct. 424, 107 L.Ed.2d 388 (1989)).
[9] *See Adams-Lundy II,* 792 F.2d at 1370.

**REPLY ON MOTION TO VACATE AND FOR LEAVE TO AMEND** - **PAGE 4**

to jurisdiction in the *Martin v. Local 556* case and the *Adam-Lundy* case.[10]  The *Adams-Lundy* cases evaluate the same union's constitution, and the same union conduct—a member bringing charges against Plaintiff.

**Governing Precedent to Grant Amendment of Original Complaint**

The 5th Circuit held that leave to amend a pleading ". . . shall be freely given when justice requires."[11]  Defendant asserts that an amendment would be futile and cites case law noting that "[a] district court must have a 'substantial reason' to deny leave. . . ."[12]  The court balances several factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue justice to the opposing party by the virtue of the allowance of the amendment, and futility of the amendment."[13]  In the case-at-issue, there is no support for assertion of undue delay, bad faith, repeated failure to cure deficiencies by amendment previously allowed, undue justice to the opposing party, and futility of the amendment.  Defendant does not argue any other factor other than futility in allowing an amendment to Plaintiff's claim.

Defendant asserts that Plaintiff cannot overcome a Rule 12(b)(6) dismissal and therefore Plaintiff is not entitled to vacate and amend its complaint.  This Court held that ""Section 529 provides members a private cause of action when their union fines, suspends, expels, 'or otherwise discipline[s]' them for exercising any right to which they are entitled under the LMRDA. . . . and

---

[10] *Martin v. Local 556, Transp. Workers Union of Am.* 3:14-CV-0500-D (N.D. Tex. 2014); *Adams-Lundy II,* 792 F.2d at 1370.
[11] *Whitmire v. Victus Ltd.*, 212 F.3d 885 (5th Cir. 2000) (confirming *Foman v. Davis and holding* "Leave to amend pleadings 'shall be freely given when justice requires.' FED. R. CIV. P. 15(a). We have explained that the propriety of allowing amendment to cure jurisdictional defects should be governed by the same standard as other amendments to pleadings, namely the standard set forth by the Supreme Court: In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."...); *See generally Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (reversing denial of leave to amend by citing to *Rule 15(a)(2)*'s mandate to freely give leave to amend and stating "this mandate is to be heeded").
[12] *Robinson v. Wells Fargo*, 3:20-CV-0601-B (N.D. TX June 4, 2021).
[13] *Id.*

**REPLY ON MOTION TO VACATE AND FOR LEAVE TO AMEND** - **PAGE 5**

[t]o state a claim under § 529, plaintiffs must show that (1) they are members of a labor organization; (2) the organization fined, suspended, expelled, or otherwise disciplined them; and (3) the organization imposed the punishment in retaliation for their exercise of a right protected by the LMRDA."[14] In the case at issue, Plaintiff clearly plead that (1) he is a member of APFA—a labor organization governed by LMRDA; (2) the organization held an arbitration and an award was issued where Plaintiff was fined in the amount of $30,963.03; and (3) the punishment was issued in retaliation for his political stance against AFA/APFA merger.[15]

Furthermore, this Court has held that "Section 412 grants union members a private cause of action for a union's infringement of the rights secured by §§ 411-15. To state a claim under § 412, plaintiffs must show (1) that they are members of a labor organization and (2) that the organization infringed a right secured by § 411, 412, 413, 414, or 415."[16] This claim is clearly and well asserted in Plaintiff's original complaint in that he clearly asserts (1) he is a member of APFA—a labor organization governed by LMRDA, and (2) that his rights to a fair hearing and due process were clearly infringed by conduct of the National Officers of APFA. The court should note that the charges asserted in the *Martin* case were brought against the Plaintiff by union members rather than the union itself—similar to the *Adams-Lundy* case and the case before this court.

The dismissal order was entered in error—amendment would provide a means to correct the error on record. As previously explained, precedent from previous 5th Circuit opinions establishes that Plaintiff holds a valid claim under LMRDA and would overcome a Rule 12(b)(6) motion to dismiss.

---

[14] 29 U.S.C. § 529; *Martin v. Local 556,* 3:14-CV-0500-D (N.D. TX. 2014).
[15] Docket No. 1, PAGEID 8-9; 10-51.
[16] *Martin v. Local 556,* (N.D. TX 2014) (citing *Martinez v. Am. Fed'n of Gov't Emps.*, 980 F.2d 1039, 1041-42 (5th Cir. 1993)).

**REPLY ON MOTION TO VACATE AND FOR LEAVE TO AMEND** - **PAGE 6**

Defendant argues that Plaintiff's amendment eliminates any attempt to vacate the arbitration award would leave this decision in place—thus leaving an ambiguity in any ruling given by this court. This *would* be the case, except that the arbitration award is unenforceable as it is based solely on alleged violations of an internal union constitution.[17] The 5th Circuit Court recognized that union disciplinary charges pursued by union members substantiates a valid claim under LMRDA. Considering the case law on point issued by the 5th Circuit Court of Appeals, Plaintiff respectfully requests this court to vacate its dismissal order and grant leave to amend the original petition.

        Respectfully submitted,
        K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
     Kerri Phillips
     Texas Bar No. 24065906
     Phone: (972) 327-5800
     Email: kerri@KDphillipslaw.com

By: /s/ Heather Abreu
     Heather Abreu
     Texas Bar No. 24122577
     Phone: (972) 327-5800
     Email: heather@KDphillipslaw.com

     5700 Tennyson Parkway, Suite 300
     Plano, Texas 75024
     Fax: (940) 400-0089
     For Service of Filings:
     notice@KDphillipslaw.com

     **ATTORNEYS FOR PLAINTIFF**

---

[17] *Adams-Lundy II,* 792 F.2d at 1370.

**REPLY ON MOTION TO VACATE AND FOR LEAVE TO AMEND** - **PAGE 7**

## CERTIFICATE OF SERVICE

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 2nd day of December 2022.

William Osborne, Sanford Denison

                                                     /s/ Kerri Phillips  
                                                   Kerri Phillips

**REPLY ON MOTION TO VACATE AND FOR LEAVE TO AMEND** - **PAGE 8**