IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, § | | |
|    Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00343-Y | |
| § | | |
| ASSOCIATION OF PROFESSIONAL § | | |
| FLIGHT ATTENDANTS, *et al*., § | | |
|    Defendants/Counterclaim Plaintiff. § | | |

| | | |
|---|---|---|
| EUGENIO VARGAS, § | | |
|    Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00430-Y | |
| § | | |
| ASSOCIATION OF PROFESSIONAL § | | |
| FLIGHT ATTENDANTS, *et al*. § | | |
|    Defendants/Counterclaim Plaintiff. § | | |

**SURREPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
TO THEIR MOTION TO DISMISS APFA'S COUNTERCLAIM**

Defendants Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA"), *et al.* respectfully submit this Surreply to the Replies by Plaintiffs Ross and Vargas to the responses by APFA to their motions to dismiss the counterclaims against them (Ross Doc. 65; Vargas Doc. 63) for enforcement of the arbitration decisions against them.[1] This single, combined response is submitted to underscore that the recent submissions by Ross and Vargas share the same misstatements of fact and law,[2] and are both subject to being stricken by the

---

[1] Contemporaneously with the filing of this surreply brief APFA has filed a motion for leave to file a surreply limited to addressing new arguments first raised by Ross and Vargas in those reply briefs.

[2] Citation to the filings in *Ross v. APFA, et al*, No. 4:22-CV-00343-Y will be made by "Ross Doc. __" and to the filings in *Vargas v. APFA, et al*., No. 4:22-CV-00430-Y by Vargas Doc. __" where the number referenced will be to the ECF docket number of the document cited.

Court as improper surreply submissions attempting to belatedly reargue APFA's pending motions to enforce the arbitration decisions against them.[3]

For the sake of clarity and economy, we present this brief submission in two categories: Plaintiffs' misstatements of the record regarding the nature of the arbitration proceedings below, and their misrepresentations of the precedent regarding inapplicable statutes of limitation and the enforceability of the APFA Constitution in federal court.

## PLAINTIFFS' MISSTATEMENTS OF THE RECORD

1. Plaintiffs continue to misrepresent the nature of the arbitration proceedings below as "a *union* disciplinary award" (Ross Doc. 65, p. 1; Vargas Doc. 63, p. 1). That misrepresentation is then repeated later in their submission: "*The union … failed to prove it filed the internal charges* within the 60-day time limit required by the APFA Constitution" (Ross Doc. 65, p. 5; Vargas Doc. 63, p. 5). The proceedings below were internal charges filed by *union members* and the union was *not* a party to those proceedings, according to both the undisputed record and the Court's decision dismissing their attempts to vacate the arbitrator's award (October 27, 2022 Orders: Ross Doc. 53; Vargas Doc. 52).

2. Plaintiffs also claim that the APFA Constitution is only a contract "between members and the National Union" (Ross Doc. 65, p. 7; Vargas Doc. 63, p. 7). LMRA Section 301(a), 29 U.S.C. §185(a), the applicable federal statute, provides that the APFA Constitution is a judicially

---

[3] In their original oppositions to APFA's summary judgment, filed six weeks ago, and in contrast to their newly-devised contentions, Plaintiffs' argued (i) that the arbitrator's decisions were union disciplinary proceedings not third-party arbitration decisions; (ii) that the facts were in dispute; and (iii) that there were legal deficiencies in the APFA's breach of fiduciary allegations. (Ross Doc. 52-1, pp.11-19; Vargas Doc. 53-1, pp.11-19). Plaintiffs are not allowed to submit new arguments -- at this late date and without the Court's permission -- and, if not stricken, the moving party should be afforded an opportunity to respond by the Court's leave file a surreply. *See* APFA's motions to file surreply briefs filed contemporaneously herewith at pages 3-4. (See also Ross Doc. 62; Vargas Doc. 61 *re* APFA's motions for leave to file surreplies re Plaintiffs' motions to vacate court orders and amend complaints).

enforceable "contract[ ] … between any such labor organizations," a long settled axiom of law at least according to the Supreme Court. *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 622 (1981); *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 99, 101 (1991).[4]

### MISREPRESENTATIONS OF LAW

Ross and Vargas have invented several brand new legal arguments in support of dismissing APFA's counterclaims which do not address any arguments previously made by APFA (Ross. Doc. pp. 2-8; Vargas Doc. pp. 2-8). Apart from improperly raising new legal arguments to which APFA has not any opportunity to respond, these *post hoc* arguments are based on glaring mischaracterizations of the holdings in the trilogy of new cases they offer for the first time in their respective reply briefs: *Stewart v. Intl. Assn of Machinists & Aerospace Workers*, 16 F. Supp. 3d 783 (S.D. Tex. 2014); *Lee v. Cytec Industries, Inc.*, 460 F. 3d 673 (5th Cir. 2006); and *Adams-Lundy v. APFA,* 792 F.2d 1368 (5th Cir. 1994).

1. Plaintiffs rely upon *Stewart v. Int'l Ass'n of Machinists*, 16 F. Supp. 3d 783 (S.D. Tex. 2014), for the proposition that a Texas state statute of limitations is a bar to APFA's allegations of breach of fiduciary duty under federal law, specifically LMRDA Section 501(a), 29 U.S.C. §501(a) (Ross Doc. 65, pp. at 3-4; Vargas Doc. 63, pp. 3-4). This is a complete misstatement of settled precedent. As previously noted (Ross Doc. 60, fn. 5; Vargas Doc. 59, fn. 5), LMRDA Section 501(a) breach of fiduciary duty claims are *equitable* in nature and governed by the doctrine of laches not any statute of limitations. *Iron Workers Local 92 v. Norris,* 383 F. 2d 735, 741 (5th Cir. 1967).

