IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** § | | |
|    Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | | Civil Action No. 4:22-CV-00343-Y |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al.*, § | | |
|    Defendants/Counterclaim Plaintiff. § | | |

| | | |
|---|---|---|
| **EUGENIO VARGAS,** § | | |
|    Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | | Civil Action No. 4:22-CV-00430-Y |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al.* § | | |
|    Defendants/Counterclaim Plaintiff. § | | |

**APFA'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION
TO APFA'S MOTION TO FILE SURREPLY *RE* PLAINTIFF'S MOTION TO VACATE
THE COURT'S DISMISSAL OF THEIR CLAIMS**

Defendants Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA"), *et al.* respectfully submit this Reply to the Responses[1] by Plaintiffs Ross and Vargas opposing APFA's Motions to File Surreply Briefs[2] responding to new legal arguments raised in connection with Plaintiffs' motions[3] to vacate the Court's Orders of October 27, 2022[4] dismissing their claims and to amend their complaints. This single, combined reply is submitted

---

[1] Ross Doc. 68; Vargas Doc. 66. Citation to the filings in *Ross v. APFA, et al.*, No. 4:22-CV-00343-Y will be made by "Ross Doc. __" and to the filings in *Vargas v. APFA, et al.*, No. 4:22-CV-00430-Y by Vargas Doc. __" where the number referenced will be to the ECF docket number of the document cited.

[2] Ross Doc. 63, 64; Vargas Doc. 61, 62.

[3] Ross Doc. 55, 56; Vargas Doc. 55, 56.

[4] Ross Doc. 51; Vargas Doc. 52.

to underscore that the recent submissions by Ross and Vargas, which share the same misstatements law, and are both subject to being stricken by the Court as improper surreply submissions attempting to belatedly reargue APFA's pending motions for summary judgement to enforce the arbitration decisions against them.

We begin, however, with a roadmap of the recent submissions to the Court by Ross and Vargas in the hope of maintaining focus on the important pending issues before the Court:

The Court's Orders of October 27, 2022 (Ross Doc 51; Vargas Doc. 52) dismissed Plaintiffs' claims "for lack of subject-matter jurisdiction," in both cases, and ordered that "This case shall proceed only as to the APFA's counterclaim." As of November 9, 2022, APFA's motions for summary judgment on its counterclaims to enforce the arbitration decisions against Ross and Vargas, which would fully dispose of both cases, were fully briefed by the parties and they remain pending for the Court's resolution.[5]

Rather than await the Court's ruling, Ross and Vargas immediately began filing a series of pleadings inventing new legal defenses to the motions for summary judgment in the hope of strengthening their positions and/or prolonging or detouring this litigation, including filing motions attempting to vacate the Court's dismissal of their claims to vacate the arbitration

---

[5] Ross Docs. 42, 43, 44, 52, 53; Vargas Docs. 43, 44, 45, 53, 54. APFA's pending summary judgment motions, filed on September 9, were based on the enforcement of union constitutions pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and the substantial judicial deference due arbitration decisions under that statute (Ross Doc. 42, 43; Vargas Doc 43, 44). After obtaining extensions of time, Ross and Vargas filed opposing briefs and, in contrast to their recent *post hoc* submissions, Plaintiffs argued (i) that the arbitrator's decisions were union disciplinary proceedings not third-party arbitration decisions; (ii) that the facts were in dispute; and (iii) that there were legal deficiencies in the APFA's breach of fiduciary allegations (Ross Doc. 52-1, pp.11-19; Vargas Doc. 53-1, pp.11-19). Those are the arguments properly submitted by Plaintiffs in timely opposition to enforcement of the arbitration decisions, in contrast to their new arguments submitted at this late date and without requesting, much less obtaining the Court's permission.

2

decisions and seeking to file new amended complaints[6] and motions to dismiss APFA's counterclaims.[7]

In Plaintiffs' reply briefs[8] with respect to both motions, they raised new legal defenses to dismissal of their claims and to APFA's motions for summary judgment which were not previously raised in the briefing on those motions. Moreover, these new legal arguments raised in Plaintiffs' reply briefs were not raised in either their motions to vacate the Court's Orders dismissing their claims[9] or motions to dismiss APFA's counterclaims.[10] And, as these new arguments were first asserted by Plaintiffs *after* APFA had filed its responses to each respective motion, APFA has had no opportunity to respond to these new arguments.[11] Of necessity, APFA has had to seek leave to respond and oppose those new arguments and file surreply briefs addressing the newly-constructed legal arguments by Ross and Vargas.[12] These *post hoc* efforts by Ross and Vargas to reconstruct their cases have resulted in the cumulative filing of *twenty-four (24)* additional pleadings[13] in the two cases in the seven weeks since November 9, 2022, when APFA's motions for summary judgment to enforce the arbitrations were fully briefed and pending resolution by the Court.

We regret further burdening the Court with yet another brief. But, Ross's and Vargas's most recent response briefs to the Court on December 29 opposing APFA's motions to file

---

[6] Ross Docs. 55, 56, 58, 62, 63, 64; Vargas Docs. 55, 56, 57, 60, 61, 62.

[7] Ross Docs. 59, 60, 65; Vargas Docs. 58, 59, 63.

[8] Ross Docs. 62, 65; Vargas Docs. 60, 63.

[9] Ross Docs. 55, 56; Vargas Docs. 55, 56.

[10] Ross Doc 59; Doc 58.

[11] Ross Doc, 58, 60; Vargas Docs. 57, 59.

