**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EUGENIO VARGAS,** | § | |
| | § | |
| **Plaintiff/Counterclaim Defendant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00430-Y** |
| | § | |
| **ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK, AND ERIK HARRIS,** | § | |
| | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |

**DEFENDANTS ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK AND ERIK HARRIS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS' COUNTERCLAIM FOR ENFORCEMENT OF THE ARBITRATOR'S DECISIONS AND ORDERS**

Defendant Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA"), and Defendants Julie Hedrick and Erik Harris (collectively, "Defendants"), by and through their undersigned counsel and in accordance with Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), file this Answer to Eugenio Vargas' ("Vargas") "Plaintiff's Amended Complaint" ("Amended Complaint"); and, pursuant to Rule 13 of the FRCP, Defendant APFA files this Counterclaim for Enforcement of the Arbitrator's Decisions and Orders. In support thereof**,** Defendants state as follows:

## INTRODUCTION

1. With regard to sentence one of Paragraph 1 of the Amended Complaint, Defendants admit that Vargas brings this action under Sections 102 and 609 the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 412, 529 and for various state law torts arising out of charges brought against him by certain APFA members pursuant to

the APFA Constitution which charges were resolved by Decisions and Orders issued by Arbitrator Ruben Armendariz ("Arbitrator") on February 18, 2022, March 10, 2022, and August 24, 2022 ("Arbitrator's Decisions and Orders"), but deny that Vargas is entitled to any relief under the LMRDA or those state law claims. Defendants further deny that Vargas is entitled to any relief in this action, and aver, as set forth in Defendant APFA's counterclaim, that the Arbitrator's Decisions and Orders should remain in full force and effect and that this Court should enter an order enforcing said Decisions and Orders, and that Vargas should also be found liable for his breach of fiduciary duty under Section 501(a) of the LMRDA, 29 U.S.C. § 501(a).

**PARTIES**

2. Defendants admit the allegations in sentence one of Paragraph 2 of the Amended Complaint. With regard to sentence two of Paragraph 2, Defendants, based on information and belief, admit that Vargas's primary residence is 1616 Brookhaven Circle, Bedford, TX 76022.

3. With regard to sentence one of Paragraph 3 of the Amended Complaint, Defendants admit that Vargas was employed by APFA and that Vargas is a member in good standing of APFA in that he is current on his dues obligation. With regard to sentence two of Paragraph 3, Defendants admit that APFA can be served through its current National President, Julie Hedrick ("Hedrick") at APFA headquarters at 1004 W. Euless Blvd., Euless, TX 76040.

4. Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Amended Complaint.

**JURISDICTION AND VENUE**

6. With regard to the allegations in sentence one of Paragraph 6 of the Amended Complaint, Defendants admit that Vargas filed his Amended Complaint in the United States District Court for the Northern District of Texas. Vargas's allegation that this Court has

jurisdiction on the basis of Federal Question is a legal conclusion to which no response is required, but to the extent a response is required that allegation is denied.

7. With regard to Paragraph 7 of the Amended Complaint, Defendants admit that Vargas purports to bring this action under Sections 101(a)(5), 102, and 609 the Labor-Management Reporting and Disclosure Act ("LMRDA"), which are codified at 29 U.S.C. §§ 411(a)(5), 412, and 529, but deny that Vargas is entitled to any relief under these statutes or any relief in this action. The remaining allegations of Paragraph 7 either state legal conclusions to which no response is required or are denied.

8. With regard to sentence one of Paragraph 8 of the Amended Complaint, Defendants lack sufficient knowledge to form a belief as to the truth of the allegation that the amount in controversy exceeds $75,000, and therefore deny this allegation.

## CONDITIONS PRECEDENT

9. With regard to sentence one of Paragraph 9 of the Amended Complaint, this sentence states a legal conclusion to which no response is required, but to the extent a response is required the allegation is denied.

## FACTUAL BACKGROUND

10. With regard to sentence one of Paragraph 10 of the Amended Complaint, Defendants admit that Ross was elected APFA National President in 2016 and took office in April 2016. Defendants lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 10 and therefore deny those allegations.

11. With regard to sentence one of Paragraph 11 of the Amended Complaint, Defendants admit that Vargas was elected APFA National Treasurer in 2016 but deny that

Vargas was elected "shortly after" the merger of American Airlines and US Airways and aver that the merger of American Airlines and US Airways occurred in 2013.

12.      With regard to sentence one of Paragraph 12 of the Amended Complaint, Defendants admit that Vargas was elected to a four-year term and took office in April 2016. With regard to sentence two of Paragraph 12, Defendants admit that Vargas was part of Ross's administration but lack sufficient knowledge to admit or deny the allegation that Vargas supported Ross's presidency, and therefore deny this allegation.

