**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EUGENIO VARGAS,** | § | |
| | § | |
| **Plaintiff/Counterclaim Defendant,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:22-cv-00430-Y** |
| **ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK, AND ERIK HARRIS,** | § | |
| | § | |
| **Defendants/Counterclaim Plaintiffs.** | § | |

**UNION DEFENDANTS' REPORT TO THE COURT REGARDING THE PARTIES' SETTLEMENT CONFERENCE**

In accordance with the Court's Initial Scheduling Order (Doc. 74) the parties participated in a formal settlement conference at which the parties and their counsel appeared in person to discuss settlement of this case. Defendant Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA"), and Defendants Julie Hedrick and Erik Harris (collectively, "Union Defendants") file this written report in accordance therewith:

**(a) The date on which the settlement conference was held:**

The conference was held on March 29, 2023 in a conference room reserved at the offices of Caddo Office Reimagined, 2201 Spinks Rd., Flower Mound, Texas 75022. This report is timely filed as it is being filed within seven (7) days after the date of the conference.

**(b) The persons present at the conference:**

On behalf of Plaintiff Counterclaim Defendant Robert ("Bob") Ross:

1. Eugenio Vargas;
2. Kerri Phillips, K.D. Phillips Law Firm, PLLC, participated as counsel for Eugenio Vargas.

On behalf of the Union Defendants:

1. Julie Hedrick, APFA National President;
2. Erik Harris, APFA National Treasurer;
3. APFA participated through APFA Staff Attorney Charlette Matts, APFA National President Julie Hedrick and APFA National Treasurer Erik Harris, who each had authority to bargain in good faith on behalf of Defendant APFA; and
4. Sanford R. Denison, Baab & Denison, LLP, participated as counsel for the Union Defendants.

**(c) A statement regarding whether meaningful progress toward settlement was made:**

During the conference the parties and their counsel discussed various options for a resolution of this case as between Plaintiff and APFA; however, despite the individual defendants' improper joinder as parties, no separate proposal for their dismissal apart from APFA was received from Plaintiff. And, through counsel, Plaintiff Vargas took the position that he would not consider or agree to a settlement or other resolution of his case apart from a settlement of *Ross v. APFA, et al.*, No. 4:22-cv-00343-Y (U.S. Dist. Ct. N. D. Tex., Fort Worth Div.), a companion case in which Plaintiff Ross is represented by the same counsel as Plaintiff Vargas.

Despite these efforts to explore different settlement alternatives, the parties remain far apart with respect to settlement terms which would be acceptable to all parties and, from the Union Defendants' perspective, which would be feasible as not requiring actions which violate APFA's Constitution, applicable law or the rights of APFA's other members.

A report of this nature is normally not the appropriate forum in which to discuss the parties' settlement proposals or discussions. However, in the conference report filed by Plaintiff's counsel (Doc. 80) and in public statements by Robert Ross,[1] Plaintiff has improperly disclosed

[1] Mr. Ross is the plaintiff in the companion case to the instant case by Mr. Vargas (*i.e.*, *Ross v. APFA*, *et al.*, No. 4:22-cv-00343-Y (U.S. Dist. Ct. N. D. Tex., Fort Worth Div.)) and in that case - represented by the

the purported nature and substance of those discussions and proposals, and in such public reports and forums has mischaracterized the nature and content of those proposals and discussions. The Union Defendants therefore feel compelled to respond lest the public record reflect a false and inaccurate narrative of the Union Defendants' position and the parties' proposals and discussions.

Initially, it should be noted that each of the substantive proposals by Plaintiff to settle this case required the Union Defendants' agreement to vacate the Arbitration Decision at issue -- despite the fact Plaintiff's amended complaint (Doc. 55-1) no longer seeks vacatur of the Arbitrator's Decision and would leave that Decision in place and in effect. Moreover, Plaintiff's settlement proposals were simply not feasible as they contained terms which would require the Union Defendants to take actions which -- even assuming they had the power and authority to take such actions, which they do not -- would violate the APFA's Constitution and governing documents, violate the rights of APFA's other members, and violate applicable federal labor law, including the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C §401, *et seq*. and the Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C §185.[2] As the Union Defendants explained to Plaintiff and his counsel during the conference, and as the Union Defendants previously stated in their Joint Status Report (Doc. 21) filed earlier in this case:

> The Union Defendants were not parties to the arbitration proceeding at issue and have no power or authority [under the APFA Constitution] to agree to alter or

same counsel as Mr. Vargas -- he has filed a Settlement Conference Report (Ross Doc. 84) which contains similar mischaracterizations of the nature and content of the Union Defendants' positions and the parties' proposals and discussions regarding options for case resolution.

[2] The Union Defendants believe it would be inappropriate in this forum to further detail the specific terms, nature and substance of Plaintiff's proposals to settle other than to state that in the Settlement Conference Report filed by his counsel (See Doc. 80), Plaintiff mischaracterizes the nature not only of his own proposals, but of APFA's position and proposals for options to resolve this case.

> amend the terms of the Arbitrator's Decision and Order. Therefore, the terms of any possible settlement of this case to which the Union Defendants could agree [i.e., which would be feasible] are constrained by and must be consistent with the terms of the Arbitrator's Decision and Order. [Therefore, a]s long as Vargas continues to . . . fail and refuse to comply with the Arbitrator's Decision and Order, a settlement of this case to which the Union Defendants could agree is unlikely, if not impossible.

(Doc. 21 at p. 9). While that must necessarily be the Union Defendants' position regarding any agreed resolution of this case, as they further stated in the Joint Status Report:

> That said, the Union Defendants have been and remain open to discussing with Plaintiff Vargas an agreed resolution of this case which is consistent with the Arbitrator's Decision and Order, fulfills all of APFA's obligations as ordered by the Arbitrator in his Decision and Order, and which achieves Plaintiff's full compliance with the terms of the Arbitrator's Decision and Order.

*Id*. Accordingly, while the Union Defendants believe that during the conference the parties and counsel were able to engage in an instructive, if not constructive, discussion of their respective positions and views as to the terms of an acceptable and feasible resolution of this case, the parties were not able to make meaningful progress towards a settlement.

**(d) A statement regarding the prospects of settlement before trial.**

The Union Defendants have been and remain open to continuing to explore with Vargas options for an agreed resolution of this case which is consistent with and does not run afoul of applicable law, the APFA's Constitution or the rights of its other members. However, as of this date, because the parties remain far apart with respect to settlement terms which are acceptable to all parties and which are feasible as consistent with APFA's obligations under law and its Constitution, the Union Defendants do not believe that the prospects for settlement prior to trial are good.

Date: April 5, 2023

Respectfully Submitted,

*/s/ Sanford R. Denison*

SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1403
Dallas, TX 75214
Tel.: (214) 637-0750; Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200;Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Admitted *Pro Hac Vice*

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of April 2023 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com

*/s/ Sanford R. Denison*
SANFORD R. DENISON