**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| EUGENIO VARGAS, | § § § | |
| Plaintiff/Counterclaim Defendant, | § § | Civil Action No. 4:22-cv-430-Y |
| v. | § § | Judge Terry R. Means |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*, | § § § | |
| Defendants/Counterclaim Plaintiff. | § § § | |

**APFA DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND FOR JOINDER
AND BRIEF IN SUPPORT**

JEFFREY A. BARTOS*
D.C. Bar No. 435832
ANTONIA BIRD*
D.C. Bar No. 1659149
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tele.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com
         abird@geclaw.com

SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1403
Dallas, TX  75214
Tel.: (214) 637-0750; Fax.: (214) 637-0730
Email: denison@baabdenison.com

*Application for Admission
*Pro Hac Vice* Forthcoming

*Counsel for Defendant and Counterclaim Plaintiff
Association of Professional Flight Attendants, and
Defendants Julie Hedrick and Erik Harris*

Dated: May 5, 2023

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION .............................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 1

ARGUMENT ..................................................................................................................... 3

   I.   Standard of Review ............................................................................................... 4

  II.  The Motion to Join IMA Financial Should be Denied as an Untimely Impleader............. 5

 III.  The Motion to Join APFA National Vice President Salas and National Secretary Black
     Should Be Denied as Futile. ................................................................................... 5

    A.  There is No Individual Liability for Breach of the Duty of Fair Representation or the
       Claimed Breach of the APFA Constitution.................................................... 6

    B.  Plaintiff Does Not Allege a Cognizable Fiduciary Duty Claim Against Mr. Salas or
       Mr. Black. .................................................................................................. 8

      1.  The Federal Fiduciary Duty is Owed to the Organization and Its Membership
         "As a Group," Not to Mr. Vargas Personally. ........................................... 8

      2.  Any State Law Fiduciary Duty Claim is Preempted. .................................. 9

    C.  Plaintiff Does Not Allege a Plausible Common Law Fraud Claim. ........................... 10

    D.  Plaintiff Fails to State a Claim under the LMRDA Against Mr. Salas and Mr. Black. 13

CONCLUSION.................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Adams-Lundy v. APFA*,
  731 F.2d 1154 (5th Cir. 1984) ................................................ 10

*Allis-Chalmers Corp. v. Leuck*,
  471 U.S. 202 (1985) ................................................. 6, 9, 10

*Am. Tobacco Co., Inc. v. Grinnell*,
  951 S.W.2d 420 (Tex. 1997) ................................................ 12

*Arizpe v. Principal Life Ins. Co.*,
  398 F. Supp. 3d 27 (N.D. Tex. 2019) ................................................ 12

*Ashcroft v. Iqbal*,
  556 U.S. 662(2009) ................................................ 4

*Atkinson v. Sinclair Refining Co.*,
  370 U.S. 238 (1962) ................................................ 7

*Bldg. Material & Dump Truck Drivers, Loc. 420 v. Traweek*,
  867 F.2d 500 (9th Cir. 1989) ................................................ 9

*Carroll v. Fort James Corp.*,
  470 F.3d 1171 (5th Cir. 2006) ................................................ 11

*Complete Auto Transit, Inc. v. Reese*,
  451 U.S. 401 (1981) ................................................ 6, 7

*Cooper v. TWA Airlines*,
  274 F. Supp. 2d 231 (E.D.N.Y. 2003) ................................................ 10

*Fulton Lodge No. 2 of IAM v. Nix*,
  415 F.2d 212 (5th Cir. 1969) ................................................ 6, 14

*Hoffman v. Kramer*,
  362 F.3d 308 (5th Cir. 2004) ................................................ 6, 8, 9

*JPMorgan Chase Bank, N.S. v. Orca Assets G.P., LLC*,
  546 S.W.3d 648 (Tex. 2018) ................................................ 6, 12

*Mornes v. Valdez*,
  414 F. Supp. 3d 888 (N.D. Tex. 2019) ................................................ 4

*Nellis v. ALPA*,
  15 F.3d 50 (4th Cir. 1994) ................................................ 9

*Nellis v. ALPA,*
    815 F. Supp. 1522 (E.D. Va. 1993) ........................................................................ 9

