**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION**

| | | |
|---|---|---|
| **EUGENIO VARGAS** | § | |
| **Plaintiff/Counterclaim Defendant** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **Case No. 4:22-CV-00430-Y** |
| | § | |
| | § | |
| **ASSOCIATION OF** | § | |
| **PROFESSIONAL FLIGHT** | § | |
| **ATTENDANTS, JULIE HEDRICK,** | § | |
| **ERIK HARRIS** | § | |
| | § | |
| | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |

---

**PLAINTIFF'S BRIEF IN SUPPORT OF SECOND AMENDED MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT AND FOR JOINDER PURSUANT TO
FED. R. CIV. P. 15(a)(2) AND 20(a)(1)**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Federal Rule[s] of Civil Procedure 20(a)(1), 15(a)(2), and local Rules 7.1, 7.2, 56.1 and 56.5.  Plaintiff Vargas, by and through the undersigned counsel, respectfully moves to join the following additional parties and claims asserted therein to the case before the court. Plaintiff filed its first amended complaint against Defendants for violations of LMRDA §§411 and 412 among other federal and state claims on February 22, 2023 [Docket No. 55-1, pursuant to Docket No. 72].  Defendants filed their answer and counterclaims against Plaintiff on March 8, 2023 [Docket No. 76].  As set forth more specifically, Plaintiff respectfully requests leave to file its second amended complaint and permissive joinder of three additional Defendants:  Larry Salas, APFA National Vice-President, and Josh Black, APFA National Secretary.

**Table of Contents**

**TABLE OF AUTHORITIES**................................................................................................2

    **Cases**...................................................................................................................................2

    **Statutes & Regulations**....................................................................................................2

    **Court Rules**.......................................................................................................................2

I.    INTRODUCTION......................................................................................................3

II.    STATEMENT OF THE CASE..................................................................................5

III.    ARGUMENTS AND AUTHORITIES......................................................................8

    A.    Applicable Law..................................................................................................8

    B. Request to Grant Plaintiff Leave to file Amended Complaint...........................10

IV.    Conclusion................................................................................................................11

## TABLE OF AUTHORITIES

### Cases

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006))……………………………..  9

*New Hope Hosp., LLC v. EH Nat'l Bank* (N.D. Tex. 2016)…………………………………..  9

*In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). *Nova Cas. Co. v. Guzman* (N.D. Tex. 2021)………………………………………………………………………………………9

### Statutes & Regulations

29 U.S.C. § 158............................................................................................................................6

29 U.S.C. §401.............................................................................................................................6

29 U.S.C. § 411........................................................................................................................1, 5

### Court Rules

Fed. R. Civ. P. 12(b). ................................................................................................................ 9

Fed. R. Civ. P. 15(a)...................................................................................................... 9

Fed. R. Civ. P. 15(a)(2). ......................................................................................... 1, 10

Fed R. Civ P. 20(a)(1) )............................................................................................. 1, 8, 11

Local Rule 7.1.................................................................................................................. 1

Local Rule 7.2.................................................................................................................. 1

Local Rule 54.1................................................................................................................ 1

Local Rule 56.5................................................................................................................ 1

## I.    INTRODUCTION

Vargas is a member in good standing of the APFA union and the Former National Treasurer. Plaintiff was charged with violations of the APFA Constitution and policy based primarily on alleged overpayments discovered by an accounting firm's review of the union's payments to Robert "Bob" Ross ("Ross"). Ross served as National President at the same time as Plaintiff served as APFA National Treasurer.  Ross negotiated a Transition Agreement with the APFA Board of Directors requiring Ross resign as National President before his tenure was over in exchange for moving expenses and all payments, he would receive had he not resigned as National President.  Ross resigned on March 1, 2018.  Plaintiff was shown only the portions of the Transition Agreement pertinent to payment, calculated the appropriate payment, and authorized the union distribute the funds. Charges were brought against Plaintiff for these payments made to Ross among other allegations.  These charges were launched under an administration and by charging parties from an opposing political faction within the union in November of 2020, and his charges were referred to the union's disciplinary proceedings.  Plaintiff prepared and defended himself in the union's internal dispute procedure ("arbitration") wherein Plaintiff subpoenaed documentation and witness testimony from the union. The internal dispute procedures resulted in

Plaintiff substantial fines and a complete revocation of his right to hold elected office within the union.   [PageID 13-51; Docket No.1-1].   Unbeknownst to Plaintiff, the union withheld documentation pertinent to the issues that would substantiate Vargas's calculations under the Ross Transition Agreement—the claim that launched the charges against the Ross Administration. The union leadership, in conjunction with the charging union members, conspired and coordinated their efforts to discredit and mar Plaintiff's reputation to discredit the opposing political faction.   Due to his alleged breach of the union constitution and policy, the union found Plaintiff to have violated his duty, subsequently banned for life from holding any union-elected positions and fined in the amount of $30,963.03.

