IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| **EUGENIO VARGAS**<br>**Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **Case No. 4:22-CV00430** |
| | § | |
| **V.** | § | |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS, JULIE** | § | |
| **HEDRICK, ERIK HARRIS** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S SECOND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND BRIEF IN SUPPORT

---

### I.    INTRODUCTION

COMES NOW Plaintiff/Counterclaim Defendant, EUGENIO VARGAS ("Vargas" or "Plaintiff"), and files his Second Motion to Dismiss Defendant's, ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS' (hereinafter "APFA" "the union" or "Defendant") Counterclaims for relief for lack of subject matter jurisdiction, and failure to state a claim for which relief can be granted, under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and in accordance with Local Rules 7.1, 7.2, 56.3 and 56.5.[1] As grounds for support of its Motion, Plaintiff respectfully requests the court to dismiss APFA's counterclaims for relief.

---

[1] Plaintiff requests dismissal of all counterclaims asserted by his union, APFA, in its Answer and Counterclaims (Docket 11, PAGEID 87-118).

**TABLE OF CONTENTS**

I.   INTRODUCTION                                                                          1

   A.   Cases                                                                           2

   B.   Statutes & Regulations                                                          3

   C.   Court Rules                                                                     3

II.  STATEMENT OF THE CASE                                                                 4

III. ARGUMENTS AND AUTHORITIES                                                             6

   A.   Standards For Dismissal                                                         6

   B.   APFA fails to state a claim breach of fiduciary duty for which it can recover under
   LMRDA § 501

                                                           8

   C.   The Court lacks federal jurisdiction to enforce an Arbitration Award based solely on the
   Union's Constitution and Policy.                                                    12

IV.  CONCLUSION AND PRAYER                                                                 17

**TABLE OF AUTHORITIES**

**A.  Cases**

Adams-Lundy v Ass'n of Pro. Flight Attendants, 792 F.2d 1368 (5th Cir. 1986)  12, 13, 14, 16, 17

Ashcroft v. Iqbal, 556 U.S. 662 (2009)                                                    7

Collins v. Morgan Stanley Dean Witter, 224 F.3d 496 (5th Cir. 2000)                       7

Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141 (5th  Cir. 2009)                   8

Hoffman v. Kramer, 362 F.3d 308 (5th Cir. 2004)                                        9, 10

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)                            6

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)                                       7

Martin v. Local 556, Transp. Workers Union of Am., 206 F.Supp.3d 1227 (5th Cir.2016)     14

Norris v. Hearst Trust, 500 F.3d454 (5th Cir. 2007)                                       7

Ramming v. U.S., 281 F.3d 158 (5th Cir. 2001)                                    7

Spivey v. Robertson, 197 F.3d 772 (5th Cir. 1999)                                7

Tex. Gen. Hosp., LP v. United Healthcare Servs., Inc., Civil Action No. 3:15-CV-02096-M
    (N.D. Tex. Jun. 28, 2016)                                               7

United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l
Transit Auth., 163 F.3d 341 (6th Cir.1998)                                       9

### B.  Statutes & Regulations

9 U.S.C. § 185(a)                                                                4

29 U.S.C. § 101(a)4                                                             16

29 U.S.C. § 301(a)                                                            4, 6

29 U.S.C. § 431                                                                 11

29 U.S.C. § 501 et seq.                                               4, 6, 8, 9, 10, 17

29 U.S.C. § 501(a)                                                            8, 9

### C.  Court Rules

Fed. R. Civ. P. 12(b)(1)                                                        1, 7

Fed. R. Civ. P. 12(b)(6)                                                        1, 7

Local Rule 7.1                                                                    1

Local Rule 7.2                                                                    1

Local Rule 56.3                                                                   1

Local Rule 56.5                                                                   1

Local Rule 56.5                                                                   1

## II.   STATEMENT OF THE CASE

Defendant, APFA, is a labor organization representing American Airlines Flight Attendants.  APFA seeks damages alleging violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501, et seq. ("LMRDA"), breach of fiduciary duty, and seeking enforcement of the APFA Constitution under 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) by enforcing the Disciplinary Award.  Vargas is a member and former National Treasurer of APFA from April 1, 2016 to July 1, 2018.

