IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EUGENIO VARGAS, § § § Plaintiff/Counterclaim Defendant, § v. § § ASSOCIATION OF PROFESSIONAL § FLIGHT ATTENDANTS, *et al.*, § § Defendants/Counterclaim Plaintiff. § | Civil Action No. 4:22-cv-430-Y  Judge Terry R. Means |

**AMENDED ANSWER OF THE
ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,
JULIE HEDRICK AND ERIK HARRIS**
and
**AMENDED COUNTERCLAIM OF THE APFA**

Defendants the Association of Professional Flight Attendants ("APFA"), APFA National President Julie Hedrick and APFA National Treasurer Erik Harris (collectively herein, "Defendants") hereby Answer Plaintiff's Amended Complaint (doc. 55-1) and APFA asserts its Amended Counterclaim against Eugenio Vargas.

Pursuant to Rule 8, Fed. R. Civ. P., the Defendants respond to the numbered paragraphs of the Amended Complaint as follows:

1. Defendants admit that Plaintiff asserts claims under the cited federal law and various state laws, but deny that any "unlawful union practices", torts or other violations of law or contract occurred with regard to Mr. Vargas as alleged in the Amended Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendants admit that Plaintiff brings a claim under the Labor Management Reporting and Disclosure Act, but denies the remainder of the allegations in this paragraph.

8. Denied.

9. Denied.

10. Defendants admit that Bob Ross was elected APFA National President in 2016, and lack knowledge sufficient to admit or deny the remaining allegations of this paragraph.

11. Defendants admit that Mr. Vargas was elected APFA National Treasurer, but deny the remaining allegations in this paragraph.

12. Defendants admit the allegations in this paragraph except to state that they lack knowledge sufficient to admit or deny the assertion that Mr. Vargas "supported the National President."

13. Defendants admit that in 2019, APFA members Chinery-Burns and Lee undertook an investigation into Mr. Ross and his administration, including Mr. Vargas. Defendants deny the remaining allegations in this paragraph.

14. Defendants admit that members Chinery-Burns and Lee were allowed to view certain APFA financial records pursuant to their request, but deny that these records included any "private" or "personal" documents as alleged in this paragraph. The remaining allegations in this paragraph are also denied.

15. Defendants admit that charges under Article VII of the PAFA Constitution were filed against Mr. Vargas in September 2019, and were determined to be untimely. Defendants

admit that in November 2020 different charges were filed and were determined to be timely, specific and valid and resulted, after a full hearing, in an arbitration award by a neutral arbitrator.

16. Defendants refer the Court to the text of the APFA Policy Manual and Constitution for its terms, and otherwise deny the allegations of this paragraph.

17. Defendants admit that charges were brought by members Chinery-Burns and Lee against Mr. Vargas, and refer to the charging document for a complete statement of its contents.

18. Defendants admit that they retained an independent accounting firm regarding overpayments to Mr. Ross and others in his administration, but deny the remaining allegations in this paragraph.

19. Denied.

20. Denied.

21. Defendants refer the Court to Article VII of the APFA Constitution for a complete statement of the procedures thereunder, and otherwise deny Plaintiff's characterization thereof.

22. Defendants refer the Court to Article VII of the APFA Constitution for a complete statement of the procedures thereunder, and otherwise deny Plaintiff's characterization thereof.

23. Defendants deny the allegations in this paragraph except to admit that charges were filed in September 2019 and were found to be untimely, and that charges were filed again in November 2020 and were found to timely and became the subject of an Article VII arbitration.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendants incorporate their responses to paragraphs 1-27 as their response to this paragraph.

29. Paragraph 29 states a legal conclusion to which no response is required.

30. Paragraph 30 states a legal conclusion to which no response is required.

31. This first sentence of paragraph 31 states a legal conclusion to which no response is required. Defendants deny the allegations in the second sentence of this paragraph.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations of this paragraph.

37. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations of this paragraph.

38. This paragraph states a legal conclusion to which no response is required.

39. This paragraph states a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations of this paragraph.

40. Denied.

41. Defendants incorporate by reference their responses to each of the preceding paragraphs.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendants incorporate by reference their responses to each of the preceding paragraphs.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

Defendants further deny all allegations in the remaining unnumbered paragraphs of the Amended Complaint , and specifically deny that Plaintiff is entitled to any of the relief sought, or that he suffered any damages or other harm whatsoever.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject-matter jurisdiction over Plaintiff's claims.

2. The Amended Complaint fails to state a claim upon which relief may be granted.

3. The individual Defendants, elected union representatives, are not liable to Plaintiff for actions taken in their official capacity.

