**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION**

| | | |
|---|---|---|
| EUGENIO VARGAS, | § § § | |
| Plaintiff/Counterclaim Defendant, | § § § | Civil Action No. 4:22-cv-403-Y |
| | § | Judge Terry R. Means |
| v. | § § | |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*, | § § § § | |
| Defendants/Counterclaim Plaintiff. | | |

---

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS

Now comes the Plaintiff, EUGENIO VARGAS (hereinafter "Plaintiff" or "VARGAS"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 34, 37, and Local Rules 5.2, 7.1, 7.2, 53.1, 56.3, 56.6 and files his Brief in Support of his Motion to Compel Defendants Production of Documents from ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS (hereinafter "APFA" or the "Union"), Julie Hedrick ("Hedrick") and Erik Harris ("Harris") (hereinafter collectively referred to as "Defendants"). Specifically, Defendants failed to provide responses to Plaintiff's discovery requests served on July 29, 2022. Despite conferral with Defendants, as detailed below, Defendants failed to provide any documents responsive to Plaintiff's requests for production under the improper objection(s) of *"vague, ambiguous, overly broad, and not reasonably focused or tailored to lead to the discovery of information relevant to any claim or defense of the parties."* (*See* App. Pgs. 15-17). Plaintiff seeks information pertinent to the actions taken against the Ross Administration.[1] Plaintiff is entitled to the documentation

---

[1] "The Ross Administration" has previously been, and hereinafter will be, defined as the phrase is commonly known among the APFA membership: the four APFA members that served as National Officers from April 1, 2016 to June

requested in his First Amended First Requests For Production as the requested information is proportional to the needs of the case.  Thus, Plaintiff seeks an order compelling Defendant to provide all documentation responsive to Plaintiff's First Request for Production No. 1, 2, and 3. In support thereof, Plaintiff states the following:

---

1, 2018—which included Plaintiff, Eugenio Vargas as National Treasurer, Robert "Bob" Ross as National President, Nena Martin as National Vice-President, and Marcy Dunaway as National Secretary.  Ms. Dunaway resigned from her position as American Airlines Flight Attendant, and therefore is no longer a member of APFA.

# Contents

Table of Authorities ..................................................................................................................3

Introduction and Rule 37(a) Certificate of Conference...............................................................5

Background...................................................................................................................................5

Argument and Authorities. ..........................................................................................................9

    Defendant Failed to Answer Requests for Production and Has Otherwise Failed to Show How
    Plaintiff's Request is Not Relevant or Otherwise Objectionable ...........................................11

CONCLUSION...........................................................................................................................14

    Local Rule 7.1(b) Conferral and Certificate of Conference ..................................................15

# Table of Authorities

**Authorities**

Dennis v. U.S., 3:16-cv-3148-G-BN (N.D. Tex. Oct. 23, 2017)          9

McGowan v. SMU, 3:18-CV-141-N (N. D. Tex. May 6, 2020)       9, 10, 11, 13

McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482 (5th Cir. 1990)     9

OrthoAccel Tech., Inc. v. Propel Orthodontics, LLC, 4:16-cv-00350-ALM (E.D.     9. 11. 12
    Tex. Apr. 4, 2017).

**Regulations & Statutes**

29 U.S.C. § 501          11

**Court Rules**

Fed. R. Civ. P. 34          1, 9, 10

Fed. R. Civ. P. 34(a)          1, 9

Fed. R. Civ. P. 37          5, 9, 10

Fed. R. Civ. P. 37(a)(3)(B) .................................................................................... 1, 5

L.R. 5.2 .................................................................................................................... 1

L.R. 7.1 .................................................................................................................... 1

L.R. 7.2 .................................................................................................................... 1

L.R. 53.1 .................................................................................................................. 1

L.R. 56.3 .................................................................................................................. 1

L.R. 56.6 .................................................................................................................. 1

## Introduction and Rule 37(a) Certificate of Conference

The subject matter of this motion relates to a long-existing attempt by Plaintiff to obtain discovery from Defendant. These matters have already been brought to the Court's attention through Plaintiff's Response to Motion to Stay Discovery in the *Ross v. APFA, et al* case. (*See* Doc. Nos. 61, PAGEID 1661-62). This motion is expressly being brought pursuant to Rule 37 as well as the Court's inherent powers. Notice of this motion is being served on Plaintiff's counsel as noted below. The undersigned hereby certifies that he has conferred with counsel for Defendants, most recently on September 1, 2023 in good faith and that every effort has been made to obtain the discovery that forms the basis of this motion without the need for court intervention.

