IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| EUGENIO VARGAS, | § |
|    Plaintiff/Counterclaim Defendant, | § |
| | § |
| | §    Civil Action No. 4:22-CV-00430-Y |
| | § |
| v. | § |
| | § |
| | § |
| | § |
| ASSOCIATION OF PROFESSIONAL | § |
| FLIGHT ATTENDANTS, et al. | § |
|    Defendants/Counterclaim Plaintiff. | § |

**APPENDIX OF NON-PUBLISHED CASES CITED IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS AND BRIEF IN SUPPORT**

Plaintiff Robert "Bob" Ross, pursuant to Local Rules 7.1(i) and § C of this Court's Case Management Requirements, submits this appendix of non-published cases cited in, and in support of PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS AND BRIEF IN SUPPORT:"

| TAB | NOPUBLISHED CASE CITATION | PP. |
|---|---|---|
| 1 | Manuel v. Gembala, 7:10-CV-4-FL (E.D.N.C. July 27, 2011) | 1-9 |

1

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
    Kerri Phillips
    Texas Bar No. 24065906
    Phone: (972) 327-5800
    Email: kerri@KDphillipslaw.com

    6010 W. Spring Creek Parkway
    Plano, Texas 75024
    Fax: (940) 400-0089
    For Service of Filings:
    notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I certify that the true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing **on this the 13th day of September 2023.**

    /s/ Kerri Phillips
    Kerri Phillips, Esq.

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org

James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111;
Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-4-FL

| | |
|---|---|
| MICHAEL AND DOROTHY MANUEL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH A. GEMBALA, III, Esq.; )<br>MICHAEL MALONE; CHRISTOPHER )<br>FRISCH; JOSEPH A. GEMBALA, III & )<br>ASSOCIATES, a Pennsylvania sole )<br>proprietorship; and CUSTOM ASSET )<br>SOLUTIONS, LLC, a New Jersey limited )<br>liability company, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on plaintiffs' motion for leave to file second amended complaint (DE # 51), which has been fully briefed. Also before the court is plaintiffs' amended motion to certify class (DE # 53), which by previous order was held in abeyance pending decision on the motion to amend. In this posture, the issues raised are ripe for review. For the reasons that follow, plaintiffs' motion for leave to file second amended complaint is granted. Plaintiffs' amended motion to certify class is denied without prejudice as premature.

## BACKGROUND

Plaintiffs filed their original complaint on January 14, 2010, asserting a federal claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") along with several state law claims, all arising out of an alleged mortgage modification scam. The cast of defendants included Joseph A. Gembala, individually, and Joseph A. Gembala III & Associates ("the Gembala

defendants"), Secure Property Solutions, LLC ("SPS"), National Mortgage Consultants Group, LLC ("NMCG"), and Custom Asset Solutions, LLC ("CAS"). On February 8, 2010, plaintiffs filed their first amended complaint, adding two additional defendants: Michael Malone ("Malone") and Christopher Frisch ("Frisch").

On February 26, 2010, the Gembala defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On April 13, 2010, plaintiffs moved to certify a class, to which the Gembala defendants timely responded. As of this date, no other defendant had yet filed responsive pleadings or otherwise appeared.

On July 2, 2010, the court directed plaintiff to file proof of service as to all defendants who had not yet filed responsive pleadings. Plaintiffs thereafter filed proof of service as to CAS, Malone, and Frisch. Default was entered as to these defendants on July 28, 2010. On August 9, 2010, Malone moved for leave to file answer, submitting proposed answer together with said motion. On September 14, 2010, the court granted the motion and set aside entry of default as to Malone.

On September 30, 2010, the court issued an order addressing several matters. First, the court dismissed SPS and NMCG from the action for plaintiffs' failure to achieve service. The court then denied plaintiffs' motion to certify a class. Finally, the court granted the Gembala defendants' motion to dismiss pursuant to Rule 12(b)(6), dismissing plaintiffs' claims without prejudice. With the exception of Malone, therefore, all other defendants had either been dismissed or the subject of entry of default.

