IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| EUGENIO VARGAS,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*,<br><br>    Defendants/Counterclaim Plaintiff. | Civil Action No. 4:22-cv-430-Y<br><br>Judge Terry R. Means |

**PLAINTIFF'S NOTICE OF OBJECTION TO NOTICE OF DEPOSITION OF EUGENIO VARGAS AND MOTION TO EXTEND DEADLINES FOR DISCOVERY AND FILING OF DISPOSITIVE MOTIONS**

TO THE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, Eugenio Vargas (hereinafter sometimes either "Vargas" or "Plaintiff'), and asks the Court to extend time for the discovery period, dispositive motions so that the parties can seek discovery and schedule depositions after the union's upcoming elections for National Officers, and in support thereof would respectfully state to the Court as follows:

### Introduction

1. The Plaintiff is the former National Treasurer of the Association of Professional Flight Attendants and a member in good standing from 2016 – 2018. Robert "Bob" Ross is the former National President of the Association of Professional Flight Attendants

1

   while Vargas served as National Treasurer. The Defendants are the Association of Professional Flight Attendants ("APFA" or "the union"), Julie Hedrick ("Hedrick"), and Erik Harris (hereinafter all defendants collectively referred to as "Defendants").

2. Plaintiff filed his Original Complaint against Defendants on May 17, 2022. [Doc. 1]. Defendants filed an Answer and Original Counterclaim against Plaintiff on July 1, 2022. [Doc. 11].

3. Plaintiff sought leave of Court to file his First Amended Complaint on November 9, 2022. [Doc. 55].

4. Defendants were granted leave to file an Answer and Counterclaim in response to Plaintiff's First Amended Complaint on or about February 22, 2023. [Doc. 72).

5. On September 1, 2023, Defendants served very limited responsive documents to Plaintiff's First Requests for Production served on Defendants on August 14, 2023.

6. On September 5, 2023, Plaintiff filed its Motion to Compel Discovery. [Doc. 110].

7. The Court entered an order to meet and confer between the Parties relating to Plaintiff's Motion to Compel on September 8, 2023. This order requires Plaintiff to file an Amended Motion to Compel on October 20, 2023 and Defendants to file a Response to Plaintiff's Amended Motion to Compel on November 13, 2023. [Doc. 113].

8. On September 13, 2023, Defendants conferenced about possible dates to

9.  conduct Depositions, however no agreement was reached on the dates and manner of the Depositions.

9.  On Friday September 15, 2023, Defendants served their Notice of Deposition on Eugenio Vargas for an in-person deposition on October 26, 2023 at Gillespie Sandford LLP, 4803 Gaston Avenue, Dallas, Texas 75246.

10. The deadline to conclude discovery is October 31, 2023. [Doc. 11].

11. The deadline for all parties to file dispositive motions is December 15, 2023. [Doc. 11].

## Argument

12. Under Rule 6(b) the court may extend the time specified for a particular act that must be done for good cause upon request by a party before the deadline expires, or upon motion after the time has expired. (Fed. R. Civil. Proc. 6(b)).

13. During the course of discovery in this matter, Plaintiff uncovered facts that support additional claims against two additional Defendants.

14. Josh Black, APFA National Secretary, and Larry Salas, APFA National Vice-President received a copy of the Confidential Memorandum delivered via email by APFA National Treasurer Erik Harris on October 22, 2020, which states that

    "Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick, and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement."

15. On September 1, 2023, Plaintiff received 99 pages of heavily redacted

3

discovery responses, which included an email communication between the National Officers, inside and outside counsel dated October 22, 2020 that transmitted the Confidential Memo from Woods, Stephens, and O'Neil, LLP.

16. The production of this email during the discovery process brings rise to additional claims for which Plaintiff wishes to seek additional discovery. The evidence establishes that Josh Black, National Secretary, and Larry Salas, National Vice-President received notice that the debt claims were not valid and Ross was paid correctly.

17. Furthermore, Plaintiff hereby objects to Defendants' Notice of Intent to take an in-person Deposition of Eugenio Vargas on October 26, 2023 as Plaintiff was unable to solidify and confirm the plans for a deposition and Plaintiff is scheduled for a medical procedure which requires his sedation under anesthesia. Due to the lack of any final decision about deposition dates and methods, Plaintiff was unable to adjust his schedule to accommodate Defendants' request prior to finalization of his work schedule on September 15, 2023 at 12:00pm. Plaintiff will be hospitalized and under heavy sedation on this date due and wishes to reschedule this deposition for a different date and time.

