IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

| | | |
|---|---|---|
| **EUGENIO VARGAS,** | § § § | |
| Plaintiff/Counterclaim Defendant, | § § | Civil Action No. 4:22-cv-430-Y |
| | § | Judge Terry R. Means |
| v. | § § | |
| **ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,** *et al.*, | § § § § | |
| Defendants/Counterclaim Plaintiff. | | |

**PLAINTIFF EUGENIO VARGAS'S MOTION TO QUASH DEFENDANTS' NOTICE TO TAKE DEPOSITION AND MOTION FOR TEMPORARY PROTECTIVE ORDER AND BRIEF IN SUPPORT**

COMES NOW Eugenio Vargas ("Vargas"), Plaintiff, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 7.1, 7.2 and 53.1, files this Motion to Quash Defendants, the Association of Professional Flight Attendants ("APFA" or "the union"), Julie Hedrick's and Erik Harris's(collectively "Defendants") Notice of Deposition of Plaintiff, Eugenio Vargas on October 26, 2023; Motion for Protective Order, as follows:

### I. Factual Background

1. In this lawsuit, Plaintiff alleges his right to a fair hearing as guaranteed under the Labor Management Reporting and Disclosure Act ("LMRDA") 29 U.S.C. § 411 (a)(5), which led to the union wrongfully disciplining him and banning him from running for public office within the union—a violation of LMRDA 29 U.S.C. § 529. Plaintiff argues that this is a result of exercising his free speech and association rights under the LMRDA 29 U.S.C. § 411 (a)(2) as he

is a member of the opposing political faction to the current leadership within APFA.[1]

2. Defendant served 99 pages of documents in response to Plaintiff's requests on September 1, 2023. Defendant withheld multiple communications, particularly notable is the absence of communications from Julie Hedrick. On September 13, 2023, Defendants' counsel produced additional discovery responsive of Plaintiff's Second Request for Production, but again a substantial number of communications were withheld, most notably from Julie Hedrick.

3. On August 31, 2023 and September 6, 2023, Defendants' counsel emailed Plaintiff's counsel requesting dates to take Plaintiff's deposition. (Appendix 7-8). Plaintiff's counsel responded on September 6, 2023 that inquiry had been made with Plaintiff as to whether October 24-26 would be agreeable provided it was held virtually, and inquired on dates for depositions with Defendants—believing that Defendants' discovery production due on September 15, 2023 would be comprehensive (Appendix 6-7). Defendants' counsel requested to move the depositions based on his preference to depose Plaintiff before Defendants, then proposed Plaintiff be deposed in-person, while Plaintiff's counsel appeared virtually. (Appendix 6). In response, the undersigned counsel informed Defendants' counsel that Plaintiff is not comfortable being deposed outside the presence of his attorney. (Appendix 5-6). Plaintiff's counsel advised Plaintiff to proceed as normal until a confirmation of the date could be agreed upon, consequently Plaintiff did not reschedule his previously scheduled medical procedure. Plaintiff's counsel again confirmed that Plaintiff would be able to appear virtually, or, in the alternative that Plaintiff would agree to a motion to extend the discovery period to allow for additional time to conduct

---

[1] The "Ross Administration" consists of Robert "Bob" Ross (former AFPA National President) Nena Martin (former APFA Vice-President) Marcy Dunaway (former APFA National Secretary) and Eugenio Vargas (former APFA National Treasurer). The Court should note that in August of 2023 the APFA Board of Directors ordered financial audits of Marcy Dunaway and Nena Martin's expenditures while in office. (Appendix 41-43). Upon the filing of this case, investigations into financial expenditures were launched against multiple supporters of the Ross Administration, including Heidi Morgan. (Appendix 21-39). On September 21, 2023 a complaint was submitted against Heidi Morgan with the Miami Base President for her public statement as a union member back in June of 2019. In this statement Morgan expressed her opposition to AFA General Counsel, Joe Burns acting as negotiator for APFA.

depositions. (Appendix 5-6). Defendants opposed any motion to extend the discovery deadline.

