IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION



| | |
|---|---|
| EUGENIO VARGAS, | § |
| | § |
| **Plaintiff/Counterclaim** | § Civil Action No. 4:22-cv-430-Y |
| **Defendant,** | § |
| | § Judge Terry R. Means |
| v. | § |
| | § |
| ASSOCIATION OF PROFESSIONAL | § |
| FLIGHT ATTENDANTS, *et al.*, | § |
| | § |
| **Defendants/Counterclaim** | |
| **Plaintiff.** | |

---

**APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH DEFENDANTS'
NOTICE TO TAKE DEPOSITION AND MOTION FOR TEMPORARY PROTECTIVE
ORDER AND BRIEF IN SUPPORT**

---

Plaintiff Eugenio Vargas, pursuant to Local Rules 7.1(i) and § C of this Court's Case

Management Requirements, submits this appendix of supporting documents and of non-

published cases cited in, and in support of "PLAINTIFF'S MOTION TO QUASH

DEFENDANTS' NOTICE TO TAKE DEPOSTION AND MOTION FOR TEMPORARY

PROTECTIVE ORDER AND BRIEF IN SUPPORT:"

| Item | Description | Pgs. |
|:---:|:---|:---:|
| 1 | Supporting Documents Referenced in Brief | 1-43 |
| | **NON-PUBLISHED CASES** | |
| 2 | <u>Blanchard & Co., Inc. v. Barrick Gold Corp.,</u> No. 02-3721, slip op at 6 (E.D. 37 La. Apr. 5, 2004)) | 44-75 |

1

Respectfully submitted,

K.D. PHILLIPS LAW FIRM, PLLC

By:  /s/  Kerri  Phillips
      Kerri Phillips
      Texas  Bar  No.  24065906
      Phone: (972) 327-5800
      Email: kerri@KDphillipslaw.com

      6010 W. Spring Creek Parkway
      Plano, Texas 75024
      Fax: (940) 400-0089
      For Service of Filings:
      notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

    I certify that the true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing **on this the <u>25th</u>  day of September 2023.**

                   /s/  Kerri Phillips
                   Kerri Phillips, Esq.

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org

James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111; Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com

From:       Jeff Bartos
To:         Kerri Phillips
Cc:         Charlette Matts; James Sanford; Michael Rake; Hal O'Neil; Bill Osborne; Sanford R. Denison
Subject:    Re: Ross and Vargas Depositions
Date:       Saturday, September 23, 2023 2:02:07 PM
Attachments: image001.png

Kerri,

This will address your requests to conference regarding potential motions

    1.    We would oppose the proposed motion to quash or for a protective order regarding the Ross and Vargas depositions.

2. Regarding the pending motion to compel, I should be able to discuss next week a proposed resolution regarding both the subpoena to the Woods, Stephens and O'Neil firm and the first set of requests for production.

    With respect to the requests made of APFA, and as you have asked, we will re-produce the various requested insurance agreements (which you already have), and also shortly provide documents which will address at least some of the issues you raised regarding the production to date.   I will also follow up with you regarding whether we will be representing the O'Neil firm early in the week.

    3.    Regarding a second motion to compel, which I take to deal with the responses to the more recent requests for production, we are working on a supplemental production.  I will follow up early in the week on that as well.

Jeff

From: Kerri Phillips <Kerri@KDphillipslaw.com>
Sent: Friday, September 22, 2023 3:44 PM
To: Jeff Bartos <jbartos@geclaw.com>
Cc: Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>; Michael Rake <mrake1@mrakeattorney.com>; Hal O'Neil <oneil@woodcpafirm.com>; Bill Osborne <b.osborne@osbornelaw.com>; Sanford R. Denison <denison@baabdenison.com>
Subject: RE: Ross and Vargas Depositions

Jeff,

First of all, I do not agree with your version of the facts—I told you that the clients were available *virtually*.  Furthermore, you moved the dates you requested prior to serving notice, and then simply informed me you planned to serve notice.  At no point did you inquire as to whether I had objections, you simply made the statement that you were going to serve notice and that was it.  I did not agree, consent, nor concede to the depositions.  I did not have time to even inform my clients that you had solidified a

**APPENDIX 1**

date to conduct depositions before they were sent to me and their schedules locked. This was a unilateral move made by you alone, without any mutual consent on the dates, times, place, or manner. Clearly, you received notice of my latest objections in response to the notices of depositions—I put you and the court on notice of my concerns.

**Conference on Motion to Quash and Protective Order**: I will be filing a motion to quash the depositions and for a protective order to prevent depositions until such time as the APFA National Officer elections are concluded. For purposes of conference, please advise if your clients agree or oppose my motion.

**Conference on Amendment to Motion to Compel**: Finally, I will ask you again: at what point do you plan to turn over the discovery you are withholding? Even those documents you agreed to turn over, you continually fail to do so i.e. the insurance documents. I will remind you that just because RLI turned over those insurance policies, this does not alleviate your client's duty to turn over those documents in discovery as well.

**Conference on Second Motion to Compel Discovery:** Additionally, multiple communications have been withheld. I will be filing a second motion to compel the discovery of the second requests for production on both cases, and will need to advise on whether you agree or oppose that motion as well.

**Legal Representation of Woods, Stephens, O'Neil, LLP** – This will be the final time I request confirmation as to whether you do or do not represent Mr. O'Neil. I have attached him to this email so he may respond to this question as well. At this point, I am putting you and he, as well as his prior counsel, on notice that I have made multiple attempts to resolve these issues regarding the subpoena served on Woods, Stephens, and O'Neil, LLP. Without confirmation as to who does and does not represent Mr. O'Neil I will have to inform the court that my many requests for conference continue to be ignored.

Please advise as soon as possible.



**Kerri Phillips**
KD Phillips Law Firm, PLLC

**Phone:** 972-327-5800 ext. 1001
**Fax:** 940-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024

**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq. If you have received this communication in error, please notify us immediately at our telephone number: (972) 327-5800

IRS Circular 230 Notice: Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or

**APPENDIX 2**

recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Thursday, September 21, 2023 8:54 AM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>; Michael Rake <mrake1@mrakeattorney.com>
**Subject:** Ross and Vargas Depositions

Kerri,

This is to follow up with you regarding the depositions of Mr. Ross and Mr. Vargas, which have been noticed for October 25 and 26, and is an effort to avoid judicial involvement in what should be a routine scheduling issue.

In light of your filing of a "Notice of Objection" in both cases on Tuesday evening, and the representations therein, I want to respond to you before filing my response with the Court.

To recapitulate how the two depositions came to be noticed, I sent you an email on August 31 advising that I wanted to arrange deposition dates for your clients, and suggested eight different dates in October for the depositions.   You did not respond until I sent a follow up email on September 6.  That same day you wrote that you had "inquired with my clients about the week of October 24-26,"  and after an exchange of emails about dates for other depositions, you confirmed on September 12 that "***My clients are available on ... October 24-26.***"  We had a phone call on September 15 in which discussed whether depositions would be in person or by zoom, and that same day I issued notices of deposition.

Regarding the issue of in-person vs. remote conduct of the depositions, I advised you back on September 8 that APFA would be willing to an arrangement in which you participated remotely while preserving our right to depose Mr. Ross and Mr. Vargas in person.   Your only objection to that was that "My clients are not comfortable" with such an arrangement.

As noted, I served the deposition notices on September 15 and reiterated that we were amenable to make any arrangement needed for your participation by remote means if necessary.

