# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| EUGENIO VARGAS, | § | |
| | § | |
| | § | Civil Action No. 4:22-cv-403-Y |
| Plaintiff/Counterclaim | § | |
| Defendant, | § | Judge Terry R. Means |
| | § | |
| v. | § | |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim | | |
| Plaintiff. | | |

## PLAINTIFF'S AMENDED MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS

Now comes the Plaintiff, EUGENIO VARGAS (hereinafter "Plaintiff" or "Vargas"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 34, 37, and Local Rules 5.2 and 7.1 and files his Amended Motion to Compel Defendants ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS (hereinafter "APFA"), Julie Hedrick and Erik Harris (collectively referred to as "Defendants") Production of Documents and withdraw objections to Plaintiff's requests for production and produce whatever documents may be in Defendants' possession or subject to its control that are responsive to Plaintiff's First Amended First Request for Production served upon Defendant in this cause and in support thereof would respectfully show as follows:

## II. FACTS

Plaintiff served Defendants with PLAINTIFF/COUNTERCLAIM DEFENDANT FIRST AMENDED FIRST REQUEST FOR PRODUCTION TO DEFENDANTS/COUNTERCLAIM

PLAINTIFF on July 29, 2022. Defendants responded to Plaintiff's First Amended First Request for Production, via email on August 26, 2022.

Defendants' Responses to Plaintiff's Requests for Production are attached hereto in Plaintiff's Appendix to its Amended Motion to Compel and are incorporated herein by this reference for all purposes. (*See* Appendix Pgs. 10-18). Defendants objected to Plaintiff's Requests for Production No.'s 1, 2, and 3. (*See* Appendix Pgs. 10-18). All of the requests by Plaintiff in the Requests for Production are necessary to enable Plaintiff to prepare for trial in this cause. Defendants' objections have no merit. Plaintiff is seeking an order from this Court ruling the objections should be withdrawn and the Requests properly answered by Defendants.

In compliance with the Court's Order issued on September 8, 2023, Plaintiff's counsel reached out and spoke to Defendant's counsel through email and via telephone on September 12, 2023; September 13, 2023, September 15, 2023, September 18, 2023, September 20, 2023, September 22, 2023, October 2, 2023, October 12, 2023, and October 15, 2023. Defendant's counsel did produce documents on October 12, 2023 and October 13, 2023, however a substantial number of documents were withheld on the basis of attorney-client privilege, and financial confidentiality and other objections that should have no bearing under the law. No privilege log was produced, and Defendant's counsel maintained other meritless objections to disclosing financial information for a union who is required to disclose financial information per the Labor Management Reporting and Disclosure Act under 29 U.S.C. § 431.

On October 19, 2023, opposing counsel emailed to concede the issue that attorney-client privilege did not apply in terms of the Wood, Stephens, O'Neil emails—then attached four documents withheld for privilege—yet still redacted. Defendant's counsel did indicate that he would get back to me next week, however seeing as he waited until the day before Plaintiff's Counsel was ordered to amend this motion—Plaintiff's counsel informed him he was out of time,

he would have to take his issues up with this court instead.  Defendant's counsel has continued using delay tactics and playing games such as this for the last several months, never turning over any meaningful discovery, never seeming to appear uncooperative, never answering questions he does not want to answer, but always answering only those questions he wants to answer, and delaying for as long as possible.  This is complete waste of this court's time, energy and resources—not to mention Plaintiff and Plaintiff's counsel's time, energy and resources.[1]

Still, Defendants continue to withhold many relevant documents continue to which Plaintiff is entitled—namely almost no communication from Julie Hedrick. APFA failed to produce documents attached to original emails, failed to produce communications as requested, failed to adequately scrub the servers for responsive documents, or take any meaningful discovery measures to find, recover, format, and produce meaningful discovery in this case.

