IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

| | | |
|---|---|---|
| EUGENIO VARGAS, | § § § | |
| Plaintiff/Counterclaim Defendant, | § § § § | Civil Action No. 4:22-cv-430-Y |
| v. | § § § | Judge Terry R. Means |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*, | § § § § | |
| Defendants/Counterclaim Plaintiff. | | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO EXTEND DEADLINES FOR DISCOVERY**

TO THE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, EUGENIO VARGAS (hereinafter sometimes either "Vargas" or "Plaintiff"), files this his Reply to Defendants' Response to Plaintiff's Motion to ask the Court to extend time for the discovery period and dispositive motions so that the parties can seek discovery and schedule depositions.

**Introduction**

1.  The Plaintiff is the former National Treasurer of the Association of Professional Flight Attendants and a member in good standing from 2016 – 2018. Robert "Bob" Ross is the former National President of the Association of Professional Flight Attendants while Vargas served as National Treasurer. The Defendants are the

1

        Association of Professional Flight Attendants ("APFA" or "the union"), Julie Hedrick ("Hedrick"), and Erik Harris (hereinafter all defendants collectively referred to as "Defendants").

2. Plaintiff filed his Original Complaint against Defendants on May 17, 2022. [Doc. 1]. Defendants filed an Answer and Original Counterclaim against Plaintiff on July 1, 2022. [Doc. 11].

3. Plaintiff sought leave of Court to file his First Amended Complaint on November 9, 2022. [Doc. 55].

4. Defendants were granted leave to file an Answer and Counterclaim in response to Plaintiff's First Amended Complaint on or about February 22, 2023. [Doc. 72).

5. On September 1, 2023, Defendants served very limited responsive documents to Plaintiff's First Requests for Production served on Defendants on August 14, 2023.

6. On September 5, 2023, Plaintiff filed its Motion to Compel Discovery. [Doc. 110].

7. The Court entered an order to meet and confer between the Parties relating to Plaintiff's Motion to Compel on September 8, 2023. This order requires Plaintiff to file an Amended Motion to Compel on October 20, 2023 and Defendants to file a Response to Plaintiff's Amended Motion to Compel on

8. The deadline to conclude discovery is October 31, 2023. [Doc. 11].

9. The deadline for all parties to file dispositive motions is December 15, 2023. [Doc. 11].

**Arguments**

10. Plaintiff produced all documents in Plaintiff's Counsel's possession to date, has supplemented, and continues to supplement with additional documents in accordance with the Federal Rules of Civil Procedure. Defendants' Counsel failed to adequately produce documents responsive to Plaintiff's first set of discovery request, nor Plaintiff's second set of discovery requests. Consequently, Plaintiff's honest attempts to comply with the discovery process has prepared Defendant for trial—and left Plaintiff dealing with Defendants stall tactics. This is the reason Plaintiff did not learn of the evidence until recently. Defendants refused to comply with any discovery procedures—and continue to do so to date. Mr. Vargas learned of the discussion between his representative, Ms. Morgan, and Erik Harris, only on April 7 of 2023, as of the filing date, several months after the conversation. This is because Ms. Morgan had not reached out to Mr. Vargas as she feared retaliation for any additional support from the Ross Administration. Many within the union feel intimidated and threatened by the union should they show support for the Ross Administration. Ms. Morgan has been targeted for her support of the Ross Administration and her representation of Mr. Vargas and Ms. Martin. Ms. Morgan has most recently been threatened for her testimony in matters involving the case before this court. Members of the opposing political faction—those

that support a merger between the Association of Flight Attendants ("AFA") and APFA, filed a request with the union to pass a resolution targeted to prevent Ms. Morgan from submitting any other documentation or testimony before this court evidencing the abuse and harassment that many members of the union have undergone. In particular, Ms. Debra Volpe—an American Airlines Flight Attendant with strong ties to AFA—most recently threatened to bring Article VII charges against Ms. Morgan for evidence and testimony she provided before this Court while acting in compliance with a subpoena request. These threats and intimidation are not an isolated event for this union, unfortunately. The undersigned counsel has been contacted by multiple witnesses that fear coming forward to testify before this court for the same reason—retaliation by the union, not by individual members, but *their* union. (*See* Vargas Doc. 53-2 PAGEID 2919-2920, Aff. Of Ladonna Casey; *See also* Doc. 119 PAGEID 3892-3893; 3897 Phillips Aff; PAGEID 3898-3917 Morgan Aff; PAGEID 3918-3920 Martin Aff.).

