# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| EUGENIO VARGAS, § § § Plaintiff/Counterclaim § Defendant, § § v. § § ASSOCIATION OF PROFESSIONAL § FLIGHT ATTENDANTS, *et al.*, § § Defendants/Counterclaim § Plaintiff. | Civil Action No. 4:22-cv-430-Y<br><br>Judge Terry R. Means |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR JOINDER PURSUANT TO FED. R. CIV. P. 15(a)(2), 20(a)(1)

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Federal Rule[s] of Civil Procedure 15(a)(2), 20(a)(1), and local Rules 7.1, 7.2, 56.1 and 56.5.  Plaintiff Eugenio Vargas, ("Vargas") by and through the undersigned counsel, files this, his Reply to Defendants' Response to Plaintiff's Motion for Leave to File its Second Amended Complaint and for Joinder Plaintiff filed its first amended complaint against Defendants for violations of LMRDA §411 among other federal and state claims on November 9, 2022 [Docket No. 55].  Defendants filed their answer and counterclaims against Plaintiff on March 8, 2023 [Docket No. 76].  As set forth more specifically, Plaintiff respectfully requests leave to file its second amended complaint and permissive joinder of two additional Defendants:  Larry Salas, APFA National Vice-President, and Josh Black, APFA National Secretary.

1

### A. Facts:

Ross is a member in good standing of the APFA union and the Former National Treasurer. Plaintiff was charged with violations of the APFA Constitution and policy based primarily on alleged overpayments discovered by an accounting firm's review of the union's payments under Plaintiff's Transition Agreement. Plaintiff prepared and defended himself in the union's internal dispute procedure ("arbitration") wherein Plaintiff issued subpoenas for documentation and witness testimony from the union. The internal dispute procedures resulted in Plaintiff being disciplined by revoking his right to hold elected office, and fined. [PageID 35-58; Docket No.1-3]. Plaintiff was found to have violated his fiduciary duty, subsequently unlawfully banned for life from holding any union-elected position, and fined in the amount of $30,963.03. to be paid to the union.

APFA's National Officers, Julie Hedrick, Erik Harris, Larry Salas, and Josh Black never turned over a copy of the Confidential Memorandum to the Board of Directors, the Executive Committee or to the Plaintiff during his internal union disciplinary hearing. [PageID, 1470-1484; Docket No. 56-1].[1] He intentionally deceived and misrepresented the pertinent facts to acquire a favorable arbitration award against Plaintiff. Plaintiff believes this is a result of his political opposition to an upcoming proposed merger between APFA and the Association of Flight Attendants (AFA). Plaintiff contends that withholding the Confidential Memorandum from the APFA Board of Directors, Executive Committee, and during his union disciplinary arbitration was

---

[1] Nena Martin was one of Vargas's union representatives in the Union Disciplinary Arbitration, and she testifies that she has never seen this Confidential Memorandum prior to disclosure on the date of signing the affidavit. This establishes the fact that the Confidential Memo was not produced during the Union Disciplinary Arbitration. Furthermore, Martin testifies that this document was not produced at the Executive Committee Hearing wherein charges were heard and voted on by the Executive Committee referring the charges to an internal Union Disciplinary Arbitration. She was also a member of the APFA Board of Directors during the year of 2020 and testifies that the APFA Board of Director's was never given or informed about this document by Erik Harris, APFA National Treasurer.

a violation of, among other things, his right to a fair hearing under the Labor Management Reporting and Disclosure Act § 101(a)(5). It was also a breach of the APFA National Officers fiduciary duty to the Plaintiff.

Plaintiff was not provided the safeguards against improper disciplinary action guaranteed under the LMRDA. Withholding documentation and misrepresenting the facts to APFA leadership to procure votes in favor of Disciplinary measures, levy fines, and sanction Plaintiff is an unconscionable violation to Plaintiff's right to a fair hearing and goes beyond any rational explanation that could meet a reasonableness standard. It rises to the level of breach of fiduciary duty to the Plaintiff. The result of this conduct is that Plaintiff endured a Union Disciplinary Hearing, fined, suffered reputational damage, privacy violations, and suspension from holding any official APFA position for the remainder of his life. Plaintiff seeks to recover damages. Plaintiff undeniably suffered discipline at the hands of the union as the arbitration award prohibited his right to hold APFA office again and has fined Plaintiff for monetary damages.

### B. Request to Grant Plaintiff Leave to file Amended Complaint

The Plaintiff respectfully requests the Court to grant Plaintiff's motion to amend its complaint and allow him to join additional parties.

Attached to the original Motion as Appendix 1 - 14 is the email produced by the Defendants supporting the facts asserted herein. Defendants were asked for these documents a year prior to filing its motion to amend, however Defendants failed to produce these documents until September 1, 2023. It was only through Eugenio Vargas' representative, Heidi Morgan, that Plaintiff discovered this email existed on the same date that Plaintiff had a deadline to amend the complaint. Upon filing Plaintiff's second Motion to Amend, Ms. Morgan testified to this fact. [PageID, 1470-1484; Docket No. 56-1]. As a result of her testimony, Ms. Morgan was threatened with Article

VII Disciplinary Charges, and the Union passed a resolution designed to prevent Ms. Morgan from complying with Plaintiff's subpoena.

Defendants' Counsel argues that Plaintiff should have amended the complaint and joined additional parties during the period allowable under the scheduling order. Plaintiff was prejudiced by Defendant's withholding of documentation from the original requests for production and Vargas learned of these documents on the date of the joinder and amendment deadline—wherein Ross's counsel learned on the same date of the existence of these documents. Therefore, if the Court denies Plaintiff's motion to amend, it will allow prejudice Plaintiff for Defendants' lack of cooperation with the Discovery process and reinforce Counsel's strategy to withhold documentation to stifle the legal process. Considering Defendants continue to withhold document and stifle the discovery process to date—as evidenced by Plaintiff's multiple discovery motions pending before this court--it does not seem logical to allow this conduct to limit Plaintiff's claims.

Defendants further argue that Plaintiff has dilatory motivations in seeking this amendment and joinder. However, seeking the amendment and joinder prior is the result of Defendants withholding documentation, not the result of any dilatory motives. In point of fact, Plaintiff immediately attempted to amend and file affidavits demonstrating the existence of this evidence despite Defendants' lack of cooperation in the discovery process and production of documentation.

### C. Conclusion

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend its original complaint and file a Second Amended Complaint. Plaintiff requests such other and further relief to which he may be justly entitled to receive.

Respectfully submitted,

K.D. PHILLIPS LAW FIRM, PLLC

4

By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com
6010 W. Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 30th day of October 2023.

/s/Kerri Phillips
Kerri Phillips

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org

James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111; Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com

5