## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| | § | |
| EUGENIO VARGAS, | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | Civil Action No. 4:22-cv-430-Y |
| v. | § | |
| | § | Judge Terry R. Means |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | (Relates to Motion Referred to |
| | § | Magistrate Judge Cureton) |
| Defendants/Counterclaim Plaintiff. | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S SECOND MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS

**TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND ...................................................................2

ARGUMENT ...................................................................................................................................6

    A. The APFA's Document Production Is Appropriate ................................................................6

    B. Requests 3(g), 7 and 8 Are Objectionable *in toto* ...............................................................8

    C. The Document Production Was In The Proper Format ........................................................10

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Arcuri v. Trump Taj Mahal Assocs.*,
   154 F.R.D. 97 (D.N.J. 1994)........................................................................................................7

*MetroPCS v. Thomas*,
   327 F.R.D. 600 (N.D. Tex. 2018) .............................................................................................9, 10

*Samsung Electronics America, Inc. v. Chung*,
   325 F.R.D. 578 (N.D. Tex. 2017) .............................................................................................2, 6, 8

*Upjohn Co. v. U.S.*,
   449 U.S. 383 (1981)....................................................................................................................7

*Vargas v. APFA*,
   No. 4:22cv403-Y (N.D. Tex.)....................................................................................................3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| EUGENIO VARGAS, | § § § | |
| Plaintiff/Counterclaim Defendant, | § § | Civil Action No. 4:22-cv-430-Y |
| v. | § § | Judge Terry R. Means |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*, | § § § | (Relates to Motion Referred to Magistrate Judge Cureton) |
| Defendants/Counterclaim Plaintiff. | § § | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S SECOND MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Defendants the Association of Professional Flight Attendants ("APFA"), its President, Julie Hedrick, and its Treasurer, Erik Harris (collectively herein, "Defendants") hereby oppose Plaintiff's Second Motion to Compel Production of Document, Doc. 139.

As set forth below, Plaintiff served sweeping Requests for Production on the Defendants in August 2023. The Defendants responded in writing and have produced upwards of 6000 pages of responsive documents. Plaintiff's complaints regarding the scope of the production are inaccurate, and his sparse assertions for why the few Requests for which no responsive documents have been produced are appropriate under the Federal Rules are unconvincing and incorrect as a matter of law. Plaintiff has not met his burden for obtaining the relief requested. The Defendants have complied with their obligations under the Federal Rules, and this motion should be denied.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

As explained more fully in the Defendants' Opposition to Plaintiff's prior motion to compel, Doc. 148, this case arises out of an internal union arbitration under Article VII of the APFA Constitution which addressed charges of misconduct by Plaintiff Eugenio Vargas during his term as APFA National Treasurer, resulting in a final and binding determination that Mr. Vargas had engaged in the unauthorized expenditure and receipt of funds in violation of the APFA Constitution and Policy Manual, and which he has largely not paid back to the Union. This lawsuit is Mr. Vargas's effort to avoid his responsibility under that arbitration award. APFA, in its counterclaim, seeks to hold Mr. Vargas responsible for his breach of fiduciary duty under federal law.

On August 13, 2023, Plaintiff served the APFA Defendants with fourteen Requests for Production, some with multiple subparts.  Pl.'s Appx. 23-31.  The Requests generally sought "all documents and communications of any kind" on a wide variety of subjects; some were expressly or impliedly limited in time to the period April 1, 2020, to the present (numbers 2, 3, 4, 6, 7, 8, 9, and 12), while others contained no such express or implied limitation on time (1, 5, 10, 11, 12, and14).   While his Proposed Order lists all fourteen of the Requests as if they were at issue here, *See* Pl.'s Proposed Order, his Brief addresses only seven of these Requests (Requests 2-8), Pl.'s Br. Supp. 2d Mot. Compel, Doc. 140, at pages 10, 11, 13.  Plaintiff is obligated to "specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute … and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute."  *Samsung Electronics America, Inc. v. Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017) (citation and internal quotation marks omitted).  Accordingly, the Defendants address only the

2

particular Requests which Plaintiff discusses in his brief.  *See* Doc. 140 at 13 (asking Court to

"[c]ompel Defendants to produce documentation responsive" to only Requests 2-8).

Without repeating the full text of each Request herein, most of them sought "documents

or communications" among various people on these particular subjects:

- The "Transition Agreement" between Robert Ross, who is Plaintiff in the related case of *Ross v. APFA*, No. 4:22cv343-Y (N.D. Tex.), and APFA's Board of Directors governing his early departure from office in the face of a recall petition, in 2018.  (RFP 2);

- The Article VII Arbitration of Robert Ross (RFP 4);

- A hypothetical merger between APFA and another union, the Association of Flight Attendants ("AFA") (RFP 5); and

- The Article VII Arbitration of Mr. Vargas (RFP 6).

