**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| EUGENIO VARGAS, | § § § | |
| Plaintiff/Counterclaim Defendant, | § § | Civil Action No. 4:22-cv-343-Y |
| v. | § § | Judge Terry R. Means |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*, | § § § | (Relates to Motion Referred to Magistrate Judge Cureton) |
| Defendants/Counterclaim Plaintiff. | § § | |

**APPENDIX IN SUPPORT OF THE APFA DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Pursuant to Local Rule 7.1(i) and Section II.C of this Court's Case Management Requirements, the Association of Professional Flight Attendants ("APFA") submits this appendix of materials cited in its Response in Opposition to Motion to Quash and for Protective Order:

| Description | Appendix Pages |
|---|---|
| Joshua Black's Declaration | Appx 1-4 |
| Exhibit A – 2024 APFA National Officer Elections | Appx. 5-10 |
| Exhibit B – Special Board of Directors Teleconference | Appx. 11-14 |
| Exhibit C – Annual Board of Directors Convention | Appx. 15-16 |
| Exhibit D – Letter re: Ross Willingness-to-Serve nomination | Appx. 17-18 |
| Exhibit E – Letter re: Vargas Willingness-to-Serve nomination | Appx. 19-20 |
| Exhibit F – 2024 National Officer Elections: Candidate Announcement | Appx. 21-25 |
| Plaintiff's Responses and Objections to APFA Defendants' First Set of Interrogatories to Eugenio Vargas | Appx. 26-28 |
| Plaintiff's Responses and Objections to APFA Defendants' Second Set of Requests for Production to Eugenio Vargas | Appx. 29-31 |

Dated: December 13, 2023   Respectfully submitted,


        */s/ James D. Sanford*
        JAMES D. SANFORD
        Tex. Bar No. 24051289
        Gillespie Sanford LLP
        4803 Gaston Ave.
        Dallas, TX  75246
        Tel.: (214) 800-5111; Fax.: (214) 838-0001
        Email: jim@gillespiesanford.com


        JEFFREY A. BARTOS (*pro hac vice*)
        D.C. Bar No. 435832
        Guerrieri, Bartos & Roma, PC
        1900 M Street, N.W. Suite 700
        Washington, DC 20036
        Tel.: (202) 624-7400; Fax: (202) 624-7420
        Email: jbartos@geclaw.com

        *Counsel for Defendant and Counterclaim Plaintiff*
        *Association of Professional Flight Attendants, and*
        *Defendants Julie Hedrick and Erik Harris*


        CHARLETTE L. MATTS (*pro hac vice*)
        Tex. Bar No. 24133870
        Association of Professional Flight Attendants
        1004 W. Euless Blvd.
        Euless, TX 76040
        Tel.: (682) 301-8454
        Email: Cmatts@apfa.org

        *Counsel for Defendant and Counterclaim Plaintiff*
        *Association of Professional Flight Attendants*

## CERTIFICATE OF SERVICE

I certify that on December 13, 2023, a true and correct copy of the foregoing *Appendix of Materials Cited In APFA Defendants' Response in Opposition to Motion to Quash and for Protective Order* was served upon all persons who have requested notice and service of pleadings in this case via the Court's ECF system.

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

/s/ *James D. Sanford*
JAMES D. SANFORD

DECLARATION OF JOSHUA BLACK

Joshua Black hereby declares as follows:

1.      I am an adult resident of the State of Texas and make this Declaration based on my personal knowledge.

2.      I am the National Secretary for the Association of Professional Flight Attendants ("APFA"). Pursuant to Article III, Section 6.D.6 of the APFA Constitution and Section 14.D.5 of the APFA Policy Manual, the National Secretary provides oversight and administrative assistance to the National Ballot Committee ("NBC"), which has the responsibility to carry out all aspects of APFA elections.  However, the National Secretary is not a member of the NBC and has no decision-making authority within the NBC.

3.      Article VI of the APFA Constitution sets out the timeline for candidate nominations, balloting, and election contests for office.

4.      On November 2, 2023, the NBC issued the 2024 APFA National Officer Elections Hotline, which outlines the 2024 National Officer elections timeline and provides information about the virtual candidate forum, the voting method, candidate booklets, candidate eligibility, and voting eligibility and instructions to the membership about how to update their addresses with APFA. (Exhibit A). From November 7, 2023, at 10:00 a.m. Central Standard Time, until December 7, 2023, at 10:00 a.m. Central Standard Time, active members in good standing were able to nominate themselves or another active member in good standing for a National Officer position by submitting Willingness-to-Serve ("WTS") notifications on apfa.org.

5.      In accordance with Section 14. H of the APFA Policy Manual, after the close of the WTS on December 7, 2023, two members of the NBC retrieved the WTS notifications from the election submission site. The NBC members examined the WTS notifications to determine the nominated persons and their references' eligibility.

**APPENDIX 1**

6.      Plaintiffs Ross and Vargas did not submit any WTS notifications nominating themselves for National Officer positions.  Five WTS notifications were submitted by non-party APFA members nominating Bob Ross for the APFA National President position and one non-party member submitted a WTS notification nominating Eugenio Vargas for the APFA National Treasurer position.