---

[4] *See* argument and cases cited in APFA's briefs in support of motion for summary judgment (Ross Doc. 43, pp. 6-7; Vargas Doc. 44, pp. 6-7); APFA's responses/briefs to motions to vacate Court's Orders of Dismissal (Ross Doc. 58, pp. 2-3; Vargas Doc. 57, pp. 2-3); and APFA's responses/briefs to motions to dismiss counterclaims (Ross Doc. 60, pp. 4-5; Vargas Doc 59, pp. 4-5).

Moreover, Ross and Vargas's reliance on the *Stewart* decision is premised upon a misreading -- if not misrepresentation -- of the Court's actual holding in that case. Plaintiffs wrongly assert to the Court that *Stewart* "held that *a § 501 of LMRDA claim* for breach of fiduciary duty [was] barred because '[i]n Texas, the statute of limitations for a claim of breach of fiduciary duty is four years'" (Ross Doc 65, p. 2; Vargas Doc. 63, p. 2). To the contrary, the *Stewart* court interpreted Texas *state law* and never mentioned, let alone made any ruling, regarding any purported limitations period applicable to LMRDA Section 501(a) claims. *Stewart*, 16 F.Supp.3d at 794-95.

2. The next *post hoc* citation is offered by Plaintiffs to supplement their attempts to avoid enforcement of the arbitration awards against them on statute of limitation grounds is *Lee v. Cytec Industries, Inc.*, 460 F. 3d 673 (5th Cir. 2006) ((Ross Doc. 65, pp. 3-5; Vargas Doc. 63, pp.3-5). This decision is likewise easily distinguishable as it involved a grievance filed by a union under a collective bargaining agreement with a specifically prescribed time limit for filing such grievances, not a timely suit for enforcement of a "final and binding" arbitration decision. 460 F. 3d at 674.

Moreover, in citing *Lee v. Cytec Industries*, Ross and Vargas have mischaracterized the nature of APFA's counterclaim under LMRA §301. APFA is *not* a seeking the Court's adjudication of Plaintiffs' original misconduct in violation of the APFA Constitution, which goes to the merits of the charges against them and has been addressed in the decisions and orders by the arbitrator. Instead, APFA's counterclaims seek to remedy Plaintiffs' *refusal to comply* with the arbitrator's "final and binding" decisions and orders, in violation of the APFA Constitution, through judicial enforcement of the arbitrator's decisions pursuant to § 301(a) of the LMRA.

3. Plaintiffs' third offer of new precedent is their baseless contention that the Fifth Circuit's decision in *Adams-Lundy v. APFA*, 792 F.2d 1368 (5th Cir. 1994), somehow deprives

the Court of jurisdiction to enforce the arbitration decisions against them (Ross Doc. 65, pp.6-6; Vargas Doc. 63, pp. 5-6). Plaintiffs have ignored, and made no attempt to dispute APFA's recent showing that the jurisdictional basis for enforcing the arbitration decisions against Ross and Vargas is LMRA Section 301(a), that *Adams-Lundy* decision only addressed jurisdiction asserted under Section 101 of the LMRDA, 29 U.S.C. §411, and never even considered, let alone purported to interpret LMRA Section 301(a). 792 F.2d at 1370.[5]

## CONCLUSION

The most recent submissions by Plaintiffs are eleventh-hour attempts to reconstruct their positions in the hope of avoiding enforcement of the arbitration decisions against them, long after all of the relevant pleadings regarding summary judgments enforcing those decisions have been submitted to the Court. Ross and Vargas have repeatedly misrepresented the undisputed and well documented record and mis-cited the applicable precedents, as shown above, without acknowledging, much less disputing APFA's prior demonstration of many of those misstatements. The arbitration decisions against Ross and Vargas should therefore be enforced.

Date: December 19, 2022                    Respectfully Submitted,

                                                         */s/ Sanford R. Denison*
                                                SANFORD R. DENISON
                                                Tex. Bar No. 05655560
                                                Baab & Denison, LLP
                                                6301 Gaston Ave., Suite 1403
                                                Dallas, TX 75214
                                                Tel.: (214) 637-0750; Fax.: (214) 637-0730
                                                Email: denison@baabdenison.com

---

[5] *Martin v. Local 556, Transp. Workers of America*, 2014 U.S. Dist. LEXIS 122755, 2014 WL 4358480 at *8-9 (N.D. Tex. 2014) (J. Fitzwater), yet another newly mis-cited decision by Plaintiffs (*see* Ross Doc. 64, p. 3 fn. 4, Vargas Doc. 62, p. 3 fn. 4), is also inapposite given the Court's observation in that case that Section 301(a) jurisdiction did not exist "… because, an alleged violation of a labor contract violation is necessary to support subject matter jurisdiction and plaintiffs have not alleged such a violation…," in contrast to the specifically alleged refusals to comply with "final and binding" arbitrations in violation of LMRA Section 301(a) in this case.

WILLIAM W. OSBORNE, JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200; Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff
Association of Professional Flight Attendants, and
Defendants Julie Hedrick and Erik Harris*

*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I certify that on this 19th day of December, 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

 /s/ Sanford R. Denison
SANFORD R. DENISON