[12] Ross Docs. 63, 64, 66, 67; Vargas Docs. 61, 62, 64, 65.

[13] Ross Docs. 55-56, 58-60, 62-68; Vargas Docs. 55-66.

3

surreplies to address these new arguments, once again repeat these same newly-invented legal arguments not submitted in opposition to either the pending motions for summary judgment to enforce the arbitration decisions against them or in their subsequent motions to vacate the Court's dismissal orders and motions to dismiss APFA's counterclaims.[14] And, once again, repeat these new arguments without requesting, much less obtaining, the Court's permission to do so.

The *post hoc* legal argument offered once again by Ross and Vargas -- that the decision in *Adams-Lundy v. APFA,* 792 F.2d 1368 (5th Cir. 1994) provides jurisdictional support for their attempts to vacate the arbitration decisions against them -- is a substantive argument nowhere to be found in either their responses in opposition to APFA's motions for summary judgment[15] or their motions to vacate the Orders dismissing their claims[16] or motions to dismiss APFA's counterclaims.[17] Moreover, Plaintiff's argument is based on a mischaracterization of the actual holding in *Adams-Lundy,* which is inapposite to the issue of enforcement of the arbitration decisions – as explained in the Surreply Briefs which APFA has moved for leave to file.[18]

Enforcement of these arbitration decisions arises under LMRA Section 301(a), as a basis for enforcing the arbitration process under the APFA Constitution,[19] and pursuant to the judicial deference principles under that statute.[20] In contrast, and as previously noted and *not disputed* by Ross and Vargas,

---

[14] Ross Doc. 68; Vargas Doc. 66.

[15] Ross Doc. 52-1; Vargas Doc. 53-1.

[16] Ross Docs. 55, 56; Vargas Docs. 55, 56.

[17] Ross Doc. 59; Vargas Doc. 58.

[18] Ross Docs. 63, 64 at pp. 3-4; Vargas Docs. 61, 62 at pp. 3-4.

[19] Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C §185(a).

[20] Ross and Vargas have never acknowledged, much less distinguished the axiom of "exceedingly deferential" judicial review of arbitration standards: the decision is to be enforced as long as the arbitrator's award draws its essence from the parties' agreement. "An arbitrator exceeds his [or her] authority when he [or she] acts 'contrary to express contractual provisions.'" *Kemper Corp. Servs., Inc. v. Computer Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Beaird Indus., Inc. v. Local 2297, Int'l*

the question before the Fifth Circuit in *Adams-Lundy* was whether the federal courts had jurisdiction under a different statute, Title I of the Landrum-Griffin Act,[21] to review an arbitration decision. 792 F. 2d at 1370. There is not one word anywhere in that decision regarding enforcement of arbitration decisions under Section 301(a). And Ross and Vargas have mis-cited *Adams-Lundy* as a new jurisdictional ground for vacating the arbitration decisions, not as merely an additional case cite for some earlier argument made in opposition to the pending motion for summary judgment.

## CONCLUSION

APFA respectfully urges the Court to proceed with resolution of the pending motions for summary judgment enforcing the arbitration decisions against Ross and Vargas. *Allied Waste Systems Inc. v. Teamsters Local 767*, 2007 U.S. Dist. LEXIS 43035, 2007 WL 1703634 at *11-13, 19-21 (N.D. Tex. 2007) (J. Means) (awarding attorney fees for baseless challenge to an arbitrator's decision).

Date: January 6, 2023                               Respectfully Submitted,

                                                       */s/ Sanford R. Denison*
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1403
Dallas, TX  75214
Tel.: (214) 637-0750; Fax.: (214) 637-0730
Email: denison@baabdenison.com

---

*Union*) and is not merely "his [or her] own brand of industrial justice," the award is legitimate. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers*, 363 U.S. at 596). "An arbitrator exceeds his [or her] authority when he [or she] acts 'contrary to express contractual provisions.'" *Kemper Corp. Servs., Inc. v. Computer Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 946 (5th Cir. 2005)). *Lalo, LCC v. Hawk Apparel, Inc.*, 2022 U.S. Dist. LEXIS 722218, 2022 WL 1173801at *6-7 (N.D. Tex. 2022) (J. Lindsey).

[21] Section 101 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §411. As the courts have held, even where the union has conducted the arbitration, "(a) local union's action or inaction in the processing of a grievance is not 'discipline' or punishment within the meaning of the LMRDA." *Hebert v. Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local 270*, 2004 U.S. Dist. LEXIS 13406 at *12-17 (E.D. La. 2004); *Camporeale v. Airborne Freight Corp.*, 732 F. Supp. 358, 366  (E.D.N.Y.), *aff'd without op.*, 923 F.2d 842 (2nd Cir. 1990). And Ross and Vargas also fail to note that their assertion of jurisdiction under the LMRDA to review the arbitration decisions at issue has already been rejected by the Court in dismissing Plaintiffs' claims. (Ross Doc 51; Vargas Doc. 52).

        WILLIAM W. OSBORNE JR.*
        D.C. Bar No. 912089
        Osborne Law Offices P.C.
        5335 Wisconsin Avenue N.W., Suite 440
        Washington, D.C. 20015
        Tel.: (202) 243-3200; Fax: (202) 686-2977
        Email: b.osborne@osbornelaw.com

        *Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on this 6th day of January, 2023 a true and correct copy of the foregoing document was served on the below listed counsel of record by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

        */s/ Sanford R. Denison*
        SANFORD R. DENISON

.