13.      With regard to sentence one of Paragraph 13 of the Amended Complaint, Defendants admit that Vargas was part of Ross' administration but lack sufficient knowledge to form a belief as to the truth of the allegation that "[o]n or about March of 2019, APFA members Melissa Chinery-Burns ("Chinery-Burns") and Sandra Lee ("Lee") launched an investigation into Ross and his administration" and therefore deny the allegation.  With regard to sentence two of Paragraph 13, Defendants admit that Chinery-Burns and Lee requested to view and were provided access, through Harris, to financial records from the Ross administration pursuant to their rights under the APFA Constitution and Policy Manual and the Labor-Management Reporting and Disclosure Act ("LMRDA") Section 201(c), 29 U.S.C. § 431(c), but deny the remaining allegations of sentence two, and specifically deny that Harris "assisted" Chinery-Burns and Lee.

14.      With regard to sentence one of Paragraph 14 of the Amended Complaint, Defendants admit that Chinery-Burns and Lee requested to view and were provided access, through Harris, to financial records from the Ross administration pursuant to their rights under the APFA Constitution and Policy Manual and the Labor-Management Reporting and Disclosure Act ("LMRDA") Section 201(c), 29 U.S.C. § 431(c), including Ross' and Vargas's APFA

financial documents, APFA credit card documents and APFA rental car invoices, but deny that APFA granted Chinery-Burns and Lee access to Ross and Vargas's "private personal financial documents, credit card documents and rental car invoices."  With regard to sentence two of Paragraph 14, Defendants deny that APFA granted Chinery-Burns and Lee access to Vargas's "personal documents containing his social security number and bank account information as well as other personally identifiable information."  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 14.

15.     With regard to sentence one of Paragraph 15 of the Amended Complaint, Defendants admit that in September 2019, Chinery-Burns and Lee filed internal union charges against Vargas pursuant to Article VII of the APFA Constitution and that the APFA Executive Committee found the charges to be untimely.  With regard to sentence two of Paragraph 15, Defendants admit that in November  2020, Chinery-Burns and Lee filed internal union charges against Vargas pursuant to Article VII of the APFA Constitution and that the APFA Executive Committee found the charges to be timely, specific and valid, but deny the remaining allegations in this sentence, and specifically deny that the charges filed in November 2020, were the "same charges previously found untimely."  Defendants admit the allegations in sentence three of Paragraph 15.

16.     With regard to sentence one of Paragraph 16 of the Amended Complaint, Defendants admit that pursuant to the terms of the APFA Constitution and Policy Manual, charges brought under Article VII are administratively dismissed if the charging or charged member retires while the charges are pending.  Defendants deny the remaining allegations in sentence one of Paragraph 16.

17.     With regard to the allegations in Paragraph 17 of the Amended Complaint, Defendants admit that charges were brought by Chinery-Burnes and Lee against Vargas pursuant to eh APFA Constitution, but aver that the charges and the Arbitrator's statement regarding those charges in his Decision and Order speak for themselves.

18.     With regard to Paragraph 18 of the Amended Complaint, Defendants admit that APFA's independent accounting firm concluded that Ross, Vargas and two other former APFA national officers in the Ross administration were overpaid, but deny the remaining allegations in Paragraph 18 and specifically deny that the "Confidential Memorandum" states that Ross was paid correctly, and aver that Ross owes a $5,436.47 overpayment to APFA.

19.     With regard to Paragraph 19 of the Amended Complaint, Defendants admit that APFA's independent accounting firm concluded that Ross was overpaid.  Defendants deny the remaining allegations in this paragraph

20.     Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

## ARTICLE VII ARBITRATION

21.     With regard to Paragraph 21 of the Amended Complaint, Defendants admit that Article VII, Section 3 of the APFA Constitution provides that at the first regularly scheduled meeting of the Executive Committee following receipt of charges, the Executive Committee must review the charges for timeliness, specificity and validity. Except as specifically admitted Defendants deny the remaining allegations in this paragraph.

22.     With regard to sentence one of Paragraph 22 of the Amended Complaint, Defendants admit that Article VII, Section 2.D.1 of the APFA Constitution provides that charges based on failure to pay dues, assessments or penalties levied by the Association; willful violation of a collective bargaining agreement; theft or embezzlement of Association monies or property;

and willful violation of an express Article of the APFA Constitution or an express written resolution or policy of the Board of Directors or Executive Committee, must be filed within sixty (60) days after the user becomes aware, or reasonably should have become aware, of the alleged offense. With regard to sentences two and three of Paragraph 22, Defendants admit that the Executive Committee reviews charges for timeliness. Defendants deny the remaining allegations in sentences one, two, and three of Paragraph 22. With regard to sentence four of Paragraph 22, Defendants admit that under Article VII, Sections 2.B and C of the APFA Constitution, within seven (7) days of receiving charges the APFA National Secretary must serve the charges on the accused and accuser, with a description of all relevant procedures, and send a copy of the charges to the Executive Committee, and that should the Executive Committee determine that the charges are timely, specific and valid, within seven (7) days following the Executive Committee meeting the National Secretary must forward the charges to the Article VII Arbitrator designated to hear the charges. With regard to sentence five of Paragraph 21, Defendants admit that APFA Policy Manual Section 17.E.1 states that the APFA National Secretary shall set the date, time and place of the arbitration hearing. Except as specifically admitted Defendants deny the remaining allegations in this paragraph.