*Nix v. Fulton Lodge No. 2 of IAM,*
    262 F. Supp. 1000 (N.D. Ga. 1967) ................................................................. 6, 14

*Shandong Yinguang Chem. Indus. Jt. Stock Co. v. Potter,*
    607 F.3d 1029 (5th Cir. 2010) ........................................................................... 12

*Stripling v. Jordan Prod. Co., LLC,*
    234 F.3d 863 (5th Cir. 2000) .............................................................................. 4

*United States v. Joe Grasso & Son, Inc.,*
    380 F.2d 749 (5th Cir. 1967) .............................................................................. 5

*Universal Commc'ns Corp. v. Burns,*
    449 F.2d 691 (5th Cir. 1971) .............................................................................. 7

*Vaca v. Sipes,*
    386 U.S. 171 (1967) ............................................................................... 6, 10, 11

*VeroBlue Farms USA v. Wulf,*
    465 F. Supp. 3d 633 (N.D. Tex. 2020) ............................................................. 12

*Walker v. Beaumont Indep. Sch. Dist.,*
    938 F.3d 724 (5th Cir. 2019) .............................................................................. 4

*Wells v. Southern Airways, Inc.,*
    616 F.2d 107 (5th Cir. 1980) ........................................................................... 6, 7

*Williams v. WMX Techs., Inc.,*
    112 F.3d 175 (5th Cir. 1997) ....................................................................... 11, 13

**Statutes**

29 U.S.C. § 185 ................................................................................................ 6, 7, 9, 10

29 U.S.C. § 401 .......................................................................................................... 2

29 U.S.C. § 411 ..................................................................................................... 3, 13

29 U.S.C. § 501 ........................................................................................................ 8, 9

29 U.S.C. § 529 ........................................................................................................ 13

**Rules**

Fed. R. Civ. P. 14 ..................................................................................................... 3, 5

Fed. R. Civ. P. 15 ................................................................................................................ 3, 4

Fed. R. Civ. P. 19 ................................................................................................................ 3, 5

Fed. R. Civ. P. 20 ............................................................................................................. 3, 4, 5

Fed. R. Civ. P. 9 .............................................................................................................. 6, 11

## INTRODUCTION

The Association of Professional Flight Attendants ("APFA"), its National President, Julie Hedrick, and National Treasurer, Erik Harris (collectively, "the APFA Defendants"), hereby oppose Plaintiff's motion for leave to join additional parties to this action. Pl.'s Mot. for Leave, Doc. 85; Pl.'s Br. in Supp., Doc. 86. After more than a year of litigation, Plaintiff now proposes to add two additional APFA National Officers (Larry Salas and Joshua Black) as defendants, and to implead what he describes as a bonding company, IMA Financial Group ("IMA Financial"). Docs. 85-86. As discussed below, with respect to IMA Financial, this motion is untimely in violation of the Initial Scheduling Order, which set April 7, 2023 as the deadline to implead third parties. Doc. 74 at 2. With respect to Mr. Salas and Mr. Black, the motion is futile because the proposed pleading fails to state a claim against either individual. Plaintiff's transparently improper attempt to expand this litigation by adding unnecessary parties for the avowed purpose "to facilitate settlement" of his baseless claims, Doc. 86 at 12, should be rejected.

The APFA Defendants do not otherwise object to the motion to the extent that it seeks to amend the operative First Amended Complaint, Doc. 55-1, regarding the existing parties, but reserve their right to address these claims in due course under the Scheduling Order, Doc. 74, and Federal Rules.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an internal union arbitration, which addressed charges of financial misconduct by Plaintiff Eugenio Vargas during his term as Treasurer of APFA. *See generally* Doc. 55-1 ¶¶ 15, 23; Doc. 85-2 at 1-3. Pursuant to the APFA Constitution, two rank-and-file union members filed internal charges against Mr. Vargas alleging a range of financial misconduct while in office. Doc. 85-1 ¶¶ 18, 20, 26; Doc. 85-2 at 1-7. A nationally respected arbitrator, Ruben R. Armandariz, served as the impartial arbitrator in the hearing on these