Simultaneously, the National Officers continued to inform APFA Leadership and others that Ross and Vargas misappropriated money.  The Union asserted that Vargas and Ross conspired to be overpaid upon Ross's exit in 2018. Diversified filed a suit to and in its Original Complaint, it attached a never-before seen letter ("Confidential Memo") from the accounting review cited by Erik Harris ("Harris") the current National Treasurer and, others as the reason to bring disciplinary charges against Plaintiff.

The Confidential Memorandum states "Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines.  Consequently, these payments appear appropriate and in compliance with the transition agreement." [PageID 52-53; Docket No. 1-2].

APFA's National President, Julie Hedrick, National Treasurer, Erik Harris, National Vice-President, Larry Salas, and National Secretary, Josh Black ("National Officers") never turned over a copy of the Confidential Memorandum to the Board of Directors, the Executive Committee or

to the Plaintiff during his internal union disciplinary hearing." [PageID 2983-2997, 2998-3006; Docket No. 56-1].[1]  The National Officers intentionally deceived and misrepresented the pertinent facts to acquire a favorable arbitration award against Plaintiff. Plaintiff believes this is a result of his political opposition to an upcoming proposed merger between APFA and the Association of Flight Attendants (AFA). Plaintiff contends that withholding the Confidential Memorandum from the APFA Board of Directors, Executive Committee, and during his union disciplinary arbitration was a violation of, among other things, his right to a fair hearing under the Labor Management Reporting and Disclosure Act § 101(a)(5).   It was also a breach of the APFA National Officers fiduciary duty to the Plaintiff.

## II.   STATEMENT OF THE CASE

Plaintiff,  Eugenio Vargas ("Plaintiff") seeks damages alleging unlawful violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411, 412, *et seq.* ("LMRDA"), breach of the Association of Professional Flight Attendants Union Constitution, and Breach of Fiduciary Duty as provided for under Texas Common Law by Defendants APFA, Julie Hedrick and Erik Harris ("hereinafter Defendants") along with current National Vice-President Larry Salas and National Secretary Josh Black ("hereafter Proposed Joinder Defendants).  APFA is a labor organization covered under the LMRDA, 29 U.S.C. §401 et seq, and 29 U.S.C. § 158, *et seq.* Plaintiff is a member in good standing of APFA as defined under the LMRDA  and 29 U.S.C. § 158.

---

[1] Nena Martin was one of Vargas's union representatives in the Union Disciplinary Arbitration, and she testifies herein that she has never seen this Confidential Memorandum prior to disclosure on the date of signing the affidavit.  This establishes the fact that the Confidential Memo was not produced during the Union Disciplinary Arbitration.  Furthermore, Martin testifies that this document was not produced at the Executive Committee Hearing wherein charges were heard and voted on by the Executive Committee referring the charges to an internal Union Disciplinary Arbitration. She was also a member of the APFA Board of Directors during the year of 2020 and testifies that the APFA Board of Director's was never given or informed about this document by Erik Harris, APFA National Treasurer.

On or about January of 2016, the Plaintiff ran for office within the APFA local union elections. For clarification, Robert "Bob" Ross ("Ross") ran for National President Nena Martin ran for National Vice-President, and Eugenio Vargas ("Vargas") ran for National Treasurer.[2]

Plaintiff was elected National Treasurer, Nena Martin elected Vice-President, and Ross Elected National President ("Ross Administration"). The Ross Administration opposed a merger of the union with AFA—another multi-airline flight attendants' union. This created two political factions within APFA competing for power: Pro-APFA/AFA and Anti-APFA/AFA. In 2020, the Hedrick Administration (a Pro-APFA/AFA Administration) was elected to the National Office. Thereafter, Plaintiff was charged, hearings held, and the union ultimately fined and barred Plaintiff from ever holding office again in a deliberate attempt to suppress his association with the Ross Administration and his dissent of the Hedrick Administration and any proposed merger.[3] The Hedrick Administration continually misrepresented to the APFA leadership that the APFA Accounting Firm conducted a review and determined Ross owed the union money for overpayments and refused to pay them back. He further stated that it was a coordinated conspiracy between Vargas and Ross to receive overpayments prior to their exit from office by miscalculating payments made to themselves. The Confidential Memo directly contradicts Harris's assertions, but this document was never turned over to the APFA Board of Directors, the APFA Executive Committee, or the Arbitrator conducting the union disciplinary hearings, nor the Plaintiff.