At the end of February 2018, Vargas was the National Treasurer of APFA serving with Nena Martin as Vice-President, Robert "Bob" Ross as President, and Marcie Dunaway as National Secretary (the "Ross Administration").  Ross was approached by APFA's attorney, Mark Richards with the law firm Phillips, Richards & Rind, P.C. to discuss his voluntary resignation from office. Ross told Mr. Richards that he would resign early provided that APFA "made him whole."  In negotiating a transition agreement, Ross demanded that APFA pay his full salary, benefits, and his accrued and unused sick and vacation days.  Additionally, Ross negotiated $10,000 toward moving expenses to move his family back to California from Texas.  Ross informed Mr. Richards that he would resign provided he was paid the same as the prior APFA National President, Laura Gladings, was paid under her transition agreement ("Gladings Transition Agreement") with the additional moving expenses.  Mr. Richards drafted Ross's exit agreement and it was signed by Ross and the APFA Board of Directors. ("Transition Agreement").   Due to a confidentiality clause in the Transition Agreement, Mr. Richards disclosed only those sections relating to payment to Eugenio Vargas, National Treasurer of APFA during Ross's administration ("Vargas") and APFA Accountants.  APFA staff accountants consulted with Vargas regarding the calculation of Ross's

payments under the Transition Agreement and recommended a similar calculation and structure as that used for the Gladings Transition Agreement.

In 2020, APFA members, Melissa Chinery-Burns ("Chinery-Burns") (spouse to AFA General Counsel, Joe Burns) and Sandra Lee ("Lee") brought charges on behalf of the union claiming that Ross was overpaid under the Transition Agreement. The Defendants and charging-members contend that these payments were over-payments and argued that Ross and Vargas violated the APFA Constitution. Ross allegedly violated the APFA Constitution for failing to repay the overpayment debt, and Vargas allegedly violated for making these alleged over-payments to Ross. Thereafter, Nena Martin, the Vice-President under the Ross Administration, was charged for approving the alleged over-payments calculated and authorized by Vargas—Nena Martin was subsequently dismissed on all charges asserted by the union in Arbitration.

A disciplinary hearing was held, Plaintiff subpoenaed documents relating to the charges, and—only after an Arbitration Award was issued against Plaintiff—did he discover that the National Officers withheld vital exculpatory documents during the union Arbitration process. Furthermore, subpoenaed witnesses—namely the National Officers—refused to appear or testify. Additionally, the Defendants intimidated witnesses to ensure an award was issued against Plaintiff for breach of the APFA Constitution. The result of this "kangaroo court" is an Arbitration Award with damages alleging over $30,963.03..

APFA conducted the Arbitration hearing in such a way that denied Plaintiff a fair opportunity to be heard. The award goes beyond the scope of remedies sought on behalf of the union and issues $30,963.03.in disciplinary fines, expenses incurred, costs of an accounting firm's

audit expenses, and Plaintiff's income he was allegedly overpaid. Yet no admissible evidence was ever produced representing the accounting firm's review.

Plaintiff filed claims for violations of the Member's Bill of Rights under the LMRDA for lack of a fair hearing and unfair discipline for exercising his right to free speech and association, among other claims. Defendant filed counterclaims and now seek damages for breach of fiduciary duty under 29 U.S.C. §501 for alleged payments made and received while Plaintiff was a National Officer that violate the APFA Constitution and APFA Policy, and enforcement of the Union Disciplinary Award under 301(a) LMRA breach of an inter-union contract or collective bargaining agreement.[2]

### III.   ARGUMENTS AND AUTHORITIES

#### A.  Standards For Dismissal

Federal courts are courts of limited jurisdiction. It is presumed that any given cause of action is "a cause [that] lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to FRCP 12(b)(1), any claim for which federal courts lack subject matter jurisdiction shall be dismissed per FRCP 12(h)(3). The party asserting claims

---

[2] The Court should note the previous statements made by Defendants' Counsel on record (Ross Dkt. No. 83). Defendant's counsel argues it cannot, and will not, settle the claims pending before this Court while its claims persist. APFA contends that it must pursue the Ross Administration. Defendants argue settlement of any kind would violate federal law breach of fiduciary duty and the governing union's rules—even if settlement is in the union membership's best interest. Consequently, this Court should consider the Ross Administration's position. Plaintiff has no other option, but to exercise his rights to recover for Defendants' misconduct—as well as the rest of the Ross Administration—for the sake of their families, their reputations, and their careers. The Court should also note that APFA continues to pursue Nena Martin and Marcie Dunaway by ordering additional audits of their expenses. This was announced within the last month, despite these pending claims before this Court. Nena Martin previously won in Arbitration on these exact claims last fall. To date, APFA has not audited any other administration except for the Ross Administration. Most notably, December is when new candidates, like Nena Martin, will announce their intent to run for National Office next year.

under federal law bears the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992); *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Courts determine subject matter jurisdiction under FRCP 12(b)(1) based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. Finally, "[w]hen a Rule 12 (b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12 (b)(1) jurisdictional attack before addressing any attack on the merits." Id. at 161.