4. Plaintiff has failed to exhaust mandatory internal union remedies prior to filing suit.

5. Plaintiff's state-law claims are preempted by federal law.

6. Plaintiff's claims are barred by final and binding arbitration decisions.

7. Plaintiff's claim for injunctive relief is barred by the doctrine of unclean hands.

8. Plaintiff has failed to plead fraud with particularity.

9. Plaintiff did not rely on any alleged misrepresentations to his detriment.

9. Plaintiff's challenge to the Article VII Arbitration is barred by the doctrine of waiver.

10. The Article VII Arbitration fully complied with the requirements of the Labor-Management Reporting and Disclosure Act.

## FIRST AMENDED COUNTERCLAIM

This First Amended Counterclaim is brought by the Association of Professional Flight Attendants (APFA") pursuant to Section 501 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, against Eugenio Vargas for breach of the fiduciary duty he owed while serving as APFA National Treasurer. APFA seeks to recover all amounts awarded by the arbitrator in a final and binding arbitration in which Mr. Vargas was found to have improperly expended and received union funds in violation of his fiduciary duty. In addition, the APFA seeks its costs and attorney's fees incurred in bringing this action.

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367; and 29 U.S.C. § 501.

## PARTIES

2. The APFA is a labor organization which serves as the exclusive collective bargaining representative of the Flight Attendants employed by American Airlines, Inc.

3. Eugenio Vargas is an APFA member who served as National Treasurer of APFA from April 2016 to July 2018.

## ALLEGATIONS

4. The APFA represents over 25,000 Flight Attendants employed by American Airlines, throughout the United States, pursuant to the Railway Labor Act. The internal affairs of APFA are governed by the LMRDA, 29 USC § 401 *et. seq*., a written Constitution and Policy Manual, which are binding on the APFA, its officers and members.

5. Pursuant to the APFA Constitution, the duties of the APFA National Treasurer, both now and during the tenure of Mr. Vargas, included that they "shall be responsible for the care and custody of the funds … of the APFA."

5. Under federal law, union officers "hold positions of trust" and owe a fiduciary duty to the union and its membership as a group. That duty includes "the duty …, taking into account the special problems and functions of a labor organization, to hold its money … solely for the benefit of the organization and its members and to … expend the same in accordance with its constitution and bylaws." 29 U.S.C. § 501(a).

6. The APFA's Constitution, which Mr. Vargas swore an oath to uphold, contains, in Article VII, a process for union members to challenge misconduct by elected officers as well as other union members. Among the grounds on which a member may file charges are "Theft or embezzlement of Association monies or property" and "Willful violation of an express Article of this Constitution, or of a proper and express written resolution or policy of the [APFA] Board of Directors or the Executive Committee."

7. To seek internal adjudication of such allegations, a member may file written charges against another member with the APFA, which filing triggers a series of steps including review by the APFA's Executive Committee for "timeliness, specificity and validity." Should the Executive Committee determine that these threshold elements are satisfied, the charges must then

be forwarded to a neutral "Article VII Arbitrator." That Arbitrator "shall have power to resolve all charges referred to him/her," including the power to determine the timeliness and validity of charges, as well as to dismiss charges either upon motion or even without a hearing. The Arbitrator's decision is "final and binding upon the accused and the accuser." Art. VII, §§ 3, 6.

8.  APFA's Policy Manual sets out in detail the procedures for Article VII arbitrations, and includes a requirement that parties exchange documents and witness lists in advance of the hearing; a provision for the subpoenaing of witness and documents "upon the request of any party;" and for the creation of a stenographic record of proceedings.

9.  In November 2020, two rank-and-file APFA members, Melissa Chinery and Sandra Lee, filed Article VII charges against Mr. Vargas, based on Mr. Vargas's actions while serving as APFA National Treasurer. The charges included: violations of APFA's "Meal Expense Policy"; failure to maintain an inventory of union assets; allowing himself and other officers to receive "inflated" payouts of sick leave and vacation when exiting office; and violating APFA credit card policy. The charges were found by the APFA Executive Committee to be "timely, specific and valid," and were therefore assigned to Article VII Arbitrator Ruben Armendariz. Mr. Armendariz is a distinguished Neutral with over two decades of experience as a labor arbitrator. He also sits on the prestigious Board of Governors of the National Academy of Arbitrators.

10. Arbitrator Armendariz held hearings on the charges against Mr. Vargas over three days in September 2021. Each side submitted documentary evidence and testimony, including seven witnesses who testified on behalf of Mr. Vargas. Each side submitted post-hearing briefs as well, after which the Arbitrator issued a 39-page written decision.