## Background

In his Complaint, Plaintiff alleges claims of labor management violations, breach of the union constitution, and breach of fiduciary duty among others. Plaintiff was charged by his union and subjected to a disciplinary arbitration hearing that subsequently resulted in an award to the union for $30,963.03. During the review of the charges by the APFA Board of Directors, and the APFA Executive Committee documents pertinent to the allegations against him were withheld from the APFA leadership. During the disciplinary arbitration, Defendants intimidated witnesses and withheld exculpatory documents, including a confidential memorandum dated October 22, 2020 from an accounting firm—Woods, Stephens, & O'Neil, L.L.P.—that confirmed Plaintiff did not violate policy by overpaying Robert "Bob" Ross ("Confidential Memo"). The Confidential Memo stated *"these payments appear appropriate and in compliance with the transition agreement."* (Doc. 1-2, PAGEID 52). Plaintiff asserts that this conduct was the result of his association and affiliation with the Ross Administration as National Treasurer from April 1, 2016 to June 1, 2018 [*See* Doc. 1, 76]. The Ross

Administration affiliates with a political group within the union in opposition to the political group currently in power. Plaintiff asserts that Defendants' conduct resulted in an unlawful discipline designed to obstruct his free speech and association rights within the union. Furthermore, the conduct breached the APFA Constitution, and the Union and National Officers fiduciary duty owed to him as a member of the union in good standing. At issue in this Motion is Defendants' inadequate production of documentation, or a proper objection(s), to Request for Production No. 1, 2 and 3 which seeks the following documents:

> "1. All documents, including but not limited to policy documents, insurance contracts, addendums, exclusions, conditions, and declarations pages that afford liability insurance to either APFA, or any one of the current or former officers, board members, or any authorized agents, or employees acting on behalf of APFA for purposes of protection in
> compliance with Labor Management Reporting and Disclosure Act 502(a).
>
> 2. All documents, correspondence, and communications between the accounting firm of Wood, Stephens & O'Neil, L.L.P. and any APFA official, whether current or former, elected or appointed; or any APFA counsel, whether in-house or outside counsel, concerning the Ross Administration.
>
> 3. All communications between any APFA officials, whether current or former, elected or appointed; or any APFA counsel, whether in-house or outside counsel, which disseminated any communications or documentation from Wood, Stephens & O'Neil, L.L.P. concerning the Ross Administration." (See App. Pgs. 8).

Plaintiff's Request for Production No. 1, 2 and No. 3 requests information that is proportional to the needs of his claims. More specifically, documents identifying other APFA leadership members who knew of the Confidential Memo or any other documentation that absolved Plaintiff of any wrong-doing. The requests seek documents and/or communications that expose those with any notice of any exculpatory documents concealed from the Plaintiff. It would also indicate Defendants' intentions, feelings, and ultimate goals in relation to their actions toward the Ross Administration.

On July 29, 2022, Plaintiff served his First Amended First Request for Production on Defendants. On August 26, 2022, Defendants' Counsel, produced responses to Plaintiff's First

Amended First Request for Production and no documents. (*See* App. Pgs. 10-18).  In their responses, Defendants raised claims of privilege and objections to each and every Requests for Production, however failed to provide a privilege log and improperly objected based on obscurity, relevancy, vagueness, and overly-broad requests being made.

On August 14, 2023, Plaintiff's Counsel conferred with Defendants' Counsel via email regarding the discovery disputes.  (*See* App. Pgs. 27-29).  Defendants' counsel responded on August 15, 2023 and stated that he would get back regarding this matter.  (*See* App. Pgs. 26-27).   After no response was forthcoming, Plaintiff's counsel emailed a second time on August 17, 2023 and Defendants' counsel requested a telephone call to discuss the requested documents. (*See* App. Pg. 24-25).

Defendant's counsel called Plaintiff's counsel on August 23, 2023 to discuss the ongoing issues. The phone call on August 23, 2023 was documented in an email on August 25, 2023 wherein all issues related to discovery were rectified, except for those documents related to the communications and documents between APFA and Woods, Stephens, and O'Neil as well as those responsive of Plaintiff's requests for the internal distribution and discussion surrounding the Confidential Memorandum from Hal O'Neil.  On August 25, 2023, Plaintiff's counsel rectified all issues relating to discovery that Defendants' counsel had raised and turned over every document in Counsel's possession.