On October 20, 2010, plaintiffs filed motion for leave to file their second amended complaint, which names as defendants the Gembala defendants, Malone, Frisch, and CAS. On the same day, plaintiffs also filed amended motion to certify class. In order dated February 2, 2011, the

court observed that several of the potentially revived defendants had not received notice of the electronic filing, and ordered plaintiff to serve the motion to amend on all defendants named in the proposed second amended complaint. The court also held in abeyance plaintiffs' motion to certify pending resolution of the motion to amend. The Gembala defendants filed response in opposition to plaintiffs' motion to amend on February 24, 2011, to which plaintiffs timely replied.

## DISCUSSION

A.   Motion for Leave to File Second Amended Complaint

A plaintiff may amend his complaint one time as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, however, a plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, although leave to amend "shall be freely given when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). Leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

The second amended complaint asserts a federal claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*, as well as various state law claims based on the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*, Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*, North Carolina Unfair and

3

Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq*, New Jersey racketeering laws, N.J.S. 2C:41-1, *et seq*, North Carolina racketeering laws, N.C. Gen. Stat. § 75D-1, *et seq*, and common law fraud. Plaintiffs invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the federal RICO claim, relying on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for the related state law claims. The Gembala defendants oppose plaintiffs' motion to amend, arguing that permitting plaintiffs to amend their complaint to resurrect their federal RICO claims would be futile.[1]

An amendment is futile where it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

The Gembala defendants make a relatively general objection to the proposed amendment, asserting only that plaintiffs "have not pled each element of a valid RICO claim with the combination of brevity required by Rule 8 and particularity required by Rule 9," while offering no

---

[1] The Gembala defendants make no argument as to the futility of plaintiffs' state law claims.

substantive discussion as to the elements of a RICO claim or why plaintiffs' pleading is insufficient.

The sufficiency of a civil RICO claim is judged in accordance with the notice pleading requirement of Rule 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). At the same time, however, "where RICO claims are based on predicate acts of fraud, the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure applies." Field v. GMAC, LLC, 660 F.Supp.2d 679, 686 (D.Md. 2011) (citing Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989)). Rule 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

Plaintiffs assert claims under RICO subsections (a)[2], (c)[3], and (d)[4]. 18 U.S.C. § 1962(a), (c), (d). To state a claim for a RICO violation, the complaint must set forth facts which, if proven, would establish "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Morley

---

[2] The elements of a subsection (a) RICO claim are: (1) a receipt of income from a pattern of racketeering activity; and (2) use or investment of the income in an enterprise. 18 U.S.C. § 1962(a); see also Busby v. Crown Supply, Inc., 896 F.2d 833, 837 (4th Cir. 1990).

[3] The elements of a subsection (c) RICO claim are: (1) the conduct; (2) of an enterprise; (3) through a pattern of racketeering activity. 18 U.S.C. § 1962(c); see also Salinas v. U.S., 522 U.S. 52, 63 (1997).

[4] Subsection (d) is aimed at conspiracies to violate subsections (a) through (c) of RICO. To allege a subsection (d) claim, plaintiff must allege that "each defendant agreed that another co-conspirator would commit two or more acts of racketeering." U.S. v. Pryba, 900 F.2d 748, 760 (4th Cir. 1990).

5

APP 5

v. Cohen, 888 F.2d 1006, 1009 (4th Cir. 1989). "'Enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "Racketeering activity" includes, *inter alia*, "any act which is indictable" under specifically enumerated criminal provisions, including those relating to mail and wire fraud set forth in 18 U.S.C. §§ 1341, 1343. 18 U.S.C. § 1961(1). Finally, a "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).

Briefly, the second amended complaint alleges that the defendants conducted a fraudulent mortgage modification scheme by agreement whereby defendants would solicit and accept advance payments from struggling homeowners in exchange for a promise to negotiate with mortgage lenders for reduced mortgage payments or lower interest rates. Plaintiffs allege that defendants, in fact, knew they did not have the ability to achieve mortgage modifications, but intentionally misrepresented themselves as having the ability to do so. In furtherance of the scheme, plaintiffs allege that defendants committed several criminal acts, including mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Plaintiffs allege that the money received was used in part to further the scheme by paying for operating expenses, salaries, and advertising.