18. Plaintiff further objects to seeking this deposition while his Motion to Compel is pending before this Court, as Defendants failed to turn over a substantial amount of evidence to Plaintiff. Consequently, Plaintiff is prejudice in conducting depositions and therefore depositions are not

appropriate on any parties until such time as Defendants documents have been produced.

19. Plaintiff further objects to Defendants' Deposition as Defendants demand for this Deposition be taken in person, rather than virtually. Plaintiff's counsel notified Defendant's counsel that Plaintiff preferred to conduct depositions virtually due to the undersigned counsel's familial health concerns.[1] Defendant's counsel refused to comply on this matter. Though this is a concern, Plaintiff will accommodate an in-person deposition if necessary, however if the purpose of a Deposition is to seek discoverable evidence from the parties, then a virtual attendance should not obstruct Defendant's ability to seek such information. Whereas it seems that Defendants' insistence on an in-person deposition indicates an intent to utilize the deposition for purposes of abuse. The Union's upcoming elections for National Officers will begin in November and continue until elections are held in January.[2] Plaintiff believes Defendants seek the deposition in person

---

[1] The undersigned counsel's spouse suffers from Stage III Chronic Lymphocytic Leukemia/Small Cell Lymphoma – an incurable form of blood cancer that makes the patient at high-risk of a severe response to Coronovirus. Due to the updated strains of the virus and recent release of the updated Coronovirus vaccinations as of September 14, 2023, counsel's immediate family were directed to reduce as much exposure to the public as possible until the end of 2023.

[2] As previously noted to the Court, APFA continues to pursue Nena Martin and Marcy Dunaway by ordering an additional audit of their expenses within the last two months. These audits are based on a union member's request for the audits in October of 2022. The member who requested these audits is Melissa Chinery-Burns, the wife of AFA General Counsel, Joe Burns, from the competing union. APFA waited for almost a full year before conducting the audit of Nena Martin and Marcy Dunaway. APFA also waited out the discovery period before seeking to confer and ultimately demand depositions of Plaintiff, now noticed for the final week of the discovery period. Most notably, December is when new candidates, like Nena Martin, Robert "Bob" Ross, and Eugenio Vargas, will announce their intent to run for National Office next year. Elections are voted on throughout the month of January

and at this time for purposes of harming Plaintiff's and his political faction's reputation prior to elections. Meanwhile, Defendants fail to serve discovery responses and refuse to agree to any extension of the discovery period. Defendants seem intent on withholding their evidence and avoiding depositions, whilst forcing Plaintiff to be deposed, after having fully cooperated and produced all documents in his possession, before Defendants even begin to cooperate with discovery procedures in any way. Plaintiff, therefore, contends that Defendants' conduct is abusive in that Defendants seek deposition testimony for purposes of affecting his political faction's reputation and stifling the democratic election process for National Officers of the union.

20. Finally, in addition to extending the discovery period, Plaintiff seeks extension of the dispositive motion deadline due to Defendants' lack of production of vitally important documentation.

## Conclusion

21. Based on the above, Plaintiff seeks leave for this Court to extend the deadlines for discovery and dispositive motion to that Plaintiff has time so conduct adequate discovery and depositions, as well as any relief this Court deems appropriate and necessary.

---

therefore, potential harm in stifling the free speech and the democratic election process within the union heavily outweighs the potential benefit of holding depositions within October of 2023. Rather extending the discovery period to accommodate the conflicts with discovery, and properly scheduling depositions after January seems the reasonable approach in the interest of preserving the integrity of the union's electoral process. Depositions should be scheduled in the month of February to avoid any possible effect on the democratic procedures within the union.

## Prayer

WHEREFORE, for these reasons, Plaintiff, Eugenio Vargas respectfully asks the Court to enter an order granting an extension of the discovery period, and the dispositive motions period, and to sustain his objection for scheduling of the depositions, and for such other and further relief, at law or in equity, to which Plaintiff, Eugenio Vargas may show itself to be justly entitled.

Respectfully submitted,

By: /s/ Kerri Phillips
Kerri Phillips, Esq.
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@kdphillipslaw.com
KD PHILLIPS LAW FIRM, PLLC
6010 West Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@kdphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that, in accordance with Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 7.1(D), counsel for Defendants has in good faith conferred or attempted to confer with counsel for Defendants with regard to the foregoing Motion to Extend Time for Discovery and filing of Dispositive Motions without court action. Counsel for APFA, Hedrick, and Harris oppose the filing of this Motion.

By: /s/ Kerri Phillips
Kerri Phillips, Esq.

## CERTIFICATE OF SERVICE

     I certify that on this 19th day of September 2023, a true and correct copy of the foregoing document was served on the below listed counsel of record for Defendants by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

By: /s/ Kerri Phillips
Kerri Phillips, Esq.

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org

James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111; Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com