4. On September 1, 2023 and September 13, 2023, Defendants counsel served his responses to Plaintiff's requests for production, and again upon review, multiple communications were withheld. (Appendix 1-2). On September 15, 2023, Defendants' counsel telephoned Plaintiff's counsel to discuss pending issues with discovery. On this call, Defendants' counsel informed Plaintiff's counsel he was serving deposition notices for an in-person deposition of Vargas on October 26, 2023, ignoring Plaintiff's prior objections. On this phone call, Defendants' counsel, did not confirm whether Plaintiff was available in-person, did not discuss any other alternative dates, nor discuss any possible solutions to any of Plaintiff's objections. (Appendix 1-2). Plaintiff's counsel was silent in response to this statement, as Plaintiff's counsel previously advised Defendants' counsel she would have to take this issue before the court if they could not agree. (Appendix 1-2). On the call, Defendants' counsel further stated that his client was opposed to extending the discovery period and opposed to rescheduling depositions for a more appropriate time.[2]

5. Plaintiff received Defendants' Notice of Deposition on September 15, 2023. Plaintiff objected on record on September 19, 2023 and files this Motion to Quash within a reasonable time period from the date the notice was served. Defendants' Notice of Deposition is attached hereto in the incorporated Appendix and directs Plaintiff, Eugenio Vargas that Defendants' Counsel commands Vargas to appear in-person at a deposition on October 26, 2023. (Appendix 11-14).

          **II.    Objections to Defendants' Notice of Deposition to Plaintiff**

6. Plaintiff asserts the following substantive objections to Defendants' Notice of

---

[2] The Court should further note that Flight Attendants must submit their monthly flight schedules for October of 2023 on or before 12:00 PM C.S.T. on September 15, 2023. Defendants' Notice of Deposition were received at 12:38 PM C.S.T. on September 15, 2023. (Appendix 10).

Deposition. Plaintiff objects and asserts that Defendants seeks to harass and abuse Plaintiff through serving a Notice of Deposition for his appearance in-person rather than virtually, despite knowledge of Plaintiff's counsel's request to depose Plaintiff virtually, despite Plaintiff's scheduled surgical procedure, and despite that without confirmation of the date, time and manner of the deposition Plaintiff was scheduled for a medical procedure, and no date was confirmed between counsel.[3] Further, Plaintiff fears this deposition is sought to harass and embarrass Plaintiff and the union members that support his political faction. APFA holds elections for new National Officers from December 2023 to January 2024.

### III. Argument

7. Under Federal Rule of Civil Procedure 26(c) the Court is authorized to protect parties from discovery sought to harass, embarrass, oppress, annoy, or cause undue burned or expense. (Fed. R. Civ. Proc. § 26(c)). A prerequisite to the issuance of a protective order governing discovery is a showing of "good cause." (Fed. R. Civ. P. § 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, (3rd Cir. 1994)). Upon a showing of good cause, the Court is entitled to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (Fed. R. Civ. Proc. § 26(c)).

8. "Good cause" exists when discovery will result in a clearly defined and serious injury to the party seeking the protective order. (*Pansy*, 23 F.3d at 786). "In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. The court has wide discretion in determining the scope of a protective

---

[3] The undersigned counsel's spouse suffers from Stage III Chronic Lymphocytic Leukemia/Small Lymphocytic Lymphoma – an incurable form of blood cancer that makes the patient at high-risk of a severe response to the Covid-19 virus. Due to the updated strains of the virus and recent release of the updated Coronavirus vaccinations as of September 14, 2023, counsel's immediate family were directed to reduce as much exposure to the public as possible until the end of 2023. (Appendix 15-19)

order." (*Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, slip op at 8 (E.D. 37 La. Apr. 5, 2004)) (Appendix 44-75).