The next I heard anything about the depositions was your filing on September 19 of a "Notice of Objection" in both cases.  I don't believe such a document is contemplated under the Federal Rules, but in any event, in these documents you advise the Court that Mr. Ross "will be out of the country" for work and is "unable to request adjustment in his schedule."  You also advise that Mr. Vargas "is scheduled for a medical procedure which requires his sedation."  Notably, you never advised me of either of those conflicts before your court filing.

**APPENDIX 3**

In addition,  you inexplicably assert that "APFA ... waited out the discovery period before seeking to confer and ultimately demanded depositions of Plaintiff, now noticed for the final week of the discovery period."  As the email record confirms, this assertion is erroneous in many respects.

With all that being said, and in an effort to move this case forward under the Court's order, **this is to offer that the depositions of Mr. Ross and Mr. Vargas be rescheduled to two consecutive days in the October 17-19 time frame.**  Please let me know as soon as possible if that is acceptable to you.

We will be responding to your latest filing in due course.

Thank you,

Jeff

*Jeffrey A Bartos*
*Guerrieri Bartos & Roma PC*
*1900 M Street, NW*
*Suite 700*
*Washington, DC  20036*
*202-624-7400*

*www.geclaw.com*

**APPENDIX 4**

| From: | Kerri Phillips |
|---|---|
| To: | Jeff Bartos; Michael Rake |
| Cc: | Charlette Matts; James Sanford |
| Bcc: | Adam Phillips; Stephanie Lewis |
| Subject: | RE: Ross and Vargas deposition dates |
| Date: | Wednesday, September 13, 2023 9:52:00 AM |
| Attachments: | image001.png |

We can talk Friday at noon if that works for you—extension's below.

Thank you,



**Kerri Phillips**
KD Phillips Law Firm, PLLC
**Phone:** 972-327-5800 ext. 1001
**Fax: 9**40-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024
**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law.  Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.  If you have received this communication in error, please notify us immediately at our telephone number:  (972) 327-5800

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Wednesday, September 13, 2023 9:20 AM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>; Michael Rake <mrake1@mrakeattorney.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>
**Subject:** Re: Ross and Vargas deposition dates

Thanks for the email Kerri. I am fairly tied up today, but will follow up tomorrow.  Regarding the motion to extend and motion to compel, I think I phone call might be helpful if you are available.

Jeff

**From:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Sent:** Tuesday, September 12, 2023 10:38 PM
**To:** Jeff Bartos <jbartos@geclaw.com>; Michael Rake <mrake1@mrakeattorney.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>
**Subject:** RE: Ross and Vargas deposition dates

**APPENDIX 5**

Jeff,

**Depositions**: My clients are available for depositions on those dates you requested, October 24-26 virtually. In all fairness, I do not see any reason why my clients should be deposed first. My clients are not comfortable being deposed in-person without their counsel present. If you insist on in-person depositions, then I'd have to insist on letting the judge decide this issue.

**Conference on Motion to Extend Deadlines and Amend Complaint**: I will be moving the court to extend the scheduling order deadlines to amend and join additional parties. If you are agreed to this motion, I can include a request to extend discovery and dispositive motion deadlines. For purposes of conference, please indicate whether you are in agreement or in opposition to the filing of a motion extend the deadlines to amend and for joinder of additional parties, as well as my motion to amend Plaintiff's complaint to join the additional officers.

If the order is granted, we can consider moving depositions out to a time and place that is more agreeable to both of our clients.

**Motion to Compel Conference:** Finally, I want to address the issues involving discovery, as I'm sure you know, the court entered orders on both cases last week that additional conference is needed before the matters on Plaintiff's Motions to Compel will be heard. As I have stated to you previously, we are requesting (1) the insurance documents, (2) the documents and communications to and from Woods, Stephens and O'Neil since April 1, 2016, and (3) those documents and communications between APFA officials that contain any communications or documents from Woods Stephens and O'Neil, LLP regarding the Ross Administration, meaning Bob Ross, Nena Martin, Marcy Dunaway, and Eugenio Vargas. Please advise if you are able to or willing to provide these documents without redactions.

Thank you,



**Kerri Phillips**
KD Phillips Law Firm, PLLC
**Phone:** 972-327-5800 ext. 1001
**Fax: 9**40-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024
**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq. If you have received this communication in error, please notify us immediately at our telephone number: (972) 327-5800

IRS Circular 230 Notice: Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or

**APPENDIX 6**

recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

---

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Friday, September 8, 2023 8:29 AM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>; Michael Rake <mrake1@mrakeattorney.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>
**Subject:** Re: Ross and Vargas deposition dates

Kerri,

In fairness, I think it appropriate for your clients to be deposed first, and suggest we look at October 17-19 for them, and then October 24-26 for the depositions you identified.

I will verify Ms. Hedrick's and Mr. Harris' schedule, but believe the 10/24-26 dates will work. Ms. Chinery-Burns is not an APFA employee and I cannot speak to her schedule or ensure her availability absent a subpoena (or her consent).

Regarding the format for the deposition, I strongly prefer to take your client's deposition in person. I respect your situation and would suggest we might utilize a court reporting service which can accommodate myself, my clients, and the witness and in one room, and also manage your participation remotely. Would that be acceptable to you? With respect to your client's situations, I confess I don't understand the issue regarding their schedules- -their American Airlines flight attendant schedules are not yet set for October and they are fully capable of blocking out dates as needed in the bidding process (or trading trips later).

I have no objection to your deposing any witnesses using zoom.

Please let me know your thoughts on this proposal.

Thank you,

Jeff

---

**From:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Sent:** Wednesday, September 6, 2023 3:01 PM
**To:** Jeff Bartos <jbartos@geclaw.com>; Michael Rake <mrake1@mrakeattorney.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>
**Subject:** RE: Ross and Vargas deposition dates

Jeff,
I have inquired with my clients about the week of October 24-26, however I'd like to request these via zoom based on my client's need to work during the week. Furthermore, I live with a family member

**APPENDIX 7**

currently battling leukemia and with the rise of Covid currently, I'd like to avoid as much in-person interaction as possible.

Finally, I'd also like to request dates of availability during October for Mr. Harris, Ms. Hedrick, and Ms. Chinery-Burns for depositions.

Thank you,



**Kerri Phillips**
KD Phillips Law Firm, PLLC
**Phone:** 972-327-5800 ext. 1001
**Fax:** 940-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024
**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law.  Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.  If you have received this communication in error, please notify us immediately at our telephone number:  (972) 327-5800

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Wednesday, September 6, 2023 12:23 PM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>; Michael Rake <mrake1@mrakeattorney.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>
**Subject:** Re: Ross and Vargas deposition dates

Kerri,

Just following up on this regarding setting up deposition dates for Mr. Ross and Mr. Vargas.

Thanks,

Jeff

**From:** Jeff Bartos
**Sent:** Thursday, August 31, 2023 4:26 PM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>; Michael Rake <mrake1@mrakeattorney.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>
**Subject:** Ross and Vargas deposition dates

**APPENDIX 8**

Kerri,

I'd like to arrange the dates for our depositions of Mr. Ross and Mr. Vargas.

I think it would be in all our interests to have them on 2 consecutive days, and propose any of the following which might fit with your and their schedule, as well as Mike Rake's schedule with respect at least to Mr. Ross:

      October 3-4, 17-19, or 24-26.

If you could let me know which days might work on your end, we can then issue formal Notices.

I should add that since they will not be bidding October flight schedules until mid-September, there should not be any work schedule conflicts at this point.