Without the documents requested, Plaintiff will not be able to effectively prepare for trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays as follows:

1.     That this Court grant Plaintiff's Motion and Compel Defendants to produce all responsive documents.

2.     That Defendants be ordered to withdraw their objections to Plaintiff's First Amended First Request for Production and to produce all of the requested

---

[1] The Court should note the previous statements made by Defendants' Counsel on record (Ross Dkt. No. 83).  Defendant's counsel argues it cannot, and will not, settle the claims pending before this Court while its claims persist.  APFA contends that it **must** pursue the Ross Administration.  Defendants argue settlement of any kind would violate federal law breach of fiduciary duty and the governing union's rules—even if settlement is in the union membership's best interest.  Consequently, this Court should consider the Ross Administration's position.  Plaintiff has no other option, but to exercise his rights to recover for Defendants' misconduct—as well as the rest of the Ross Administration—for the sake of their families, their reputations, and their careers.  The Court should also note that APFA continues to pursue Nena Martin and Marcie Dunaway by ordering additional financial audits of their expenses.  This was announced at the end of August, 2023, despite these pending claims before this Court. Nena Martin previously won in Arbitration on these **exact** claims last fall.  Recently, APFA Board of Directors voted to pass a resolution to obstruct Heidi Morgan's ability, APFA Vice-President, to sign affidavits and submit evidence from these Arbitrations. To date, APFA has not audited any other administration except for the Ross Administration. To date, these disciplinary actions have been taken only against Vargas' Union Representatives. Most notably, December is when new candidates, like Nena Martin and Heidi Morgan, will announce their intent to run for National Office in 2024.

documents in Defendants' possession or subject to their control that are responsive to Plaintiff's First Amended First Request for Production.

3.   Movant be awarded such other and further relief, legal or equitable, which Movant may show himself justly entitled to receive.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC


By:  /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com
6010 W. Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**


**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(b) I hereby certify that counsel for the movant has conferred with Defendant in a good faith effort to resolve the issues raised herein. Plaintiff's counsel conferred with Defendants' counsel on via email on August 14, 2023, August 17, 2023, August 18, 2023. A telephone call was held on August 23, 2023 wherein the concerns and objections were discuss, in particular Plaintiff offered to limit the time frame of the Requests for Production No. 1, 2 and 3 to overcome Defendants objections without success in appeasing him. Plaintiff's further conferred with Defendants via email on August 25, 2023, August 26, 2023, and received a response on August 30, 2023 stating documents would be produced on August 31, 2023. As of the date of filing this Amended Motion, Plaintiffs served extremely limited responses that were heavily redacted and only responsive to Request for Production 2, and no documents have been received from Woods, Stephens, and O'Neil. Counsel conferred on September 1, 2023 as to the relief requested in this instant Amended Motion and Defendants' counsel has replied they are opposed to the Amended Motion.

Additionally, in compliance with the Court's order entered on September 8, 2023, Plaintiff's Counsel conferred with Defendant's counsel on September 12, 2023 via email, on a telephone call on September 15, 2023 I was informed Opposing counsel did not know if he represented Woods, Stephens O'Neil (despite declining to withdraw his objections prior to the

original filing of this Amended Motion), so I emailed notice to Hal O'Neil, Bill Osborne, (prior counsel) and Sandford Denison (prior counsel) on September 18, 2023 and mailed certified mail a copy of the pleading to Hal O'Neil.  Subsequently, Plaintiff's Counsel emailed again on September 20, 2023 and September 22, 2023.  On September 25, 2023, Opposing counsel confirmed his representation of Woods, Stephens and O'Neil, LLP.  Plaintiff's Counsel emailed Defendants' Counsel on October 2, 2023, October 12, 2023 October 15, 2023. Defendants' counsel served very limited and heavily redacted documents and opposes this Amended Motion.  Plaintiff maintains that no attorney client privilege can be maintained between counsel for Defendant and Woods, Stephens, and O'Neil prior to the filing of this matter and therefore asks the court to compel discovery.

As of October 19, 2023, Defendant's counsel did send a final email with minimal documents—still redacted, just before Plaintiff's deadline to amend this pleading, however all of Plaintiff's original issues continue to persist. (See Appendix pp. 155-163).

THIS, the 20th day of October 2023.

By:  /s/ Kerri Phillips
Kerri Phillips, Esq.

## CERTIFICATE OF SERVICE

I certify that on October 20, 2023, a true and correct copy of the above was served on Defendants' attorneys, via the e-filing manager.

/S/ Kerri Phillips
Kerri Phillips

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org

James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111; Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com