11. Defendants' Counsel argues that he has not suffered from his own withholding of documents, and Defendants are ready for trial. This stands to reason. The union is the custodian of record for all documents. Members are not allowed to take records from the APFA archives, nor are members allowed to make copies of documentation or duplicate it in any way from the union's original records. So technically the only way to obtain records is to schedule an appointment for in-scope

inspection of the documents. This is a particularly convenient policy when the Union gets sued, as APFA is the only party allowed to maintain records. So clearly the prejudice that Plaintiff suffers based on the imbalance of access to document production would prepare Defendant for trial, but not Plaintiff. Particularly difficult is that Plaintiff made a good faith effort to comply with discovery efforts and turned over all documents in Plaintiff's Counsel's possession to date.

12. Defendants also argue that they are not concealing evidence whatsoever because they answered 92 Requests for Admissions, 30 Requests for Production, 60 Interrogatories, and produced over 5000 documents— and admit that they continue to supplement their discovery. However, Plaintiff received answers that contained mostly objections, and produced documents that contained little to no communications, were heavily redacted, or were documents Plaintiff's Counsel already produced to Defendants. However, the fact that Defendants' Counsel recognizes and admits that Defendants they continue to seek documents and supplement discovery is a reason enough to extend the discovery deadline and substantiates the fact that neither Plaintiff nor Defendants are ready for trial.

13. Further, almost no email communications were produced from the four National Officers to Plaintiff. Most importantly, Defendants' Counsel continues to maintain that he does not and will not respond to Plaintiff's first Request for Production on the Eugenio Vargas Case:

> "All documents, including but not limited to policy documents, insurance contracts, addendums, exclusions, conditions, and

> declarations pages that afford liability insurance to either APFA, or any one of the current or former officers, board members, or any authorized agents, or employees acting on behalf of APFA for purposes of protection in compliance with Labor Management Reporting and Disclosure Act 502(a)."

Defendants' Counsel refuses to supplement the answer and refuses to produce the insurance documents in compliance with this Request for Production. Defendants cannot attest to their own cooperation with discovery if Defendants fail to turn over insurance documents. The discovery period cannot end until the insurance issue has been resolved on this case. There are pending breach of fiduciary duty claims against officers on *both* sides, all of whom were required to maintain insurance, yet the union refuses to turn over insurance documents pertaining to officer's wrongdoing as of the date of this pleading. The lack of document production, including the insurance documents, is a threshold issue that must be resolved prior to the close of the discovery period.

## Conclusion

14. Based on the above, Plaintiff seeks leave for this Court to extend the deadlines for the discovery period and dispositive motions, so that the parties have adequate time to conduct discovery and depositions, and so that depositions can be scheduled so as not interfere with the union's election process.

## Prayer

WHEREFORE, for these reasons, Plaintiff, Robert "Bob" Ross respectfully asks the Court to enter an order granting an extension of the discovery period, and the dispositive motions period, and sustaining Plaintiff's objection to Defendants notice of deposition and for such other and further relief, at law or in equity, to which Plaintiff, Robert "Bob" Ross, may show itself to be justly entitled.

    Respectfully submitted,

By: /s/ Kerri Phillips
Kerri Phillips, Esq.
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@kdphillipslaw.com
KD PHILLIPS LAW FIRM, PLLC
6010 West Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@kdphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on this 23cd day of October 2023, a true and correct copy of the foregoing document was served on the below listed counsel of record for Defendants by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

By: /s/ Kerri Phillips
Kerri Phillips, Esq.

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420

Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org

James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111; Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com