In addition, Plaintiff sought all communications regarding other Article VII Arbitrations

involving APFA members who are not parties to this or the *Ross* lawsuits:  Nena Martin, Melissa

Chinery-Burns and Sandra Lee (RFP 7, 8).

Finally, in Request No. 3, Plaintiff made a sweeping request for

> All documents and communications of any kind between the National Officers, [Base President] John Nikitas, [APFA Member] Melissas Chinery-Burns, and [outside counsel] William Osborne since April 1, 2020, discussing any of the following:
>
> a.   The Ross Administration;
> b.   Article VII of the APFA Constitution;
> c.   The Ross Transition Agreement;
> d.   Hal O'Neil's accounting review of the Ross Transition Agreement;
> e.   The Confidential Memo;
> f.   The Overpayment of Wages Letter; and
> g.   The American Airlines December 13, 2014, Collective Bargaining Agreement.[1]

---

[1] With respect to Request 3(g), APFA is the certified collective bargaining representative for the American Airlines Flight Attendants, with the responsibility to negotiate and enforce its collective bargaining agreement with American.  APFA is currently in negotiations with American Airlines regarding amendments to the current collective bargaining agreement, *see*

To identify potentially responsive documents, the APFA searched its paper and electronic files through a variety of mechanisms, including searching emails of relevant individuals and archived material, and obtaining documents directly from union representatives.  Defendants served written responses and nearly 5000 pages of responsive documents on September 13, 2023.  *See* Pl.'s Appx.48-53; Defs.' Appx. 1-3 (Matts Declaration) and 5 (9/13/23 transmittal email).

While objecting to aspects of Requests 2, 4, and 6, Defendants served documents responsive to those Requests which were relevant to this case, not privileged, and which could be reasonably identified.  APFA agreed to produce responsive documents, if any, during the term of the current National Officers discussing a merger with AFA, but found no such documents.

Defendants objected to, and did not identify responsive documents in its production regarding the sweeping Request 3, on the ground that it failed to describe with reasonable particularity the item or category of items to be produced, sought irrelevant information, and is overly burdensome. In addition, Plaintiff's requests for communications with outside counsel Mr. Osborne sought privileged information.

Defendants also objected to Requests 7 and 8, and did not produce responsive documents thereto, because those Requests sought communications involving Article VII Arbitrations involving non-parties Nena Martin, Melissa Chinery-Burns and Sandra Lee, which have nothing to do with this case.   Pl.'s Appx. 56.  The Defendants objected that these requests sought information that was not relevant to any party's claim or defense, are not proportional to the needs of the case, and are overly burdensome.  *Id.*

---

https://www.apfa.org/negotiations-status/, and the present lawsuit does not involve any aspect of the collective bargaining agreement.

Defendants then supplemented their production on multiple occasions, as they identified additional responsive documents.  Between October 12 and October 21, 2023, Defendants produced an additional 1885 pages of documents, largely involving email communications on various topics from Plaintiff's Requests for Production.  Defendants also provided Plaintiff's counsel with a privilege log (which they will supplement as appropriate).  Defs.' Appx. 12 (production and privilege log transmittal emails).   This supplemental production included communications responsive to portions of Request 3i .  In response to Plaintiff's conferral requests, the APFA searched for and produced documents responsive to those portions of Request  3 which bore on the issues before the Court – communications among the identified parties regarding the Article VII charges and Awards against Mr. Ross and Mr. Vargas, the Transition Agreement, overpayments to Ross, and efforts to collect.  Additional responsive documents were produced in the supplemental productions.  Defs.' Appx. 2-3 (Matts Decl. ¶5); Defs.' Appx. 5, 6, 7, 8, 10, 11, and 13.  APFA maintains its objection to requests for all communications regarding "The Ross Administration" more generally; Article VII of the APFA Constitution more generally; and the Union's collective bargaining agreement with American Airlines.

In accordance with its obligations under the Federal Rules, APFA continues to search for responsive documents and will produce them as they are identified.  *Id.*

Plaintiff has now moved to compel, and without addressing the terms of each particular Request, or the responses provided, asserts that all the requested documents are relevant, Doc. 140 at 10, 13.  Plaintiff contends generally (and incorrectly) that "Defendants failed to provide responses to Plaintiffs' discovery requests", Doc. 140 at 1,  that "only a limited number of

documents were produced,", and that "virtually no email exchanges or communications of any kind were produced" at all.  *Id.* at 7.

Plaintiff's Brief concludes with a request to compel production of "documentation responsive of [sic] Requests for Production No. 2, 3, 4, 5, 6, 7, and 8."  Doc. 140 at 13.  His Proposed Order, however, would compel production of all fourteen Requests, including the seven which are not mentioned in his Brief.  In addition, while the Requests for Production did not specify a format for production of electronically stored documents, Plaintiff seeks production in "original .PST format."  Pl.'s Proposed Order.