7.      The NBC members withdrew those WTS notifications in accordance with binding Opinion and Awards issued by Article VII Arbitrator Ruben Armendariz, prohibiting Ross and Vargas from serving in any APFA National Officer positions. In accordance with those Arbitration Awards, the APFA Board of Directors had passed two resolutions implementing the Awards and directing the NBC to remove any WTS notifications nominating Plaintiffs Ross and Vargas from consideration for officer positions. (Exhibits B and C).

8.      The NBC Chairperson sent email correspondences to the individuals who had submitted WTS notifications nominating Plaintiffs Ross and Vargas for National Officer position informing them that Plaintiffs Ross and Vargas are not eligible to hold National Officer positions. (Exhibits D and E).

9.      Also, December 7, 2023, the NBC issued the 2024 National Officer Elections: Candidate Announcement Hotline announcing the candidates for the National Officer position. (Exhibit F). Neither Heidi Morgan, Melissa Chinery-Burns or Sandra Lee are candidates for any National Officer position.

10.     On December 27, 2023, the National Officer election will open and the ballot packages will be mailed.  (Exhibit A). On January 26, 2024, the National Officer election will close and the ballot count will take place at the APFA Headquarters. (Exhibit A). In the event no candidate for a given position secures a majority vote on the first ballot, a run-off election will be

2

**APPENDIX 2**

held for each such position.  In the event of a run-off,  on January 31, 2024, the National Officers run-off debate is scheduled to occur at the APFA Headquarters. (Exhibit A). On February 5, 2024, run-off elections will open and the ballot packages will be mailed. (Exhibit A). On March 6, 2024, run-off elections will close and the ballot count will take place at the APFA Headquarters. (Exhibit A).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of December, 2023.

_____

Joshua Black

**APPENDIX 3**

INTENTIONALLY LEFT BLANK

**APPENDIX 4**



**Log In**

# 11.02.23 – 2024 APFA National Officer Elections



## 2024 APFA National Officer Elections

**Thursday, November 2, 2023**



**APPENDIX 5**

*Click the image above for the 2024 National Officer Elections video update.*

The APFA National Ballot Committee has continued our focus over the last few years on making several key improvements to the balloting processes and continuing to modernize behind the scenes. We are pleased to be able to make some positive changes in both the Willingness-to-Serve form as well as some of the election processes for the upcoming 2024 National Officer Elections.

The National Ballot Committee policies and procedures are guided by the **APFA Constitution** , **Policy Manual**, and the **Labor-Management Reporting and Disclosure Act of 1959 (LMRDA)** guidelines set forth by the Department of Labor. Every change and update are carefully reviewed by APFA's Legal Department with frequent consultation with our local representative at the Department of Labor.

**2024 National Officer Elections Timeline**

**APPENDIX 6**



**Virtual Candidate Forum**

On December 8, 2023, at 1:00pm (CT), the National Ballot Committee will hold a virtual candidate forum. All candidates are strongly encouraged to attend to learn more about the election process and ask questions. Candidates will be sent instructions on how to join after the Willingness-to-Serve closes.

**Voting Method: Paper Ballots vs. Electronic Voting**

**APPENDIX 7**

For the upcoming election, we will be using the traditional method of **Paper/Mail Balloting**. Despite the progress we have made in transitioning back to electronic voting for representative elections, both through our vendor and the internal policy updates that addressed concerns raised in the previous election with DOL (Department of Labor) involvement, there remain significant ambiguities and lack of guidance from the DOL regarding electronic voting for primary and run-off elections for representatives at this point in time.

However, we remain fully committed to utilizing electronic voting for all non-representative elections whenever feasible.

Please ensure that your Paper Ballot reaches the designated P.O. Box by **January 26th, 2024, at 10:00am (CT)**. Duplicate Ballot Package requests will be handled through the Help Desk at YesElections or via the APFA website.

**Candidate Booklets**

Candidate booklets will be available to all members on the **Union Elections** page of the APFA website on **December 27, 2023**, the day the ballot packages are mailed. On the voter information page included with your ballot, a QR code will also be printed that you can scan, which will take you directly to the candidate booklets. Candidate information will be available to you throughout the balloting period. You may print the information from the website.

**Candidate Eligibility**

Candidates who submit a Willingness-to-Serve for a National Officer position, must be a member in good standing per **APFA Constitution Article II, Section 4.A-C – Article VI, Section 4.B & 4.D** by the close of that process on December 7, 2023, at 10:00am (CT).

**Voter Eligibility**

To be eligible to vote, each APFA member must be a member in good standing no later than five (5) days prior to the date the votes are counted ("balloting date"). The primary balloting date is **January 26, 2024**; therefore, you must be in good standing by **January 22, 2024**. The Dues Department endeavors to run the monthly billing on the 15th of every month. Members' eligibility will update after the monthly billing date; therefore, it is strongly advised you check your membership status and dues by logging into APFA.org on or after that date to confirm your eligibility.

A member will also be eligible to vote if on an official APFA payment plan that was executed at least thirty (30) days prior to the balloting date which is December 27, 2023, and at least one payment

**APPENDIX 8**

Case 4:22-cv-00430-Y Document 175 Filed 12/13/23 Page 12 of 34 PageID 4991

has been made. You can set up an official APFA payment plan by contacting the dues department at [email protected] or by calling **(817) 540-0108**.