23. Defendants deny the allegations in sentence one of Paragraph 23 of the Amended Complaint. With regard to sentence two of Paragraph 23, Defendants admit that in September 2019, Chinery-Burns and Lee filed internal union charges against Vargas pursuant to Article VII of the APFA Constitution and that the APFA Executive Committee found the charges to be untimely. With regard to sentence three of Paragraph 23, Defendants admit that the charges Chinery-Burns and Lee filed in September 2019, related in part to overpayments to former APFA National Officers, including Ross, for unused sick and vacation days due to the inclusion

of the Meal Expense Allowance ("MEA") and Special Assignment Fee ("SAF").  With regard to sentence four of Paragraph 23, Defendants admit that in September  2019, Chinery-Burns and Lee filed internal union charges against Vargas pursuant to Article VII of the APFA Constitution and that the APFA Executive Committee found the charges to be untimely.  With regard to sentence five of Paragraph 23, Defendants admit that Chinery-Burns and Lee filed internal union charges under Article VII of the APFA Constitution against Vargas in November  2020, alleging violations related to overpayments to former National Officers in the Ross administration, among other charges.  With regard to sentence six of Paragraph 23, Defendants admit that the APFA Executive Committee found the charges to be timely, specific and valid and the charges proceeded to arbitration under Article VII of the APFA Constitution.  Except as expressly admitted above, Defendants deny the remaining allegations in Paragraph 23.  Except as specifically admitted Defendants deny the remaining allegations in this paragraph.

24.     Defendants deny the allegations in sentence one of Paragraph 24 of the Amended Complaint, and specifically deny that Harris failed to produce all documents that were required to be produced to Vargas in the arbitration hearing.  Defendants deny the allegations in sentence two of Paragraph 24, and specifically deny that the Confidential Memorandum shows that Ross was paid correctly for his unused sick and vacation days and aver that the Confidential Memorandum and its attachment, Schedule C, contains the accounting firm's calculation of the $5,436.47 overpayment to Ross for his unused sick and vacation days due to the inclusion of the Meal Expense Allowance ("MEA") and Special Assignment Fee ("SAF").

25.     Defendants deny the allegations in Paragraph 25 of the Amended Complaint, and specifically deny that Chinery-Burns and Lee failed to turn over all pertinent documentation to

Vargas and deny that Chinery-Burns and Lee arbitrated charges against Vargas and Ross that they had evidence were not valid.

26. Defendants deny the allegations in Paragraph 26 of the Amended Complaint, and specifically deny that the Arbitrator refused to hear evidence, which was pertinent and material to the controversy and exhibited behavior which prejudiced Vargas.

27. Defendants deny the allegations in Paragraph 27 of the Amended Complaint, and specifically deny that the Arbitrator's Decisions and Orders were obtained by corruption, fraud, or undue means.

**CLAIM: LABOR MANAGEMENT REPORTING DISCLOSURE ACT VIOLATIONS**

28. With regard to Paragraph 28 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

29. Paragraph 29 of the Amended Complaint contains a recitation of the provisions of Section 102 of the Labor Management Reporting and Disclosure Act ("LMRDA"), which provisions are codified at 29 U.S.C. §412 of the United States Code, and are thus legal conclusions to which no response is required. To the extent a response is required Defendants deny the allegations of Paragraph 29 and aver that the cited provisions of the LMRDA speak for themselves with regard to their content. Defendants further deny that Vargas is entitled to any relief under this section of the LMRDA or in this action.

30. Paragraph 30 of the Amended Complaint contains a recitation of the provisions of Section 101(a)(5) of the LMRDA, which provisions are codified at 29 U.S.C. §411(a)(5) of the United States Code, and are thus legal conclusions to which no response is required. To the extent a response is required Defendants deny the allegations of Paragraph 30 and aver that the cited provisions of the LMRDA speak for themselves with regard to their content. Defendants

further but deny that Vargas is entitled to any relief under this section of the LMRDA or in this action.

31.     The first sentence of Paragraph 31 of the Amended Complaint contains a recitation of the provisions of Section 101(a)(2) of the LMRDA, which provisions are codified at 29 U.S.C. §411(a)(2) of the United States Code, and are thus legal conclusions to which no response is required. To the extent a response is required to sentence one Defendants deny the allegations of sentence one of Paragraph 30 and aver that the cited provisions of the LMRDA speak for themselves with regard to their content. Defendants further but deny that Vargas is entitled to any relief under this section of the LMRDA or in this action.  With regard to sentence two of Paragraph 31 of the Amended Complaint, Defendants admit that the Arbitrator's Decision and Order found that Vargas breached his fiduciary duty by failing to "prepare an inventory list to maintain Union assets" (Decision and Order at 35) and by "willfully changing the formula for the payouts for Bob Ross, Nena Martin and Marcy Dunaway as well as himself" (Decision and Order at 37).  Defendants deny the remaining allegations in Paragraph 31.