charges and, after an extensive hearing, concluded that Mr. Vargas had, among other things, "attempted to benefit monetarily and thus failed in his fiduciary duty as National Treasurer by willfully changing the formula" for calculation of certain benefits paid to himself and three other former National Officers. Doc. 85-2 at 35, 37. In a supplemental ruling based on an independent financial review ordered by the Arbitrator, *id.* at 32, he determined that Mr. Vargas had made over $13,000 in "Inappropriate credit card charges related to meals." Supp. Decision, Doc. 39-1 at 2; *see also* Order, Doc. 46 at 1 (taking judicial notice of the supplemental arbitral decision). Mr. Vargas was ordered to repay that amount, the cost of the independent financial review, and half of the Arbitrator's fee and was "prohibited from serving in any APFA National Officer position or Regional Officer position for life." Doc. 39-1 at 2.

While Mr. Vargas did agree to repay APFA for some of his improper expenditures, Doc. 85-2 at 37 (noting that Mr. Vargas had "entered into a payment agreement to repay the overage debt" in one regard), he did not comply with the obligation to repay the union for other improper expenditures or other costs. APFA Countercl., Doc. 76 ¶¶ 32, 34 at 25. Instead, he has sued APFA and its National President and Treasurer claiming in the operative First Amended Complaint, Doc. 55-1, that the arbitration violated the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*; that the APFA Defendants breached the APFA Constitution, breached their fiduciary duty, and engaged in fraud in connection with the arbitration. Doc. 55-1 ¶¶ 28-54. Plaintiff seeks $50,000 in compensatory damages, plus punitive damages. Doc. 55-1 at 11.

After ruling on various motions, this Court issued an Initial Scheduling Order which, among other things, directed the parties to engage in a formal settlement conference in March 2023. Doc. 74 at 1. The Scheduling Order also provided that the "parties must file any motions to

implead third parties or to join additional parties pursuant to Fed. R. Civ. P. 14 or 19, respectively, no later than April 7, 2023." *Id.* at 2. Settlement was not reached, and on April 14, 2023, Plaintiff filed his Motion for Leave to File Second Amended Complaint and for Joinder Pursuant to Fed. R. Civ. P. 15(a) and 20(a). Doc. 85. This proposed Second Amended Complaint would modify the claims against the existing APFA Defendants; add Mr. Salas and Mr. Black to the claims made against fellow APFA Officers Hedrick and Harris; and implead IMA Financial, which is alleged to "hold[] a surety bond for all APFA National Officers," Doc. 85-1 ¶ 8, and as the surety provider "is potentially liable on both sides of this cause of action." Doc. 86 at 10-11.

With respect to APFA Officers Salas and Black, Plaintiff proposes to assert claims for Breach of the APFA Constitution/Duty of Fair Representation, Doc. 85-1 ¶¶ 40-51, and "Common Law Breach of Fiduciary Duty and Fraud." *Id.* ¶¶ 52-61. He also appears to include them in the group of "the National Officers" in his LMRDA claim, asserting that as a group they violated 29 U.S.C. § 411(a)(2) (governing "Freedom of Speech and Assembly") for their conduct in connection with the internal arbitration. *Id.* ¶¶ 28-39. However, no specific allegations are made as to Mr. Salas and Mr. Black in this regard. Mr. Vargas now seeks $200,000 in compensatory damages as well as punitive damages. *Id.* at 12-13.

**ARGUMENT**

Plaintiff's motion to join new parties should be denied. With respect to IMA Financial, the motion was filed after the deadline set forth in the Initial Scheduling Order. Doc. 74 at 2. With respect to APFA Officers Salas and Black, amendment of the Complaint to include them would be futile since the proposed Second Amended Complaint fails to state any legally cognizable claims against them. As set forth below, as a matter of law there is no individual liability for Plaintiff's claim for Breach of the Union Constitution or Duty of Fair Representation. Moreover, Plaintiff has failed to allege, and could not allege, plausible claims for

Breach of Fiduciary Duty, or Fraud, or violations of the Labor Management Reporting and Disclosure Act. Plaintiff's misguided effort to multiply these proceedings is nothing but a transparent play to gain settlement leverage, Doc. 86 at 12, and should be denied.