The Confidential Memorandum was received on October 22, 2020—only one month prior to Melissa Chinery-Burns and Sandra Lee filing charges against Plaintiff on November 24, 2020.

---

[2] It should be noted that Chinery-Burns and Lee also filed charges against Nena Martin, the Vice-President during the Ross Administration, however as of October 14, 2022, the Arbitrator summarily dismissed all charges against Ms. Martin after finding that Chinery-Burns and Lee submitted false evidence to the APFA Executive Committee to procure a finding of validity, specificity, and timeliness.

[PageID 2985-2997, 2998-3006; Docket No. 56-1]. On December 1, 2020, the Executive Committee held a meeting, reviewed the charges against Plaintiff and voted that the charges were valid, specific, and timely. [PageID 3025-3028; Docket No. 56-1]. The APFA Executive Committee recommended the charges proceed to an APFA Article VII Disciplinary Arbitration in which the Plaintiff subpoenaed documents and called witnesses in a two-day hearing. At the end of the Arbitration, Plaintiff's representatives drafted a brief and submitted it to the Article VII Arbitrator and thereafter an award was issued   The APFA Board of Directors voted and accepted the Arbitration Award and for the first time in APFA history, Plaintiff's Arbitration Award was made public and emailed notice was sent via a Presidential Letter to every member within the union.

The charging parties pursued charges on behalf of the *Union*. It is the *Union* that collects the monies rendered under the Arbitration Award—the charging parties gain no monetary benefit from pursing charges. It is the *Union* that pays for the Disciplinary Hearing. It is the *Union* that conducts the Disciplinary Hearing, forwards all communications to and from the Arbitrator from the parties, chooses the Arbitrator, the location, time and date of the Disciplinary Hearing, controls and produces all documentation for the Disciplinary Hearing. It is the APFA National Treasurer that controls and maintains all records on behalf of the *Union*, thus he must testify to the accuracy of the documents.

Melissa Chinery-Burns, on February 23, 2022, married the AFA General Counsel, Joe Burns (AFA is the union vying to merge with APFA). This was only weeks prior to the issuance of an award against Plaintiff. In attendance at the Chinery-Burns Wedding includes three of the National APFA officers (shown in the photographs of the wedding) International President of AFA, Sarah Nelson, and other key APFA Board of Directors. This clearly illustrates the

connection between APFA leadership and the charging party against Plaintiff at the charging party's wedding only weeks prior to the issuance of the Arbitration Award.

APFA's Executive Committee voted—without knowledge as to the Confidential Memo—to proceed with APFA's disciplinary arbitration hearing against Plaintiff—this fact is not in dispute.  The arbitrator denied Plaintiff a fair opportunity to review and contest the evidence, to question accusers and witnesses, to object to unreliable and inadmissible evidence, and to a fair opportunity to present his case. The National Officers, including Erik Harris, ("Harris") perpetuated the misrepresentation that APFA's accounting firm Woods, Stephens, and O'Neil, conducted a review of Ross's payments and discovered Vargas overpaid Ross intentionally and Ross now refused to pay back the money.  Consequently, the arbitration resulted in the union's favorable disciplinary award.

Plaintiff was not provided the safeguards against improper disciplinary action guaranteed under the LMRDA. Withholding documentation and misrepresenting the facts to APFA leadership to procure votes in favor of Disciplinary measures, levy fines, and sanction Plaintiff is an unconscionable violation to Plaintiff's right to a fair hearing and goes beyond any rational explanation that could meet a reasonableness standard.  It rises to the level of breach of fiduciary duty to the Plaintiff.  The result of this conduct is that Plaintiff endured a Union Disciplinary Hearing, was fined, suffered reputational damage, privacy violations, and suspension from ever holding any official APFA position for the remainder of his life.   Plaintiff seeks to recover damages.  Plaintiff undeniably suffered discipline at the hands of the union as the arbitration award prohibited his right to hold APFA office again and has fined Plaintiff for monetary damages.