To survive a motion to dismiss under FRCP 12(b)(6), the *Twombly* rule requires that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The Plaintiff must assert more than mere legal conclusion, as "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Id. at 663. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

This Court phrased the standard of review for a Rule 12(b)(6) motion as one in which:

> "the Court generally cannot look beyond the pleadings. The pleadings include the complaint and any documents attached to it. If documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims, but not attached, a defendant can attach them to a motion to dismiss and they will be considered. *Id.* In deciding a motion to dismiss, the Court may also consider matters of public record without converting the motion into one for summary judgment." *Tex. Gen. Hosp., LP v. United Healthcare Servs., Inc.,* Civil Action No. 3:15-CV-02096-M (N.D. Tex. Jun. 28, 2016) (citing *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

This strict standard of review considers "whether in the light most favorable to the plaintiff

7

and with every doubt resolved on his behalf, the complaint states any valid claim for relief."

*Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141 (5th Cir. 2009).

APFA asserts federal jurisdiction over its counterclaims through 28 U.S.C. §1337 (acts regulating interstate commerce), 28 U.S.C. § 1331 (federal question), 28 U.S.C. §2201 (declaratory judgments).  APFA also asserts federal jurisdiction under 29 U.S.C. § 185 (breach of an interunion contract or collective bargaining agreement), and 29 U.S.C. §501 (member's claim for breach of fiduciary duty under LMRDA).

The only two valid grounds for subject matter jurisdiction are 29 U.S.C. § 185 (breach of an interunion contract or collective bargaining agreement), and 29 U.S.C. §501 (member's claim for breach of fiduciary duty under LMRDA) are addressed below.

### B. APFA fails to state a claim breach of fiduciary duty for which it can recover under LMRDA § 501.

APFA asserts a breach of fiduciary duty claim against Plaintiff for "in paying and accepting payment of monies from APFA while National Treasurer which the Arbitrator has found in his Decision and Order issued pursuant to Article VII of the APFA Constitution, in violation of the APFA Constitution and Policy Manual, and in refusing to repay half of the Arbitrator's fee to APFA, Vargas has breached his fiduciary duty owed to APFA under Section 501(a) of LMRDA, 29 U.S.C. § 501(a)." *(See* Def. 2d Am. Answer and Counterclaims Doc. 76, PAGEID 3255).

Controlling case law requires something more than an action involving business decisions, budgeting, or general administration by the union officers to substantiate establish a breach occurred under 29 U.S.C. §501.  The 5th Circuit held that:

> ***Section 501(a). . . does not permit these derivative actions for dereliction of employment duties.*** Disputes over whether elected union officials are adequately performing their employment obligations are matters usually to be worked out within the union and its

governing structure and not in the federal courts. (*Hoffman v. Kramer*, 362 F. 3d 308, 322 (5th Cir. 2004).

The 5th Circuit emphasizes further that:

> We agree . . . that disagreements over the wisdom or appropriateness of particular administrative . . . decisions are usually not amenable to suit under the LMRDA. Indeed, most of these matters are the sort of "internal union grievances" properly left to be worked out via union democratic processes (as they eventually were here) and not by a federal court sitting as a sort of "super-review board." (*Hoffman,* 362 F. 3d at 322 citing *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.,* 163 F.3d 341,475 (6th Cir.1998)).

The *Hoffman* Court requires more than standard business conduct following standard procedures to establish a breach under 29 U.S.C. §501.  *Hoffman v. Kramer*, 362 F. 3d 308 at 322.

In fact, the *Hoffman* Court addresses specifically a claim under LMRDA  § 501(a)  against union leadership for violations of the union's constitution and bylaws where the 5th Circuit very clearly states that "This conduct was allegedly in violation of the SWAPA Constitution and Bylaws. While a serious allegation, if true, we do not think that these facts constitute an actionable violation of the duties embodied in § 501(a)." *Hoffman v. Kramer*, 362 F.3d 308 (5th Cir. 2004).