11. Arbitrator Armendariz adopted Mr. Vargas's argument regarding the appropriate standard under the APFA Constitution regarding Article VII charges, and held that "in order for the Plaintiff to meet its burden of proof, it must not only be a 'willful' violation, but such proof must be supported with clear and convincing evidence."

12. Applying that standard, the Arbitrator then assessed each category of charges brought against Mr. Vargas. Two categories of charges were dismissed, two were held to "have merit"; and one was "remanded" to APFA to conduct an audit of Mr. Vargas's credit card charges. More specifically, the Arbitrator concluded that "Vargas did fail in his fiduciary duty as National Treasurer to prepare an inventory list to maintain union assets", and also "violated his fiduciary duty" by "attempt[ing] to benefit monetarily … by willfully changing the formula for … payouts" to himself and fellow officers and "it is clear Vargas manipulated the payout formula."

13. Arbitrator Armendariz included in his order that "Vargas is prohibited from serving in any APFA National Officer position or Regional Officer position for life," and ordered him to repay APFA for half of the Arbitrator's fee. In addition, the Arbitrator ruled that "Vargas is ordered to repay APFA for all meals he charged to the APFA credit card" if the independent audit determines that such expenses were "for his own personal use on meals."

14. APFA then retained a CPA firm to conduct a financial review of the credit card expenditures and submitted their report to Arbitrator Armendariz, who subsequently issued a "Supplemental Decision and Remedy Modification" on August 24, 2022. Based on the CPA's report, the Arbitrator found $13,914.87 in "Inappropriate credit card charges related to meals." In the "Remedy Modification" of that decision, Arbitrator Armendariz ordered Mr. Vargas to repay APFA that amount, plus 50% of the Arbitrator's Fee and the Auditor's Invoices.

15. Mr. Vargas has not repaid APFA the amounts awarded by Arbitrator Armendariz for the breach of his fiduciary duty to APFA and its members.

CLAIM FOR RELIEF

BREACH OF FIDUCIARY DUTY
29 U.S.C. § 501

16. The Labor-Management Reporting and Disclosure Act creates a federal fiduciary duty applicable to officers and other representatives of covered labor organizations, which includes the duty to hold the organization's "money and property solely for the benefit of the organization and its members and to manage … and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder." 29 U.S.C. § 501(a).

17. As National Treasurer of APFA, Mr. Vargas held a position of trust and had a fiduciary duty to the union and its membership as whole under 29 U.S.C. § 501(a).

18. As found by Arbitrator Armendariz, Mr. Vargas breached his fiduciary duty and failed to manage and expend APFA's money in accordance with its Constitution and Policy Manual.  That decision is binding upon Mr. Vargas.  Mr. Vargas breached his duty by, among other things, willfully manipulating the formula used to pay others in his administration, resulting in an unauthorized overpayment to former APFA National President Bob Ross which has yet to be recovered by APFA, and incurring over $13,000 in inappropriate credit card charges related to meals. In so doing, Mr. Vargas violated the fiduciary duty provisions of 29 U.S.C. § 501(a).

19. Mr. Vargas's breach of duty also caused APFA to suffer additional costs in the form of the fees of the Article VII Arbitration and the expenses of the audit ordered by Arbitrator

Armendariz. Mr. Vargas was ordered to pay 50% of the Arbitrator's Fee and the Auditor's Invoices, which he has failed to do.

WHEREFORE, Counterclaim Plaintiff APFA prays that this Court provide the following relief:

1. Enter Judgment in favor of APFA declaring that Mr. Vargas has violated his fiduciary duty in violation of 29 U.S.C. § 501;

2. Grant APFA injunctive relief requiring Mr. Vargas to comply with the Arbitrator's Decision and Order and Supplemental Decision and Remedy Modification in all respects;

3. Enter Judgment in favor of APFA and against Mr. Vargas in the full amount ordered by Arbitrator Armendariz in the Supplemental Decision and Remedy Modification, which is $30,963.03 plus interest.

4. Award APFA its reasonable attorneys' fees and costs incurred in this proceeding; and

5. Grant such other and further relief to which APFA may be entitled.

Respectfully Submitted,

  /s/ James D. Sanford
JAMES D. SANFORD
Tex. Bar No. 24051289
JOSEPH H. GILLESPIE
Tex. Bar No. 24036636
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com
Email: joe@gillespiesanford.com

JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants*

CERTIFICATE OF SERVICE

I certify that on Wednesday, August 30, 2023, I electronically submitted this document to the clerk of the court for the U.S. District for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals, who have consented to accept this Notices as service of this document by electronic means:

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
notice@KDphillipslaw.com

    */s/ James D. Sanford*
    JAMES D. SANFORD