As for Defendants' counsel, however no documents were produced until September 1, 2023 by Defendants' counsel.  (*See* App. Pgs. 21-23).  In terms of the responsive documents, no documents responsive of Requests for Production 1, whilst very limited number of documents were produced in response to Requests for Production 2 and 3.  Furthermore, only 99 pages of documents were produced, containing large blank sections within the email exchanges wherein portions of communications are either redacted without notation or simply

removed from the original documents.  The documents were not in their original true and correct form.  Notably missing from these communications are any emails from the National President, Julie Hedrick.  Defendants failed to produce any privilege log asserting what documents and what communications have been redacted or removed based on privilege and which are not being produced based on privilege.  Plaintiff seeks an order compelling all relevant insurance policies and riders covering the individual officers, documentation and communications between Woods, Stephens, and O'Neil and APFA in their original form, without any alterations, redactions, or deletions, since 2016 to current, as well as communications between APFA officials discussing the Ross Administration since 2020, again without any redactions, alterations, or deletions.  These documents and communications are relevant, not privileged, and within the scope of discoverable information.

While the parties were able to confer, no resolution has been reached as to Defendants' lack of any adequate production of documents.   In essence, Defendant contends that the requests for documentation are overly-board—however specificity was clarified during the conference call without appeasing Defendants' counsel.  Regarding Defendants' concerns, Plaintiff produced all documents in Plaintiff's counsel's possession. Yet, Defendants have failed to produce insurance documents and communications that they agreed to produce.  Those limited documents that were produced were heavily redacted or altered emails without notation for any redactions nor any privilege log provided.  Plaintiff's requests are proportional to the needs of this case and if not provided will leave him unable to adequately prepare for trial. Plaintiff will undoubtedly be prejudiced if Defendants are allowed to circumvent standard procedural requirements, production, and disclosure of documents—to maintain a flippant disregard of the procedural laws, and authority of this Court.

# Argument and Authorities

The Federal Rules of Civil Procedure allow the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); McGowan v. SMU, 3:18-CV-141-N  (N. D. Tex. May 6, 2020) at *2. (*See* App. Pgs. 43-45). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a).   The Federal Rules of Civil Procedure further provide for a proportionality standard for discovery. Fed. R. Civ. P. 26(b)(1); Dennis v. U.S., 3:16-cv-3148-G-BN (N.D. Tex. Oct. 23, 2017) (*See* App. Pgs. 32-42).; OrthoAccel Techn., Inc. v. Propel Orthodontics, LLC, 4:16-cv-00350-ALM (E.D. Tex. Apr. 4, 2017) at *5. (*See* App. Pgs. 46-49). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). "A district court has wide discretion to supervise discovery and must limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of the proposed discovery outweighs its potential benefit." See FED. R. CIV. P. 26(b)(2)(C). McGowan at 2. (*See* App. Pgs. 43-45).

Furthermore, the Federal Rule of Civil Procedure 37 provides in part:

> (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.
>
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or   discovery in an effort to obtain it without court action.
>
> …

(3) *Specific Motions.*

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

…

(iii) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Federal Rule of Civil Procedure 37 provides an avenue for any party seeking disclosure of documents to compel that disclosure with an order.  Fed. R. Civ. P. 37(a)(3)(B); McGowan at *2. (*See* App. Pgs. 43-45). The Fifth Circuit provides that once a party, in the instant matter the Plaintiff, meets its burden to show the information sought is relevant or will lead to the discovery of admissible evidence the burden then shifts back to the opposing party to show why the requested information is irrelevant or show that it fails the proportionality requirement. McGowan at *2. (*See* App. Pgs. 43-45).  Courts interpret relevance broadly—meaning that the evidence and information sought does not need to prove or disprove a claim, moreover the evidence or information sought does not even need to have a strong probative force to be relevant. *Id.* at 3. (*See* App. Pgs. 43-45). Finally, when ruling on discovery matters under Fed. R. Civ. P. 37 the court should look to balance the need for Plaintiff's request against the harm, prejudice, and burden to Defendant. *Id.* (*See* App. Pgs. 43-45).