The Gembala defendants contend that plaintiffs have not sufficiently pleaded each element of their RICO claim, and that therefore, amendment is futile. "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986). The Gembala defendants offer, however, no specific reason why the proposed amendment is clearly insufficient

6

**APP 6**

or frivolous on its face, nor does the court readily discern any. The proposed amendment does not clearly fail to state a claim to relief that is plausible on its face, therefore, in light of the liberal standard embraced by Rule 15(a), which requires that leave to amend be "freely given," plaintiffs shall be permitted to amend their complaint.[5]

B.    Amended Motion to Certify

The court now has reason to revisit its previous decision to hold in abeyance plaintiffs' amended motion to certify class (DE # 53). Federal Rule of Civil Procedure 23(c)(1) directs the court to determine "at an early practicable time" whether to certify an action as a class action. At the same time, however, judicial economy is often best served by ruling on preliminary dispositive motions prior to considering class certification issues. See Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008).

Here, with the filing of the second amended complaint, the wheels of this litigation have begun to turn anew, and immediate consideration of issues bearing on certification would divert the attention of the parties and the court from preliminary issues more appropriately addressed in advance of decision on any motion to certify. The lay of the land has shifted since the amended motion to certify was filed. In light of the unique procedural posture of the case, the court of its own initiative now DENIES said motion as premature, without prejudice, and turns its attention to the mechanics of positioning the case back on course against these defendants so that pleadings promptly may be framed and/or any preliminary motions filed.

---

[5] The grant of the motion, of course, does not prejudice a later motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Rather, the court now determines only that the amendment should be permitted where it is not facially obvious that the proposed second amended complaint could not survive a motion to dismiss, and where defendants offer no argument as to specific deficiencies that render the amendment futile.

7

C.  Case Schedule

Where plaintiffs' motion for leave to file second amended complaint (DE # 51) is allowed, the same shall come now into the record, and default, previously entered against CAS and Frisch, necessarily must be set aside. Plaintiffs shall serve all defendants with the second amended complaint and exhibits thereto, and file proof of service as required. Defendants shall have the time permitted under the rules within which to respond to the second amended complaint. Preliminary motions, if any, shall be filed on the same schedule. Should the case remain pending after decision on any preliminary motion(s), the parties shall have twenty-one (21) days from date of entry of the order to confer and propose pursuant to the rules another schedule for disposition of the case, including with reference to discovery, dispositive motions, and anticipated motion to certify, where the court's denial of the same is without prejudice. Reference then shall be made to the court's initial order lodged at docket entry number 34 for such other and further requirements to be adhered to in making joint report and plan to the court, which report and plan shall follow on the docket within fourteen (14) days after the parties' conference. If either side then determines a conference with the court may aid in address of scheduling matters, such request shall be memorialized on the face of the report and plan. If the parties cannot agree on a comprehensive case schedule, separate reports, as noted, shall be made.

## CONCLUSION

For the foregoing reasons:

1.  Plaintiffs' motion for leave to file second amended complaint (DE # 51) is GRANTED, and the clerk is DIRECTED now to take separately into the record plaintiffs' second amended complaint, as it appears at docket entry number 55,

including all exhibits thereto;

2. Default, previously entered against CAS and Frisch, is necessarily SET ASIDE;

3. Plaintiffs shall serve all defendants with the second amended complaint and exhibits thereto, and shall file proof of service as required;

4. Defendants, absent any extension, shall have **twenty-one (21) days** from date of service within which to respond to the second amended complaint, and any preliminary motions of the type which reasonably may be made at this juncture of the case shall be filed on the same schedule, with memorandum in accordance with the local rules;

5. Plaintiffs' amended motion to certify class (DE # 53), which by previous order was held in abeyance pending resolution of plaintiffs' motion to amend, is DENIED without prejudice as premature; and

6. The parties are DIRECTED at a future stage described above to meet and confer pursuant to Rule 26(f) and submit to the court joint report and plan in furtherance of the dispatch of the case.

SO ORDERED, this the 27th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

9