9. A date upon which the deposition would take place in person was never agreed between counsel for both parties. Plaintiff's counsel suggested October 24-26, 2023 as dates for *virtual* depositions, but not in-person depositions. (Appendix 7-8). Defendants' counsel then suggested October 17-19, 2023 in light of Plaintiff's request to depose Defendants, and Plaintiff's Counsel advised Plaintiff to continue as normal until such time as a date is confirmed. (Appendix 7). Plaintiff's Counsel then advised Defendants' Counsel that Plaintiff would be available *virtually*. (Appendix 6). No final resolution was ever made as to the date or manner of the deposition. Plaintiff is scheduled for a medical procedure on October 26, 2023. Therefore, the court should quash the deposition scheduled for this date based on the lack of a mutually agreeable date, time, and manner of the deposition.

10. Defendants continue to withhold a *substantial* number of documents in discovery pertinent to the matter before this Court—including standard insurance and surety bond documents. (Appendix 1-2). Meanwhile, the Plaintiff delivered all documents in his possession to Defendants. Now, Defendants seek a deposition of the Plaintiff. Plaintiff, however, is unable to conduct depositions or properly prepare for trial due to Defendants' lack of document production.

11. Currently, Plaintiff is scheduled to be deposed during the period in which announcements for those candidates willing-to-serve as APFA National Officers will announce their intent to run in the election. Those union members that are nominated and willing to serve begin to campaign during the month of December, at which time candidates' merit, integrity, and abilities are heavily debated. Democracy functions through the campaign and election processes within any given union, and as held by the Supreme Court, LMRDA was designed to "guarantee

free and democratic union elections similar to the model of our political elections." (*Marshall v. Local 1402, Int'l. Longshoremen's Ass'n of Tampa. Fla. and Vicinity AFL-CIO*, 617 F. 2d 96 (5th Cir. 1980) (citing *Steelworkers v. Usery*, 429 U.S. 305, (1977)).

13. Meanwhile, the union will begin its election process for new National Officers—the primary leadership positions within the union. The integrity of the election process is vital to the functionality of a union democracy.

> "The purpose of the [LMRDA] as a whole is not only to stop and prevent outrageous conduct by thugs and gangsters but also to stop lesser forms of objectionable conduct by those in positions of trust and to protect democratic processes within union organizations. . . . (T)he rights of individual members of a labor union are protected by federal statute with a view to allowing those members to conduct local matters with a minimum of outside interference. In short, local affairs are to be governed by local members under democratic processes." *McDonald v. Oliver*, 525 F.2d 1217 (5th Cir. 1976) (citing *United Brotherhood of Carpenters and Joiners of America v. Brown*, 343 F.2d 872, 882 (10 Cir. 1965)).

14. Harassment and abuse of the Ross Administration has escalated since the filing of this matter before the Court.

- In July of 2022, investigations were made into the financial expenditures of multiple witnesses that testified on behalf of the Ross Administration during their disciplinary arbitrations, including Heidi Morgan. (Appendix 40).
- In August of 2023, Nena Martin and Marcy Dunaway were the subject of additional audits. (Appendix 41-43). The basis for conducting audits comes almost a year after the initial request was made.[4] However, the union waited until August of 2023 before conducting the audit.
- On September 21, 2023, a complaint was submitted against Heidi Morgan (former union representative for Eugenio Vargas and Nena Martin) for a public social media post made over three years ago. (Appendix 32-39). Ironically, the post complained of AFA General Counsel Joe Burns being hired to represent APFA in negotiating its new Collective Bargaining Agreement.
- On September 24, 2023, Melissa Chinery-Burns posted a statement on social media arguing the Plaintiff had something to hide because he opposed this deposition, and that he was banned from running or holding political office. (Appendix 20).