Thank you,

Jeff

*Jeffrey A Bartos*

*Guerrieri Bartos & Roma PC*

*1900 M Street, NW*

*Suite 700*

*Washington, DC  20036*

*202-624-7400*


*www.geclaw.com*

**APPENDIX 9**

| | |
|---|---|
| **From:** | Jeff Bartos |
| **To:** | Kerri Phillips |
| **Cc:** | Charlette Matts; James Sanford; Michael Rake |
| **Subject:** | Ross / Vargas - Deposition Notices |
| **Date:** | Friday, September 15, 2023 12:38:03 PM |
| **Attachments:** | Notice of Deposition - Vargas.pdf |
| | Notice of Deposition- Ross.pdf |

Kerri,

Attached please find Notices of Deposition for Mr. Ross and Mr. Vargas.  As we just discussed, we are amenable to making any arrangement needed for your participation by remote means if you wish, but do need to have the witnesses present in person.

Jeff

*Jeffrey A Bartos*
*Guerrieri Bartos & Roma PC*
*1900 M Street, NW*
*Suite 700*
*Washington, DC  20036*
*202-624-7400*

*www.geclaw.com*

**APPENDIX 10**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | Civil Action No. 4:22-cv-343-Y |
| | § | |
| v. | § | Judge Terry R. Means |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGIIT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim Plaintiff. | § | |

NOTICE OF DEPOSITION - BOB ROSS

PLEASE TAKE NOTICE that counsel for Defendants Association of Professional

Flight Attendants, Julie Hedrick and Erik Harris will take the deposition of Plaintiff

Robert ("Bob") Ross upon oral examination, under oath before a notary public duly

licensed in the State of Texas on Wednesday, October 25, 2023 beginning at 10:00 a.m.

at the following location:

Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246

The deposition will be conducted pursuant to Rule 30 of the Federal Rules of Civil

Procedure, for all purposes permissible under those Rules. Testimony will be recorded by

stenographic means.

Dated: September 15, 2023

**APPENDIX 11**

 /s/ Jeffrey A. Bartos
JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com


JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com


*Counsel for Defendant and Counterclaim Plaintiff*
*Association of Professional Flight Attendants, and*
*Defendants Julie Hedrick and Erik Harris*

CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org


*Counsel for Defendant and Counterclaim Plaintiff*
*Association of Professional Flight Attendants*

**APPENDIX 12**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| EUGENIO VARGAS, | § | |
| | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | Civil Action No. 4:22-cv-430-Y |
| v. | § | |
| | § | Judge Terry R. Means |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim Plaintiff. | § | |

NOTICE OF DEPOSITION - EUGENIO VARGAS

PLEASE TAKE NOTICE that counsel for Defendants Association of Professional

Flight Attendants, Julie Hedrick and Erik Harris will take the deposition of Plaintiff

Eugenio Vargas upon oral examination, under oath before a notary public duly licensed

in the State of Texas on Thursday, October 26, 2023, beginning at 10:00 a.m. at the

following location:

Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246

The deposition will be conducted pursuant to Rule 30 of the Federal Rules of Civil

Procedure, for all purposes permissible under those Rules. Testimony will be recorded by

stenographic means.

Dated: September 15, 2023

**APPENDIX 13**

__/s/ Jeffrey A. Bartos_____
JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

*Counsel for Defendant and Counterclaim Plaintiff*
*Association of Professional Flight Attendants, and*
*Defendants Julie Hedrick and Erik Harris*

CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org

*Counsel for Defendant and Counterclaim Plaintiff*
*Association of Professional Flight Attendants*

**APPENDIX 14**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| ROBERT "BOB" ROSS<br>Plaintiff/Counterclaim Defendant | § § § § § | Case No. 4:22-CV-00343-Y |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, MCGAUGHEY, REBER AND ASSOCIATES, INC., JULIE HEDRICK, ERIK HARRIS<br>Defendants/Counterclaim Plaintiff. | § § § § § § § § § | |
| EUGENIO VARGAS<br>Plaintiff/Counterclaim Defendant | § § § § § | Case No. 4:22-CV-00430-Y |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK, ERIK HARRIS<br>Defendants/Counterclaim Plaintiff. | § § § § § § § | |

AFFIDAVIT OF KERRI PHILLIPS IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

BEFORE ME, the undersigned authority, on this day personally appeared Kerri Phillips, who

being by me first duly sworn, did state:

1.    "I am counsel for Plaintiff in the above-referenced cases. I am over 21 years of age

and of sound mind and body to make this affidavit and have personal knowledge

of the following facts:

a.  All facts contended in this pleading are true and correct.

APPENDIX 15

b. In 2015 my husband was diagnosed with Chronic Lymphocytic Leukemia/Lymphoma. Attached hereto is a copy of his Bone Marrow Biopsy that confirmed the diagnosis of Chronic Lymphocytic Leukemia. On August 10, 2023, I accompanied my husband to his oncology appointment, where his hematologist advised us that our family should limit exposure until the end of the year based on expected rise in the spread of COVID-19 and the release of the updated COVID-19 vaccination on September 14, 2023.

c. On September 24, 2023, I was contacted by an APFA union member who belongs to Melissa Chinery-Burns's Facebook Group and had concerns about her influence on the APFA elections based on a Facebook statement she made on the same date. This APFA union member feared retaliation and sought legal advice about this issue if she were to file a complaint. I was granted access to this APFA union member's Facebook login, where I retrieved pictures of statements made by Melissa Chinery-Burns. Attached hereto and incorporated herein is a true and correct copy of the pictures I retrieved.

FURTHER AFFIANT SAYETH NOT.

**Kerri Phillips**

SWORN AND SUBSCRIBED TO before me on this 25 day of September, 2023.

DAVID ESCAMILLA
Notary ID #11468574
My Commission Expires
May 23, 2027

Notary Public, State of Texas

**APPENDIX 16**

# UT SOUTHWESTERN
## M E D I C A L   C E N T E R

**Veripath Laboratories**
2330 Inwood Road, Suite EB3.304
Dallas, TX 75390                    Customer Service: 214-645-7057
www.veripathlabs.com                              FAX: 214-648-0952



Redacted

Name:  **PHILLIPS,** Redacted

| | | | |
|---|---|---|---|
| DOB: | Redacted | Age: | Redacted |
| PSL#: | | Gender: | |
| Accession#: | Redacted | Race: | |

## HEMATOPATHOLOGY FINAL REPORT

Referring Institution:                          Collection Date:  **6/10/2015**
**Seay NC Cancer Center**                        Received Date:   **9/23/2015**
Referring Physician: **Dr. Collins**              Report Date:     **9/29/2015**    **4:50 PM**
                                                Referral ID:      **90726970**

**Clinical History / Supplemental Diagnosis:**
█ year old male with chronic lymphocytic leukemia

**Gross Description:**
A. Received for review are 11 glass slides labeled with outside accession number P15-3760.

**Diagnosis:**
A. PERIPHERAL BLOOD, BONE MARROW ASPIRATE, CLOT SECTION, AND BIOPSY (P15-3760, TEXAS HEALTH
PRESBYTERIAN HOSPITAL OF PLANO, PLANO, TEXAS 75093, 06/10/2015):
- CHRONIC LYMPHOCYTIC LEUKEMIA/SMALL LYMPHOCYTIC LYMPHOMA INVOLVING A
  NORMOCELLULAR BONE MARROW (SEE COMMENT).