## ARGUMENT

Plaintiff has failed to meet his burden of establishing either that the Defendants' responsive production is in any way deficient or that the Requests for Production for which no documents were produced seek information that is relevant to the action or will lead to the discovery of admissible evidence.  *See Samsung Electronics America, Inc. v. Chung*, 325 F.R.D. at 594. His motion should be denied.

### A.      The APFA's Document Production Is Appropriate.

The APFA searched for and produced non-privileged documents responsive to Requests for Production 2, 4 and 6. *See* Pl.'s Appx. 48-50; Defs.' Appx. 5 (9/13/23 transmittal email). APFA  objected to the production of privileged documents, and produced a privilege log.  Defs.' Appx. 12 (privilege log email).[2]

---

[2] Plaintiff has not addressed the privilege log which was provided, but does make a broad and unsupported assertion that the APFA and its in-house counsel do not have an attorney-client privilege vis-à-vis members of the APFA.  That view is mistaken.  *See Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981) (organizational attorney-client privilege applies to communications made by employees to corporate counsel for the purpose of counsel rendering legal advice to the corporation); *Arcuri v. Trump Taj Mahal Assocs.*, 154 F.R.D. 97, 109 (D.N.J. 1994) (rejecting

The APFA Defendants agreed to search for and produce documents responsive to Request 5, which sought communications "discussing a merger between APFA and AFA," but limited the period of time to the tenure of the current National Officers, and found no responsive documents to produce.[3]

The APFA has also searched for and produced documents responsive to subparts (b), (c), (d), (e) and (f) of Request 3, as well as subpart (a) insofar as it pertains to Mr. Ross or Mr. Vargas and the issues in this case.  For all these Requests, APFA has been and is conducting additional review to comply with its obligation to supplement production.

Plaintiff's response to the production of thousands of pages of responsive documents is to complain that they are "only a limited number of documents", and to contend that "virtually no email exchanges or communications of any kind were produced", and that "Notably missing … are any emails from the National Officers, Julie Hedrick, Josh Black, Larry Salas, and Erik Harris,." Doc. 140 at 7.  These sweeping statements are demonstrably incorrect.  The thousands of pages of documents produced contain hundreds of pages of emails specifically responsive to Plaintiff's requests from and among all of those individuals, many of which, for illustrative purposes, we identify by bates-number in the Defendants' Appendix hereto (and can produce for *in camera* review).  *See* Defs.' Appx. 14-16.[4]

---

attempt by union members to pierce attorney-client privilege between union officers and counsel).

[3]Plaintiff theorizes that he was subjected to Article VII charges by two rank and file members, and found by an independent Arbitrator to have engaged in financial malfeasance in office, because he opposed the possibility of such a merger.  But neither he nor APFA has any evidence to support that theory.

[4] A list of the emails produced in the extant discovery, by bates-number, indicating those which involve the National Officers (who Plaintiff asserts are not in any produced email) is provided at Defendants' Appendix 14-16.

7

B.      **Requests 3(g), 7 and 8 Are Objectionable** *in toto.*

With respect to the remainder of Request 3 and to Requests 7 and 8, for which no

documents have been produced, Plaintiff had the initial obligation in his Requests to seek only

"matter that is relevant to any party's claim or defense and proportional to the needs of the case,"

and "to describe with reasonable particularity each … category of items to be inspected," Fed.

R. Civ. P. 26(b)(1) and 34(b)(1)(A).  Plaintiff also has the burden, on this motion, "to specifically,

as to each request, identify the nature and basis of the dispute … and … include a concise

discussion of the facts and authority that support the motion as to each discovery request in

dispute," *Samsung Electronics America, Inc. v. Chung*, 325 F.R.D. at 594.

Plaintiff did not meet his obligations in either these Requests or in his motion. The

information sought was not described with reasonable particularity, and as drafted is not relevant,

not likely to lead to admissible evidence, and compliance with these Requests would impose an

undue burden on the Defendants.

Request 3 has seven subparts. As described above, Defendants in their supplemental

production produced responsive documents regarding subparts (b), (c), (d), (e) and (f) of Request

3, as well as subpart (a) insofar as it pertains to Mr. Ross or Mr. Vargas and the issues in this

case.  That subpart sought, in addition, all communications regarding "the Ross Administration,"

which he defined as "Robert 'Bob' Ross, Nena Martin, Eugenio Vargas, or Marcy Dunaway,"

Pl.'s Appx. 29.  Communications regarding Mr. Ross and Mr. Vargas, and which pertain to the

---

Plaintiff complains that there are no or any communications with Joe Burns in these
emails. Mr. Burns is an attorney retained by APFA solely for the limited function of assisting
with ongoing collective bargaining negotiations with American Airlines, and the fact that none of
the responsive emails relating to internal APFA discipline were with Mr. Burns should not be
surprising.