If there is the need for a run-off election, the balloting date is **March 6, 2024**, and you must be dues current by **March 1, 2024**, or on an official APFA payment plan that was executed by **February 5, 2024**, for any run-off election, per APFA Policy Manual, Section 2.G.7.f.

**Update Your Address With APFA**

The National Ballot Committee reminds every member to make sure that APFA has their correct mailing address to receive a ballot package. Even though you may have updated your address with the Company, American Airlines does not share that information with APFA. This is especially important for members who moved or relocated recently.

Update your mailing or contact information by **clicking here**. If you need assistance with logging in to update your information, please email **[email protected]**.

If you have issues logging into the APFA website, please visit the support page by **clicking here**. You may also contact the Membership Department at 817-540-0108.

Keep an eye out for the Union Elections section on the APFA website throughout the 2024 National Officer Elections for more information and updates.

In Solidarity,

**Adam Brooks**
*APFA National Ballot Committee Chair*
**[email protected]**

---

*Posted in* Hotlines - 2023 *and tagged* National Ballot Committee, National Officer Elections, NBC, November 2023, Union Elections



**APPENDIX 9**

**APPENDIX 10**

# APFA

## SPECIAL BOARD OF DIRECTORS TELECONFERENCE



### March 24, 2022

| Resolution Information | | |
|---|---|---|
| **Resolution #:** | 2 | |
| **Resolution Name:** | Chinery-Lee v Ross Arbitration Remedy | |
| **Status:** | Pass | |
| **Maker:** | Hedrick | |
| **Second:** | Nikides | |
| **Date:** | 3/23/2022 | |
| **Time:** | 4:08 p.m. | |
| **Affects PM:** | ☐ | |
| **Comments:** | | |

| | BOS Milenkovic | CLT Hazlewood | DCA Pennel | DFW De Roxtra | LAX Nikides | LGA Santana | MIA Trautman | ORD Wroble | PHL Kaswinkel | PHX Agee | SFO Schwartz | Pres Hedrick |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **YES** | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☐ | ☐ |
| **NO** | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **ABS** | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| **N/A** | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Yes: 10   No: 0   Abstain: 1   Absent: 0   Show of Hands: ☐

**WHEREAS**, APFA Constitution, Article VII provides APFA members a mechanism to hold their representatives accountable through internal hearing procedures facilitated by a neutral third-party arbitrator; and

**WHEREAS**, two such members, Melissa Chinery & Sandra Lee, filed Article VII Charges against previous APFA National President, Bob Ross, on November 18, 2020; and

**WHEREAS**, these Article VII charges were referred to the designated Article VII Arbitrator, Ruben Armendariz, in accordance with APFA Constitution Article VII, Section 3; and

**WHEREAS**, the Chinery-Lee v. Ross charges were heard on June 16, 2021, and continued on November 17 & 18, 2021, in Irving, Texas; and

**WHEREAS**, Arbitrator Armendariz rendered a decision in the matter of Chinery-Lee v. Ross on March 19, 2022; and

**WHEREAS**, the remedy states:

"**1.** The APFA will hire an Independent Forensic Auditor to audit Robert Ross' weekly reports, monthly reports and APFA credit card charges from April 1, 2016 through July, 2018 and perform the following tasks:

Specifically:
**a.** The Auditor shall inspect the receipts for the Ross family vacation taken in the Grand Canyon in August 2016. Ross claimed all of hotel stays, meals and mileage charges as relocation moving expenses when some are for a personal vacation. Please determine what costs should not have been claimed as relocation moving expenses.

**APPENDIX 11**

Ross is liable for the excess cost and is hereby Ordered to repay APFA for all inappropriate charges!

    **b.** The Auditor shall inspect Ross' APFA credit card usage for personal and group meals and purchases for personal items such as tools, toiletries, bath towels, and candy from April 1, 2016 through July 2018 and determine the cost of all inappropriate charges. If no documentation was provided to support each purchase was a union related business cost, then Ross is liable for all inappropriate charges and is hereby Ordered to repay the APFA for all inappropriate charges!

    **c.** The Auditor shall inspect all of Ross' rental car usage from April 1, 2016 through October 16, 2016 and determine if these rentals were for union related business. APFA paid for the rental cars but there should be documentation to show if it was for union related business. If not, Ross is to be assessed the cost of the rental cars during the above period and is hereby Ordered to repay APFA for inappropriate rental car usage!

    **d.** The Auditor shall inspect all of Ross' claimed mileage from the Sacramento Airport to his residence (42 miles) and return (42 miles) as well as all monthly parking of his personal car. He claimed $105.00 per month from April 1, 2016 through July 2016 to park his car at the Sacramento airport. Ross is to be assessed the mileage and monthly parking he claimed and Ross is hereby Ordered to repay APFA for all of these inappropriate charges!

**2.** Ross is hereby Ordered to immediately repay the APFA $5,436.47 per the finding of the APFA Board of Directors. An independent accounting firm determined the formula used to determine the daily rate assessed for sick and vacation payout was incorrect.

**3.** Ross is hereby Ordered to repay the APFA $8,106.13 for leasing an apartment at the Bear Creek Complex where he had no intention of occupying.