32.     With regard to Paragraph 32 of the Amended Complaint, Defendants admit that the Arbitrator's Decision and Order found that Vargas breached his fiduciary duty by failing to "prepare an inventory list to maintain Union assets" (Decision and Order at 35) but deny that the Arbitrator disallowed evidence of Vargas's procedures to maintain inventory.

33.     Defendants deny the allegations in Paragraph 33 of the Amended Complaint, and specifically deny that insufficient evidence was presented regarding Vargas's violations of the APFA Constitution and Policy Manual.

34.     Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35. With regard to sentence one of Paragraph 35 of the Amended Complaint, Defendants admit that Texas Rule of Civil Procedure 176.3(a) states: “A person may not be required by subpoena to appear or produce documents or other things in a county that is more than 150 miles from where the person resides or is served.” but aver that sentence one states a legal conclusion to which no response is required and to the extent a response is required Defendants deny the allegations. With regard to the allegation in sentence two that “most of the flight attendants live outside the state,” Defendants admit that APFA represents over 25,000 flight attendants, many of whom do not live in the Dallas-Fort Worth area or in Texas. Defendants deny the remaining allegations of sentences one, two and three of Paragraph 35.

36. Paragraph 36 of the Amended Complaint states legal conclusions with regard to LMRDA § 101(a)(5) to which no response is required, but to the extent a response is required the allegations in Paragraph 36 are denied.

37. Defendants deny the allegations in sentence one of Paragraph 37 of the Amended Complaint and specifically deny that Vargas’s rights under the LMRDA §101(a)(5) were violated or that financial documents were concealed from Vargas. Sentence two of Paragraph 38 states a legal conclusion to which no response is required, but to the extent a response is required allegations in sentence two is denied and Defendant’s specifically denies that any of Vargas’s rights under LMRDA §101(a)(5) were violated.

38. Paragraph 38 of the Amended Complaint contains a recitation of the provisions of Section 609 of the LMRDA, which provisions are codified at 29 U.S.C. §529 of the United States Code and are thus legal conclusions to which no response is required. To the extent a response is required Defendants deny the allegations of Paragraph 38 and aver that the cited

provisions of the LMRDA speak for themselves with regard to their content. Defendants further but deny that Vargas is entitled to any relief under this section of the LMRDA or in this action.

39. Paragraph 39 of the Amended Complaint states legal conclusions with regard to LMRDA § 101(a)(2) to which no response is required, but to the extent a response is required to such legal conclusions those allegations in Paragraph 36 are denied. Defendants deny all allegations of fact in Paragraph 39 and specifically deny that Vargas's rights under LMRDA §101(a)(2) were violated,

40. Defendants deny the allegations in Paragraph 40 of the Amended Complaint and specifically deny that Vargas suffered any damages or that his rights under LMRDA §101(a)(5) were violated.

**CLAIM: BREACH OF UNION CONSTITUTION**

41. With regard to Paragraph 41 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

42. Defendants admit the allegations in Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Amended Complaint, and specifically deny that Vargas's due process rights were violated; deny that Defendants withheld evidence; and deny that Vargas had a Transition Agreement with APFA. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants deny the allegations of Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Amended Complaint, and specifically deny that APFA violated Vargas' due process rights and deny that APFA denied Vargas access to documents he subpoenaed. Defendants deny any remaining allegations in Paragraph 45.

46. Defendants deny the allegations in sentence one of Paragraph 46 of the Amended Complaint, and specifically deny that Hedrick and Harris violated Vargas' due process rights and deny that Hedrick and Harris concealed documents that would have exonerated Vargas from the charges in the Article VII proceedings. The second sentence of Paragraph 46 of the Amended Complaint states legal conclusions to which no response is required, but to the extent a response is required those allegations in Paragraph 46 are denied, and specifically deny that Defendants failed to uphold any duty or that Vargas was denied fair proceedings.

47. Defendants deny the allegations in sentence one of Paragraph 47 of the Amended Complaint, and specifically deny that Defendants, including APFA, disclosed Vargas's personally identifiable information including his social security number or violated his privacy rights.

**CLAIM: BREACH OF FIDUCIARY DUTY AND FRAUD**

48. With regard to Paragraph 52 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

49. Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53. With regard to the allegations of Paragraph 53 of the Amended Complaint, Defendants admit that Vargas is a member of the APFA in good standing in that he is current on his dues obligation but deny the remaining allegations in this paragraph.

54.     With regard to the allegations of Paragraph 54 of the Amended Complaint, Defendants admit that Vargas is a member in good standing of APFA in that he is current on his dues obligation, but deny the remaining allegations in this paragraph.

## CONCLUSION AND PRAYER

With regard to Paragraph i-iv of the Amended Complaint, which is the Prayer for Relief, Defendants deny that Vargas is entitled to any of the relief he seeks in the Amended Complaint, or to any relief, and specifically deny that Vargas is entitled to injunctive relief on any basis; specifically deny that the Arbitrator's Decision and Order dated February 18, 2022 and subsequent clarifying and supplemental decisions and orders should not remain in effect and be fully enforced; specifically deny that Vargas is entitled to recover a judgment for monetary damages for $50,000 or any amount; specifically deny that Vargas is entitled to recover attorney's fees and/or costs; and specifically deny that Vargas is entitled to any other, further or additional relief, of any kind or character, at law or in equity, as against Defendants.