## I.   Standard of Review

Federal Rule of Civil Procedure 20(a)(2) provides that defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." To seek such permissive joinder, plaintiffs must first obtain leave from the court to amend their complaint under Rule 15(a)(2). That Rule provides that a "court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatic, and in determining whether to grant or deny a motion to amend, the court may consider the futility of the amendment. *Mornes v. Valdez*, 414 F. Supp. 3d 888, 890-91 (N.D. Tex. 2019) ("[D]enial of a motion for leave to file an amended complaint is within the Court's discretion when the amendment would be futile."). "The 'futility standard' is 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Id.* at 891 (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

Dismissal under Rule 12(b)(6) "is warranted if the complaint does not contain sufficient factual matter, accepted as true [and viewed in the light most favorable to the plaintiff], to 'state a claim to relief that is plausible on its face.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734-35 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

II.     **The Motion to Join IMA Financial Should be Denied as an Untimely Impleader.**

The Initial Scheduling Order set April 7, 2023 as the deadline to "file any motions to implead third parties or to join additional parties pursuant to Fed. R. Civ. P. 14 or 19, respectively." Doc. 74 at 2. Plaintiff's motion, filed on April 14, seeks to join IMA Financial as a party. But IMA Financial is not alleged to have violated any law or obligation. Rather, Plaintiff asserts only that IMA "holds a surety bond for all APFA National Officers," and that "Currently, Plaintiff has sought to include and pursue all claims against the Bonding Company to ensure protecting the union." Doc. 85-1 ¶¶ 8, 59.

While Plaintiff styles his motion to join IMA Financial as a motion for permissive joinder under Rule 20, that Rule is inapplicable here. Rule 20 applies to joinder of defendants only if "any right to relief is asserted against them." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff asserts no right to relief against IMA Financial, but instead seeks only to have IMA on hand to satisfy a bonding obligation in the event of a liability determination against other parties. This is, in substance, a motion to implead under Federal Rule of Civil Procedure 14. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967) ("[I]mpleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.").

Because the motion to join IMA Financial is, in substance, a motion to implead a third party, and because it was filed after the deadline for such motions and without any attempt to show good cause for delay, the APFA Defendants respectfully submit that this proposed joinder should not be allowed.

III.    **The Motion to Join APFA National Vice President Salas and National Secretary Black Should Be Denied as Futile.**

Plaintiff also seeks to add two more APFA Officers, National Vice President Salas and National Secretary Black, to join the existing two APFA Officer Defendants in this case. This

effort should be denied at the outset as futile. Plaintiff does not, and cannot, state claims against

Mr. Salas and Mr. Black under any of his theories:

- **Duty of Fair Representation.** Plaintiff asserts a claim for breach of the duty of fair representation, but no such claim can ever be asserted against individual union officers as a matter of law. *Wells v. Southern Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980). To the extent Plaintiff also asserts a claim for breach of the APFA Constitution under 29 U.S.C. § 185, no money damages are available against union officers under this theory either. *Complete Auto Transit, Inc. v. Reese*, 451 U.S. 401, 415-17 (1981).

- **Fiduciary Duty.** Plaintiff asserts a claim for breach of fiduciary duty, but he seeks relief for his own benefit, and not on behalf of the union. The fiduciary duty he seeks to vindicate is owed only to the organization as a whole and not to individual members. *See Hoffman v. Kramer*, 362 F.3d 308, 316 (5th Cir. 2004). To the extent he asserts a claim under state law, it is preempted in light of his federal claims for breach of the duty of fair representation and/or breach of APFA's Constitution. *Vaca v. Sipes*, 386 U.S. 171, 188-92 (1967); *Allis-Chalmers Corp. v. Leuck*, 471 U.S. 202, 217-19 (1985).

- **Common Law Fraud.** Plaintiff asserts a claim for common law fraud, but his claim is preempted and also fails because he has not met the heightened standard of Rule 9, which requires that allegations of fraud be stated with "particularity." Fed. R. Civ. P. 9(b). Independently, his claim fails because he contends that he was not the party who relied on any of the alleged misrepresentations. *JPMorgan Chase Bank, N.S. v. Orca Assets G.P., LLC*, 546 S.W.3d 648, 653 (Tex. 2018).