### III.   ARGUMENTS AND AUTHORITIES
**A.    Applicable Law**
      a.  Applicable law for joinder is best brought under Fed. R. Civ. P. Rule 20(a) for the

current circumstances.  Pursuant to Fed. R. Civ. P. Rule 20 (a), "persons may join in one action if: (1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action." (Fed. R. Civ. P. 20(a)). This case raises issues under the LMRDA, fraud, and breach of fiduciary duty claims of Plaintiff's union National Officers against Plaintiff.

      b.   Rule 20 permits the joinder of defendants if, among the other requirements, "any right to relief is asserted against them jointly, severally, or in the alternative . . . Rule 20(a)(2).  . . .  the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the same transaction, occurrence, or series of transactions or occurrences." *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). *Nova Cas. Co. v. Guzman* (N.D. Tex. 2021). Furthermore, the Northern District Federal Court held that  ". . . an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.' *Id*. (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006))." *New Hope Hospitality, LLC v. EH Nat'l Bank* (N.D. Tex. 2016)

      c.   Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the court should freely give leave to amend when justice so requires.  The Plaintiff hereby requests leave to amend his original complaint for the purpose of joining additional parties.

**B. Request to Grant Plaintiff Leave to file Amended Complaint**

The Plaintiff respectfully requests the Court to grant Plaintiff's motion to amend its complaint and allow him to join additional parties.

Attached hereto and incorporated herein for all purposes and marked as Appendix 000001-03  is the Affidavit of Eugenio Vargas supporting the facts asserted herein. (*See* Aff. Eugenio Vargas, Appendix 000001 - 003). Plaintiff discovered on April 7, 2023 that evidence exists that all four APFA National Officers received notice of the Confidential Memo in October of 2020, before charges were ever filed against Plaintiff. (See Aff. Heidi Morgan, Appendix 000004 – 061). Also included in the Appendix is the Affidavit of Heidi Morgan who testifies to a conversation with Erik Harris in which Mr. Harris revealed that he sent the Confidential Memo to the National Officers and APFA Counsel on the date he received it—this would have been on October 22, 2020. (See Aff. Heidi Morgan, Appendix 004 – 061).  All National Officers were present at the Executive Committee and the Board of Directors review of the charges and no one disclosed this document at the Executive Committee Meeting. (*See* Aff. Eugenio Vargas, Appendix 000001 - 003). Consequently, the charges against Plaintiff were voted as valid, timely and specific.  (*See* Aff. Eugenio Vargas, Appendix 000001 - 003).  The four National Officers voted at this Executive Committee meeting on whether to refer Plaintiff's charges brought against him to Arbitration. Consequently, these officers breached their fiduciary duty to Plaintiff by concealing exculpatory documentation for which they all received notice.

Plaintiff seeks the same damages, jointly and severally amongst all parties, including those Plaintiff seeks to join.  All actions and facts asserted against the APFA National Officers, Julie Hedrick and Erik Harris, are similar to those asserted against Larry Salas and Josh Black. All questions of law and fact are common to the Plaintiff as they are common to the two current

National Officers joined to the suit.  Therefore, it appears permissive joinder is appropriate under

Fed. R. Civ. P. 20(a).

Considering that the pending actions and damages are sought to be held jointly and severely,

the facts are the same, and all additional parties are proper to the current cause of action—it is

proper to grant Plaintiff's Motion for Joinder and grant leave to amend the original complaint. The

additional parties are likely to facilitate settlement due to the interest in the facts of this case, and

its potential liability.  This request is made in accordance with Federal Rules of Civil Procedure,

*Rule 15(a)(2)*.

## IV.   Conclusion

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court

grant Plaintiff leave to amend its original complaint, and file a Second Amended Complaint.

Plaintiff requests such other and further relief to which he may be justly entitled to receive.

Respectfully submitted,

K.D. PHILLIPS LAW FIRM, PLLC

By:   /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com
6010 W. Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel contacted Defendant's Counsel on July 31, 2023 via email for
conference purposes.  Defendants' Counsel is opposed to this motion.

12

## CERTIFICATE OF SERVICE

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing on this the 31st day of July 2023**.**

/s/Kerri Phillips
Kerri Phillips