The conduct asserted against the Ross Administration includes (1) the business expenses alleged to be outside those permitted under APFA's Policy, and (2) alleged overpayments made under the Ross Transition Agreement.  (*See* Def. 2d Am. Answer and Counterclaims Doc. 76, PAGEID 3258-3259).

The expenses incurred and approved by the union are not payments made and received by the Ross Administration.  However, APFA maintains procedures to review and approve expenses that are covered by the APFA Constitution and Policy—including approval by two National Officers and a review by the in-house APFA accountants.  It is undisputed that expenses and payments made with union funds during the Ross Administration followed APFA procedures.

9

Rather, APFA argues Plaintiff breached his duty for either his approval for those expenses, or for his refusal to reimburse these previously-approved expenses. This, APFA contends, forms the basis of Plaintiff's alleged breach of fiduciary duty. Unfortunately, it is entirely founded on business decisions at the time the expenses were both incurred—those decisions regarding which expenses incurred fall within the scope of the APFA Policy—and approved—those decisions approving which expenses incurred fall within the APFA Policy. Defendant failed to indicate how Plaintiff's conduct was adverse to the interests of the union as a whole. These business decisions cannot rise to the level of a breach of fiduciary duty according to the *Hoffman* ruling by the 5th Circuit Court of Appeals. Any subsequent refusal to reimburse for the expenses fails to rise to the level of a breach of fiduciary duty as this did not occur until well after the Ross Administration left office in 2018. Therefore, in accordance with the 5th Circuit's elimination of any business decisions that give rise to a breach under §501, any accusation that the Ross Administration approved or received "wrongful payments" fails to establish a breach of fiduciary duty.

The Transition Agreement payments calculated and made to Ross occurred after it was signed on March 1, 2018—the date Ross left office—at which time he no longer held a fiduciary duty. Therefore, these payments, even if miscalculated, occurred when Ross no longer held a fiduciary duty to breach. Furthermore, the National Treasurer's calculation of payments made under the Ross Transition Agreement fall squarely within the duties of his position, to manage the APFA union funds and assets. Therefore, the calculation and payments made to Ross while Vargas was in office was a business decision slated as one of his primary responsibilities under the APFA Constitution Art. III, Sec. 6 (E). This conduct, again, fails to rise to the level of a breach under the *Hoffman* rule as it is well within his responsibilities as the National Treasurer—not to mention

there is absolutely no evidence that Vargas ever stood to gain any financial benefit by overcalculating and overpaying Ross, even if he did.

The independent accounting firm of Woods, Stephens, and O'Neil, L.L.P. conducts annual audits of all expenditures made with APFA funds. The final audit report is submitted to the four National Officers, who submit it to the APFA Board of Directors for a final review and approval. This annual audit is conducted by an outside accounting firm who coordinates with APFA accounting staff and National Officers to draft the LM-2 Report. The United States Department of Labor requires the LM-2 Financial Report to indicate any loss of union assets or funds each year. The LM-2 Financial Report is required under 29 U.S.C. § 431 and are signed under penalty of perjury by the National Officers of APFA. Any malfeasance, theft, or misappropriation of funds or assets on behalf of the union must be reported to the U.S. Department of Labor.[3] Therefore, if the Ross Administration had misappropriated funds, APFA must report this loss to the Department of Labor.  It is clear from review of the LM-2 question 13 indicates no discovery of any shortage or loss suffered by the union since 2018—when the Ross Administration filed the LM-2 reporting loss of furniture that was fully reimbursed.

APFA National Treasurer signed the LM-2 stating that the union suffered no loss within the last four years.  Furthermore, the only loss reported to the United States Department of Labor