Here, the information sought in Requests for Production No. 1, 2 and 3 are relevant and Plaintiff has met his burden of showing that the information sought meets this standard.  The insurance documents covering theft or misappropriation of the National Officers in 2016-2018 could lead to any possible claims made on the insurance policy and possible investigation into the matter by the insurance company—the lack of any such claim made would be just as

10

profound to note to the court considering the claims for breach of fiduciary duty under LMRDA §501 for misappropriation and theft.  The communications with Hal O'Neil, the accountant the conducted the accounting review that gave rise to creating the Confidential Memo which led to the claims before this court would be highly relevant and not privileged.  Finally, the discussion and dissemination of the Hal O'Neil correspondence would also be relevant to the evidence of any coordinated effort to subvert Plaintiff's rights as a union member.   The documents produced were altered, incomplete as to all responsive documents, and highly redacted without any indication of the redactions or legal basis for altering the original documents.  No privilege log was produced claiming a legal basis to withhold documents nor those involved or included in the communication. Defendants has not and cannot meet their burden. When analyzing the balance between Plaintiff's need for the information in response to Requests for Production No. 1, 2 and 3 and the possible harm, prejudice, or burden to Defendant, the scale tips dramatically and unequivocally in Plaintiff's favor.

## A. Defendants Failed to Show How Plaintiff's Request is Not Relevant or Otherwise Objectionable

In Ortho-Accel, the plaintiff requested financial records to aid in its damages claim and calculations.  The defendant objected asserting the requested information "contain sales information for other products in Propel's [defendant] line that are not the subject of this litigation."  The court was not convinced.  It held that the plaintiff in this case should not be deprived of information because the defendant sold multiple products which were listed in its financials records. (OrthoAccel, at *7). Additionally, the court held in OrthoAccel plaintiff's request were not unduly burdensome or duplicative. (Id. at 8, 9).

In McGowan the court found that defendant's request for access to plaintiff's multiple accounts on social media accounts was appropriate. (McGowan at 4, and 5). The court however,

clarified that the defendant's access was not "unlimited" as unlimited access is too broad. (Id. at 5).

In the matter before this Court, Request for Production No. 1, and 2 requests insurance documents, as well as documents and communications between the accounting firm Woods, Stephens & O'Neil, L.L.P. regarding the four national officers noted as the Ross Administration.[2] and the transmittal of the Confidential Memo with parties inside and outside the union. (See App. Pgs. 8). Request for Production No. 3 seeks communications between APFA officials, and or counsel for APFA transmitting communications and documentation from Woods, Stephens & O'Neil, L.L.P. (See App. Pgs. 7-8). In its August 26, 2022 response to Plaintiff's Requests for Production, Defendants stated as follows:

> "The Union Defendants object on the basis of Fed.R.Civ.P., Rules 1 and 26(c), as set forth above and fully incorporated herein.
>
> The Union Defendants further object to this request because it seeks documents 'concerning the Ross Administration.' Such a request is vague, ambiguous, overly broad and not reasonably focused or tailored to lead to the discovery of information relevant to any claim or defense of the parties. The Union Defendants further object to this request to the extent it seeks discovery of documents protected by the attorney-client privilege, trial preparation privilege, and/or work product doctrine.
>
> The Union Defendants further object to this request as it seeks discovery of documents and materials which are not relevant to any claim or defense of the parties in that, and to the extent that, they relate to matters within the exclusive jurisdiction of the Arbitrator, to matters which go the merits of the Arbitrator's Decision and Order, and to matters which are otherwise irrelevant to the enforcement of the Arbitrator's Decision and Order and/or to any claim within the Court's subject matter jurisdiction."

Similar to Propel Orthodontics, here, Defendant should *not* be permitted to withhold information or documentation responsive of Request for Production No. 1, 2 or 3 simply because Defendants assert the term "concerning the Ross Administration" is overly broad, vague, or ambiguous. Any Defendants objections based on overly broad, unduly burdensome and not likely to lead to the discovery of relevant information." (See App. Pgs. 15-17). Any

---

[2] Ross Administration defined with the Amended Requests as "any person supporting Robert 'Bob' Ross's elected position as National President or Base President, including but not limited to Eugenio Vargas and Nena Martin"

internal communication regarding the Ross Administration since the day Mr. Ross took office is within the scope of discoverable information. Not only is the objection improper as boilerplate, but also improper based on the proportional needs of Plaintiff's access to evidence that is relevant and proportional to the needs of his case.  Communications about the Ross Administration between and among AFPA officials, and internal and outside counsel is pertinent. Further, it is not privileged as Mr. Vargas and Mr. Ross are dues-paying members and any counsel working on behalf of APFA is being paid with their union dues, thus there is mutual representation of the parties.  Margot Nikitas participated in the arbitration at issue for the parties, therefore she cannot assert attorney-client privilege.  Finally, the counsel hired by APFA were not hired for the purposes of pursuit of the Ross Administration and their alleged infractions, rather at the time Margot Nikitas represented flight attendants in arbitrations conducted under the collective bargaining agreement with American Airlines, Inc. on behalf of APFA[3].  Despite this fact no privilege log has been produced.  Counsel discussed potentially limiting this request to those communications with Woods, Stephens, and O'Neil only after March 1, 2018—the date after which Ross resigned as National President—however, narrowing the request as such prejudices Plaintiff as Defendant is counter-suing Plaintiff for breach of fiduciary duty based on charges and payments made.  It deprives Plaintiff of the financial documents related to his defense of APFA's breach of fiduciary duty claim.