15. Most importantly, on September 24, 2023 Plaintiff's counsel received a call from

---

[4] Melissa Chinery-Burns (spouse of AFA General Counsel, Joe Burns) requested audits on Nena Martin and Marcy Dunaway in November of 2022. No other administration has been audited by APFA to date.

another union member regarding a social media post made by Melissa Chinery-Burns (Appendix 20). This union member was concerned about a social media post because it seemed to have a direct effect on the electoral process of the union. Ms. Chinery-Burns posted a portion of Plaintiff's Notice of Objection (Docket No. 117) and contemplated whether Plaintiff feared being deposed because he had something to hide. Furthermore, it lays out the union's intent to bar Plaintiff from running for office if he chose to do so based on the Arbitration Award's ban for life.[5]

16. The Court should note, the greater concern is that Ms. Chinery-Burns has begun to set the stage to exploit Plaintiff with his own deposition testimony if he does run. (Appendix 20). There can be no doubt that if a deposition is taken just before elections, it will inevitably affect the campaign and election process for this union. Plaintiff seeks the protection of this court to allow Plaintiff, and his political faction, the opportunity to run unencumbered by the discovery abuse Defendants clearly intend. The harm suffered by waiting three months to conduct deposition is minimal compared to the risk of harm to the union's democratic election process.

17. The Court's should protect the integrity of the union's democratic process. The leadership of both political factions within the union are parties to this case, thus the risk of harm is posed to all parties, not just Plaintiff. Moreover the harm done by suspending depositions for three months is minimal considering Plaintiff has already testified in his Disciplinary Arbitration hearing and is not likely to change his testimony.

18. Bob Ross won the National Presidency in 2016 with a record-breaking number of

---

[5] The court should note that Ms. Chinery-Burns has access to information that would otherwise be confidential. She received copies of the confidential settlement offers made by Plaintiff to Defendants during settlement conferences, and on May 10, 2023 she posted the details of these confidential settlement offers on her Facebook group page. Plaintiff's concerned that deposition even if under seal would likely result in confidential information being leaked to Ms. Chinery-Burns based on her husband's, Joe Burns, close association with opposing counsel and subsequently posted on her public Facebook page.

votes. If Ross or Vargas decides to run for office again, either will be a notable contender to win the APFA National Officer.[6] National Officers serve a term of four years. The next election for new National Officers will be held in January of 2024 and the new officers will take office on April 1, 2024. The risk of harm is substantial to the union if discovery abuse is used to affect its outcome.

## IV.     Motion for Protective Order

19.     Pursuant to Federal Rules of Civil Procedure 26(c). Plaintiff requests an Order be entered protecting Plaintiff from the risks of "harassment, annoyance, and abuse" caused by Defendants' deposition of Plaintiff during the union's election campaign. Plaintiff requests that the court enter a protective order to require depositions be conducted after the elections are complete.

## PRAYER

**WHEREFORE, PREMISE CONSIDERED, Plaintiff** prays that his Motion to Quash Defendants' Notice of Deposition and Motion for Protective Order be granted and that the Court enter an order quashing the deposition notice and enters a protective order requiring depositions of Plaintiff be scheduled after the union's election is complete, and for such other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,
KD PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com
6010 W. Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:

---

[6] The Court should note that Bob Ross won the APFA National Presidential Election in 2016 by 70.55% of the vote.

8

notice@KDphillipslaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I, Kerri Phillips, attorney for Plaintiff Eugenio Vargas, hereby certify that on the 22cd day of September 2023, I emailed for purposes of conference with Jeff Bartos, James Sanford, and Charlette Matts, counsel for Defendants, to inform each of them of the filing of this Motion. Jeff Bartos responded on behalf of APFA, Hedrick and Harris that his clients are opposed to the filing of this motion.

## CERTIFICATE OF SERVICE

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 25th day of September 2023.

Jeff Bartos
James Sanford
Charlette Matts


/s/ Kerri Phillips
Kerri Phillips