**Comment:**
This is a 40% cellular bone marrow with trilineage hematopoiesis and involvement by a CD5(+) low grade B-cell
lymphoproliferative process. The overall level of involvement is difficult to determine.  A 500 cell differential count on the
aspirate shows 56% atypical lymphocytes, while CD20 immunohistochemical stain on the clot section and core biopsy
shows only 5% involvement by neoplastic cells.  The overall findings are consistent with chronic lymphocytic leukemia.
The discrepancy in the degree of involvement is likely due to sampling. Correlation with clinical findings is recommended.



Electronically Signed by: Hung Luu, M.D.

Pathologist: Hung Luu, M.D.

**APPENDIX 17**

SOUTHWESTERN
M E D I C A L   C E N T E R

**Veripath Laboratories**
2330 Inwood Road, Suite EB3.304
Dallas, TX  75390
www.veripathlabs.com

Customer Service: 214-645-7057
FAX: 214-648-0952

Redacted

Name:  **PHILLIPS,** 

DOB:  Redacted        Age:  Redacted
PSL#: Redacted        Gender: Redacted
Accession#: Redacted  Race:  Redacted

## *HEMATOPATHOLOGY FINAL REPORT*



Electronically Signed by: Hung Luu, M.D.

Pathologist: Hung Luu, M.D.

**APPENDIX 18**



# M E D I C A L   C E N T E R

**Veripath Laboratories**
2330 Inwood Road, Suite EB3.304
Dallas, TX  75390
www.veripathlabs.com

Customer Service: 214-645-7057
FAX: 214-648-0952

Redacted
Name:  **PHILLIPS,** 

DOB: Redacted                Age: 
PSL#: Redacted
Accession#: Redacted       Gender: Redacted
                           Race: Redacted

## *HEMATOPATHOLOGY FINAL REPORT*

# Redacted

*FDA disclaimer*

*Any immunohistochemical or in-situ hybridization tests used for this evaluation were developed and their performance characteristics determined by the UT Southwestern and/or Parkland Memorial Hospital Immunohistochemistry Laboratory. It may or may not have been cleared or approved by the U.S. Food and Drug Administration. The FDA has determined that such clearance or approval is not necessary. This test is used for clinical purposes. It should not be regarded as investigational or for research. This laboratory is certified under the Clinical Laboratory Improvement Amendments of 1988 (CLIA) as qualified to perform high complexity clinical laboratory testing.*

Electronically Signed by: Hung Luu, M.D.

Pathologist: Hung Luu, M.D.

**APPENDIX 19**



Photo ⌄     Done

Highlights

**Melissa Chinery-Burns**    •••

Admin ▪ · 🖼

So here is some interesting reading. Bob Ross's lawsuit is not going well for him and now he is fighting against discovery taking place and is afraid of being deposed. For someone who claims the truth will all come out in court he sure seems afraid of getting facts on the record.

Here he wants to push discovery back all the way until next year. He explicitly says he wants to wait until after the APFA national elections. Guess he wants pro corruption candidates to win. Oddly he talks about he, Eugenio Vargas and Nena Martin running. Too bad for him, Ross and Vargas are banned for life for running.

2023, counsel's immediate family were directed to reduce as much exposure to the public until the end of 2023.

[7] As previously noted to the Court, APFA continues to pursue Nena Martin and Marcy Dunaway by ordering an additional audit of their expenses within the last two months. These audits are based on a union member's request for the audits in October of 2022. The member who requested these audits is Melissa Chinery-Burns, the wife of APFA General Counsel, Joe Burns, from the competing union. APFA waited for almost a full year before conducting the audit of Nena Martin and Marcy Dunaway. APFA also waited out the discovery period before seeking to confer and ultimately demand depositions of Plaintiff, now noticed for the final week of the discovery period. Most notably, December is when new candidates, like Nena Martin, Robert "Bob" Ross, and Eugenio Vargas, will announce their intent to run for National Office next year. Elections are voted on throughout the month of January therefore, potential harm in stifling the free speech and the democratic election process within the union heavily outweighs the potential benefit of holding depositions within October of 2023. Rather extending the discovery period to accommodate the conflicts with discovery, and properly scheduling depositions after January seems the reasonable approach in the interest of preserving the integrity of the union's electoral process. Depositions should be scheduled in the month of February to avoid any possible effect on the democratic procedures within the union.

5

Case 4:22-cv-00343-Y Document 120 Filed 09/19/23 Page 6 of 8 PageID 2446

**APPENDIX 20**

IN THE UNITED STATS DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| ROBERT "BOB" ROSS<br>Plaintiff/Counterclaim Defendant | §<br>§<br>§<br>§<br>§ | Case No. 4:22-CV-00343-Y |
| ASSOCIATION OF<br>PROFESSIONAL FLIGHT<br>ATTENDANTS, MCGAUGHEY,<br>REBER AND ASSOCIATES, INC.,<br>JULIE HEDRICK, ERIK HARRIS,<br>LARRY SALAS, JOSH BLACK<br>Defendants/Counterclaim Plaintiff. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| EUGENIO VARGAS<br>Plaintiff/Counterclaim Defendant | §<br>§<br>§<br>§<br>§ | Case No. 4:22-CV-00430-Y |
| ASSOCIATION OF<br>PROFESSIONAL FLIGHT<br>ATTENDANTS, JULIE IIEDRICK,<br>ERIK HARRIS, LARRY SALAS,<br>JOSH BLACK<br>Defendants/Counterclaim Plaintiff. | §<br>§<br>§<br>§<br>§<br>§ | |

AFFIDAVIT OF HEIDI MORGAN IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

BEFORE ME, the undersigned authority, on this day personally appeared Heidi Morgan, who

being by me first duly sworn, did state:

1.      "I am employed as a flight attendant working with American Airlines, Inc. since

        1986, and I am currently serving as the Association of Professional Flight Attendant

        ("APFA") Miami Base Vice-President.  I have personal knowledge of the facts

        contained herein, I am 21 years or older and of sound mind to make these

**APPENDIX 21**

statements.

a.  On or about June 2015, Melissa Chinery sought my assistance in filing a Notice
    of Dispute against Kim Kaswinkle, Philadelphia Base President.  The Notice of
    Dispute system is internal process for filing grievances against American
    Airlines, Inc. under the Collective Bargaining Agreement.  Melissa Chinery
    sought my assistance through a colleague, Kiri Wirth.  In a telephone
    conversation, I discovered Ms. Chinery's intent was to use the Notice of
    Dispute system to file a complaint for a dispute based on union representation.
    I did not work for the APFA union and informed her of this fact. After speaking
    with her, I discovered she wanted to use the Notice of Dispute system for
    purposes of complaining against her Base President Kim Kaswinkle.  When I
    inquired about her motivation, I realized the complaint was not within the
    guidelines of filing a complaint with the company based on political
    motivations and advised her of this.  This was my opinion as a fellow union
    member, who held substantial knowledge of the complaint process.

b.  On or about May of 2020, I was informed by a former AFA representative,
    Roger Holmin, that APFA Union Member, Melissa Chinery, and AFA General
    Counsel, Joe Burns, were engaged to be married.  I was never informed of this
    engagement in my capacity as a Union Representative.

c.  On or about May of 2020, I sent a letter to the APFA Board of Directors after I
    spoke to the APFA National President Julie Hedrick and told her that I had
    concerns about APFA hiring AFA Joe Burns, General Counsel to represent
    APFA in negotiations of the APFA Collective Bargaining Agreement with