issues in this case, have been produced. But the demand to produce communications regarding Ross or Vargas more generally as well as non-parties Martin and Dunaway, without any reference to the issues before the Court in this case, is plainly inappropriate. *See MetroPCS v. Thomas,* 327 F.R.D. 600, 610 (N.D. Tex. 2018) (discovery requests are "facially overbroad where [they] … seek all documents concerning the parties to [the underlying]] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited."). With particular respect to communications regarding Ms. Martin and Ms. Dunaway, Plaintiff has not demonstrated the relevance of *any* such communications, much less *all* of them (which is what he seeks); nor has he accounted for the burden it would impose on those individuals to have information regarding them disclosed in unrelated litigation.

Subpart (g) of Request 3 seeks communications among specified people regarding the "American Airlines December 13, 2014, Collective Bargaining Agreement." This case does not involve that Collective Bargaining Agreement, and Plaintiff does not even attempt to explain how any such documents would bear on this matter. Moreover, given that APFA's primary function as the collective bargaining representative is to negotiate and enforce its collective bargaining agreement on behalf of over 26,000 Flight Attendants, a request for all communications regarding that agreement is patently overly broad and unduly burdensome in any context, *see MetroPCS,* 327 F.R.D at 610, and would likely interfere with the APFA's ongoing contract negotiations with American.

Requests 7 and 8 seek communications involving Article VII Arbitrations involving non-parties Nena Martin, Melissa Chinery-Burns and Sandra Lee. Pl.'s Appx. 30. The APFA Defendants objected that these requests sought information that is not relevant to any party's

claim or defense, is not proportional to the needs of the case, and is overly burdensome.  As with

Request 3(a), Plaintiff has not met his burden of making reasonably particular requests, nor has

he demonstrated the possible relevance of such documents, nor indicated how such document

might lead to the discovery of admissible evidence.  The request would unfairly disclose personal

information regarding non-parties with no offsetting value to the resolution of this litigation.

### C.    The Document Production Was In The Proper Format.

Finally, Plaintiff's brief contains a lengthy exposition regrading tools which a party might

use to search for and recover emails using Microsoft Outlook, Doc.140 at 6, and he asks in his

Proposed Order for a directive that APFA produce documents in ".PST format."  But his

Requests for Production did not seek documents in any particular format. *See* Pl.'s Appx. 23,

and the APFA should not be made to incur the time and expense of producing the same

documents in more than one format.  *See*  Fed. R. Civ. P. 34(b)(2)(E)(iii) ("A party need not

produce the same electronically stored information in more than one form.").   Indeed, Plaintiff's

counsel only requested *any* documents in .PST format on October 21, 2023, and then only in

connection with APFA's response to a different set of Requests for Production.  *See* Pl.'s Appx.

110-111 (Doc. 141-2 at 13-14).   Plaintiff's new demand in his brief for a wholesale second

production in a different format, which he had not previously requested, and for which he has

never articulated a rationale, would do nothing more than impose undue costs on APFA.

### CONCLUSION

For the foregoing reasons, the Defendants respectfully request that Plaintiff's motion

should be denied.

Dated: November 17 , 2023                    Respectfully submitted,


                                              /s/ James D. Sanford
                                             JAMES D. SANFORD
                                             Tex. Bar No. 24051289
                                             Gillespie Sanford LLP
                                             4803 Gaston Ave.
                                             Dallas, TX  75246
                                             Tel.: (214) 800-5111; Fax.: (214) 838-0001
                                             Email: jim@gillespiesanford.com


                                             JEFFREY A. BARTOS (*pro hac vice*)
                                             D.C. Bar No. 435832
                                             Guerrieri, Bartos & Roma, PC
                                             1900 M Street, N.W. Suite 700
                                             Washington, DC 20036
                                             Tel.: (202) 624-7400; Fax: (202) 624-7420
                                             Email: jbartos@geclaw.com

                                             *Counsel for the, Association of Professional Flight*
                                             *Attendants, Julie Hedrick and Erik Harris*


                                             CHARLETTE L. MATTS (*pro hac vice*)
                                             Tex. Bar No. 24133870
                                             Association of Professional Flight Attendants
                                             1004 W. Euless Blvd.
                                             Euless, TX 76040
                                             Tel.: (682) 301-8454
                                             Email: Cmatts@apfa.org

                                             *Counsel for Defendant and Counterclaim Plaintiff*
                                             *Association of Professional Flight Attendants*

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 17 , 2023, a true and correct copy of the foregoing document

was served upon all persons who have requested notice and service of pleadings in this case via

the Court's ECF system.

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

/s/ *James D. Sanford*
JAMES D. SANFORD