**4.** Ross is hereby fined and Ordered to repay the APFA for all of the Arbitrator's Fee for this arbitration.

**5.** Ross is hereby ordered to repay the APFA the full cost of hiring the Independent Forensic Auditor.

**6.** Ross is hereby Ordered to repay $3,637.00 to the APFA for all of the furniture he had purchased and delivered to his residence located in South Lake, Texas.

**7.** Ross is prohibited from serving in any official position within the APFA organization that is set forth and included in the APFA Constitution and Policy Manual that is covered or identified. If Ross currently holds any official position presently, he is to resign said position. This is to bar Ross from any official position for life other than that of member.

**8.** The APFA if it hasn't done so, must create a separate body of trained forensic accountants to oversee the annual audit and to create procedures and recommendations to preclude fraud for the BOD's review and action to be included within the Policy Manual. National Officers or Officers who have the authority to extend APFA to credit or use of an APFA credit card must be held economically responsible. The language created must be very clear and unambiguous. Training over the LMRDA must be a requirement for all National Officers or any person who can extend APFA to credit and whom is given an APFA credit card. These individuals must sign a document declaring and attesting that they have read and understand their responsibilities in using an APFA credit card or extending credit to the APFA for rental cars, apartments, etc., and that negligence will not be tolerated and will be dealt with severe penalties.

**9.** The arbitrator shall retain jurisdiction over any issue involving this remedy only. Moreover, if the Independent Auditor determines any monies are due from Ross, that will be the amount to be assessed or due for repayment to the APFA. The APFA shall either Order said repayment

**APFA**
BOARD OF DIRECTORS MEETING

from Ross or submit the Independent Auditors findings to have this arbitrator issue a
Supplemental Decision and Remedy."

; and

**WHEREAS**, Bob Ross resigned from his position as APFA SFO Base President; and

**WHEREAS**, APFA Constitution Article VII, Section 6.H states that "[t]he decision of the Article
VII Arbitrator shall be final and binding upon the accused and the accuser;" and

**WHEREAS**, the APFA Board of Directors is authorized and empowered to take any and all lawful
action consistent with the Constitution to safeguard and protect the APFA and the rights, privileges,
duties, and responsibilities of the officers, representatives, and members of the APFA.

**BE IT THEREFORE RESOLVED**, the APFA affirms the APFA Article VII Arbitrator's decision
and remedy and hereby sanctions the following actions:

1. The APFA National Treasurer shall retain an independent forensic auditor to effectuate item
   1.a-d of the Arbitrator's remedy. Within 30 days of completion, the results of this investigation
   shall be remitted to the Board of Directors for review. After this review, the APFA shall order
   Bob Ross to repay APFA for any monies deemed owed by the independent forensic auditor.

2. APFA hereby orders Bob Ross to repay $5,436.47 to the APFA for the overpayment for the
   incorrectly calculated daily rate for sick and vacation payout.

3. APFA hereby orders Bob Ross to repay $8,106.13 for leasing an apartment at the Bear Creek
   Complex for which he had no intention of occupying.

4. APFA hereby orders Bob Ross to repay $10,452 for all of the Arbitrator's fees for this
   arbitration including the arbitrator's hotel expenses.

5. Once the forensic audit is completed, APFA will remit for payment the full cost of the
   Independent Forensic Audit to Bob Ross.

6. APFA hereby orders Bob Ross to repay $3,637.00 for all the furniture purchased and delivered
   to his personal residence located in South Lake, Texas.

7. APFA hereby orders the NBC to maintain a record of the Chinery-Lee v. Ross Article VII
   award to ensure any Willingness-to-Serve Bob Ross may submit for any election APFA holds
   during his lifetime is removed from consideration.

8. APFA hereby orders the National Secretary's Office to maintain a record of the Chinery-Lee v.
   Ross Article VII award to ensure any resume Bob Ross may submit during his lifetime for any
   positions covered by the APFA Constitution and Policy Manual is removed from consideration.

9. APFA hereby orders the National Treasurer to immediately take steps to effectuate item 8 of the
   Arbitrator's remedy including:

   - Hiring an independent body of trained forensic accountants to oversee the annual audit.

**APPENDIX 13**

- Reviewing Section 5 of the Policy Manual in order to clarify all financial policies ambiguous in nature and reviewing and implementing additional revisions as they relate to the decision of the Article VII Arbitrator.
- Developing and delivering training for those who may extend credit of the APFA. This training shall include proper use of member's dues, the LMRDA and other applicable laws and regulations, and APFA policies.
- Reviewing the APFA credit card policy and ensuring compliance with the LMRDA and other applicable laws and regulations. Any ambiguities to the APFA credit card policy shall be clarified. Representatives shall be required to sign a statement declaring and attesting that they have read and understood their responsibilities in using an APFA credit card or extending credit to the APFA for rental cars, apartments, etc.

10. Should any further fees be incurred by the Article VII Arbitrator related to the issuance and implementation of the remedy, one hundred percent (100%) of such fees shall be remitted to Bob Ross for repayment.

; and

**BE IT FURTHER RESOLVED**, should Bob Ross fail to remit payment to the APFA pursuant to the Chinery-Lee v. Ross Article VII award, the provisions of Section 7.J of the APFA Policy Manual shall not apply. The APFA shall retain jurisdiction over the debt owed by Bob Ross as it relates to the Chinery-Lee v Ross Article VII Remedy. APFA will take any and all actions consistent with local, state, and federal laws to recoup these monetary damages including legal action, if necessary; and

**BE IT FINALLY RESOLVED**, the APFA Leadership hereby condemns the actions Bob Ross took to defraud the members of APFA during his term as APFA National President.