Any allegation of fact contained in the Amended Complaint which is not specifically admitted or denied above is hereby denied.

## AFFIRMATIVE DEFENSES

1.     Vargas's claim for violation  Sections 101(a)(5), 102, and 609 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S. Code §§ 411(a)(5), 412, and 529, the only subject matter jurisdictional bases asserted by Vargas in Paragraph 7 of the Amended Complaint, fails to state a claim for which relief can be granted because those statutory provisions provide subject matter jurisdiction for judicial review of internal, union-conducted disciplinary proceedings not jurisdiction for judicial review of third-party arbitration awards the Union is not a party to. *Breininger v. Sheet Metal Workers Local 6*, 493 U.S. 67, 92-94 (1989);

*Guidry v. Operating Engineers Local 406*, 907 F.2d 1491, 1492 (5th Cir. 1990). *Webster v. United Auto Workers Local 5*, 394 F. 3d 436, 441 (6th Cir. 2005); *Hackenburg v. Boilermakers*, 694 F. 2d 1237, 1239 (10th Cir. 1982); *Bass v. Int'l Bro. of Boilermakers*, 630 F. 2d 1058, 1066 (6th Cir. 1980); *Kirk v. Transport Workers Union*, 934 F. Supp. 775, 785 (S.D. Tex. 1995); *Ryals v. ILA Local 1771*, 33 F. Supp. 3d 634, 639-40 (D.S.C. 2014).

2. Vargas's attempt to relitigate and collaterally attack the Arbitrator's Decision and Order fails because it violates the federal principle of judicial deferral to labor arbitration decisions. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597-99 (1960); *Teamsters Local 5 v. Formosa Plastics Corp.,* 363 F.3d 368, 370-71 (5th Cir. 2004)*; Lalo LLC v. Hawk Apparel Inc.*, 2022 U.S. Dist. LEXIS 72218, 2002 WL 1173801 at *5-6 (N.D. Tex. 2022).

3. Vargas's attempt to relitigate and collaterally attack the Arbitrator's Decision and Order fails because it violates the well-settled federal principle of judicial deference to internal union governance. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953); *Carr v. ALPA*, 866 F.3d 597, 602-03 and n.16 (5th Cir. 2017); *O'Neill v. Air Line Pilots Ass'n*, 939 F.2d 1199, 1206 (5th Cir. 1991); *Newell v. IBEW*, 789 F.2d 1186, 1189 (5th Cir. 1986).

4. Defendants Erik Harris and Julie Hedrick are elected union representatives and are not liable for actions taken in their official capacity as union representatives. 29 U.S.C. §185(b); *Atkinson v. Sinclair Refining Co*., 370 U.S. 238, 247-49 (1962); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 406-07(1981); *Universal Communications Corp. v. Burns*, 499 F.2d 691, 693-94 (5th Cir. 1971).

**WHEREFORE**, having fully answered the Amended Complaint in its entirety, Defendants pray that the relief requested be denied and that the Amended Complaint be

dismissed, and that Defendants may have their costs herein, reasonable attorney's fees incurred, and such other and further relief to which they may be entitled.

**COUNTERCLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF ENFORCING THE ARBITRATOR'S DECISION AND ORDER INTERPRETING AND APPLYING THE APFA CONSTITUTION AND ORDERING VARGAS TO COMPLY WITH THE ARBITRATOR'S DECISION AND ORDER IN ALL RESPECTS**

Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA"), brings this suit to enforce a labor contract, to wit, the Constitution of the Association of Professional Flight Attendants ("APFA Constitution") and the related APFA Policy Manual ("Policy Manual") established pursuant to Article III of the APFA Constitution by granting APFA declaratory and injunctive relief enforcing the February 18, 2022 decision and order of Arbitrator Ruben Armendariz ("Arbitrator's Decision and Order") interpreting and applying the APFA Constitution and Policy Manual and which Decision and Order was issued pursuant to and in accordance with Article VII of the APFA Constitution and by which the Arbitrator ordered, *inter alia*, that Vargas be prohibited from serving in any APFA position for life and repay half of the Arbitrator's fee to APFA.

In addition, this suit is brought pursuant to the Labor-Management Reporting and Disclosure Act ("LMRDA") to recover the amount of those APFA funds Vargas has been ordered to repay as referenced in the Arbitrator's Decision and Order.

In his Decision and Order construing the APFA Constitution and Policy Manual, the Arbitrator found that Plaintiff/Counterclaim Defendant Eugenio Vargas ("Vargas") while holding the office of National Treasurer of the APFA, had engaged in numerous acts of financial misuse of APFA funds in violation of the APFA Constitution and Policy Manual and his fiduciary duty both as an officer and member of the APFA. Based on those findings the Arbitrator in his Decision and Order, consistent with and pursuant to the authority conferred on him by Article VII of the APFA Constitution, ordered that Vargas be prohibited from serving in

any official APFA capacity for life and that he repay APFA for one-half of the Arbitrator's fee.