- **Labor Management Reporting and Disclosure Act.** Plaintiff generally asserts a claim that the internal APFA arbitration violated the LMRDA. This claim is futile as to Mr. Salas and Mr. Black because there is no basis for any individual liability in this context. *See Nix v. Fulton Lodge No. 2 of IAM*, 262 F. Supp. 1000, 1008 (N.D. Ga. 1967), *aff'd in part, vacated in part sub nom. Fulton Lodge No. 2 of IAM v. Nix*, 415 F.2d 212, 220 (5th Cir. 1969).

We address each claim below.

**A.    There is No Individual Liability for Breach of the Duty of Fair Representation or the Claimed Breach of the APFA Constitution.**

Plaintiff initially contended that the APFA Defendants had breached the APFA

Constitution. Doc. 55-1 ¶¶ 41-47. In the proposed Second Amended Complaint, he "updates his

causes of action to [assert] a breach of duty of fair representation claim under 29 U.S.C. § 185."

Doc. 85-1 ¶ 41. While it is presently unclear if he means to now assert a claim solely for breach

of the duty of fair representation ("DFR"), or also a breach of the union constitution, the outcome with respect to Mr. Salas and Mr. Black is the same: under controlling federal law, there is no individual liability under either characterization. *Complete Auto Transit, Inc. v. Reese*, 451 U.S. 401, 415-17 (1981) (no individual liability under 29 U.S.C. § 185); *Wells v. Southern Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980) (duty of fair representation claims may only be made against the union, not its officers individually); *Universal Comm'ns Corp. v. Burns*, 449 F.2d 691, 693-94 (5th Cir. 1971) (section 185 "limits recovery to the Union as an entity and forbids the collection of damages from individual Union members"). "When Congress passed § 301 [of the LMRA, 29 U.S.C. § 185], it declared its view that only the union was to be made to respond to union wrongs, and that the union members were not to be subject to levy." *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-48 (1962).[1]

Because there is no viable claim against individual union officers for either breach of the duty of fair representation, *Wells*, 616 F.2d at 110, or breach of the union constitution under 29 U.S.C. § 185, *Complete Auto Transit*, 451 U.S. at 415-17, Plaintiff's motion to join APFA Officers Salas and Black should be denied as futile.

---

[1]   This Court has noted that some Circuits have held that 29 U.S.C. § 185 does not bar "injunctive suits against individual defendants for violations of a union constitution." Order Partially Granting Mot. Dismiss Countercl., Doc. 70 at 4. Because Plaintiff has "update[d] his causes of action" to now be for breach of the DFR, Doc. 85-1 ¶ 41, that question need not be resolved here since there is *never* a basis to sue an individual union representative for breach of the DFR. *Wells*, 616 F.2d at 110. In any event, if Plaintiff makes a union constitution claim under § 185 against Mr. Salas and Mr. Black, that claim—unlike the APFA's Counterclaim which the Court was discussing—is for monetary damages. Plaintiff's Prayer for Relief includes a blanket request for "injunctive relief" for certain claims but does not specify what that would be regarding the APFA Constitution; indeed, all of the alleged violations occurred in the past and there is no request for prospective relief relating to this Count. *See* Doc. 85-1 at 12-13.

**B. Plaintiff Does Not Allege a Cognizable Fiduciary Duty Claim Against Mr. Salas or Mr. Black.**

Plaintiff also seeks to assert a claim for breach of fiduciary duty against Mr. Salas and Mr. Black. He contends that the officers owed him, personally, "a fiduciary duty as a member … within the union based on federal law and the APFA Constitution," Doc. 85-1 ¶ 53, and that all of the National Officers breached this supposed duty by allegedly misrepresenting facts in connection with the arbitration. *Id.* ¶¶ 52-61.[2] This is not a cognizable claim.

**1. The Federal Fiduciary Duty is Owed to the Organization and Its Membership "As a Group," Not to Mr. Vargas Personally.**

The first source of fiduciary duty referenced by Mr. Vargas is "federal law," which must be 29 U.S.C. § 501 ("Fiduciary responsibility of officers of labor organizations"). Doc. 85-1 ¶ 53. Plaintiff appears to claim that the fiduciary duty created by this statute can be asserted in a "Common Law Breach of Fiduciary Duty" claim. Doc. 85-1 at 11. Leaving aside for the moment the question of whether this federal duty, which has its own unique federal enforcement procedure, can be enforced through a "common law" claim, the claim must fail because the federal fiduciary duty of union officers is not owed to individual union members, but is owed instead to the labor organization itself and its members "as a group." 29 U.S.C. § 501(a).