---

[3] The LM-2 Filings require reporting any misappropriation, shortage, or theft of funds discovered within that year to the U.S. Department of Labor. **See Question 13 on page 1 and Question 69 for Additional Information Summary on the following LM-2 Filings by APFA.**  No theft or shortages were reported except for a stolen credit card in 2016 and furniture that was fully reimbursed in 2018. Clearly illustrating no misappropriation or theft was ever discovered by the union since 2018.  The LM-2 are signed by the APFA National Officers under penalty of perjury.
2022 - https://olmsapps.dol.gov/query/orgReport.do?rptId=840723&rptForm=LM2Form
2021 - https://olmsapps.dol.gov/query/orgReport.do?rptId=773865&rptForm=LM2Form
2020 - https://olmsapps.dol.gov/query/orgReport.do?rptId=731533&rptForm=LM2Form
2019 – https://olmsapps.dol.gov/query/orgReport.do?rptId=709508&rptForm=LM2Form
2018 – https://olmsapps.dol.gov/query/orgReport.do?rptId=679829&rptForm=LM2Form
2017 – https://olmsapps.dol.gov/query/orgReport.do?rptId=650505&rptForm=LM2Form
2016 – https://olmsapps.dol.gov/query/orgReport.do?rptId=628943&rptForm=LM2Form
2015 – https://olmsapps.dol.gov/query/orgReport.do?rptId=594782&rptForm=LM2Form

includes fraud on an officer's credit card in 2016, and loss of furniture that was reimbursed in 2018.[4]  Consequently, all other LM-2s on public record indicate the union suffered no loss of its funds—let alone indicate discovery of any alleged breach of fiduciary duty.  Since the LM-2 Reports are filed under oath by the union and signed by the National Officers—this testimony exemplifies that APFA fails to establish any damages for its alleged breach of fiduciary duty.

### C.  The Court lacks federal jurisdiction to enforce the Union's Constitution and Policy.

In terms of enforcement or collection of APFA's arbitration award, Plaintiff previously asserted that controlling precedent prohibits any such action by this Court because the arbitration award relies solely on the APFA Constitution.  *Adams-Lundy v. A.P.F.A,* 792 F.2d 1368, 1370 (5th Cir. 1986) ("*Adams-Lundy II*").[5]  In *Adams-Lundy v. APFA*, the 5th Circuit Court reviewed injunctions issued by *this* Court against *this* Defendant for precisely *this* same reason.  The 5th Circuit vacated the District Court's orders to enforce an arbitration award based on APFA's Constitution.  *Adams-Lundy II*, 792 F.2d  at 1373.  Ironically, the union at issue in *Adams-Lundy* is the same union at issue before this Court—the Association of Professional Flight Attendants ("APFA").  Id. at 1373.   The 5th Circuit ruled that ". . . the federal courts are without jurisdiction

---

[4] The LM-2 Filings require reporting any misappropriation, shortage, or theft of funds discovered within that year to the U.S. Department of Labor. See Question 13 on page 1 of the following LM-2 Filings by APFA.  The only years theft or shortages were reported were in 2018 and 2016. Clearly illustrating no misappropriation or theft was ever discovered by the union since 2018.  The only loss reported is the loss of furniture that was paid back on the 2018 LM-2 Report (notes on the last page of the LM-2 about the specific loss) and fraudulent charges on an officer's credit card reported on the 2016 LM-2 Report.  The LM-2 are signed by the APFA National Officers under penalty of perjury.
2022 - https://olmsapps.dol.gov/query/orgReport.do?rptId=840723&rptForm=LM2Form
2021 - https://olmsapps.dol.gov/query/orgReport.do?rptId=773865&rptForm=LM2Form
2020 - https://olmsapps.dol.gov/query/orgReport.do?rptId=731533&rptForm=LM2Form
2019 - https://olmsapps.dol.gov/query/orgReport.do?rptId=709508&rptForm=LM2Form
2018 – https://olmsapps.dol.gov/query/orgReport.do?rptId=679829&rptForm=LM2Form
2017 – https://olmsapps.dol.gov/query/orgReport.do?rptId=650505&rptForm=LM2Form
2016 – https://olmsapps.dol.gov/query/orgReport.do?rptId=628943&rptForm=LM2Form
2015 – https://olmsapps.dol.gov/query/orgReport.do?rptId=594782&rptForm=LM2Form
[5] In this case the 5th Circuit Court of Appeals vacated an injunction issued by the ND TX district court enforcing an arbitration award based solely on the APFA constitution and holding "We hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders.").

to enforce an arbitration award that is based solely on an internal union constitution.  It was therefore an error for the district court to enter an order enforcing the arbitrator's award and to enter a preliminary injunction in support of the arbitration award and orders. . . .." Id. at 1373. The 5th Circuit Court of Appeals vacated all orders on appeal and remanded the case back to the district court to render a ruling consistent with its opinion. Id. at 1373. The court should note that the orders entered in this case were injunctive orders enforcing the arbitration award that resulted in Plaintiff's case—the exact same fact pattern, issues, and even the same union at issue in this case as it is in the *Adams-Lundy* case.