Additionally, and like McGowan here, Plaintiff is not requesting unlimited access to Defendant's records, he is simply requesting Defendants produce all communications and documents about the Ross Administration under which he served the union—those who were ultimately charged and disciplined by the union for similar conduct. Plaintiff narrowed his

---

[3] Note: Arbitrations conducted under a Collective Bargaining Agreement ("CBA") with American Airlines, Inc. pertained to infractions of an employee for specific conduct violations, as opposed to the arbitration/disciplinary hearing conducted by APFA against its membership.

request to a specific time frame, and well defined the subject-matter related, and the pertinent parties within APFA—this is hardly an unfettered or unlimited request. By limiting the request to those communications serving in the Ross Administration, it defines the scope as those documents and communications after April 1, 2016 to current, and those documents and communications discussing the Ross Administration. These documents would be discussing any matters related to only Robert "Bob" Ross, Eugenio Vargas, Nena Martin, and Marcy Dunaway. The scope and definition clearly limit the request in this manner.

As discussed above, Plaintiff has met his burden to show how the requested documents are relevant and proportional. To date, Defendant failed to provide the requested documents or otherwise explain via specific objections how Request for Production No. 1, 2 and 3 are overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden and how the requested information fails the proportionality calculation. Thus, Defendants should be compelled to respond and produce documents responsive to Request for Production No. 1, 2, and 3.

# CONCLUSION

Plaintiff is entitled to a response as to Requests for Production No. 2 and 3. The responsive documents are both relevant and proportional. He will be prejudiced if Defendants documents are withheld. Specifically, the information requested in Request for Production No. 1, 2, and 3 sought to prove Defendants' pattern and practice of discriminatory behavior, specifically as it relates to the Ross Administration, to establish the causal elements of Plaintiff's claims, and properly depose and potentially impeach witnesses. There are no other means for Plaintiff to obtain the information requested in Requests for Production No. 1, 2 and 3 as that documentation is solely in Defendant's possession, custody, and control. Despite

Plaintiff's repeated attempts to resolve the discovery deficiency as to Requests for Production No. 1, 2 and 3, without Court intervention, those attempts have proven unsuccessful. Based on the foregoing, Plaintiff requests that this Honorable Court grant Plaintiff's Motion to Compel Defendant to produce documentation responsive of Requests for Production No. 1, 2 and 3.

Respectfully submitted,

By: /s/ Kerri Phillips
Kerri Phillips, Esq.
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@kdphillipslaw.com
KD PHILLIPS LAW FIRM, PLLC
6010 West Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@kdphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## Local Rule 7.1(b) Conferral and Certificate of Conference

Pursuant to Local Rule 7.1(b) I hereby certify that counsel for the movant has conferred with Defendant in a good faith effort to resolve the issues raised herein. Plaintiff's counsel conferred with Defendants' counsel on via email on August 14, 2023, August 17, 2023, August 18, 2023. A telephone call was held on August 23, 2023 wherein the concerns and objections were discuss, in particular Plaintiff offered to limit the time frame of the Requests for Production No. 1, 2 and 3 to overcome Defendants objections without success in appeasing him. Plaintiff's further conferred with Defendants on via email on August 25, 2023, August 26, 2023, and received a response on August 30, 2023 stating documents would be produced on August 31, 2023. As of the date of filing this Motion, Plaintiffs served extremely limited responses that were heavily redacted and no documents have been received from Woods, Stephens, and O'Neil. Counsel conferred on September 1, 2023 as to the relief requested in this instant Motion and Defendants' counsel has replied they are opposed to the Motion.

Date: September 5, 2023

By: /S/ Kerri Phillips
Kerri Phillips

## **CERTIFICATE OF SERVICE**

I certify that on September  5, 2023 a true and correct copy of the above was served on Defendants' attorneys, via the e-filing manager.


_____/S/ Kerri Phillips_____
                            Kerri Phillips

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org



James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111;
Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com