American Airlines, Inc. as I felt this was a conflict of interest as Mr. Burns was not an independent attorney, but one employed by a competing union. I felt this created a conflict of interest as AFA had a history of attempting mergers with APFA in the past and that his motivations would be to weaken APFA so that APFA would merge with AFA. My concern was that Mr. Burns's dual representation of the two unions posed a conflict of interest because counsel for AFA would benefit from weakening the American Airlines, Inc. Flight Attendants union by achieving less advantageous employment terms for the Flight Attendants. This would cause frustration by the membership of APFA and encourage the membership to vote to join AFA. Ms. Hedrick informed me that she did not care about my concerns and that Mr. Burns would be hired to represent APFA.

d. On June 3, 2020, I decided to post a public statement onto Facebook within an American Airlines, Inc. Flight Attendants page and state my concerns for the use of AFA General Counsel, Joe Burns as counsel for APFA ("Facebook Statement"). In this Facebook Statement, I included a true and correct copy of the letter I sent to the APFA Board of Directors. Attached hereto and incorporated herein is a true and correct copy of the Facebook Statement that I made on June 3, 2020.

e. Attached hereto and incorporated herein is my June 2020 activity record which reflects that I was on a Leave of Absence from American Airlines, Inc. from May-September of 2020. In the RMV column, the code "DU" is the code subscribed to employees enrolled in the Payroll Support Program on a Leave of

**APPENDIX 23**

Absence.   I was an inactive employee on a Leave-of-Absence and did not work for APFA at the time that I made the statement. I was paid by American Airlines, Inc. under the PSP (Payroll Support Program) during the peak of the Covid crisis.

f.   I have never accessed a personal travel history of another American Airlines, Inc. employee, nor do I have the access to another American Airlines, Inc. employee's travel history.   To my knowledge, American Airlines, Inc. employees do not have access to travel records for other employees.

g.   I was the APFA Union Representative for Eugenio Vargas and Nena Martin during each of their APFA Disciplinary Arbitration hearings on charges brought by Melissa Chinery-Burns.   Randy Trautman was a witness who testified on behalf of Eugenio Vargas and planned to testify on behalf of Nena Martin.

h.   On July 8, 2022, I received an email from Erik Harris, APFA National Treasurer informing me that an investigation was initiated into my financial documents and expenses for APFA over the last ten years.   Attached hereto and incorporated herein is a true and correct copy of the email I received.

i.   On September 21, 2023, I was contacted by the Miami Base President, Randy Trautman, who informed me that he received an emailed complaint about me from a member.   The complaint was about the public Facebook Statement that I made from June of 2020.   The union member requested that Mr. Trautman speak to me about this Facebook Statement and request that I have it removed. On September 22, 20023, I requested that Mr. Trautman send me a copy of the original email he received from the APFA member.   Attached hereto and

incorporated herein is a true and correct copy of the email I received from Mr. Trautman.

j.   During June of 2015 and May to September of 2020,  I was not acting on behalf of APFA in any official capacity, nor was I paid by APFA.

FURTHER AFFIANT SAYETH NOT.

*Heidi Morgan*

Heidi Morgan

State of Florida
County of Highlands

SWORN AND SUBSCRIBED TO before me on this  25th  day of September 2023.



DIXIE L HACKWORTH
Notary Public - State of Florida
Commission # HH 219481
My Comm. Expires Jan 23, 2026

*Dixie L Hackworth*

Notary Public, State of Florida
Dixie L Hackworth, Online Notary

Signer Heidi Morgan produced Florida DL, as identification
along with multi-factor authentication and audio/video
recording to be notarized online.

**APPENDIX 25**



**Heidi Morgan**
June 3, 2020 · 🌐

···

I have been publicly silent thus far regarding the fact that we are using Atty. Joe Burns for negotiations. That doesn't mean I am indifferent about the situation. I became aware last week of the conflict of interest and wrote a letter to the BOD. I first called the President on Thursday and sent her (in advance) my letter that would go to the entire BOD if need be. Ms. Hedrick listened but was in complete disagreement with my perception of it being a conflict of interest. I'll admit to becoming on fire when speaking to her because the shock of her nonchalance made me feel like I was listening to the early stages of APFA's dissolution. With that...I sent the letter to the entire BOD. I recieved a written reply from only the DFW BP and had phone responses from STL BP and my BP (MIA). When this hit Facebook over the weekend I still remained quiet in the hopes Ms. Hedrick would consider involving the BOD in the situation. I spoke to the President one more time and she was adamently opposed to doing anything about what I (and not she) perceived as a conflict of interest. Tuesday morning I sent my email to the EC. Here we are today...clearly, my slow and thoughtful approach to the situation has gotten me nowhere. Perhaps being an alarmist would have been a better reaction when a potential fox has been welcomed into the henhouse.

I am posting the short intro I sent to APFA Leadership and also the lenghty letter that was attached.

I don't know what else to do. I gave the President the opportunity to look at this through the lens of loyal APFA members. She has no interest.

I would like to know how Atty Burns is being paid. Are we paying him directly or are we paying AFA? (the union that wants to raid us). I haven't been able to get that answer.

I am asking all of you who give even the smallest s@#$ about APFA to write your Base President and let them know they have to do something.

My introductory Letter:

Board of Directors,

I am sending this not only as a rank and file member but also as long-time APFA advocate.

**APPENDIX 26**

What is attached is my urgent letter to you, as the governing body of this union. Everything I have written comes from a 100% sincere place of protecting our union from both internal and external forces.

I have been in communication with Julie Hedrick a couple times in recent weeks. With those lines of communication open I gave her the courtesy of a phone call last night and also sent her this email at that time so she would know in advance what my message to the BOD would be. It was quite difficult for me to contain my "passion" (maybe outrage would also be an appropriate descriptive word) on this issue. I give her credit for listening to me when my opinion is concretely set.

Whatever your politics, whatever your previous opinion of me please read my letter and know that it comes from the heart of a person who will and has in the past, been willing to go to great lengths to protect this organization.

Heidi Morgan (formerly Kidwell)

My Full Letter to the APFA BOD:

To The APFA Board of Directors:

I am writing to the APFA BOD with an urgent plea for quick fact-finding and decisive action regarding an issue that is cause for grave concern for the APFA.

Not long ago I became aware of the fact that Joe Burns, attorney for AFA, is "on loan" to APFA for negotiations. As a long-time APFA Advocate and a 3-term BOD member as the Base President of DCA-D, I was asked how I felt about this. Knowing the challenges faced in the average negotiations process compounded by the state of our industry now, my reaction was "I may be OK with it but I need to know the cost to APFA". And when I say "cost" I am not referring to money. I am referring to the perspective of potentially allowing a fox in the henhouse of APFA.

AFA and its supporters (both internal at our union and external at other unions) have long said they want to card and take over our organization. I asked a few people whom I trust and most agreed that having this attorney overseeing our negotiations is ok, but we must be certain there is no conflict of interest and most certainly does not involve any internal collusion or indifference toward dual unionism.