**APPENDIX 14**

# APFA

## ANNUAL BOARD OF DIRECTORS CONVENTION



## March 8-10, 2022

*Westin Irving Convention Center at Las Colinas*

| Resolution Information | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Resolution #:** 10 | | | | | | | | | | | | | |
| **Resolution Name:** Chinery-Lee v Vargas Arbitration Remedy | | | | | | | | | | | | | |
| **Status:** Pass | | | | | | | | | | | | | |
| **Maker:** Hedrick | | | | | | | | | | | | | |
| **Second:** Nikides | | | | | | | | | | | | | |
| **Date:** 03/10/2022 | | | | | | | | | | | | | |
| **Time:** 2:55 p.m. | | | | | | | | | | | | | |
| **Affects PM:** ☐ | | | | | | | | | | | | | |
| **Comments:** | | | | | | | | | | | | | |

|  | BOS Milenkovic | CLT Hazlewood | DCA Pennel | DFW De Roxtra | LAX Nikides | LGA Santana | MIA Trautman | ORD Wroble | PHL Kaswinkel | PHX Agee | SFO Ross | Pres Hedrick |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **YES** | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☒ | ☐ | ☐ |
| **NO** | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| **ABS** | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **N/A** | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Yes: 10   No: 1   Abstain: 0   Absent: 0   Show of Hands:** ☐

**WHEREAS**, APFA Constitution, Article VII provides APFA members a mechanism to hold their representatives accountable through internal hearing procedures facilitated by a neutral third-party arbitrator; and

**WHEREAS**, two such members, Melissa Chinery & Sandra Lee, filed Article VII Charges against previous APFA National Treasurer, Eugenio Vargas, on November 24, 2020; and

**WHEREAS**, these Article VII charges were referred to the designated Article VII Arbitrator, Ruben Armendariz, in accordance with APFA Constitution Article VII, Section 3; and

**WHEREAS**, the Chinery-Lee v Vargas charges were heard on September 14-16, 2021 in Irving, Texas; and

**WHEREAS**, Arbitrator Armendariz rendered a decision in the matter of Chinery-Lee v Vargas on February 18, 2022; and

**WHEREAS**, the remedy states:

"Vargas is to repay APFA for the following:

1. If after the Independent Auditors audit is completed and he/she determines that Vargas had used the APFA credit card for his own personal use on meals during his

**APPENDIX 15**

tenure as National Treasurer, Vargas is hereby Ordered to repay APFA for all meals he charged to the APFA credit card.

2. Vargas is prohibited from serving in any APFA National Officer position or Regional Officer position for life.

3. Vargas is hereby fined and ordered to repay the APFA for half of the Arbitrator's Fee for this arbitration.

4. The arbitrator shall retain jurisdiction for 90-days over any issue involving this remedy only. Moreover, if the Independent Auditor determines any monies are due from Vargas, that will be the amount to be assessed or due and the BOD or EC shall Order said repayment from Vargas."

; and

**WHEREAS**, the APFA Board of Directors is authorized and empowered to take any and all lawful action consistent with the Constitution to safeguard and protect the APFA, and the rights, privileges, duties and responsibilities of the officers, representatives and members of the APFA.

**BE IT THEREFORE RESOLVED**, the APFA affirms the APFA Article VII Arbitrator's decision and remedy and hereby sanctions the following actions:

1. The APFA Board of Directors hereby orders APFA National Treasurer, Erik Harris, to retain an independent auditor to investigate if Vargas had used the APFA credit card for his own personal use on meals during his tenure as National Treasurer. Within 30 days of completion, the results of this investigation shall be remitted to the Board of Directors for review. After this review, the APFA Board of Directors shall order Eugenio Vargas to repay APFA for any monies deemed owed by the independent auditor.

2. The APFA Board of Directors hereby orders the NBC to maintain a record of the Chinery-Lee v Vargas Article VII award to ensure Eugenio Vargas name is removed from any Willingness-to-Serve that he may submit for life.

3. The APFA Board of Directors hereby orders Eugenio Vargas to repay APFA $8,623.17 for the Article VII Arbitrator's fees. The National Treasurer shall be charged with collecting from Vargas consistent with the APFA Constitution, Policy Manual, and any applicable Federal, State, and local laws.

4. Notwithstanding, should any further fees be incurred by the Article VII Arbitrator as it relates to the issuance and implementation of the remedy, fifty percent (50%) of such fees shall be remitted to Eugenio Vargas for repayment.

**APPENDIX 16**

| | |
|---|---|
| **From:** | Ballot Committee |
| **Subject:** | Willingness-to-Serve: Nomination Ineligible |
| **Date:** | Thursday, December 7, 2023 12:54:55 PM |
| **Attachments:** | image002.png |
| **Importance:** | High |



December 7, 2023

Hello,

The National Ballot Committee (NBC) has received your Willingness-to-Serve form nominating Robert "Bob" Ross as a candidate for an APFA National Officer position. This is to advise you that Mr. Ross is not eligible to hold such office.