Because the union purpose of certain meal expenses charged by Vargas on the APFA credit card was not documented, the Arbitrator further ordered that APFA retain an Independent Auditor to review APFA's financial records and to determine whether the meal expenses were properly documented as identified by the Arbitrator in his decision.

The Arbitrator further ordered that upon completion of that audit, which audit is ongoing, and determination and liquidation of the amounts of the payments to Vargas for his personal use unrelated to legitimate APFA business, that Vargas be ordered to repay to APFA the amount of each such item of expense wrongfully paid to him in violation of the APFA Constitution and Policy Manual.

This suit is brought for enforcement of the APFA Constitution and Policy Manual by enforcement of the Arbitrator's Decision and Order in each of the above respects, which Decision and Order was entered in accordance with and pursuant to Article VII of the APFA Constitution and the corresponding provisions of the APFA Policy Manual, and for recovery of APFA funds Vargas has been ordered to repay to APFA and which he is now failing and refusing to repay to APFA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to § 301 of the Labor-Management Relations Act ("LMRA)" (§ 301"), 29 U.S.C. §185, for enforcement of a labor contract, to wit, the APFA Constitution and Policy Manual; § 501 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, for breach of fiduciary duty owed to a labor organization by its officers; 28 U.S.C. §1331 (federal question); 28 U.S.C. § 1337 (act regulating commerce); and 28 U.S.C. § 2201 (declaratory judgments). This Court has

supplemental jurisdiction over Vargas's state law claims under 28 U.S.C. § 1367. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

2. Defendant Counterclaim Plaintiff APFA is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185 and within the meaning of §§ 3(i) and (j)(1) of the LMRDA, 29 U.S.C. §§ 402(i) and (j)(1). APFA's principal place of business and headquarters are located at 1004 W. Euless Blvd., Euless, TX 76040.

3. Plaintiff Counterclaim Defendant Vargas is an individual member of APFA, and for the period from April 1, 2016 – July 31, 2018, held the office of National Treasurer of APFA.

## CLAIM FOR RELIEF

### THE APFA CONSTITUTION AND THE PROCESSING OF INTERNAL UNION CHARGES CLAIMING VIOLATION OF THE CONSTITUTION OR THE APFA POLICY MANUAL THROUGH TO DECISION BY AN ARBITRATOR

4. APFA repeats and realleges the foregoing paragraphs as if they are fully set forth herein.

5. Article III, Section 1 of the APFA Constitution establishes that the APFA Constitution is "the supreme law of the APFA." The APFA Policy Manual is established pursuant to Article III, Section 2.C of the APFA Constitution. The Policy Manual establishes policies and procedures for matters including, but not limited to, trip removal policy, expense policy, officer salaries, budget policy, headquarters policy, and policies governing conventions and meetings of the APFA Board of Directors and the Executive Committee.

6. Article III of the APFA Constitution vests the governmental powers of the APFA in the Board of Directors, which consists of the National President, National Vice President, National Secretary, National Treasurer (collectively, "National Officers") and each local Base

President.  The local Base Presidents comprise the Voting Board of Directors.  Article III of the APFA Constitution also establishes the Executive Committee, which acts as the agent of the Board of Directors and consists of the National Officers and five Ad Hoc members who are elected by the local Base Presidents.

7.      Article VII of the APFA Constitution establishes the internal disciplinary procedures of the APFA.  Under Article VII, any member is subject to fine, suspension or expulsion, or suspension from or removal from office, for acts including failure to pay dues, assessments or penalties levied by the Association; willful violation of a collective bargaining agreement; theft or embezzlement of Association monies or property; and willful violation of an express Article of the APFA Constitution or an express written resolution or policy of the Board of Directors or Executive Committee.

8.      Under Article VII, Section 2.A of the APFA Constitution, any member in good standing may file charges with the National Secretary.  The charges must be proffered in writing and must be specific as to the alleged act(s) and/or the Article(s) of the Constitution allegedly violated.

9.      Under Article VII, Sections 2.B and C of the APFA Constitution, within seven (7) days of receiving charges the National Secretary must serve the charges on the accused and accuser, with a description of all relevant procedures, and send a copy of the charges to the Executive Committee.

10.     Article VII, Section 2.D.1 of the APFA Constitution provides that charges based on the violations described in Paragraph 7 must be filed within sixty (60) days after the user becomes aware, or reasonably should have become aware, of the alleged offense.

11.     Article VII, Section 3 of the APFA Constitution provides that at the first regularly scheduled meeting of the Executive Committee following receipt of charges, the Executive Committee must review the charges for timeliness, specificity and validity.  Should the Executive Committee determine that the charges are timely, specific and valid, within seven (7) days following the Executive Committee meeting the National Secretary must forward the charges to the Article VII Arbitrator designated to hear the charges.