A plaintiff claiming breach of the duty created by federal law thus may only bring a claim on behalf of the union, not on behalf of himself. "[G]iven the derivative nature of the plaintiff's suit on behalf of the union," he cannot proceed without demonstrating that he "seeks remedies that would realistically benefit the union and/or its membership." *Hoffman v. Kramer*, 362 F.3d 308, 316 (5th Cir. 2004). Under the federal duty, "the individual member acts in a representative

---

[2]    Mr. Vargas actually asserts only that the Defendants "owed [former APFA President] *Ross* a fiduciary duty." Doc. 85-1 ¶ 53 (emphasis added). For purposes of this filing, we assume this is inadvertent and Plaintiff means to assert a claim on his own behalf. The same assumption is made for his fraud claims.

capacity for the benefit of the union and on behalf of the union. A plaintiff in a § 501(b) action cannot seek to recover damages personally, but must seek a remedy for the union as a whole." *Bldg. Material & Dump Truck Drivers, Loc. 420 v. Traweek*, 867 F.2d 500, 506 (9th Cir. 1989); *see also Nellis v. ALPA*, 815 F. Supp. 1522, 1541-42 (E.D. Va. 1993), *aff'd*, 15 F.3d 50, 51-52 (4th Cir. 1994). In short, there is no fiduciary duty owed to Mr. Vargas in his individual capacity, he asserts no claim on behalf of either APFA or its members "as a group," and he seeks a remedy solely personal to himself in the form of a $200,000 payment, plus punitive damages. His attempt to make this claim against Mr. Salas and Mr. Black should be denied as futile.[3]

### 2.  Any State Law Fiduciary Duty Claim is Preempted.

To the extent Plaintiff seeks to derive a fiduciary duty on any state law ground, it is preempted by federal law. The second source of fiduciary duty referenced by Mr. Vargas is "the APFA Constitution," Doc. 85-1 ¶ 53, which he alleges, and this Court has held is a contract governed by 29 U.S.C. § 185. Doc. 85-1 ¶ 41; Doc. 70 at 4. That document does not clearly define an independent fiduciary duty separate from the federal one already applicable to union officers, and it certainly contains no reference to a duty toward Mr. Vargas individually. *See* Doc. 85-2 at 4 (quoting Article I, Section 7.E, which defines "Duty" to mean "an obligation of performance, care or observance which rests upon a person in any position or fiduciary capacity with or as a member of the APFA"). In any event, and dispositive of Plaintiff's claim under 29 U.S.C. § 185 against Mr. Salas and Mr. Black, state law claims like the one presented here requiring interpretation of the union's Constitution are preempted by federal law. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 217-18 (1985). Under 29 U.S.C. § 185, a claim for breach of

---

[3]    In addition, if he intends to assert a federal claim, he has failed to make the mandatory application for a finding of "good cause," without which he cannot proceed on such a claim against any defendant. *See* 29 U.S.C. § 501(b); *Hoffman*, 362 F.3d at 313, 323.

fiduciary duty arising out of a covered contract may *only* be resolved by an arbitrator interpreting that document, as occurred in the arbitrations involving Mr. Vargas and Mr. Ross. *Allis-Chalmers*, 471 U.S. at 220 (noting that the "central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the courts, who has the responsibility to interpret the labor contract in the first instance"); *see also Adams-Lundy v. APFA*, 731 F.2d 1154, 1160 (5th Cir. 1984) (internal APFA dispute must be arbitrated).

Mr. Vargas elected not to pursue charges under the APFA Constitution against Mr. Salas or Mr. Black, and he cannot pursue them here. There is simply no federal jurisdiction for such claims against either Mr. Salas or Mr. Black (or, for that matter, any APFA Defendant) on this basis. The motion to join Mr. Salas and Mr. Black as Defendants on an asserted breach of the Constitution claim should be denied.