Defendant's claims—both breach of fiduciary duty as well as its claim to enforce its arbitration award—rest solely on the basis of Plaintiff's alleged breach of APFA Constitution and APFA Policy.  The 5th Circuit makes very clear that federal jurisdiction does not exist over laws and policies created by a union to self-govern.  The breach of fiduciary duty claims are based on alleged payments made and received that allegedly violate APFA Constitution and Policy—not federal or state law.  Without indicating that payments made and received by Plaintiff violated some sort of law, then this claim is merely founded on those rules the union creates and enforces for self-governance, and the political whimsy of union politics could potentially wreak havoc on federal courts if they were, in fact, allowed to enforce rules created outside of the law.  These claims simply waste the valuable time and resources of our federal judicial system.

Here, Defendant seeks an injunction enforcing the arbitrator's award based solely on the very same union's constitution in *Adams-Lundy*.[6] (Def. 2d Am. Answer and Counterclaims Doc. 76, PAGEID 3264-3265).  The cases are identical.   The 5th Circuit stated that "[t]he rights

---

[6] Note that APFA's prayer requests a judgment and injunctive relief in favor of APFA ordering Ross to abide by and enforce the Arbitrator's Award.

13

adjudicated by the arbitrator were thus not LMRDA rights, but a type of contractual rights provided for union officers in an agreement between the union and its members, the constitution of the APFA.  A union's violation of its own constitution is not per se a violation of the LMRDA, and a federal court has no jurisdiction to enforce union constitutions and by-laws as such." *Adams-Lundy II,* 792 F.2d  at 1373; *Martin v. Local 556, Transp. Workers Union of Am.*, 206 F.Supp.3d 1227.

The APFA Constitution, Article 7, Section 1 outlines the eight possible charges that one member may bring on behalf of the union against another.  The APFA Constitution states:

> Section 1.  Any member is subject to fine, suspension or expulsion, or suspension from or removal from office, for any of the following acts:
>
> F.      Willful violation of an express Article of this Constitution, or of a proper and express written resolution or policy of the Board of Directors or the Executive Committee. . . ." (APFA Const. Art. VII, Sec. 1(F); Doc. 53, APPENDIX 45).

The Article VII Arbitrator is empowered to decide all charges referred to him under Art. VII of the APFA Constitution.  Defendants concede this fact, as it is asserted in Defendant's Amended Answer. (Def. 2d Am. Answer and Counterclaims Doc. 76, PAGEID 3258-3259). Consequently, the Article VII Arbitration forum facilitates the union's ability to self-govern the rules spelled out in its Constitution and Policy, not to hear and impose causes of action grounded in the law.

Chinery-Burns and Lee state in their charges against Plaintiff that he allegedly violated Section 1F of the APFA Constitution. (Pl. Resp. to M. for Summ J., Doc.  53 APPENDIX 59- 67). This section states that a member may bring charges against another for willful violations of the APFA Constitution and Policy. (Pl. Resp. to M. for Summ J., Doc.  53 APPENDIX 59- 67). The charges list solely those sections of APFA's Constitution and Policy that Plaintiff allegedly

willfully violated. (Pl. Resp. to M. for Summ J., Doc. 53 APPENDIX 59- 67). The charges lay out the foundation for the Arbitration Award's jurisdiction—the APFA Constitution and Policy. Plaintiff clearly admits that the Arbitration Award is issued against Plaintiff based solely on the APFA Constitution in its Second Amended Answer.[7] (Def. 2d Am. Answer and Counterclaims Doc. 76, PAGEID 3255).

Additionally, the Arbitration Award cites grounds for the charges and its jurisdiction under the APFA Constitution Art. VII, Sec. 1F, as well as those sections of the APFA Constitution and Policy which root the charges to the jurisdictional authority. (Pl. Original Complt, Doc. 1-1, PAGEID 16-19). The Arbitrator states fiduciary duty violations, however, the Arbitrator only cites APFA's Constitution, Art. 1, Sec. 7E definition of "Duty" as the basis for such a duty owed. (Pl. Original Complt, Doc. 1-1, PAGEID 16), Notably absent from the Arbitration Award is any citation or reference to any cause of action brought under federal law. (Pl. Original Complt, Doc. 1-3, PAGEID 16).