**APPENDIX 27**

Knowing this information about negotiations I was also told that it was rumored the gentleman was involved in a serious personal relationship with a member of our union, Melissa Chinery. Ms.Chinery is a Legacy LUS flight attendant and a known advocate for the displacement of APFA and vocal supporter of AFA. She consistently goes on the offensive of members of our leadership. Ironically, my first and only conversation with her was years ago, approximately 2014, when I was contacted by an LAA flight attendant asking me to help Ms. Chinery because she did not trust her Base President to file a dispute for her.  I agreed to speak to Ms. Chinery.  In my conversation with her I realized it was her desire to go after her Base President (PHL) for not representing her and considering it a lack of duty of fair representation.  When I realized it was some effort to undermine a base president for political reasons I educated her on the process to file her own NOD and told her I would never be an advocate to go that route when I didn't have personal knowledge of the situation or the parties.  Subsequently, I watched her trash our union and make consistent efforts to destroy our independent organization and anyone that stands in the way of AFA. This effort continued through multiple administrations and included the ridiculous red wagon that took up far too much of APFAs time and resources.  So, for me, the thought of hiring an attorney seriously involved with this, or any other member with a well-known objective to displace APFA as our bargaining representative, is simply unconscionable.

While I sat on these issues for a short period of time they have since been confirmed by crews who have had them on board their flights with standby lists showing a shared PNR indicating he was traveling as either her registered companion or spouse.

I chose to believe the BOD knew nothing about this conflict of interest. Anyone who may have and did nothing to seek the truth and resolve the issue is, in my opinion, suspect of dual unionism.

I know quite a bit about this accusation of dual unionism. In 2012, as the Base President of LAA DCA-D I became concerned that our (then) President, Laura Glading, was working behind the backs of the BOD with Veda Shook to move to AFA-CWA. Because I had attended events with Ms. Shook in Washington D.C. I made a call to AFA's office to see if she indicated anything to cause alarm and fuel our concerns. After hanging up with me she called Laura Glading to let her know she had spoken to me and Glading used it as a weapon to accuse me of dual unionism. She rallied 2 Base Presidents who despised my politics to file Article VII charges against me. I was accused of willfully trying to displace APFA, when in actuality, my goal was and continues to be, to protect our organization and its independence.

**APPENDIX 28**

Anyone who knows me knows I am steadfast in this objective, and I have never wavered. That said...there are some who will stop at nothing to attempt to neutralize those who stand in the way of being able to get what they want which includes those with a "creepy obsession" of others as they work at APFA.

To further complicate the dynamic, Ms. Chinery currently has 2 outstanding charges on the books at APFA.  While Article VII states charges can be filed by any member in good standing filing them in a consistent effort to undermine the organization and its leadership is suspect especially when crafted by a member with a deeply-seated desire to destroy APFA.

Ironically, (without the usual amusement of irony) one of the former BOD members who charged ME with dual unionism is said to be assisting Ms. Chinery in her current charge(s). (the creepy obsession continues)

Article VII Section 1.B.  states:

Section 1. GROUNDS FOR CHARGES:
Any member is subject to fine, suspension or expulsion, or suspension from or removal from office, for any of the following acts:
B. Advocating, or working toward, the displacement of the APFA as bargaining representative (providing that advocating, or working toward an affiliation, merger or federation of the APFA pursuant to Article XII of this Constitution shall not be grounds for discipline)

 This reference very specific. It further references Article XII which states (in its entirety):

ARTICLE XII
AFFILIATIONS, MERGERS, FEDERATIONS OR CHARTERS
 Section 1.  Any action to affiliate, merge or federate the APFA with any other labor organization; or to issue a charter; or to organize an employee group (except as provided in Section 2 of this Article XII) to provide representation to that employee group for the purposes of the Railway Labor Act shall be subject to prior approval by: A. a two-thirds (2/3) majority of the Executive Committee, and B. a two-thirds (2/3) majority of the Voting Board of Directors, and C. an affirmative vote by a majority of those active members in good standing who return valid ballots.
 Section 2.  Any action to organize a Flight Attendant employee group that is employed by a subsidiary or affiliated airline owned and/or operated by American Airlines Group, or that is employed by an independently-owned airline that performs flying for or on behalf of American Airlines or American Airlines Group, to provide representation to that employee group for the

**APPENDIX 29**

purposes of the Railway Labor Act shall be subject to prior approval by: A. a two-thirds (2/3) majority of the Executive Committee, and B. a two-thirds (2/3) majority of the Voting Board of Directors.
 Section 3.  Any agreement to affiliate, merge, federate, issue a charter, or to represent another employee group shall protect and preserve the APFA's right to autonomy in all of its actions; and shall protect and preserve the collective bargaining relationship between American Airlines and the Flight Attendant employees of American Airlines represented by the APFA.

This is where we find ourselves as an organization today...We have a member filing charges (which is within her right).  This member is a known advocate to displace APFA as bargaining representative (also chargeable). She is involved in a serious relationship with the Attorney for the union known to have been salivating for years to raid our organization. We hired him for what will likely be the most critical negotiations in our organization's history.  He will have, (may already have had) access to every detail of our finances and critical information about our organization. It is logical to consider it likely this attorney is also well-aware (by virtue of his personal relationship) of this member's charges, their verbiage, the desired remedies sought and their legitimacy (or lack thereof). All these considerations create such a dire conflict of interest that I must insist the BOD take action and investigate the validity of these circumstances and have a swift response to remedy the situation. This dynamic, as I believe it to exist, cannot be permitted to continue.

If a simple phone call by me to Veda Shook, in an attempt to protect APFA from AFA-CWA, was considered by a few to be suspect, the BOD cannot sit idly by and allow this abomination to go on and say/do nothing. I can tell you with certainty anyone LOYAL TO APFA should and will be appalled. Those sharing the desire to "tear APFA down brick by brick" may likely sit in silence after reading this or think it is no big deal.  It will be glaringly obviously where one's loyalty lies.
I have been on the sidelines of APFA for a couple months.  I have stayed above the fray of politics and have enjoyed phones not ringing and days off really being days off.  That said...when this information presented itself and began to compound I felt strongly that if, as a former BOD member and a base rep who knows better,  I was complicit, I could well be an accessory to the slow, underhanded tear-down of my union from the inside.  I refuse to allow it to happen while I watch.

 As leaders you have been entrusted with preserving our organization and its autonomy in all its actions.  Consider your moral compass and does it direct you to protect APFA or has it teetered in

a different (disloyal) direction? Carefully review the language in the Constitution and Policy Manual. Be certain you will be able to answer to your members when asked to justify your actions or inactions. Those members loyal to APFA will be watching and waiting.

Heidi Morgan MIA



Bob Ross, Kit Gomez Alba and 61 others                                    93 comments

👍 Like                              💬 Comment                              ➤ Send