On March 19, 2022, Arbitrator Ruben Armendariz issued a binding Opinion and Award under Article VII of the APFA Constitution prohibiting Bob Ross from "serving in any official position within the APFA organization that is set forth and included in the APFA Constitution and Policy Manual that is covered or identified." In accordance with that decision, on May 23, 2022, the APFA Board of Directors adopted the Chinery-Lee v Ross Arbitration Remedy Resolution, which, among other things, directed the NBC to "maintain a record of the Chinery-Lee v. Ross Article VII award to ensure any Willingness-to-Serve Bob Ross may submit for any election APFA holds during his lifetime is removed from consideration."

In accordance with the Article VII ruling and the Board of Directors' implementing resolution, the National Ballot Committee (NBC) has therefore removed from consideration all Willingness-to-Serves nominating Bob Ross as a candidate for any APFA elected position.

Accordingly, the NBC will take no further action related to the self-nomination or nomination of Bob Ross for any position within the APFA for which he is prohibited from being a candidate. The NBC has also concluded that Art. VI, Section 6 of the APFA Constitution is not applicable to this action.

In Solidarity,

***Adam Brooks*** Pronouns: *he, him, they, them*
**National Ballot Committee Chair**
Association of Professional Flight Attendants
Office: 817.540.0108 | Email: ballot@apfa.org



#WeAreReady #27kStrong #SolidaridtySeason #Strike #ContractNow

**APPENDIX 17**

*The content of this email is intended solely for the recipient(s). It is not to be shared, forwarded or posted without the authors written consent.*

**APPENDIX 18**

| | |
|---|---|
| **From:** | Ballot Committee |
| **Subject:** | Willingness-to-Serve: Nomination Ineligible |
| **Date:** | Thursday, December 7, 2023 12:55:32 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |



December 7, 2023

Hello,

The National Ballot Committee (NBC) has received your Willingness-to-Serve form nominating Eugenio Vargas as a candidate for an APFA National Officer position. This is to advise you that Mr. Vargas is not eligible to hold such office.

On February 18, 2022, Arbitrator Ruben Armendariz issued a binding Opinion and Award under Article VII of the APFA Constitution prohibiting Eugenio Vargas from "serving in any APFA National Officer position or Regional Officer position for life." In accordance with that decision, on March 10, 2022, the APFA Board of Directors adopted the Chinery-Lee v. Vargas Arbitrator Remedy Resolution, which, among other things, directed the NBC to "maintain a record of the Chinery-Lee v. Vargas Article VII award to ensure Eugenio Vargas' name is removed from any Willingness-to-Serve that he may submit for life."

In accordance with the Article VII ruling and the Board of Directors' implementing resolution, the NBC has therefore removed from consideration all Willingness-to-Serves nominating Eugenio Vargas as a candidate for any APFA elected position.

Accordingly, the NBC will take no further action related to the self-nomination or nomination of Eugenio Vargas for any position within the APFA for which he is prohibited from being a candidate. The NBC has also concluded that Art. VI, Section 6 of the APFA Constitution is not applicable to this action.

In Solidarity,

**Adam Brooks** *Pronouns: he, him, they, them*

**National Ballot Committee Chair**
Association of Professional Flight Attendants
Office: 817.540.0108 | Email: ballot@apfa.org



**#WeAreReady #27kStrong #SolidaridtySeason #Strike #ContractNow**

*The content of this email is intended solely for the recipient(s). It is not to be shared, forwarded or posted without the authors written consent.*

**APPENDIX 19**

**APPENDIX 20**

**Log In**

# 12.07.23 – 2024 National Officer Elections: Candidate Announcement



## 2024 National Officer Elections:
## Candidate Announcement

**Thursday, December 7, 2023**

Today, the APFA National Ballot Committee (NBC) retrieved the Willingness-To-Serves (WTS) for the positions of National President, National Vice President, National Secretary and National Treasurer. The NBC would like to thank all members who submitted a Willingness-to-Serve for these positions.

The following candidates will be on the ballot:

**National President**

- Herman Gardner
- Cheryl Gaymon
- Karina Hargrove
- Julie Hedrick
- A. Marie Plevritis
- Lisa Villa
- Kenneth Virzi

**National Vice President**

- John Binford
- Jesse Boyd
- Francisco Cuadros
- Jason Gillespie
- Nena Martin
- Jennifer McCauley
- Miguel Mejias
- Samuel Morales
- Larry Salas
- Leslie Van Anne

**National Secretary**

- Josh Black
- Nicole Hudiburg
- Leanne Pruett*
- Rene Rose
- Katy Singh
- Brian Yan

**National Treasurer**

- Erik Harris
- Tommy Hsia Yang
- Claudia Keife*
- Rock Salomon*

*Denotes a candidate that has been nominated but has yet to accept or decline the nomination*

**National Officers Term**

The newly elected National Officers will assume office on **April 1, 2024**, for a four-year term of office

**APPENDIX 22**

## Ballots

The ballots for the APFA National Officer Elections will be mailed to the address you have on file with APFA on **December 27, 2023**. Please ensure that your Paper Ballot reaches the designated P.O. Box by **January 26th, 2024, at 10:00am (CT)**. Duplicate Ballot Package requests will be handled directly through the Help Desk at YesElections or via **APFA.org**.