12.     Under Article VII, Section 5 of the APFA Constitution, the Board of Directors appoints an arbitrator to resolve all charges filed under Article VII.  The Board of Directors may also appoint one or more alternate Article VII Arbitrators who have the authority to hear and decide particular charges when the Article VII Arbitrator is not available.  The Article VII Arbitrator and any alternate Article VII Arbitrator(s) must be a person expert in labor law who is a neutral (such as an academic or professional labor arbitrator), who has experience as a neutral in adjudicating internal labor organization disputes, and who has no other prior or current involvement with the APFA.

13.     Article VII, Section 6.A of the APFA Constitution vests the Article VII Arbitrator with the power to resolve all charges referred to him/her.

14.     Article VII, Section 6.C of the APFA Constitution provides that the Article VII Arbitrator may, on his/her own motion or upon motion filed by the accused, declare that charges are untimely or do not allege a violation cognizable as charges under Article VII and thus are dismissed without the need for hearing.

15.     Article VII, Section 6.D of the APFA Constitution provides that the Article VII Arbitrator may, on his/her own motion, or upon motion filed by the accused, determine that

charges are not sufficiently specific and that they will be dismissed unless the accuser amends them to provide sufficient specificity.

16.     Article VII, Section 6.E of the APFA Constitution provides that the accused may move for summary dismissal of the charges on the ground that the accuser does not have evidence sufficient to sustain the charges and thus there is no need for a full hearing.  On receipt of such a motion, the Article VII Arbitrator shall afford the accuser an opportunity to identify evidence that would sustain the charges.  If the Article VII Arbitrator concludes, following that opportunity, that the accuser does not have evidence sufficient to sustain the charges, the Article VII Arbitrator may grant summary dismissal of the charges.

17.     Article VII, Section 6.F of the APFA Constitution provides that if at any time during the pendency of the charges, the Article VII Arbitrator determines (whether on his/her own motion or the motion of the accused) that the conduct furnishing the basis for the charges is protected by this Constitution and/or by law (including the LMRDA Bill of Rights), the Article VII Arbitrator shall have the authority to dismiss the charges addressed to such protected conduct.

18.     Article VII, Section 6.H of the APFA Constitution provides that the decision of the Article VII Arbitrator shall be final and binding on the accuser and the accused.

19.     Article VII, Section 8 of the APFA Constitution provides that members, officers and representatives shall exhaust internal remedies under Article VII for a period not to exceed four months prior to taking any legal action against members, officers or representatives of the APFA with respect to matters cognizable as charges under Article VII.

20.     Article VII, Section 6.B of the APFA Constitution provides that the administrative procedures for handling Article VII charges shall be included in the APFA Policy

Manual and that such procedures shall be in general compliance with American Arbitration Association rules where practicable but may not conflict in any respect with the APFA Constitution.

21.     Pursuant to Article VII, Section 6.B of the APFA Constitution, Section 17 of the APFA Policy Manual establishes the policies and procedures for Article VII proceedings, including, among other procedures, motions to dismiss and for summary dismissal; exchange of documents and witness lists; stenographic record; order of proceedings; evidence and subpoenas for documents and witness testimony, including the requirement of witnesses to testify under oath; final arguments and briefs; and reopening the hearing.

22.     On November 20, 2020, APFA members Melissa Chinery-Burns ("Chinery-Burns") and Sandra Lee ("Lee") filed charges against Vargas pursuant to Article VII of the APFA Constitution alleging that he had engaged in numerous acts of misuse of APFA funds during his term of office as APFA National Treasurer in 2016-2018.  Chinery-Burns and Lee filed the charges within sixty (60) days after they reviewed, beginning in September 2020, financial records from Vargas's term as APFA National Treasurer and became aware of the offenses alleged in the charges.

23.     On November 20, 2020, APFA National Secretary Josh Black ("Black") notified Vargas of the charges via certified mail, return receipt requested with a copy of the charges enclosed.  Black thereafter received the certified receipt at APFA headquarters indicating that Vargas had received the November 20, 2020, letter with the enclosure.

24.     At its regular meeting on December 1, 2020, the Executive Committee reviewed the charges and deemed them timely, specific and valid.  The charges were then referred to the Arbitrator for determination, pursuant to Article VII of the APFA Constitution, and a three-day

hearing was held in September 2021.  Under Article VII of the APFA Constitution, APFA was not a party to the arbitration of the charges against Vargas.

25.     Under the Article VII procedures in Section 17 of the APFA Policy Manual, the parties to the charges subpoenaed documents and witness testimony.

26.     During the three-day hearing before the Arbitrator, the parties to the charges called witnesses and submitted documentary evidence and thereafter Vargas filed a thirty-eight page brief to the Arbitrator making many of the same arguments reiterated in his Amended Complaint to this Court.