Independently, because Plaintiff also asserts a federal claim for breach of the duty of fair representation involving the same conduct, Doc. 85-1 ¶ 41, any state-law fiduciary duty claim would be preempted by that federal standard. *See Vaca v. Sipes*, 386 U.S. 171, 188-92 (1967) (DFR preempts state claims); *Cooper v. TWA Airlines*, 274 F. Supp. 2d 231, 248-49 (E.D.N.Y. 2003) (claim for "aiding and abetting" alleged breach of fiduciary duty by APFA was preempted because of pending claim for DFR breach).

Mr. Vargas cannot make out a legally viable claim against either Mr. Salas or Mr. Black, and his motion to join them as Defendants should be denied.

## C.   Plaintiff Does Not Allege a Plausible Common Law Fraud Claim.

Plaintiff also brings a common law charge of fraudulent misrepresentation against Mr. Salas and Mr. Black. He generally asserts that the APFA National Officers as a group (presumably including Mr. Salas and Mr. Black) "deliberately failed to disclose documentation," and "made material misrepresentations" regarding Mr. Vargas "to the [APFA] Board of

Directors and the Executive Committee prior to [his] Arbitration," with the "intent that [the Board and Committee] would detrimentally rely on [those] facts to charge and render an arbitration award against [him]." Doc. 85-1 ¶¶ 54-55, 57-58. He contends specifically that statements made by "the National Officers … to the APFA BOD were … fraudulent." *Id.* ¶ 57. Amendment of the Complaint to add this claim against Mr. Black and Ms. Salas would be futile because Plaintiff fails to state a plausible claim against either of them.

As a threshold matter, because this state-law claim is based on the same core allegations as Plaintiff's federal claim for breach of the duty of fair representation, it is preempted by federal law. *Vaca*, 386 U.S. at 188-192.

Even if not preempted, amendment to add this count would be futile, because Plaintiff fails to state a claim. Under Rule 9, a party alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit strictly applies Rule 9 and requires the plaintiff pleading fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). Plaintiff does not come close to meeting this standard, and indeed has pled facts which *preclude* his cause of action.

To state a claim for fraudulent misrepresentation under Texas law, a plaintiff must show that: "(1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a

11

result." *JPMorgan Chase Bank, N.S. v. Orca Assets G.P., LLC*, 546 S.W.3d 648, 653 (Tex. 2018) (quotations and citation omitted). "The fourth element has two requirements: the plaintiff must show that it actually relied on the defendant's representation and, also, that such reliance was justifiable." *Id.* Fraudulent concealment likewise requires that "the allegedly defrauded party must have reasonably relied on the silence to his detriment." *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997).

Here, Plaintiff has utterly failed to plead with the requisite specificity *any* of these elements, and his effort to drag new parties into court on this slender thread should be rejected. *See VeroBlue Farms USA v. Wulf*, 465 F. Supp. 3d 633, 655 (N.D. Tex. 2020) (group pleading of fraud, even when asserting a conspiracy, does not meet Rule 9's particularity requirement); *see also Shandong Yinguang Chem. Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032-35 (5th Cir. 2010) (dismissal appropriate for failure to allege that the statement was material and false when made, and plaintiff only asserted conclusory descriptions of alleged fraud).

Moreover, and dispositively, Plaintiff specifically contends that he was not the party who relied on or was defrauded by anyone—he alleges that the APFA Board of Directors, its Executive Committee, and perhaps the neutral arbitrator were misled. Doc. 85-1 ¶¶ 54-55, 57. It is of course crucial to a claim for fraud that that "the defendant intended to induce *the plaintiff* to act upon the representation. *Orca Assets G.P., LLC*, 546 S.W.3d at 653 (emphasis added); *see also Arizpe v. Principal Life Ins. Co.*, 398 F. Supp. 3d 27, 55 (N.D. Tex. 2019) ("[T]o have standing to sue for fraud a plaintiff must be the defrauded party in a transaction."). And, despite a passing assertion that misrepresentations were made to him as well as others, Doc. 85-1 ¶ 54, Plaintiff does not allege that *he* relied on any particular statements or omissions. He cannot state a claim against Mr. Black or Mr. Salas for fraud under the Federal Rules and governing law. *See*

*Williams*, 112 F.3d at 178-79 (ordering dismissal where amended complaint did not demonstrate which portion of the asserted statements were false, why they were false, and failed "to identify specific statements made by any of the defendants").