Defendant's Arbitration Award against Plaintiff is based solely on the APFA Constitution. (Def. 2d Am. Answer and Counterclaims Doc. 76, PAGEID 3255). The Article VII Arbitration has no authority or jurisdiction to analyze and decide those issues contained outside of the APFA Constitution or Policy. Clearly opposing counsel will assert that the Arbitration Award is founded on legal application and interpretation of claims like breach of fiduciary duty, malfeasance, or misappropriation under LMRDA. However, the APFA Constitution does not confer authority to interpret and apply any civil laws, and this court should take judicial notice of the Arbitration

---

[7] "In his Decision and Order construing the APFA Constitution and Policy Manual, the Arbitrator found that Plaintiff/Counter Claim Defendant Eugenio Vargas ("Vargas"), while holding the office of National Treasurer of the APFA, had engaged in numerous acts of financial misfeasance, fraud, and misappropriation of APFA funds in violation of the APFA Constitution and Policy Manual and his fiduciary duty both as an officer and member of the APFA."

Award's citation of the applicable rules and laws. (Pl. Original Complt, Doc. 1-1, PAGEID 16). In particular, the Arbitration Award cites the violations as follows:

> "The facts in this matter center on Defendant Ross assuming office as the APFA National President and moving to Dallas, TX during the months of April 2016 through October 2016. Defendant Ross is alleged to have misused the APFA credit card on several matters during his term in office.
>
> Plaintiff alleged in the Article VII grievance and heard are described as follows:
>
> Defendant is charged with eight **(8)** specific violations of the Policy Manual and the APFA Constitution." (Pl. Original Complt, Doc. 1-1, PAGEID 16).

The Award goes on to cite various pertinent portions of the APFA Constitution and Policy that form the foundation of the charging party's claims.   At no time does the Arbitrator cite any case law or statute that Plaintiff violated.  Furthermore, the APFA Constitution only grants authority to the Arbitrator to interpret and enforce the APFA Constitution and Policy.  The Arbitrator has no right to enforce state or federal claims, criminal claims, civil claims—the APFA Constitution cannot force its members to waive their right to a jury trial per LMRDA §101 (a)(4).[8]

The citations to the relevant rules used for issuance of the Award establish the authority and grounds for the disciplinary action.  At no point within the Award does the Arbitrator cite any legal grounds for issuance of its Award—only APFA Constitution and Policy.  Any rendition of an Award by the Article VII Arbitrator shall not be enforced in the federal courts as it is based solely on the APFA Constitution and Policy.

The *Adams-Lundy* precedent controls the case before this court.   The 5th Circuit Court held that federal jurisdiction does not exist to enforce an arbitration award based solely on APFA's Constitution. The 5th Circuit Court's ruling in the *Adams-Lundy* case is an insurmountable hurdle

---

[8] LMRDA Section 101(a)(4) requires the "PROTECTION OF THE RIGHT TO SUE.-- No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency. . . ."

which the Union cannot overcome.   APFA's counterclaims are barred as a matter of law for lack of jurisdiction.

## IV.   CONCLUSION AND PRAYER

In conclusion, Defendant failed to state a claim for recovery under LMRDA §501 because—as demonstrated above—the Plaintiff had no duty as of the date of any alleged overpayments, the conduct Defendant complains of consists of business decisions which fail to rise to a breach of fiduciary duty, and Defendant testified in the U.S. Department of Labor LM-2 Financial Reports that the union suffered no loss or damage since 2015. Furthermore, the Court has no jurisdiction to enforce the Arbitration Award or a federal breach of fiduciary duty claim based solely on a Union Constitution, as determined by the 5th Circuit Court in the *Adams-Lundy* case. For the reasons stated herein, Plaintiff requests that the Court grant Plaintiff's Second Motion to Dismiss Defendant's Counterclaims for Relief.

Respectfully submitted,

K.D. PHILLIPS LAW FIRM, PLLC

By:  /s/  Kerri  Phillips
Kerri Phillips
Texas  Bar  No.  24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that the true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing **on this the 29th  day of August 2023.**


Jeff Bartos
Charlette Matts

/s/  Kerri Phillips
Kerri Phillips, Esq.