## Activity Sheet

```
PP004           MIA    056488   CREWMEMBER PRE/POST ACTIVITY REPORT   MONTH STARTING 02JUN20 AND ENDING 01JUL20   PROCESS DATE   07/09/20
KIDWELL H              04821 056488 MIA 236-              KIDWELL H              04821 056488 MIA 236-                              DOM
                                        ASG 0             NWAV                                      ASG 0             NWAV
H 7039191665                                              H 7039191665
RSVCOT                       DO 18P         PNC  0.00      RSVCOT                       DO 18P         PNC  0.00
PROJ 70.00 GTD 0.00 PPROJ 70.00            LANG 0.00       PROJ 70.00 GTD 70.00 PPROJ 70.00           LANG 0.00
PMAX 115.00 TTS MMAX 115.00 MTHLY FLEX   0.00             PMAX 115.00 TTS MMAX 115.00 MTHLY FLEX   0.00
 GUAR ORIG    0.00 ADJ   0.00 PENDING N                    GUAR ORIG    0.00 ADJ   0.00 PENDING N
D EXP 0.00   W2 0.00   I EXP 0.00 W2 0.00                 D EXP 0.00   W2 0.00   I EXP 0.00 W2 0.00
MISC EXP 0.00 W2 0.00 TTL 0.00                            MISC EXP 0.00 W2 0.00 TTL 0.00
PREM Y          LANG -   0.00                             PREM Y          LANG -   0.00
PREM 0.00  U/S 0.00  H/G 0.00                             PREM 0.00  U/S 0.00  H/G 0.00
AVBL SK 4.30                          SK USED MTD 0.00     AVBL SK 13.30                        SK USED MTD 0.00
TTL SK USED 1543.32 SK M/U 0.00  SK M/U MTD 0.00          TTL SK USED 1543.32 SK M/U 0.00  SK M/U MTD 0.00
SK RESTORAL 0.00                                          SK RESTORAL 0.00
LAST                                                      LAST

  DD ST RMV ADD SEQ    FLT     FLT    SKED   STTL   ACT   GRTR  GTTL DD ST RMV ADD SEQ    FLT     FLT    SKED   STTL   ACT   GRTR  GTTL
  02 61 DU          0000                                        02 61 DU          0000
  02 61 DU          PD PROJ                       70.00  70.00  02 61 DU          PD PROJ                       70.00  70.00
  03 61 DU      347   FA1   X38                                 03 61 DU      347   FA1   X38
  04 61 DU          RON                                         04 61 DU          RON
  05 61 DU          X39          0.00   0.00         0.00  0.00 05 61 DU          X39          0.00   0.00         0.00  0.00
                                 AB   0.00   PT   0.00                                        AB   0.00   PT   0.00
FMDL    - SEE LEG DETAIL                                  FMDL    - SEE LEG DETAIL
  05 61 DU                                                      05 61 DU
  06 61 DU      353   FA1   X907                                06 61 DU      353   FA1   X907
  07 61 DU          D908         0.00   0.00         0.00  0.00 07 61 DU          D908         0.00   0.00         0.00  0.00
                                 AB   0.00   PT   0.00                                        AB   0.00   PT   0.00
FMDL    - SEE LEG DETAIL                                  FMDL    - SEE LEG DETAIL
  07 61 DU                                                      07 61 DU
  08 61 DU                                                      08 61 DU
  09 61 DU                                                      09 61 DU
  10 61 DU                                                      10 61 DU
  11 61 DU                                                      11 61 DU
  12 61 DU      347   FA1   X38                                 12 61 DU      347   FA1   X38
  13 61 DU          RON                                         13 61 DU          RON
  14 61 DU          X39          0.00   0.00         0.00  0.00 14 61 DU          X39          0.00   0.00         0.00  0.00
                                 AB   0.00   PT   0.00                                        AB   0.00   PT   0.00
FMDL    - SEE LEG DETAIL                                  FMDL    - SEE LEG DETAIL
  14 61 DU                                                      14 61 DU
  15 61 DU                                                      15 61 DU
  16 61 DU                                                      16 61 DU
  17 61 DU                                                      17 61 DU
  18 61 DU                                                      18 61 DU
  19 61 DU                                                      19 61 DU
  20 61 DU                                                      20 61 DU
  21 61 DU                                                      21 61 DU
  22 61 DU      347   FA1   X38                                 22 61 DU      347   FA1   X38
  23 61 DU          RON                                         23 61 DU          RON
  24 61 DU          X39          0.00   0.00         0.00  0.00 24 61 DU          X39          0.00   0.00         0.00  0.00
                                 AB   0.00   PT   0.00                                        AB   0.00   PT   0.00
FMDL    - SEE LEG DETAIL                                  FMDL    - SEE LEG DETAIL
  24 61 DU                                                      24 61 DU
  25 61 DU                                                      25 61 DU
  26 61 DU                                                      26 61 DU
PP004           MIA    056488   CREWMEMBER PRE/POST ACTIVITY REPORT   MONTH STARTING 02JUN20 AND ENDING 01JUL20   PROCESS DATE   07/09/20
  27 61 DU                                                      27 61 DU
  28 61 DU                                                      28 61 DU
  29 61 DU                                                      29 61 DU
  30 61 DU                                                      30 61 DU
  01 61 DU           2359                                       01 61 DU           2359
END OF ACTIVITY                                          END OF ACTIVITY
                                                         END OF COMMENTS
```

**APPENDIX 31**

Begin forwarded message:

> **From:** randy trautman ██████████
> **Date:** September 22, 2023 at 9:54:51 AM EDT
> **To:** "Heidi J. Morgan" ████████████
> **Subject: Fwd: MIA Base Vice President**

Regards,

Randy Trautman

Begin forwarded message:

> **From:** ████████████████
> **Date:** September 21, 2023 at 5:23:17 PM EDT
> **To:** Randy Trautman ████████████
> **Cc:** Tracey Montanari ████████████
> **Subject: Re: MIA Base Vice President**

This was posted two days ago.

Someone is any being honest. Not certain it's Heidi or ██████████

On Thursday, September 21, 2023, ██████████
██████████████████ wrote:

>> Randy~
>>
>> Thank you for the reply.
>>
>> A few points of clarification.
>>
>> If Heidi (as she claims) did not give permission for her letter to be

**APPENDIX 32**

re-posted, I would expect that Heidi will be in touch with the administrators of the FB pages where her post is visible and request the post be removed with an accompanying statement that she did not give permission for it to be re-posted.

As far as the perception of accessing another FA's (Melissa Chinery) travel profile, what safe guards are in place to ensure this has not and will not occur in future?

Once again thank you for your time and attention to the matter.



On Thursday, September 21, 2023, Randy Trautman ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ > wrote:

I spoke with Heidi regarding the posts. She posted posted them 3.5 years ago when she was not in office. She told me that she did not give anyone permission to repost them this past week.

I remember when this went out to the BOD several years back and there wasn't any discussion amongst the BOD after it was sent.

Heidi knows I'm a strong advocate for Joe Burns as I have expressed this to her over the years. We are fortunate to have him lead the Team.

Whoever reposted this clearly has a political agenda and I can assure you Heidi was not behind it. She knows we are at a critical phase in negotiations and how important it is for our members to remain unified.

▮▮▮ please feel free to reach out to me if you have any further concerns.


Regards,

Randy Trautman
Base President
▮▮▮▮▮▮▮▮▮

**APPENDIX 33**

On Sep 21, 2023, at 1:27 PM, ███████████
██████ @gmail.com> wrote:

Here's a series of screen shots. Keep in mind
(apparently) Heidi gave permission for her po
re-posted. Needless to say it's ended up on "C
Juice" as administered by Rock Solomon, "Le
AA FAs" as administered by Brian Hulbert w
refuses to allow former LUS FAs on the page
believe it's one of the LAX pages.

Heidi's words lend credibility to Brian Hulbert's
diatribe.

Clearly, Heidi didn't make all these posts. But what
Heidi did by giving permission for her words to go
public, contributes to the hysteria.

To be clear, my main concern is with confidentiality
and the clear perception of working against the best
interest of our membership.

I would appreciate it if you could get back with me
after speaking to Heidi. I do not want details about
your discussion. I seek reassurance this behavior will
cease. I hold the opinion that Heidi owes Joe Burns
and the Negotiators an apology. I'm not certain what
if anything can be done about her apparent breech in
confidentiality.

Thank you for your time Randy. I know all too well
how busy you and the rest of the BOD are these
days.