If no candidate receives a majority (50% plus one) of the valid ballots received for a National Officer position, the National Ballot Committee will mail a run-off ballot to all members on **February 5, 2024**. Ballots for the run-off election must be received by **March 6, 2024, at 10:00am (CT)**.

## Candidate Booklets

Candidate booklets will be available to all members on the **Union Elections** page of **APFA.org** on **December 27, 2023**, the day the ballot packages are mailed. On the voter information page included with your ballot, a QR code will also be printed that you can scan, which will take you directly to the candidate booklets. Candidate information will be available to you throughout the balloting period. You may print the information from the website.

## Voter Information

To be able to vote, each APFA member must be a member in good standing no later than five (5) days prior to the date the votes are counted ("balloting date"). The balloting date is **January 26, 2024**; therefore, you must be in good standing by **January 22, 2024**. The Dues Department endeavors to run the monthly billing on the 15th of every month. Members' eligibility will be updated after monthly billing; therefore, it is strongly advised you check your membership status and dues by logging into APFA.org on or after that date to confirm your eligibility. A member will also be eligible to vote if on an official APFA payment plan that was executed at least thirty (30) days prior to the balloting date and at least one payment has been made. Which means you must be on the official plan by **December 27, 2023**, for the primary election. You can set up an official APFA payment plan by contacting the Dues Department at **[email protected]** or by calling 817-540-0108.

## Update Your Address With APFA

The National Ballot Committee reminds every member to make sure that APFA has their correct mailing address to receive a ballot package. Even though you may have updated your address with the Company, American Airlines does not share that information with APFA. This is especially important for members who moved or relocated recently. Update your mailing or contact information

**APPENDIX 23**

by clicking here, logging in, and clicking "My Account" if you need assistance logging into the APFA website, please visit the support page by **clicking here**. You may also contact the Membership Department at 817-540-0108.

In Solidarity,

**Adam Brooks**
*APFA National Ballot Committee Chair*
**[email protected]**

---

*Posted in* *Hotlines - 2023* *and tagged* *December 2023*, *National Ballot Committee*, *National Officer Elections*, *NBC*, *Union Elections*



**APPENDIX 24**

**APPENDIX 25**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| EUGENIO VARGAS, | § | |
| | § | |
|     Plaintiff/Counterclaim | § | Civil Action No. 4:22-cv-430-Y |
|     Defendant, | § | |
| v. | § | Judge Terry R. Means |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
|     FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
|     Defendants/Counterclaim | | |
|     Plaintiff. | | |

<u>PLAINTIFF'S RESPONSES AND OBJECTIONS TO APFA
DEFENDANTS' FIRST SET OF INTERROGATORIES TO
EUGENIO VARGAS</u>

      1.     For each statement described in paragraph 49 of your First Amended Complaint (doc. 55-1),

        a.     Quote the exact language of the statement.
        b.     State when and to whom the statement was made.
        c.     Identify all documents in which the statement was made.

RESPONSE: Plaintiff objects to this interrogatory because it references an Amended Complaint that Plaintiff was denied leave to amend.  Plaintiff objects to this request as it is vague and ambiguous as to the term "First Amended Complaint" in its entirety. Plaintiff also objects as Defendants seek information in the possession of, known to, or otherwise equally available to the plaintiff. Plaintiff further objects to this request as it is oppressive and unduly burdensome. Plaintiff objects to this request as the information requested is equally available to Defendant. Plaintiff objects to this request as Plaintiff already has any responsive information in its possession.

      2.     For each statement described in paragraph 50 of your First Amended Complaint (doc. 55-1),

        a.     Quote the exact language of the statement.
        b.     State when and to whom the statement was made.
        c.     Identify all documents in which the statement was made.

**APPENDIX 26**

RESPONSE: Plaintiff objects to this interrogatory because it references an Amended Complaint that Plaintiff was denied leave to amend.  Plaintiff objects to this request as it is vague and ambiguous as to the term "First Amended Complaint" in its entirety. Plaintiff also objects as Defendants seek information in the possession of, known to, or otherwise equally available to the plaintiff. Plaintiff further objects to this request as it is oppressive and unduly burdensome. Plaintiff objects to this request as the information requested is equally available to Defendant. Plaintiff objects to this request as Plaintiff already has any responsive information in its possession.

      3.      For each statement described in paragraph 51 of your First Amended Complaint (doc. 55-1).

          a.      Quote the exact language of the statement.
          b.      State when and to whom the statement was made.
          c.      Identify all documents in which the statement was made.

RESPONSE: Plaintiff objects to this interrogatory because it references an Amended Complaint that Plaintiff was denied leave to amend.  Plaintiff objects to this request as it is vague and ambiguous as to the term "First Amended Complaint" in its entirety. Plaintiff also objects as Defendants seek information in the possession of, known to, or otherwise equally available to the plaintiff. Plaintiff further objects to this request as it is oppressive and unduly burdensome. Plaintiff objects to this request as the information requested is equally available to Defendant. Plaintiff objects to this request as Plaintiff already has any responsive information in its possession.

      4.      Identify all persons who have provided you or your attorney with any financial support or payments in connection with this litigation.