27.     The Arbitrator issued his Decision and Order on February 18, 2022 (Decision and Order, Exhibit A), concluding that Vargas failed to maintain an inventory list of APFA assets and engaged in financial misconduct, including by wrongfully inflating the sick and vacation payouts for himself and other former APFA national officers, in willful violation of the APFA Constitution and Policy Manual and breached his fiduciary duty to APFA.  Decision and Order at 35, 37.

28.     On March 10, 2022, the Arbitrator issued a Supplemental Decision and Order (Supplemental Decision and Order, Exhibit B) clarifying certain aspects of the remedy for Vargas's financial misconduct and breach of fiduciary duty.

29.     As one remedy for Vargas's financial misconduct, the Arbitrator ruled that Vargas should be prohibited from serving in any official position for life within the APFA organization. Supplemental Decision and Order at 2.

30.     In addition, the Arbitrator ordered Vargas to repay the APFA for one-half of the Arbitrator's fee.  Decision and Order at 39.

31. The Arbitrator also directed the APFA to retain an Independent Auditor to review relevant financial records relating to Vargas's misuse of his APFA credit card, and ordered Vargas to repay the APFA for any inappropriate charges as ultimately determined by the Auditor. Decision and Order at 39; Supplemental Decision and Order at 2.

32. As a member of the APFA, Vargas is obligated under Article II, Section 2 of the APFA Constitution to "abide by this Constitution of the APFA…" Rather than comply with the Arbitrator's Decision and Order, Vargas has filed this baseless lawsuit attempting to avoid the Arbitrator's Decision and Order.

**FIRST CAUSE OF ACTION:**

**ENFORCEMENT OF THE APFA CONSTITUTION AS INTERPRETED AND APPLIED BY THE ARBITRATOR'S DECISION AND ORDER**

33. APFA repeats and realleges the foregoing paragraphs as if they are fully set forth herein.

34. The Constitution of the APFA is a "contract between labor organizations" under Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Section 185(a), specifically between APFA, the national union, and its local union bodies known as "Bases," and is therefore enforceable as a "labor contract" in federal court. *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 622 (1981); *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 99, 101 (1991); *Hampton v. Int'l Longshoreman's Ass'n*, 2017 U.S. Dist. LEXIS 218154 at *5-6 (S.D. Tex. 2007). Under Article VII, Section 6.H of the APFA Constitution, the Arbitrator's decision "shall be final and binding upon the accused and the accuser." The refusal by Vargas to fully comply with and abide by the Arbitrator' Decision and Order is a violation of the APFA Constitution and Policy Manual.

**SECOND CAUSE OF ACTION:**
**BREACH OF FIDUCIARY DUTIES UNDER THE LMRDA**

35. APFA repeats and realleges the foregoing paragraphs as if they are fully set forth herein.

36. By virtue of his position as National Treasurer of APFA, Vargas was a fiduciary of APFA under § 501(a) of the LMRDA, 29 U.S.C. § 501(a). In paying and accepting payment of monies from APFA while National Treasurer which the Arbitrator has found in his Decision and Order issued pursuant to Article VII of the APFA Constitution, in violation of the APFA Constitution and Policy Manual, and in refusing to repay half of the Arbitrator's fee to APFA, Vargas has breached his fiduciary duty owed to APFA under Section 501(a) of the LMRDA, 29 U.S.C. § 501(a). As no member of APFA is a plaintiff in this action or has brought a claim on behalf of APFA to recover the monies the Arbitrator has found should be repaid by Vargas to APFA, there is no need to satisfy the procedural prerequisites for filing suit under Section 501(b) of the LMRDA, 29 U.S.C. § 501(b). *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. Statham*, 97 F.3d 1416, 1421 (11th Cir. 1996); *Local 541, Transp. Workers Union of Am. v. Fudge*, 2015 U.S. Dist. LEXIS 134430, 2015 WL 5664429 at *12-17 (N.D. Tex. 2015); *Stewart v. Int'l Ass'n of Machinists & Aero. Workers*, 16 F.Supp. 3d 783, 792-93 (S.D. Tex. 2014).

**CONCLUSION AND PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant Counterclaim Plaintiff APFA ("APFA") prays that this Counterclaim be brought on for hearing, and that upon full hearing the Court enter an Order:

1.     Granting Judgment in favor of APFA finding and declaring that the APFA is entitled to enforcement of the Arbitrator's Decision and Order against Plaintiff Counterclaim Defendant Vargas;

2.     Granting APFA injunctive relief ordering Vargas to abide by, and to comply with the Arbitrator's Decision and Order in all respects;

3.     Granting judgment in favor of APFA that Vargas has violated his fiduciary duties as an officer of APFA in violation of §501(a) of the LMRDA and Texas common law;

4.     Granting APFA reasonable attorney's fees, costs of action, and other expenses of litigation in this proceeding; and

5.     Granting APFA such other and further relief to which it may be entitled.

Date: March 8, 2023

Respectfully Submitted

*/s/ Sanford R. Denison*

SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1403
Dallas, TX 75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of March 2023 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Vargas by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("FRCP").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

*/s/ Sanford R. Denison*
SANFORD R. DENISON