**D.   Plaintiff Fails to State a Claim under the LMRDA Against Mr. Salas and Mr. Black.**

Plaintiff appears to assert a claim against Mr. Salas and Mr. Black under Section 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2), alleging that the collective "National Officers" of APFA "pursued charges and h[e]ld an arbitration while withholding pertinent documents … for the purpose of silencing a political faction within the union." Doc. 85-1 ¶ 38*.* Plaintiff asserts this is a violation of 29 U.S.C. § 529, which makes it 'unlawful for … any officer … of a labor organization … to fine, suspend, expel or otherwise discipline any of its members for exercising any rights to which he is entitled under … this Act." *See* Doc. 85-1 ¶ 37.

Plaintiff fails to state a claim against Mr. Salas or Mr. Black in this regard. There are no allegations regarding actions by either individual which connect them with a claim that they "discipline[ed]" Mr. Vargas at all, much less for his exercise of any right. The proposed Complaint alleges only that the "APFA National Officers granted" the two rank-and-file union members who later filed charges access to "financial records" from his term in office which related to claims of financial "impropriety." Doc. 85-1 ¶¶ 16-17. There is no assertion that Mr. Salas or Mr. Black were involved in this process, nor, significantly, could it be plausibly deemed improper to be so involved. Indeed, the internal charges filed by those members, who were exercising their own federally protected rights to seek accountability from a union officer, were largely upheld by the neutral arbitrator, who concluded after a hearing and an independent financial review that Mr. Vargas had indeed engaged in financial impropriety while in office and had breached his duty to the union in multiple respects. Doc. 85-2 at 35-37; Doc. 39-1. The two union members, not any union officer, filed the charges against Mr. Vargas; and the neutral

13

arbitrator, not any union officer, issued the award which Mr. Vargas challenges. There is no basis for any individual liability. *See Nix v. Fulton Lodge No. 2 of IAM*, 262 F. Supp. 1000, 1008 (N.D. Ga. 1967), *aff'd in part, vacated in part sub nom. Fulton Lodge No. 2 of IAM v. Nix*, 415 F.2d 212, 220 (5th Cir. 1969) ("the act of Miller individually in processing the charges is but the act of the union as a whole and he has no personal liability in this capacity. Everything done by him was completely within the scope of his duties as local president and the complaint is directed- not at the administrative carrying out of the by-laws- but at the result. He is bound by the court's order the same as any other officer, but no more so. It is only when a union official acts outside his authority that personal liability may arise.").

## CONCLUSION

For the foregoing reasons, the APFA Defendants respectfully request that Plaintiff's motion to join additional parties IMA Financial, Joshua Black, and Larry Salas be denied.

Date: May 5, 2023                    Respectfully Submitted,

                                            */s/ Sanford R. Denison*
                                       SANFORD R. DENISON
                                       Tex. Bar No. 05655560
                                       Baab & Denison, LLP
                                       6301 Gaston Ave., Suite 1403
                                       Dallas, TX  75214
                                       Tel.: (214) 637-0750; Fax: (214) 637-0730
                                       Email: denison@baabdenison.com

                                       JEFFREY A. BARTOS*
                                       D.C. Bar No. 435832
                                       ANTONIA BIRD*
                                       D.C. Bar No. 1659149
                                       Guerrieri, Bartos & Roma, PC
                                       1900 M Street, N.W. Suite 700
                                       Washington, DC 20036
                                       Tele.: (202) 624-7400; Fax: (202) 624-7420
                                       Email: jbartos@geclaw.com
                                                          abird@geclaw.com

*Application for Admission

14

*Pro Hac Vice* Forthcoming

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 5, 2023, a true and correct copy of the foregoing APFA Defendants'

Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and

for Joinder and Brief in Support was served upon all persons who have requested notice and

service of pleadings in this case via the Court's ECF system.

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com


/s/ *Sanford R. Denison*
SANFORD R. DENISON

16