███

On Thursday, September 21, 2023, Randy Trautman
██████████████████ > wrote:

    I'm unaware of any such posts or breaches of
    confidentiality. Could you please send me a copy
    of the posts you are referring to so I can review
    them.

    I can assure you I fully support this Negotiating
    Team. I have nothing but admiration and respect
    for both Julie and Joe, and all the hard work and

dedication the entire team has put in to achieve a contract that sets the standard for the industry.

I will address the issue with Heidi once I'm in receipt of the posts.


Regards,

Randy Trautman
Base President
▮▮▮▮▮▮▮▮▮


On Sep 21, 2023, at 11:57 AM, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:


Randy~

Hope this email finds you doing well.

As you know, I rarely reach out to you on Union issues. Thankfully, PHL has very good leadership and representation. You will see that Tracey Montanari is copied on this communication (as she is my Base President) and not the entire BOD. The goal is not to grandstand nor create a great debate among the members of the BOD.

It has come to the (public) attention that Heidi Morgan has engaged in what could be

considered a serious breech of confidentiality and trust in her role as an elected Union representative.

Additionally, in the last few days, Heidi gave her permission for another FA to post an outline of a conversation she had with the APFA National President, as well as a letter to the BOD which outlined her displeasure over using Joe Burns as our lead negotiator, among other concerns like the fallacy of AFA raiding APFA.

Randy, it is disgraceful for an elected union representative to assist management in discrediting the Union as well as our negotiations. As a former negotiator, you know first hand how much management depends on (potentially) subversive behavior of anyone within the Union, especially during mediated collective bargaining where the NMB is watching closely.

When a highly visible and very vocal Union representative goes public with their discontent over who's leading negotiations, management as well as the NMB question whether the Union truly is representing the will of the membership.

In her social media postings, Heidi admits her breech of confidentiality when she disclosed the details of a meeting regarding the possible representation of a FA (Melissa Chinery). Heidi provided details of their conversation on social media as well as providing her opinion on the character of the FA.

Randy, discussions with a FA related to possible representation is considered confidential.

As a MIA Base VP, Heidi speaks for you as well as APFA. Randy, please explain how a potential violation of Weingarten is considered acceptable. Is this Union weighing whether a FA who calls for representation; is a political adversary or someone who walks in lock step with their own personal political leanings in order to represent the FA's interests?

Additionally, please explain when it is acceptable for elected Union leaders to breech confidentiality, access another FA's travel records when the travel record is not the subject of possible discipline which results in a representational

meeting?

And finally, please outline the benefit and/or strategy of having an elected Union representative openly work against the membership at large when they attack the credibility of the lead Union's lead negotiator. The same lead negotiator you worked side by side during JCBA negotiations?

I am in possession of numerous screenshots which clearly shows Heidi Morgan's disregard for confidentiality as well as Union solidarity. Please advise if you are interested in reviewing the screenshots in question.

This email and any response will NOT be posted and/or shared on social media as it would be counter productive and serve no purpose other than to fan the flames that were set and torched by Heidi Morgan.

I look forward to your response.

In Solidarity,

<IMG_2614.jpeg>
<IMG_2615.jpeg>
<IMG_2613.jpeg>

**APPENDIX 38**

&lt;IMG_2617.jpeg&gt;
&lt;IMG_2618.jpeg&gt;



**From:** Heidi Morgan
**Sent:** Friday, July 8, 2022 7:19 PM
**To:** Heidi J. Morgan
**Subject:** Fwd: Member Request to review Financial Information

Get Outlook for iOS

**From:** Erik Harris ▇▇▇▇▇▇▇
**Sent:** Friday, July 8, 2022 3:53 PM
**To:** Heidi Morgan ▇▇▇▇▇▇▇
**Subject:** Member Request to review Financial Information

Hi Heidi,

I am writing to give you a heads up that members Melissa Chinery and Sandra Lee have requested to review the following financial documents from 2012 to present. They are scheduled to view on August 22nd here at APFA Headquarters:

- Weeklies/Timesheets
- Monthlies/Expense Reports and Receipts

As always, please feel free to reach out to me should you have any questions or concerns.

Thanks,

Erik

--

# Erik Harris Pronouns: he, him, his
National Treasurer
Association of Professional Flight Attendants
Office ▇▇▇▇▇▇▇ | Email ▇▇▇▇▇▇▇
*The content of this email is intended solely for the recipient(s).*
*It is not to be shared, forwarded or posted without the author's written consent.*



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| ROBERT "BOB" ROSS<br>Plaintiff/Counterclaim Defendant | §<br>§<br>§<br>§<br>§ | Case No. 4:22-CV-00343-Y |
| ASSOCIATION OF<br>PROFESSIONAL FLIGHT<br>ATTENDANTS, MCGAUGHEY,<br>REBER AND ASSOCIATES,<br>INC., JULIE HEDRICK, ERIK<br>HARRIS<br>Defendants/Counterclaim Plaintiff. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| EUGENIO VARGAS<br>Plaintiff/Counterclaim Defendant | §<br>§<br>§<br>§ | Case No. 4:22-CV-00430-Y |
| ASSOCIATION OF<br>PROFESSIONAL FLIGHT<br>ATTENDANTS, JULIE HEDRICK,<br>ERIK HARRIS<br>Defendants/Counterclaim Plaintiff. | §<br>§<br>§<br>§<br>§<br>§ | |

AFFIDAVIT OF NENA MARTIN IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

BEFORE ME, the undersigned authority, on this day personally appeared Nena Martin, who being

by me first duly sworn, did state:

1.    "I am employed with American Airlines, Inc. working as a flight attendant. I served

on the Board of Directors for the Association of Professional Flight Attendants

("APFA"), between April 2011 to January 2021.  I served as the APFA National

Vice President from 2016-2018, and the APFA National President from March 2,

2018 to July 1, 2018.  I have been a member in good standing with the Association

**APPENDIX 41**

of Professional Flight Attendants ("APFA") since January, 1988.  I am of sound mind and body to make this affidavit and have personal knowledge of the following facts:

a.  On October 12, 2022, I attended a union Disciplinary Arbitration for Article VII charges brought against me by APFA Member Melissa Chinery-Burns and APFA Member Sandra Lee, for violating APFA Policy based on making improper expenditures while in office as the APFA National Vice President. The result of this Disciplinary Arbitration hearing was a full dismissal of all charges brought against me.

b.  On August 9, 2023 I learned that the APFA Board of Directors had authorized an audit to be conducted of all of my expenditures while I held office as the APFA National Vice President under APFA National President Robert "Bob" Ross.

c.  On August 10, 2023 I had a telephone conversation with current APFA National Treasurer, Erik Harris to confirm the audit of my financial expenditures and it's authorization by the APFA Board of Directors.   He informed me that the Board of Directors directed this audit after a request made by two (2) APFA Members.

d.  I asked the APFA National Treasurer, Erik Harris, if the request for the audit was made by APFA Member Melissa Chinery-Burns and APFA Member Sandra Lee, and he confirmed yes.

e.  The audit request made by APFA Member Melissa Chinery-Burns and APFA Member Sandra Lee was for the expenditures of former APFA National Vice

**APPENDIX 42**

President, Nena Martin and former APFA National Secretary, Marcy Dunaway, both officers of the Robert "Bob" Ross administration.

FURTHER AFFIANT SAYETH NOT.

**Nena Martin**

SWORN AND SUBSCRIBED TO before me on this 25th day of September, 2023.

MATTHEW KYLE HILL
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: July 23, 2027
19069056

Notary Public, State of Missouri

**APPENDIX 43**