RESPONSE: Plaintiff objects to this interrogatory because this interrogatory seeks attorney-client privilege information.  Furthermore, Plaintiff objects to this interrogatory as it is vague, ambiguous unduly burdensome and irrelevant.  Plaintiff further objects to this request as it calls for information that is not relevant, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

              Respectfully submitted,
              KD PHILLIPS LAW FIRM, PLLC

**APPENDIX 27**

By:  /s/ Kerri Phillips
     Kerri Phillips
     Texas Bar No. 24065906
     Phone: (972) 327-5800
     Email:
     kerri@KDphillipslaw.com
     6010 W. Spring Creek Parkway
     Plano, Texas 75024
     Fax: (940) 400-0089
     For Service of Filings:
     notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 28th day of September 2023.

Jeff Bartos
James Sanford
Charlette Matts

     /s/ Kerri Phillips
     Kerri Phillips

3

**APPENDIX 28**

**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION**

| | | |
|---|---|---|
| EUGENIO VARGAS, | § | |
| | § | |
| | § | |
| Plaintiff/Counterclaim | § | Civil Action No. 4:22-cv-430-Y |
| Defendant, | § | |
| v. | § | Judge Terry R. Means |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim | | |
| Plaintiff. | | |

PLAINTIFF'S RESPONSES AND OBJECTIONS TO APFA DEFENDANTS'
SECOND SET OF REQUESTS FOR PRODUCTION
TO EUGENIO VARGAS

Pursuant to Federal Rule of Civil Procedure 34, Defendants Association of Professional

Flight Attendants, Julie Hedrick, and Erik Harris (collectively, "APFA Defendants") by and

through counsel, hereby make the following Requests that Plaintiff Eugenio Vargas make

available to Defendants' counsel for inspection and copying the following documents that are in

your possession, custody, or control wherever located within thirty (30) days of the service upon

you at the offices of Gillespie Sanford LLP, 4803 Gaston Ave., Dallas, TX 75246, or such other

place as may be mutually agreed upon by the parties.

The Instructions and Definitions from the APFA Defendants First Set of Requests for

Production are adopted as if restated herein.

Please produce the following:

1.      All documents identified or described in your answers to any
Interrogatories served upon you in this matter.

**APPENDIX 29**

RESPONSE: Plaintiff objects to this Request because it references an Amended Complaint that Plaintiff was denied leave to amend.  Plaintiff objects to this request as it is vague and ambiguous as to the term "First Amended Complaint" in its entirety. Plaintiff also objects as Defendants seek information in the possession of, known to, or otherwise equally available to the plaintiff. Plaintiff further objects to this request as it is oppressive and unduly burdensome. Plaintiff objects to this request as the information requested is equally available to Defendant. Plaintiff objects to this request as Plaintiff already has any responsive information in its possession.

Plaintiff reserves the right to supplement its response in accordance with FRCP 26(e).

2..      All documents containing the statements described in paragraph 49 of your First Amended Complaint (doc. 55-1).

RESPONSE: Plaintiff objects to this Request because it references an Amended Complaint that Plaintiff was denied leave to amend.  Plaintiff objects to this request as it is vague and ambiguous as to the term "First Amended Complaint" in its entirety. Plaintiff also objects as Defendants seek information in the possession of, known to, or otherwise equally available to the plaintiff. Plaintiff further objects to this request as it is oppressive and unduly burdensome. Plaintiff objects to this request as the information requested is equally available to Defendant. Plaintiff objects to this request as Plaintiff already has any responsive information in its possession.

Plaintiff reserves the right to supplement its response in accordance with FRCP 26(e).

3.      All documents containing the statements described in paragraph 50 of your First Amended Complaint (doc. 55-1).

RESPONSE: Plaintiff objects to this Request because it references an Amended Complaint that Plaintiff was denied leave to amend.  Plaintiff objects to this request as it is vague and ambiguous as to the term "First Amended Complaint" in its entirety. Plaintiff also objects as Defendants seek information in the possession of, known to, or otherwise equally available to the plaintiff. Plaintiff further objects to this request as it is oppressive and unduly burdensome. Plaintiff objects to this request as the information requested is equally available to Defendant. Plaintiff objects to this request as Plaintiff already has any responsive information in its possession.

Plaintiff reserves the right to supplement its response in accordance with FRCP 26(e).

4.      All documents containing the statements described in paragraph 51 of your First Amended Complaint (doc. 55-1).

RESPONSE: Plaintiff objects to this Request because it references an Amended Complaint that Plaintiff was denied leave to amend.  Plaintiff objects to this request as it is vague and ambiguous as to the term "First Amended Complaint" in its entirety. Plaintiff also objects as

Defendants seek information in the possession of, known to, or otherwise equally available to the plaintiff. Plaintiff further objects to this request as it is oppressive and unduly burdensome. Plaintiff objects to this request as the information requested is equally available to Defendant. Plaintiff objects to this request as Plaintiff already has any responsive information in its possession.

Plaintiff reserves the right to supplement its response in accordance with FRCP 26(e).

Respectfully submitted,
KD PHILLIPS LAW FIRM, PLLC


By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email:
kerri@KDphillipslaw.com
6010 W. Spring Creek
Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 28th day of September 2023.

Jeff Bartos
James Sanford
Charlette Matts


 /s/ Kerri Phillips
Kerri Phillips

**APPENDIX 31**